1

2

3    Sujata Sidhu Gibson, Esq.          Michael Sussman, Esq.          Robert F. Kennedy, Jr. Esq.
     The Gibson Law Firm, PLLC          Sussman & Associates           Mary Holland, Esq.
     PO Box 430                         1 Railroad Ave, Suite 3        Children's Health Defense
4    Ithaca, NY 14851                   PO Box 1005                    1227 Peachtree Parkway, Suite 202
     Tel: (607) 327-4125                Goshen, NY 10924               Peachtree, GA 30269
5    Fax: (607) 238-4689                (845) 294-3991                 mary.holland@childrenshealthdefense.
                                                                       com
6    sujata@gibsonfirm.law              sussman1@frontiernet.net

7

8    *Attorneys for Plaintiffs and Proposed Plaintiff Class*

9                        UNITED STATES DISTRICT COURT
10              FOR THE NORTHERN DISTRICT OF NEW YORK

11   JANE DOE on behalf of herself and her minor        Civil Action No.: 1:20-CV-0840 (BKS/CFH)
     child; JANE BOE, Sr. on behalf of herself and
12   her minor child; JOHN COE, Sr. and JANE
     COE, Sr. on behalf of themselves and their
13   minor children; JOHN FOE, Sr. on behalf of         **MOTION FOR LEAVE TO PROCEED BY**
     himself and his minor child; JANE GOE, Sr. on      **PSEUDONYM AND FOR PROTECTIVE**
14   behalf of herself and her minor child; JANE        **ORDER – MEMORANDUM OF LAW**
     LOE on behalf of herself and her medically         **AND PROPOSED ORDER**
15   fragile child; JANE JOE on behalf of herself
16   and her medically fragile child; CHILDRENS
     HEALTH DEFENSE, and all others similarly
17   situated,

18
                        Plaintiffs,
19
                        vs.
20
21   HOWARD ZUCKER, in his official capacity as
     Commissioner of Health for the State of New
22   York; ELIZABETH RAUSCH-PHUNG, M.D.,
     in her official capacity as Director of the Bureau
23   of Immunizations at the New York State
     Department of Health; the NEW YORK STATE
24   DEPARTMENT OF HEALTH; THREE
25   VILLAGE CENTRAL SCHOOL DISTRICT;

26   MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
27   MEMORANDUM OF LAW AND PROPOSED ORDER - 1

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORINNE KEANE, acting in her official capacity as Principal, Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT; CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her official capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; DR. DAVID P. BENNARDO, acting in his official capacity as Superintendent, South Huntington School District; BR. DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official capacity as Superintendent, Ithaca City School District; SUSAN ESCHBACH, acting in her official capacity as Principal, Beverly J. Martin Elementary School, Ithaca City School District; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR. L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenendehowa Central School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acting in his official capacity as Principal,

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 2

1

2

3
Arongen Elementary School, Shenendehowa
Central School District; COXSACKIE-
4
ATHENS SCHOOL DISTRICT; RANDALL
SQUIER, Superintendent, acting in his official
5
capacity as Superintendent, Coxsackie-Athens
School District; FREYA MERCER, acting in
6
her official capacity as Principal, Coxsackie-
Athens High School, Coxsackie-Athens School
7
District; ALBANY CITY SCHOOL
DISTRICT; KAWEEDA G. ADAMS, acting in
8
her official capacity as Superintendent, Albany
City School District; MICHAEL PAOLINO,
9
acting in his official capacity as Principal,
10
William S. Hackett Middle School, Albany City
School District; and all others similarly situated
11

12            Defendants.

13
**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO**
14   **PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER**

15
The Gibson Law Firm, PLLC                    Sussman & Associates
16   Sujata Gibson, Esq.                          Michael H. Sussman, Esq.
     407 N. Cayuga Street, Suite 201             1 Railroad Ave, Suite 3
17   Ithaca, New York 14850                       PO Box 1005
     Tel: (607)327-4125                           Goshen, NY 10924
18   Fax: (607)238-4689                           (845) 294-3991

19

20

21

22

23

24

25

26   MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
     MEMORANDUM OF LAW AND PROPOSED ORDER - 3
27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................i

STATEMENT OF MATERIAL FACTS.......................................................1

ARGUMENT

A. This Court has Authority to allow plaintiffs to use pseudonyms in this

case...........................................................................................2

B. The balancing test weighs in favoring of allowing plaintiffs to use

pseudonyms. ...............................................................................6

