**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>HOWARD ZUCKER, et al.<br><br>Defendants. | Civil Action No.: 1:20 – CV – 0840 (BKS/CFH)<br><br>DECLARATION OF JANE DOE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |

1. I am the parent of a medically fragile child, John Doe, who was denied a medical exemption last year despite submitting certifications from two licensed physicians that he is at serious risk of harm.

2. I am one of the named Plaintiffs in this suit and write this declaration in support of our motion for temporary relief.

3. My son's diagnoses include: mitochondrial disorder, hypoglycemia, genetic mutations, environmentally induced porphyria, metabolic and hormonal imbalances, eczema, food and environmental allergies, candida infection, amino acid disorder, heavy metal toxicity, and several autoimmune disorders—including Pediatric Autoimmune Neurological Disorder Associated with Streptococcus ("**PANDAS**"), Irritable Bowel Syndrome ("**IBS**"), thyroid disease, and Gluten-Sensitive Enteropathy.

4. His conditions are chronic, incurable and at times debilitating.

5. When my child was four, we began seeing a specialist in Massachusetts known to help children with PANDAS. Through years of hard work and vigilant routines, he has begun to stabilize and regain some measure of health and normalcy.

6. Avoiding triggers, including certain foods, chemicals, and immunizations, has been critical to prevent regression of one or more of John's autoimmune diseases and in managing his disorders.

7. Following the advice of multiple treating physicians, John has not received any immunizations.

8. On August 23, 2019, we submitted a medical exemption from our pediatrician, Dr. Peter Forman (**"Dr. Forman"**), a licensed New York physician who has been John's primary care physician for more than ten years. Dr. Forman included a supplemental letter from Dr. Papanicolaou (**"Dr. Papanicolaou"**), John's treating physician at the Massachusetts clinic he has attended for eleven years.

9. Both treating physicians have seen John regress into debilitating flare ups of his underlying medical conditions when faced with immune triggers. Both doctors concurred that it was unsafe for our son to receive any immunization given his multiple chronic and serious conditions and the risk that immunization could trigger a regression.

10. On September 16, 2019, the school denied the medical exemption based on the opinion of Dr. Stephen G. Hassett (**"Dr. Hassett"**), an emergency medicine physician who acts as a paid

consultant to the Coxsackie-Athens Central School District and upon information and belief, who has no expertise in my son's conditions or even treating children.

11. Dr. Hassett recommended denying the exemption based on his opinion that the letters did not specify how the exemption request qualified under the ACIP contraindications or precautions.

12. Before overriding John's treating physicians' recommendations, Dr. Hassett never examined John, called either of his treating physicians, or reviewed any of his records other than the exemption form and accompanying letters. When I asked if he would please speak to John's treating providers, he said he would not call them.

13. After the denial, Dr. Forman called Dr. Hassett anyway to explain why my son needs a medical exemption. During this phone conversation, I am told Dr. Hassett indicated that he had no discretion to hear any supplemental information or support for the exemption and was obligated to follow the strict guidelines set forth by ACIP.

14. On Saturday, October 5, 2019, we submitted a second medical exemption letter in which Dr. Forman detailed for each vaccine how John's conditions qualified under the ACIP guidance as a precaution or contraindication.

15. Within twenty-four hours of receiving it, Dr. Hassett denied this second submission.

16. When I called regarding the second denial, Dr. Hassett conceded that the exemption letter submitted the second time followed the ACIP guidelines verbatim.

17. Nonetheless, he said he would not "debate" with me or provide me with any explanation about his denial and ended the call.

18. To remain in school without a medical exemption, 10 NYCRR § 66-1.1(f)(1) required John to be vaccinated according to the ACIP Schedule for ages 18 years or younger.

19. ACIP's "catch-up guidance" requires John to receive twenty-four doses of vaccines for ten separate diseases within twelve months.

20. John would have to receive nineteen of the twenty-four doses within a four-week timeline.

21. No safety studies exist evidencing that injecting twenty-four doses of vaccine into the body of a fifteen-year-old child (much less a medically fragile child) within twelve months is safe.

22. We were not willing to risk our son's health and life this way so the school district expelled John.

23. John has been excluded from participation in classes, in person or online since October 7, 2019. Before his exclusion from school, John was a member of the varsity tennis team and was looking forward to trying out for the varsity volleyball team. He was an active member of several social clubs and was on track to earn a Regents diploma.

24. Now, in addition to being excluded from school, services and activities, John is not allowed to take any further Regents exams or earn a traditional diploma, leave aside a Regent's diploma.

25. The loss of school and related services and socialization has devastated John and harmed him irreparably.

26. It has also been devastating for us. We had to hire an attorney to file an appeal with the Commissioner of Education on or about November 5, 2019. A member of the State Senate sent

correspondence to the Commissioner of Education supporting the appeal on or about December 20, 2019. This letter indicated that the New York State legislature did not intend for school districts to have unilateral power to overrule treating physicians.

27. During this process, I was in communication with the Andrew Kroger, M.D. from the communications and educations branch of CDC and ACIP. On March 24, 2020, he sent me an emailing confirming that CDC's position is that ACIP is not meant to define the allowable medical exemptions.

28. As of the date we filed this lawsuit, I still hadn't received a response from the commissioner of education, and John remained unable to receive an education at any private or public school or to participate in testing or activities.

29. Three days after filing the complaint, a cursory denial from the Commissioner of Education was issued which failed to even consider anything outside of a narrow interpretation of ACIP.

RESPECTFULLY SUBMITTED this 20th day of August 2020

Jane Doe

Jane Doe