# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

JANE DOE, et al.

Plaintiffs,

vs.

HOWARD ZUCKER, et al.

Defendants.

Civil Action No.: 1:20 – CV – 0840 (BKS/CFH)

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

1. I am one of the named Plaintiffs in this suit and write this declaration in support of our motion for temporary relief.

2. When I was a child, I suffered a severe vaccine reaction but recovered. My mother was a nurse and decided to keep vaccinating us.

3. My brother wasn't so lucky. He also suffered a severe reaction and died from the adverse reaction at two months of age.

4. My brother's death certificate shows that he died of a vaccine reaction. My parents were compensated through the vaccine court after proving that his death was caused by the vaccines.

5. Many other members of my family have also suffered serious reactions, including my sister, my mother, and my cousin, who also died as an infant after administration of vaccines.

6. After my brother died and then my sister got a reaction, I had a medical exemption for the rest of my childhood.

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 1

7. We've had genetic testing done and it shows our children carry gene mutations and other genetic vulnerabilities that explain why there are so many serious vaccine reactions in our family.

8. My children also are medically fragile in other ways that show an increased likelihood of injury. Given our family history, the children's medical histories and genetic testing results and on the advice of medical professionals, among other reasons, we have never vaccinated our children.

9. In August 2019, we submitted our medical exemption from a licensed physician to our school district. Our children began attending school as always and we assumed it had been accepted.

10. In addition to a family history of vaccine injury and death, there is a family history of numerous autoimmune and other conditions consistent with the genetic profile of the children.

11. On January 21, 2020, without warning, we received an email attaching correspondence stating that "the building principals" of our children's schools had rejected the medical exemptions for both our children and that they would need to get fully up to date within a week or would be removed from school.

12. The Superintendent noted that the school had received a recommendation from the NYSDOH and by unspecified members of a "medical team" locally but asserted that the building principals each ultimately made the decision to reject the medical exemptions "independently."

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 2

13. Attached to the letter from the school was a letter dated December 5, 2019 written by Defendant Elizabeth Rausch-Phung, M.D., M.P.H., the Director of the Bureau of Immunizations at the New York State Department of Health.

14. Dr. Rausch-Phung stated that the adverse reactions of family members (including death) are not contraindications for immunization under ACIP and concluded that "there is not sufficient information included regarding the genetic testing performed to conclude that vaccines required for school attendance would be contraindicated in a child with variations in the reported SNPs. The specific source of the genetic tests, the results of these tests, and review and recommendations of this child's genetic findings by a medical genetics specialist would be needed to determine if these results preclude this student from being vaccinated."

15. Before rejecting the medical exemption, neither the school district nor Dr. Rausch-Phung contacted us or our doctor seeking any further information or requested to consult with the treating physician or geneticist.

16. On January 27, 2020, we submitted a letter from our attorney and the genetic counselor explaining that the only pediatric genetic specialist in the region had a waiting list for new patients of more than one year.

17. The attorney requested that the school district meet to discuss the denial or grant the family a few months extension to try to expedite an appointment and satisfy Dr. Rausch-Phung's requirement that they provide a corroborating opinion written by a genetic specialist. She also expressed concern with the legality of the process, stating,

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 3

> "I have serious concerns about the legality of this denial and process. Nothing in the law suggests that the family must retain the services of a specialist to be considered for an exemption. To the extent that the DOH isn't sure about a medical precaution, they should defer to the treating physician and the family. Moreover, there are constitutional issues here involving the fundamental rights of the family to refuse medical treatment especially where the treating physician and providers concur that it could be dangerous to the children's health. And particularly in a case like this, where the family has already had to suffer the death of more than one child due to vaccine reactions. To require such additional process is in my opinion unlawful and clear overreach."

18. On January 29, 2020, counsel for the school district emailed our attorney denying the requests for a meeting or an extension, and stating:

> "finally, you cite your 'serious concerns' about the legality of the denial process'"…[relating to the NYSDOH recommendations]…However, this statement from a recommendation from the Department of Health was neither relied upon nor cited by the district in its decision to deny the medical exemption request." No indication was given about an alternative reason for the denial other than that the building principals had allegedly "made the decisions independently."

19. I have been told that even after the denial, when there was no appeal pending and months before this lawsuit was filed, our doctor received intimidating correspondence from the state demanding all of our health records "even if we did not agree" to them being disclosed and appearing to insinuate that our doctor would be investigated for writing a medical exemption for our children.

20. This has been one of the most difficult years of our lives. The impact on the children and on my wife and myself, financially, emotionally, and in every other way, has been devastating.

21. We just want to send our children to school and to keep them healthy.

RESPECTFULLY SUBMITTED this 20th day of August 2020

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 4

*John Coe Sr.*

_____

John Coe Sr.

DECLARATION OF JOHN COE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 5