UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, et al. | Civil Action No.: 1:20 – CV – 0840 (BKS/CFH) |
| Plaintiffs, | |
| vs. | DECLARATION OF A.M. 2 IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |
| HOWARD ZUCKER, et al. | |
| Defendants. | |

A.M. 2 pursuant to 28 U.S.C. § 1746 declares under penalty of perjury as follows:

2. I am the mother of a medically fragile child that attends public school in Manhattan.

3. I write this declaration in support of the Plaintiffs' motion for a preliminary injunction and as a potential class member in this suit.

12. My daughter had a serious adverse reaction to vaccines which left her with a permanent movement disorder, and other serious issues.

13. Last year, we submitted a medical exemption for our daughter written by a well-respected physician licensed to practice medicine in New York.

14. As a follow up to our physician's exemption, we were completing testing in a medically sound, professional and comprehensive manner pursuant to our doctors' recommendations in support of a medical exemption and in our continued search to fully understand the health of our daughter.

DECLARATION OF A.M. 2 IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 1

15. From the start of the exemption process, we were continuously harassed. Our doctors made repeated requests outlining the actionable workup and timeline required for extensive immunology and genetic testing.

16. Our doctors' determinations about the timeline required to submit this follow up information were ignored and the tests they required were not compatible with the timeline we were given by the school. (Maximum 1- 3.5 weeks for a full report at any given time.)

17. It was so invasive, completely nonsensical and extraordinary... I have never experienced anything like it.

18. Every month I was fighting for my medically fragile child to remain in school and her doctors couldn't comprehend the inability of the NYC Department of Education/ Office of School Health, to follow their directives-- ie science/ best practice required of the testing protocols.

19. Also, her principal acted unconscionably with me-- argued that the timeline was inaccurate and fraudulent, ignored repeated requests for a meeting and humiliated my daughter by pulling her out of class and telling her that 'she needed to get her shots.'

20. In the end, my child was allowed to return to school after continued and repeated efforts on behalf of myself and her doctors. (Her doctors include a top pediatric neurologist at Cornell, the director of Pediatric Allergy and Immunology at NYU

DECLARATION OF A.M. 2 IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 2

Langone, and specialists from Columbia, Harvard, Children's National (DC), Johns Hopkins.)

21. We did receive back the comprehensive testing, and our doctors agree that my daughter has serious contraindications and immune challenges and cannot be vaccinated safely.

22. Nonetheless, the school will not give us a straight answer about whether our exemption will be accepted this coming year.

23. We cannot go through another invasive and terrible and humiliating year like last year again. We cannot walk on eggshells wondering if my daughter might suddenly be removed from school or confronted with another inappropriate and humiliating lecture from the school.

24. Wherefore, I respectfully ask this Court to grant the relief and let our children remain in school pending the outcome of this case and to stay the regulations that allow school districts to overrule treating physicians.

RESPECTFULLY SUBMITTED this 21st day of August 2020

_____
A.M. 2

DECLARATION OF A.M. 2 IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION - 3