# EXHIBIT C

Home   Appeals   Serving Legal Papers   Charters and Regents   Commissioner's Consents   Guidance Documents   Rules and Regulations

# Decision No. 17,891

> Appeal of E.Y., on behalf of her son E.Y., from action of the Board of Education of the Coxsackie-Athens Central School District regarding immunization.
>
> Decision No. 17,891
>
> (July 30, 2020)
>
> Siri & Glimstad, LLP, attorneys for petitioner, Brian Rabkin, Esq., of counsel
>
> Hogan, Sarzynski, Lynch, DeWind, & Gregory, LLP, attorneys for respondent, John P. Lynch, Esq., of counsel

TAHOE., Interim Commissioner.--Petitioner appeals the determination of the Board of Education of the Coxsackie-Athens Central School District ("respondent") that her son ("the student") is not entitled to a medical exemption from the immunization requirements of Public Health Law ("PHL") §2164.  The appeal must be dismissed.

Prior to the 2019-2020 school year, the student received a religious exemption from the vaccination requirements of PHL §2164.  PHL §2164(9) previously included provisions authorizing an exemption based on religious beliefs to required immunizations.  However, on June 13, 2019, Chapter 35 of the Laws of 2019 was enacted, effective immediately, which repealed subdivision nine of PHL §2164, thus eliminating the religious exemption to immunization requirements to attend school.

On or about August 23, 2019, petitioner submitted a medical exemption request form, signed by the student's physician and dated August 16, 2019, seeking a medical exemption for the student from the immunization requirements of PHL.  The student's physician indicated that the student required a medical exemption to all eight required vaccinations and that the "[d]ate [the] exemption end[ed] (if applicable)" was "9/14/2022."[1]  In an attached letter also dated August 16, 2019, the student's physician opined that the student had "not been vaccinated" and that "a medical exemption to immunizations [was] appropriate at this time" because the student "has had multiple issues, including multiple food allergies, Gluten Enteropathy, abnormal thyroid function, mitochondrial dysfunction and induced porphyria due to lead and mercury exposure."  The student's physician further indicated that the student had "overcome many issues that [had] manifested as behavioral issues," including "PANDA[S]."[2]  Because of this medical history, the student's physician concluded "that there [was] an increased risk of adverse events in [the student]...."

By letter dated September 16, 2019, respondent informed petitioner that its school physician had reviewed the medical exemption request and determined that the student did "not meet the requirements for a medical exemption."  Respondent thus denied petitioner's request for a medical exemption and informed petitioner that, if she did not obtain "evidence of immunization appointments by September 19, 2019," the student would be "excluded from attendance."  Respondent attached a letter from the school physician, dated September 10, 2019, in which he indicated he had reviewed the student's file, the "Medical Exemption Physician's Certification," and the applicable public health laws.  The school physician concluded that the student did "not qualify for a medical exemption" because "[n]either [the student's] medical records nor the Physician's Certification reflect[ed] any contraindications or precautions."  Petitioner then commenced an appeal pursuant to Education Law §310 challenging respondent's September 16, 2019 determination.

Petitioner's request for interim relief was denied on September 27, 2019.  Petitioner thereafter withdrew her appeal.

On or about October 5, 2019, petitioner submitted a second medical exemption request form, dated October 4, 2019, again seeking a medical exemption for the student with respect to all eight required immunizations.  The section of the form inquiring as to the "[d]ate exemption ends (if applicable)" was left blank.  In an attached letter dated October 5, 2019, the student's physician provided an identical justification for the student's exemption from each of the eight required vaccinations:

> Th[e] immunization may be detrimental to [the student's] health.  [The student] meets the definition of 'precaution' which includes a condition that might increase the risk for a serious adverse reaction or any condition that might confuse diagnostic accuracy.  The risk from the vaccine is believed to outweigh the benefit.  [The student] suffers from ... PANDAS ... , mitochondrial dysfunction, thyroid disease, induced environmental porphyria, hypoglycemia, irritable bowel syndrome, increased intestinal permeability, gluten enteropathy, and multiple food and environmental allergies.  These moderate or severe illnesses may be episodic with acute onset.  This precaution avoids causing diagnostic confusion between manifestations of the underlying illnesses and possible adverse effects of vaccination or superimposing adverse effects of the vaccine on the underlying illnesses."

