# EXHIBIT D

# Decision No. 17,830

Appeal of S.G., on behalf of his son M.G., from action of the Board of Education of the Franklin Square Union Free School District regarding immunization.

Decision No. 17,830

(April 13, 2020)

Law Offices of Thomas M. Volz, PLLC, attorneys for respondent, David H. Arntsen, Esq., of counsel

TAHOE., Interim Commissioner.--Petitioner appeals the determination of the Board of Education of the Franklin Square Union Free School District that his son, M.G. ("the student"), is not entitled to a medical exemption from the immunization requirements of Public Health Law ("PHL") §2164.  The appeal must be dismissed.

At all times relevant to this appeal the student attended respondent's schools.  Previously, the student received a religious exemption from the immunization requirements of PHL §2164.  At the time, PHL §2164 included provisions authorizing an exemption to required immunizations based on religious beliefs.  On June 13, 2019, however, the Legislature enacted Chapter 35 of the Laws of 2019, effective immediately, which repealed subdivision nine of PHL §2164, thus eliminating the religious exemption.[1]

Thereafter, on or about August 12, 2019, petitioner submitted a completed New York State Department of Health ("DOH") form titled "Immunization for School Requirements – Medical Exemption Statement for Children 0-18 Years of Age," signed by the student's pediatrician and dated August 12, 2019, seeking a medical exemption for the student from the immunization requirements of PHL §2164.  Therein, the student's physician declared that the student required a medical exemption from all required immunizations:  (1) haemophilus influenzae type b (Hib), (2) polio (IPV or OPV); (3) hepatitis B (Hep B); (4) tetanus, diphtheria, pertussis (DTaP, DTP, Tdap); (5) measles, mumps, and rubella (MMR); (6) varicella (chickenpox); (7) pneumococcal conjugate vaccine (PCV); and (8) meningococcal vaccine (MenACWY).  In a section of the form asking the physician to "describe the patient's contraindication(s)/precaution(s)," the physician wrote:

> [M.G.], according to review of his medical records[,] following his 6 mo vaccinations [d]eveloped seizures.  He was hospitalized for this while he underwent evaluation.  There is no evidence to prove that these seizures were not caused by these vaccines that he received at that visit.  His parents are aware that by not completing his immunizations series [h]e is at [r]isk for contracting these illnesses should [h]e be exposed to them.

In a section of the form inquiring as to the "[d]ate exemption ends (if applicable)," the physician wrote:  "Life Time."

By letter dated August 22, 2019, respondent's superintendent informed petitioner that the district's physician had reviewed the medical exemption request and "ha[d] advised that there [were] no medically recognized contraindications for immunizations for [the student], with the exception of Tdap."[2]  The superintendent further indicated that the district was "unable to accept [petitioner's] request for [a] medical exemption."[3]  This appeal ensued.  Petitioner's request for interim relief was denied on September 17, 2019.

Petitioner contends that the student has a "clear medical reason" for not obtaining immunizations. Specifically, petitioner avers that the student "was administered a series of vaccinations" at six months old and, "[s]hortly thereafter, at only [eight] months old, [the student] began suffering from grand mal seizures." Petitioner asserts that, since then, the student has not been vaccinated and "has suffered … further seizures." Petitioner contends that the student's reaction to vaccination as an infant "clearly shows that forcing vaccinations/immunizations will do far more harm than good." Further, petitioner argues that it would be "inappropriate for anyone other than the [student's] treating provider to determine" whether he should receive a medical exemption. For relief, petitioner requests that the April 12, 2019 request for a medical exemption "be granted in its entirety" so that the student "may continue to attend school" within respondent's district.

Respondent argues that the appeal must be dismissed for improper service. Respondent further contends that petitioner has failed to meet his burden of proving that a medical exemption should be granted.

