# EXHIBIT E

# Decision No. 17,822

Appeal of a STUDENT WITH A DISABILITY, by his parents, from action of the Board of Education of the North Salem Central School District regarding immunization.

Decision No. 17,822

(March 16, 2020)

Bond, Schoeneck & King, PLLC, attorneys for respondent, Ayanna Y. Thomas, Esq., of counsel

TAHOE., Interim Commissioner.--Petitioners appeal the determination of the Board of Education of the North Salem Central School District ("respondent") that their son ("the student") is not entitled to a medical exemption from the immunization requirements of Public Health Law ("PHL") §2164.  The appeal must be sustained in part.

At all times relevant to this appeal, the student has resided within respondent's district.  Prior to June 2019, the district granted the student a medical exemption from the requirements of PHL §2164 for "certain vaccinations."

On June 28, 2019, respondent's school nurse sent a letter to petitioners indicating that the student required the following vaccinations to be admitted to 8th grade:  (1) "meningitis vaccine #1"; (2) "MMR #2"; and (3) "varicella #2."

Thereafter, the student's physician submitted a completed New York State Department of Health ("DOH") form entitled "Immunization Requirements for School Attendance - Medical Exemption Statement for Children 0-18 Years of Age," which he signed on August 21, 2019.  In this form, the physician opined that the student required a medical exemption from the following vaccinations:  (1) tetanus, diphtheria, pertussis (DTaP, DTP, Tdap) (hereinafter, "DTP"); (2) measles, mumps, rubella (MMR); (3) varicella (chickenpox); and (4) meningococcal (MenACWY).  In a section of the form asking the physician to "describe the patient's contraindication(s)/precaution(s)," the physician wrote: "allergic reaction to MMRV vaccine, seizure disorder – epilepsy."  In a section of the form inquiring as to the "[d]ate exemption ends (if applicable)," the physician wrote:  "NA."

By email dated August 23, 2019, the school nurse informed petitioners that she would refer the medical exemption request to respondent's medical director.  By email dated August 29, 2019, the principal of respondent's middle/high school informed petitioners that, "based on the information the [d]istrict ha[d] … received and in consultation with [the] [m]edical [d]irector, [the student] ha[d] not met the immunization requirements" and "the [d]istrict would need additional information."  In particular, the principal advised petitioners that a medical exemption may only be granted where "a physician has determined [that] a child has a medical contraindication or precaution to a specific immunization," and such determination is "consistent" with the guidelines published by the Centers for Disease Control's Advisory Committee on Immunization Practices ("ACIP").

Thereafter, the student's physician sent two additional medical exemption forms – signed August 30 and September 4, 2019 – concerning the meningococcal and DTP vaccines, respectively.  With respect to the DTP vaccine, the physician indicated that the student "has a seizure disorder and continues to experience periods

of seizure activity. Risks of vaccination outweigh benefit." With respect to the meningococcal vaccine, the physician wrote: "ACIP guidelines do not say much regarding the vaccination but, considering [the student's] ongoing seizure disorder and allergic reaction to a previous vaccination, risks of vaccination outweigh benefit." On both forms, the physician again wrote "NA" in response to the query "[d]ate exemption ends (if applicable)."

In a letter dated September 10, 2019, the principal denied petitioners' request for a medical exemption.[1] The principal indicated that the student would be excluded from respondent's schools effective September 19, 2019 unless he received the required immunizations. According to respondent, the medical director

> determined that there was no specific Advisory Committee on Immunization Practices (ACIP) contraindication to the required vaccinations and that the next step would be for [the student] to see an allergist to determine whether there was a nationally recognized evidentiary based standard of care that contraindicated any of the required immunizations.

The record reflects that the student was excluded from school as of September 19, 2019. This appeal ensued. Petitioners' request for interim relief was denied on October 7, 2019.

Petitioners contend that respondent erred in rejecting their request for a medical exemption from the immunization requirements of PHL §2164. Petitioners argue that the information submitted by the student's physician and the student's medical history establish his medical inability to receive the required immunizations. For relief, petitioners request that the student be granted a medical exemption from the immunization requirements of PHL §2164 and permitted to attend respondent's schools.

Respondent contends that it rationally denied petitioners' request for a medical exemption and that petitioners have not met their burden of proving that its determination was arbitrary or capricious.

First, I must address the procedural issues. Additional affidavits, exhibits and other supporting papers may only be submitted with the prior permission of the Commissioner (8 NYCRR §276.5). While this provision permits the submission of additional evidence, it cannot be used to add new claims against a respondent for which notice has not been provided (Appeal of Casey-Tomasi, 57 Ed Dept Rep, Decision No. 17,301; Appeals of Gonzalez, 48 id. 405, Decision No. 15,898). I will not accept materials that raise new issues and introduce new exhibits that are not relevant to the claims originally raised in the appeal (Appeal of Casey-Tomasi, 57 Ed Dept Rep, Decision No. 17,301; Appeals of Gonzalez, 48 id. 405, Decision No. 15,898). Here, petitioners proffer two submissions in response to respondent's affidavit in opposition to petitioners' stay request; however, petitioners failed to obtain permission to submit these papers. Moreover, these additional submissions seek to raise new claims against respondent. Accordingly, I decline to accept these submissions into the record.