CONCLUSION..................................................................................9

PROPOSED ORDER..........................................................................12

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER --
MEMORANDUM OF LAW AND PROPOSED ORDER - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION
## AND STATEMENT OF MATERIAL FACTS

Plaintiffs Jane Doe, Jane Boe, Sr., John Coe, Sr. and Jane Coe, Sr., John Foe, Sr. Jane Goe, Sr., Jane Loe, Jane Joe, and Jane Koe, Sr. (collectively the "Doe Plaintiffs") respectfully request leave to proceed under pseudonyms on behalf of themselves and their minor children. The names provided herein for the Doe Plaintiffs are pseudonyms. In this action, the Doe Plaintiffs, along with other named and unnamed entities and similarly situated persons, seek to challenge policies and practices related to the rejection of medical exemptions written for medically fragile children to be exempt from one or more of the mandatory school immunization requirements.

The Doe Plaintiffs are all parents of medically fragile minor children, suing on behalf of themselves and their children and all others similarly situated.

This case requires discloses private medical histories of the minor children and their extended families. Some of the medical conditions include incontinence, serious and chronic disease, and other conditions that are of such a private and sensitive nature, particularly where they are the medical records of minors, that it would cause trauma to the families for the general public to have possession of this knowledge as it relates to the specific child.

Minors are entitled to proceed anonymously. Pursuant to Federal Rules of Civil Procedure 3.2(a)(3), the traditional method to so proceed is to use the child's initials. In this instance, such protection is not sufficient to protect the children's anonymity. The school

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 5

districts are listed for each child, and if the parents' names are provided along with the children's initials, the identities of the children could easily be determined. Due to the particularly sensitive subject matter in this case, which includes detailed discussion of the children's private medical and immunization records, and due to the Doe Plaintiff's reasonable fears that disclosure of this subject matter to the general public will cause harm to their children, the Doe Plaintiffs seek leave to proceed pseudonymously.

## DISCUSSION

### A. THIS COURT HAS AUTHORITY TO ALLOW PLAINTIFFS TO USE PSEUDONYMS IN THIS CASE.

Generally, pleadings must disclose the identities of the litigants. See Fed.R.Civ.P. 10(a) ("…the title of the complaint must name all the parties…"). But it is also well-established that the district court has the discretion to allow plaintiffs to use pseudonyms. See, e.g., *Santa Fe Independent School District v. Doe*, 530 U.S. 290, 294, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); *Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1062-63 (9th Cir. 2000); Doe v. Madison School Dist. No. 321, 147 F.3d 832, 833 n. 1 (9th Cir. 1998), vacated on other grounds, 177 F.3d 789 (9th Cir.1999) (en banc); *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir.1993); *Doe v. INS*, 867 F.2d 285, 286 n. 1 (6th Cir.1989); *Doe v. Stegall*, 653 F.2d 180, 185-

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
MEMORANDUM OF LAW AND PROPOSED ORDER - 6

186 (5th Cir.1981); *Moe v. Dinkins*, 533 F.Supp. 623, 627 (S.D.N.Y.1981), aff'd, 669 F.2d 67 (2d Cir.1982).

## B. THE BALANCING TEST WEIGHS IN FAVOR OF ALLOWING PLAINTIFFS TO USE PSEUDONYMS

Courts in the Second Circuit analyze ten factors in balancing plaintiffs' interest in anonymity against both the public interest in disclosure of plaintiffs' identity and prejudice to the defendants: "(1) whether the litigation involves matters that are highly sensitive and personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiffs identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically

weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.  (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2nd Cir. 2008)).

In this case, all of the factors counsel in favor of anonymity.

First, the case revolves around detailed discussion of the private physical and mental medical histories and conditions of children. Many of these children have expressed humiliation at the idea that other children or the public at large might be privy to their intimate medical information, such as the inability to remain continent, or chronic illnesses and conditions that they struggle daily not to be defined by.

While medical privacy is not *per se* a reason to grant anonymity the fact that the parties that this motion seeks to protect are medically fragile children counsels in favor of granting the right to proceed by pseudonym. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir.1997) (disallowing automatic use of fictitious name where opposing party does not object, despite the party's medical issue and that "many people are understandably secretive about their medical problems," but acknowledging that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses"). The psychological harm to children of being invaded and potentially stigmatized by social taunting, loss of future opportunities and blows to developing sense of self-worth, particularly for medically fragile children who have already suffered so much, cannot be overstated. Release to the public of any of their private and sensitive medical information could

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 8

cause severe trauma to the children. This potential trauma goes significantly beyond mere annoyance or fear of criticism.