In a letter to petitioner dated October 8, 2019, respondent indicated that its school physician had reviewed petitioner's second medical exemption request and concluded that it "fail[ed] to meet the exemption standards articulated in New York State Department of Health Regulations."  Respondent thus advised petitioner that the student "remain[ed] excluded from school on the basis that [petitioner had] not presented evidence of immunization as required."  In an attached letter dated October 8, 2019, the school physician wrote that his "professional interpretation remain[ed] that [the student did] not qualify for a medical exemption," as "there remain[ed] no medical support for the conclusion."  This appeal ensued.  Petitioner's request for interim relief was denied on November 18, 2019.

Petitioner argues that respondent's denial of her second medical exemption request was arbitrary and capricious because the request "comported with statute and regulations."  Petitioner contends that the school physician improperly utilized "standardized guidance as ... the sole determining factor" without "consider[ing] [the student's] medical history and genetic composition" or "investigat[ing] [the student's] diagnosis or seek[ing] expert advice."  Petitioner further asserts that the school physician "refused to accept supporting documentation from [the student's] treating physician."  Petitioner additionally argues that respondent should have conducted "further inquiry" into the student's circumstances and that the school physician, as a district employee, has "an inherent and irreconcilable conflict of interest ...."  Finally, petitioner argues that respondent "deprived [her] of due process by refusing to disclose the reason for the denial and failing to inform [her] of her right to appeal."  Petitioner seeks a determination that the student is entitled to a medical exemption from the immunization requirements of PHL §2164.

Respondent contends that the petition should be dismissed as untimely and as moot.  On the merits, respondent contends that petitioner has failed to demonstrate that the student is entitled to a medical exemption.  Respondent also argues that its decision to deny the student a medical exemption, based on the school physician's determination, was not arbitrary and capricious.

First, I must address several procedural issues. Respondent argues that the petition is untimely because it was not served until November 6, 2019 and the student has been excluded from school since September 19, 2019, pursuant to respondent's denial of petitioner's first request for a medical exemption.  Petitioner responds that the instant appeal is timely because it was commenced within 30 days of respondent's denial of her second medical exemption request.[3]  I agree with petitioner.

It is well-settled that an appeal to the Commissioner must be commenced within 30 days from the making of the decision or the performance of the act complained of, unless any delay is excused by the Commissioner for good cause shown (8 NYCRR §275.16; Appeal of S.H., 59 Ed Dept, Decision No. 17,691; Appeal of Saxena, 57 Ed Dept Rep, Decision No. 17,239; Appeal of Lippolt, 48 id. 457, Decision No. 15,914). The student's date of exclusion is not the making of the decision complained of; rather, it is merely a consequence of the decision (see Appeal of C.H., 57 Ed Dept Rep, Decision No. 16,465). Accordingly, I decline to measure petitioner's 30-day timeframe in which to commence an appeal from the date of the student's exclusion from school, as respondent suggests.

Respondent also contends that the appeal is untimely because "there is no support for the proposition that resubmission of a medical exemption after the first submission relates back to the first filing." Although petitioner's second request for a medical exemption sought the same relief as her first request, petitioner submitted additional information in support of her second request. Moreover, respondent entertained petitioner's second request and rendered a new determination thereon on October 8, 2019 (see Appeal of Clarey, 59 Ed Dept Rep, Decision No. 17,703; Appeal of Skiff, 57 id., Decision No. 17,191). Because petitioner commenced the instant appeal on November 6, 2019 – within 30 days of respondent's October 8, 2019 determination – I decline to dismiss the appeal as untimely under these circumstances.

Further, respondent's argument that the petition has been rendered moot by petitioner's withdrawal of her first appeal is without merit. The appeal cited by respondent, Appeal of Federico (38 Ed Dept Rep 351, Decision No. 14,052) is distinguishable. In Federico, the petitioner challenged the election of a school board member and requested that the election results be set aside and the board member be prevented from taking office. Subsequently, the petitioner withdrew his request that the board member be barred from office, indicating that he only sought a review of the board's election procedures. After the elected board member began serving on the board and "had been carrying out his duties … for nearly seven months," the petitioner sought to reinstate his request to set aside the election results. The Commissioner held that, given "the significant reliance on [the] petitioner's earlier representation" that he wished to withdraw his request for relief, it would be inequitable to consider such request thereafter.