The appeal must be dismissed for improper service. Section 275.8(a) of the Commissioner's regulations requires that the petition be personally served upon each named respondent. If a school district is named as a respondent, service upon the school district shall be made personally by delivering a copy of the petition to the district clerk, to any trustee or any member of the board of education, to the superintendent of schools, or to a person in the office of the superintendent who has been designated by the board of education to accept service (8 NYCRR §275.8[a]; Appeal of B.H., 57 Ed Dept Rep, Decision No. 17,246; Appeal of Peterson, 48 id. 530, Decision No. 15,939). Here, petitioner's affidavit of service states that the petition was served on Maura Gallagher, who is identified as respondent's "Assistant Superintendent." Ms. Gallagher attests in an affidavit that she is employed as respondent's assistant superintendent of curriculum and instruction and, as such, is not authorized to accept service on behalf of respondent pursuant to 8 NYCRR §275.8[a]. Petitioner submits no reply or other evidence to refute respondent's claim of improper service. Accordingly, I find that petitioner has not effected proper service upon respondent, and the appeal must be dismissed (Appeal of a Student with a Disability, 59 Ed Dept Rep, Decision No. 17,670; Appeals of L.A. and V.A., 57 id., Decision No. 17,424; Application of a Student with a Disability, 57 id., Decision No. 17,391).

Even if the appeal were not dismissed for improper service, it would be dismissed on the merits. PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized. The law provides an exception to immunization: immunization is not required if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). Specifically, PHL §2164(8) provides:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In August 2019, DOH amended the definition of the phrase "[m]ay be detrimental to the child's health," as set forth in its regulations, to mean:

> that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care (10 NYCRR §66-1.1[l]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

On this record, petitioner has not met his burden of proving that the student is entitled to a medical exemption.  As indicated above, in order to prove that a particular vaccination "[m]ay be detrimental to the child's health," a physician must determine "that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care" (10 NYCRR §66-1.1[l]).  Here, the student's physician did not specifically identify any contraindication or reference the ACIP guidance at all in the medical exemption request form.  Instead, the student's physician indicated only that "there [was] no evidence to prove that [the student's] seizures were not caused by [the] vaccines that he received at [six months old]."  Notably, the physician did not assert that the immunizations did in fact cause the student's seizures, and the absence of evidence to disprove causation does not constitute proof of causation (see Appeal of P.K., 59 Ed Dept Rep, Decision No. 17,802).  Petitioner bears the burden of proof in this appeal to demonstrate the student's entitlement to a medical exemption; however, petitioner has not provided any proof to establish that the student has a "contraindication or precaution" to each of the required immunizations "consistent with ACIP guidance or other nationally recognized evidence-based standard of care" (10 NYCRR §66-1.1[l]).  Therefore, while I am empathetic to petitioner's concerns and the student's circumstances, given the plain language of 10 NYCRR §66-1.1(l), I am constrained to find that petitioner has failed to meet his burden of proof.  Consequently, the appeal must be dismissed (see Appeal of P.K., 59 Ed Dept Rep, Decision No. 17,802; Appeal of J.S. and D.S., 55 id., Decision No. 16,821; Appeal of D.F., 50 id., Decision No. 16,132).

THE APPEAL IS DISMISSED.

END OF FILE

---

[1] PHL §2164(7)(a), as also amended by Chapter 35 of the Laws of 2019, provides that "[n]o principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school, or to attend such school, in excess of fourteen days, without [a certificate of immunization] or some other acceptable evidence of the child's immunization against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, hepatitis B, pertussis, tetanus, and, where applicable, Haemophilus influenzae type b (Hib), meningococcal disease, and pneumococcal disease; provided, however, such fourteen day period may be extended to not more than thirty days for an individual student by the appropriate principal, teacher, owner or other person in charge where such student is transferring from out-of-state or from another country and can show a good faith effort to get the necessary certification or other evidence of immunization or where the parent, guardian, or any other person in parental relationship to such child can demonstrate that a child has received at least the first dose in each immunization series required by this section and has age appropriate appointments scheduled to complete the immunization series according to the Advisory Committee on Immunization Practices [(ACIP)] Recommended Immunization Schedules for Persons Aged 0 through 18 Years."

[2] Although unclear from this letter, it appears from the record that respondent granted the student a medical exemption with respect to Tdap.  Therefore, references throughout this decision to the vaccinations that the student requires do not include Tdap.

[3] Although the superintendent's August 22, 2019 letter denying the request for a medical exemption does not indicate that the student would be excluded from school as a result thereof, it appears from the petition that petitioner was otherwise advised that the student would be excluded from respondent's schools if he did not receive the required immunizations within the 14-day period prescribed by PHL §2164.  The effective date of the student's exclusion from school is unclear from the record.



New York State Education Building
89 Washington Avenue
Albany, NY 12234

## CONTACT US

**NYSED General Information: (518) 474-3852**

ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department