Petitioners also submit a "response" to respondent's answer that is in the nature of a reply. A reply shall be served within 10 days after service of the answer to which it responds (8 NYCRR §275.14[a]). If the answer has been served by mail, the date of mailing and the four days subsequent thereto shall be excluded in computing the 10-day period (8 NYCRR §275.14[a]; Appeal of Matlis, 57 Ed Dept Rep, Decision No. 17,303; Appeal of a Student with a Disability, 48 id. 98, Decision No. 15,803). Respondent's answer was timely served upon petitioners by mail on October 17, 2019. Petitioners thus had until October 31, 2019 to serve a reply; however, their reply was not served upon respondent or submitted to my Office of Counsel until November 19, 2019. Moreover, petitioners fail to set forth any good cause shown for such delay (see 8 NYCRR 276.3[a]). Accordingly, petitioners' reply is untimely, and I decline to accept it.

Turning to the merits, PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized. The law provides an exception to

immunization: immunization is not required if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). Specifically, PHL §2164(8) provides:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In August 2019, DOH amended the definition of the phrase "[m]ay be detrimental to the child's health" to mean:

> that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care (10 NYCRR §66-1.1[l]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

As an initial matter, I find that respondent was entitled to inquire into the certification submitted by the student's pediatrician. DOH regulations indicate that a request for a medical exemption from immunization must "contain [] sufficient information to identify a medical contraindication to a specific immunization" and permit a principal or person in charge of a school to "require additional information supporting the exemption" (10 NYCRR §66-1.3[c]). I further find that respondent reasonably obtained medical guidance from its medical director concerning the student's potential contraindication to the MMR, varicella, DTP, and meningococcal vaccinations (10 NYCRR §66-1.3[c]; see also Lynch v. Clarkstown Cent. Sch. Dist., 155 Misc2d 846; Appeal of D.F., 50 Ed Dept Rep, Decision No. 16,132).

On this record, I find that respondent's decision to deny the student a medical exemption from the MMR and varicella vaccines was arbitrary and capricious. One of the medical exemption request forms completed by the student's physician indicated that the student had an "allergic reaction" following administration of the MMRV vaccine, a single booster for both MMR and varicella. This is supported by prior letters from physicians at the student's medical practice, which described the reaction as a "major allergic reaction" and a "severe allergic reaction." The ACIP guidelines identify "a severe allergic reaction (e.g., anaphylaxis) after a previous dose or to a vaccine component" as a contraindication to MMR and varicella (see Centers for Disease Control, "Contraindications and Precautions: General Best Practice Guidelines for Immunization: Best Practices Guidance of the Advisory Committee on Immunization Practices (ACIP)," available at https://www.cdc.gov/vaccines/hcp/acip-recs/general-recs/contraindication... [last accessed Mar. 12, 2020]). Thus, respondent's assertion on appeal that the student's physician "did not offer any information showing how the contraindication is consistent with ACIP guidance" is incorrect. Respondent does not assert that it possessed, or now possesses, any information that contradicts petitioners' claims. As such, I am constrained to find that respondent's determination with respect to MMR and varicella, on this record, was arbitrary and capricious.

However, petitioners have not met their burden of proving that the student is entitled to a medical exemption for the remaining vaccinations that he requires. As indicated above, in order to prove that a particular vaccination "[m]ay be detrimental to the child's health," a physician must determine "that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care" (10 NYCRR §66-1.1[l]). Although the student's physician made reference to the ACIP guidelines in the medical exemption form for the meningococcal vaccine, the physician merely indicated that "ACIP guidelines do not say much regarding the [meningococcal] vaccination ...." Petitioners have not provided any other proof, such as an affidavit from the student's physician, to explain the student's "medical contraindication or precaution" to the remaining required

immunizations "consistent with ACIP guidance or other nationally recognized evidence-based standard of care."

Respondent, by contrast, indicates that its medical director determined that "there was no ACIP contraindication to the required vaccinations …," and petitioners do not explain why the medical director's determination, which formed the basis of respondent's denial of petitioners' medical exemption request, was arbitrary or capricious with respect to the required vaccinations (except for MMR and varicella, as explained above).  Therefore, while I am empathetic to petitioners' circumstances, given the plain language of 10 NYCRR §66-1.3(c), I am constrained to find that petitioners have failed to meet their burden of proof with respect to the remaining vaccinations.  Consequently, the appeal must be dismissed (see Appeal of P.K., 59 Ed Dept Rep, Decision No. 17,802; Appeal of J.S. and D.S., 55 id., Decision No. 16,821; Appeal of D.F., 50 id., Decision No. 16,132).

THE APPEAL IS SUSTAINED IN PART.

IT IS ORDERED that respondent grant the student a medical exemption from administration of the MMR and varicella vaccinations, or any combination thereof.

END OF FILE

---

[1] Petitioners contend that respondent "accepted" their medical exemption requests for MMR and Varicella, as sought in the first form submitted by the student's physician.  Respondent denies this assertion in its answer, and the record is otherwise devoid of any evidence that respondent granted such requests.



New York State Education Building
89 Washington Avenue
Albany, NY 12234

CONTACT US

NYSED General Information: (518) 474-3852
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department