Moreover, protecting the identities of the children is necessary to avoid any potential retaliation or stigmatization based on the child's immunization status. Immunization has become an increasingly emotionally charged topic. Additionally, many of the Doe Plaintiffs had religious exemptions to immunization and this suit may implicate analysis of their religious and spiritual beliefs. Courts have found that where the lawsuit might implicate religious beliefs of parents and children, granting the right to proceed under pseudonym is appropriate. *See,e.g., Doe v. Stegall,* 653 F.2d 180,186 (5th Cir. 1981)(recognizing the special vulnerability of child-plaintiffs to threats of retaliation and privacy concerns related to their parents religious beliefs); *Doe v. Porter,* 370 F.3d 558 (6th Cir. 2004)("*the district court did not abuse its discretion by granting protective order allowing parents and their minor children to litigate pseudonymously, given that the subject matter of the action forced parents to reveal their beliefs about religion, a particularly sensitive topic that could subject them to considerable harassment, and the case was brought on behalf of very young children, to whom heightened protection is granted.*"

Second, this action is against the government, primarily seeking injunctive and declaratory relief and challenging the constitutional validity of patterns and practices enacted by the state. This case turns on legal questions not the identity of any individual, which are not material to the resolution of any issues presented by this case.. The public's interest in open judicial proceedings will only be minimally affected (if at all) if the Doe Plaintiffs are permitted

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to proceed by pseudonym. The Doe Plaintiffs are representative of families across the state experiencing the same burdens on their constitutional rights and on their ability to safeguard their children's health. All of the Doe Plaintiffs have had one or more licensed medical professional affirm that one or more of the mandated immunizations could put their child at risk of substantial harm. The medical professionals are named, and specific underlying facts provided. Protecting the identities of the individual children does not deprive the public the right to inspect the orders or opinions of the court on the underlying constitutional issue. The use of pseudonyms for the Doe Plaintiffs named in this case would strike the appropriate balance between ensuring the public has access to the record and protecting the children from trauma and any retaliatory harm that may ensue from the public exposure or the parents' decision to assert their constitutional rights by participating in this lawsuit.

In cases such as this, the public's interest in having important constitutional questions decided outweighs the general interest in knowing who is asking courts to decide those questions. *See Advanced Textile Corp.*, 214 F.3d 1058, 1073 n.15 (9th Cir. 2000) ("For instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in Roe v. Wade."). Whether the state is violating the constitutional rights of thousands of medically fragile students and their families is a crucial constitutional issue that deserves a decision on the merits. *See id.* at 1073. It is far more important than the public's right to know the names of the people bringing the challenge. The public right to scrutinize governmental functioning is not so completely impaired

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
MEMORANDUM OF LAW AND PROPOSED ORDER - 10

by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of case issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name. These crucial interests served by open trials are not inevitably compromised by allowing a party to proceed anonymously. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The public's interest in having the Court decide the merits of the constitutional issue outweighs the public's interest in knowing which citizens are asking the Court to answer that question

Third, there is little risk of unfairness to the defendants. The Doe Plaintiffs agree to disclose their identities to the Court and to the defendants so defendants will not be impeded in defending their case.

As stated above, the suit is focused on challenging the constitutionality of policies, patterns and practices of the state acting through their agents and employees. Publicly revealing the identities of the children and families acting as named plaintiffs burdened by this conduct is not necessary to protect the good reputation of any of the named defendants. Nor is it necessary to address the legal arguments raised in this class action suit.

### Conclusion

When balancing the factors above, the Doe Plaintiffs' interests in preserving the privacy and emotional and psychological safety of their children outweighs the public's interest in

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 11

disclosure of their identity or any prejudice to the defendants. For the foregoing reasons, the

Court should grant this Motion and enter the Proposed Protective Order.

RESPECTFULLY SUBMITTED,

Sujata S. Gibson, Esq. [517834]
The Gibson Law Firm, PLLC
407 N. Cayuga Street, Suite 201
Ithaca, New York 14850
*Attorneys for Plaintiffs*

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
MEMORANDUM OF LAW AND PROPOSED ORDER - 12

1

2

3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

4

5

6

7

8

9

10

11

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child; JANE BOE, Sr. on behalf of herself and her minor child; JOHN COE, Sr. and JANE COE, Sr. on behalf of themselves and their minor children; JOHN FOE, Sr. on behalf of himself and his minor child; JANE GOE, Sr. on behalf of herself and her minor child; JANE LOE on behalf of herself and her medically fragile child; JANE JOE on behalf of herself and her medically fragile child; CHILDRENS HEALTH DEFENSE, and all others similarly situated, | Civil Action No.:

**MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER** |

12

Plaintiffs,

13

vs.