Here, unlike in Federico, respondent has failed to establish that it relied on petitioner's withdrawal of her prior appeal to its detriment or that my consideration of petitioner's instant appeal will result in any undue prejudice. Moreover, this appeal presents a live controversy insofar as the student continues to be excluded from respondent's schools based on the denial of petitioner's request for a medical exemption. Therefore, I decline to dismiss this appeal as moot.

Finally, petitioner submits two letters from Members of the Assembly in support of her petition. While the scope of my review is limited to determining whether respondent acted in an arbitrary or capricious manner based on the information before it, I have nevertheless accepted these letters and afforded them due consideration.

Turning to the merits, PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized. The law provides an exception to immunization: immunization is not required if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). The relevant portion of PHL §2164(8) provides:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In August 2019, the New York State Department of Health ("DOH") amended the definition of the phrase "[m]ay be detrimental to the child's health," as set forth in its regulations, to mean:

> that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care

(10 NYCRR §66-1.1[l]).[4]

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

Petitioner has failed to meet her burden of proving that respondent's determination was arbitrary or capricious. Petitioner has not offered any information that contradicts or disproves respondent's conclusion that the student was not entitled to a medical exemption. Notably, petitioner does not offer additional evidence, such as an affidavit from the student's physician, containing sufficient information to identify that the student currently has a precaution or a contraindication to any of the eight required vaccinations (10 NYCRR §66-1.1[l]). The evidence submitted by petitioner consists primarily of printouts of DOH and Centers for Disease Control (CDC) websites about certain immunizations and diseases, including PANDAS. This material consists of general information concerning vaccines but does not address the student's unique circumstances.

Nor am I am persuaded by petitioner's argument that the guidelines published by the CDC's Advisory Committee on Immunization Practices ("ACIP") demonstrate that respondent's determination was arbitrary or capricious. Under the ACIP guidelines, "the presence of a moderate or severe acute illness with or without a fever constitutes a precaution to administration of all vaccines." As indicated, in support of petitioner's second medical exemption request, the student's physician wrote that the student met "the definition of 'precaution'" because the student "suffers from" various "moderate or severe illnesses [that] may be episodic with acute onset." However, as explained in the ACIP guidelines, whether or not a precaution exists hinges on the "presence of a moderate or severe <u>acute</u> illness" (emphasis added). Thus, the current presence of acute illness of a moderate or severe nature is the critical factor in determining whether to defer vaccination, not merely the presence of "moderate or severe illnesses [that] <u>may be episodic</u> with acute onset" (emphasis added).

Further, the ACIP guidelines dictate that, "[a]fter they are screened for contraindications, persons with moderate or severe acute illness should be vaccinated as soon as the acute illness has improved." Thus, a precaution to vaccination does not exist in perpetuity. Rather, the ACIP guidelines indicate that the precaution to vaccination only exists until such acute episode resolves. Therefore, I cannot find that petitioner has met her burden of proving that the student meets the definition of having a precaution or contraindication for any of the required vaccines consistent with ACIP guidelines.

Petitioner also complains that respondent did not consider a July 30, 2019 letter from a physician in Massachusetts in connection with her medical exemption request. Initially, the record is unclear as to whether petitioner attempted to submit this letter to respondent and, if so, whether respondent refused to consider it. Petitioner alleges that she contacted the school physician after respondent denied her first request and that the school physician "refused to consider any additional information or documents ... including" the July 30, 2019 letter from the Massachusetts physician. Respondent indicates that it "[l]acks information or knowledge sufficient to form a belief" as to these allegations. Therefore, it is unclear whether petitioner expressly informed respondent of the Massachusetts physician's letter or requested that it be considered.

In any event, I have reviewed this letter and do not find that it compels a finding in petitioner's favor. In the letter, the Massachusetts physician asserted that the student has "a physiologic milieu" that "increases the risk of adverse reactions to vaccines." However, the physician also indicated that the student's "medical

conditions were managed with nutritional interventions, targeted supplements and prescription medications, as needed," and that the student had "experienced steady improvement with ongoing treatment and avoidance of toxins and attention to diet."  Nevertheless, the doctor recommended that, "in order to assure continue[d] progress and health, [the student] should continue to avoid routine vaccination."  I cannot find that this physician's recommendations satisfy the definition of "detrimental to a child's health" set forth in (10 NYCRR §66-1.1[l]).  While the physician opined that the student should avoid vaccination, he did not identify any specific contraindications or precautions to the required vaccinations, let alone contraindications or precautions consistent with the ACIP guidelines or another nationally recognized evidence-based standard of care (10 NYCRR §66-1.1[l]; see also Appeal of P.K., 59 Ed Dept Rep, Decision No. 17,802).  Thus, this physician's letter does not satisfy petitioner's burden of proof in this appeal.[5]