14

15

16

17

18

19

20

21

22

23

24

25

HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York, ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health, the NEW YORK STATE DEPARTMENT OF HEALTH; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CORRINE KEANE, acting in her official capacity as Principal, Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT; CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, CHRISTINE REBER, acting in her official capacity as Principal, Lansing Middle School, Lansing Elementary School,

26

27

28

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LORI WHITEMAN, acting in her official capacity as principal, Lansing Central School District; LORI WHITEMAN acting in her official capacity as Principal of Lansing Elementary School; CHRISTINE REBERA acting in her official capacity Principal of Lansing Middle School; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; DR. DAVID P. BENNARDO, acting in his official capacity as Superintendent, South Huntington School District; BR. DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official capacity as Superintendent, Ithaca City School District; SUSAN ESBASCH, acting in her official capacity as President, Beverly J. Martin Elementary School, Ithaca City School District; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR. L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenendehowa School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acting in his official capacity as Principal, Arongen Elementary School, Shenendehowa Central School District; COXSACKIE-ATHENS SCHOOL DISTRICT; RANDALL SQUIER, Superintendent, acting in his official capacity as Superintendent, FREYA MERCER, acting in her official capacity as Principal, Coxsackie-Athens High School, Coxsackie-Athens School District; ALBANY CITY SCHOOL

26

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER --
MEMORANDUM OF LAW AND PROPOSED ORDER - 14

27

28

DISTRICT; KAWEEDA G. ADAMS, acting in
her official capacity as Superintendent, Albany
City School District; MICHAEL PAOLINO,
acting in his official capacity as Principal,
William J. Hackett Middle School, Albany City
School District; and all others similarly situated

.Defendants.

**ORDER**

Upon consideration of plaintiff's' Motion for Permission to Proceed in Pseudonym and for Protective Order, and defendants' responsed thereto, it is hereby **ORDERED** that said Motion is **GRANTED. IT IS FURTHER ORDERED** that:

1. The Doe Plaintiffs may to proceed in pseudonym and the docket shall continue to reflect plaintiff's names as indicated in the caption.

2. Plaintiffs will be referred to by their pseudonyms in all depositions, pleadings and other documents related to this litigation, and the plaintiff shall be allowed to endorse documents related to this litigation using the same pseudonyms.

3. The identity of Jane Doe et al and their addresses shall be available to the attorneys of record and in-house counsel for the defendants, who shall not disclose or permit disclosure thereof, except to the following persons:

   a. Their law partners, associates and persons employed in the law offices of such attorneys, and other in-house counsel;

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
MEMORANDUM OF LAW AND PROPOSED ORDER - 15

b.   The employees of defendant who have knowledge of the facts alleged in the Amended Complaint;

c.   *Bona fide* outside experts and their employees, not on the staff of any party, consulted by such attorneys in the prosecution or defense of the claims herein;

d.   A person whose deposition is to be taken in this action, but only to the extent necessary for the deposition; and

e.   Any person who potentially possesses information that is relevant to plaintiff's claims or defendant's defense.

4.   Each person to whom the identity of Jane Doe et al is to be disclosed pursuant to this Order, shall agree in advance:

a.   That he or she will not disclose the identity of the protected party to any person not entitled to know his/her identity under this Order; and

b.   That he or she will not use the identity of the protected party except in connection with the prosecution or defense of the claims herein.

5.   In the event defendant believes it is necessary in the defense of the claims herein to disclose the identity of a protected party to persons other than those specified in this Order, defendant shall communicate with plaintiff's counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

6.   Attendance at any part of any deposition of which the identity of a protected party is disclosed shall be limited to those to whom disclosure of such information can be

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER –
MEMORANDUM OF LAW AND PROPOSED ORDER - 16

made pursuant to this Order, and only after they have complied with the terms of this Order.

7.  In all proceedings held before this Court, including trial, all counsel, witnesses, and court personnel present shall refer to plaintiff by his/her pseudonym.

8.  In all proceedings held before this Court, including trial, plaintiff's photograph shall not be taken by members of the media and plaintiff's picture shall not be drawn by the courtroom artists.

9.  The terms of this Order shall remain in effect until further Order of this Court.

**AND IT IS SO ORDERED**

Dated:

_____
UNITED STATES DISTRICT JUDGE

MOTION FOR LEAVE TO PROCEED BY PSEUDONYM AND FOR PROTECTIVE ORDER – MEMORANDUM OF LAW AND PROPOSED ORDER - 17