Further, petitioner's argument that respondent acted arbitrarily and capriciously because its physician recommended denial of her request "without further inquiry" is without merit.  DOH regulations indicate that a request for a medical exemption from immunization must "contain[] sufficient information to identify a medical contraindication to a specific immunization" and permit, but do not require, a principal or person in charge of a school to "require additional information supporting the exemption" (10 NYCRR §66-1.3[c]).   Therefore, respondent was not required to seek or obtain any additional information.  Indeed, the appeals cited by petitioner do not impose such a requirement (Appeal of E.C., 58 Ed Dept Rep, Decision No. 17,638; compare Appeal of M.E.F., 43 id. 248, Decision No. 14,987 ["an oral statement of a DOH employee, without more, is an insufficient reason to reject [a] request for a medical exemption"]).  In any event, respondent, in fact, sought and obtained additional information from its school physician, which was within its discretion (10 NYCRR §66-1.3[c]; see also Lynch v. Clarkstown Cent. Sch. Dist., 155 Misc2d 846; Appeal of D.F., 50 Ed Dept Rep, Decision No. 16,132).[6]

Finally, petitioner's claim that respondent denied her due process is unpersuasive.  As noted above, the October 8, 2019 letter from respondent's school physician stated his conclusion that there was "no medical support" for a medical exemption.  Additionally, respondent had previously explained its reasoning in connection with its denial of the first medical exemption request.  Under these circumstances, I find that respondent sufficiently explained its denial of petitioner's request (see Appeal of a Student with a Disability, 56 Ed Dept, Decision No. 16,954).  In any event, the remedy for inadequate reasoning would be a remand of the appeal, not, as petitioner requests, a determination in her favor (see Appeal of S.C., 58 Ed Dept Rep, Decision No. 17,606).

Finally, although petitioner asserts that respondent violated her right to due process insofar as respondent did not notify her of her right to appeal, she has failed to establish that respondent had any such duty under PHL §2164.  Regardless, I note that petitioner did in fact appeal respondent's denials of both her first and second requests for a medical exemption.  Thus, even assuming, arguendo, that respondent erred in failing to notify petitioner of her right to appeal, any such error would be harmless under these circumstances (see Appeal of a Student with a Disability, 59 Ed Dept Rep, Decision No. 17,845).

While I am empathetic to petitioner and the student's circumstances, petitioner has failed to show that respondent's determination was arbitrary or capricious.  Accordingly, the appeal must be dismissed (see Appeal of J.S. and D.S., 55 Ed Dept Rep, Decision No. 16,821; Appeal of D.F., 50 id., Decision No. 16,132).

I have considered petitioner's remaining contentions and find them to be without merit.

THE APPEAL IS DISMISSED.

END OF FILE

[1] The medical exemption request, a standardized form published by the New York State Department of Health, provides eight boxes that a physician can check to indicate the vaccinations to which the request pertains. Petitioner's physician checked all eight boxes.

[2] PANDAS is an acronym that stands for Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections.

[3] Petitioner further asserts that her appeal would be timely even if measured from the date the student was excluded from school because the student was excluded "on October 7, 2019." I need not resolve the precise date of the student's exclusion for the reasons set forth above.

[4] These regulations were originally passed on an emergency basis. On December 31, 2019, the regulations became permanent (10 NYCRR §66-1.1[l]).

[5] I further note that the physician's practice is located in Massachusetts, and there is no evidence in the record that he is licensed to practice medicine in New York State (see 10 NYCRR §66-1.3[c]).

[6] While petitioner additionally claims that the school physician had a "conflict of interest," I find this argument to be without merit as the building principal, a district employee, is tasked with deciding requests for medical exemptions (10 NYCRR §66-1.3).



New York State Education Building
89 Washington Avenue
Albany, NY 12234

**CONTACT US** 

**NYSED General Information: (518) 474-3852**
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department