# EXHIBIT F

Home    Appeals    Serving Legal Papers    Charters and Regents    Commissioner's Consents

Guidance Documents    Rules and Regulations

# Decision No. 17,839

Appeal of W.G. and C.A., on behalf of L.A., from action of the Board of Education of the New York City Department of Education regarding immunization.

Appeal of W.G. and C.A., on behalf of W.A., from action of the Board of Education of the New York City Department of Education regarding immunization.

Decision No. 17,839

(May 5, 2020)

James E. Johnson, Corporation Counsel, attorney for respondent, Sharon Sprayregen, Esq., of counsel.

TAHOE., Interim Commissioner.--In two separate appeals, petitioners appeal the determination of the New York City Department of Education ("respondent") that their children, L.A. and W.A. ("the students"), are not entitled to a medical exemption from the immunization requirements of Public Health Law ("PHL") §2164. Because the appeals arise out of the same facts and circumstances and present similar issues of fact and law, they are consolidated for decision. The appeals must be dismissed.

The students, who lack the immunizations required to attend school, resided in respondent's district at all times relevant to this appeal. By form dated December 12, 2018, petitioners sought a medical exemption to the immunization requirements of PHL §2164 for L.A. By letter dated October 30, 2019, respondent advised petitioners that the student would no longer be permitted to attend school.

In the 2018-2019 school year, petitioners applied for a religious exemption to vaccination requirements for W.A.; this request was denied. By letter dated November 27, 2019, petitioners were informed that W.A. was missing several vaccines needed for school entry and that she would not be permitted to attend school after December 13, 2019 without documentation that she had received the required vaccines. These appeals ensued. Petitioners' request for interim relief on behalf of L.A. was denied on December 23, 2019, and their request on behalf of W.A. was denied on January 6, 2020.

Although not entirely clear, petitioners appear to argue that the student is entitled to a medical exemption from the immunization requirements of PHL §2164.

Respondent argues that the appeal of L.A.'s exclusion is untimely. Respondent also argues that petitioners have not proven that the students are entitled to a medical exemption from the immunization requirements of PHL §2164.

Respondent initially argues that petitioners' appeal of L.A.'s exclusion determination is untimely. An appeal to the Commissioner must be commenced within 30 days from the making of the decision or the performance of the act complained of, unless any delay is excused by the Commissioner for good cause shown (8 NYCRR §275.16; Appeal of Saxena, 57 Ed Dept Rep, Decision No. 17,239; Appeal of Lippolt, 48 id. 457, Decision No. 15,914). The Commissioner has previously held that an appeal is timely when commenced within 30 days of receiving the determination (Appeal of G.H. and S.H., 57 Ed Dept Rep, Decision No. 17,269; Appeal of C.S., 48 id. 497, Decision No. 15,929). When the record does not indicate when petitioner actually received the determination, the date of receipt is calculated by affording the usual five days for mailing,

excluding Sundays and holidays (Appeal of G.H. and S.H., 57 Ed Dept Rep, Decision No. 17,269; Appeal of K.W., 48 id. 451, Decision No. 15,912).

Respondent argues that the appeal on behalf of L.A. is untimely because it was commenced more than 30 days after its determination to exclude the student from school. The record is unclear as to when petitioner received respondent's October 30, 2019 exclusion letter. Affording the usual five days for mailing, excluding Sundays and holidays, petitioners' service of the petition challenging L.A.'s exclusion on December 5, 2019 was within the applicable time limitation. Therefore, I decline to dismiss the appeal as untimely.

Turning to the merits, PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized. The law provides one exception to immunization: immunization is not required if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). The relevant portion of PHL §2164(8) provides:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In August 2019, the New York State Department of Health amended the definition of the phrase "[m]ay be detrimental to the child's health" to mean:

> that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care (10 NYCRR §66-1.1[1]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

Initially, petitioners claim that respondent's actions infringed upon petitioners' or the students' constitutional rights; in essence, petitioners pose a facial challenge to the mandatory vaccination requirements of Public Health Law §2164. An appeal to the Commissioner is not the proper forum to adjudicate novel issues of constitutional law or to challenge the constitutionality of a statute or regulation (Appeal of A.S., 57 Ed Dept Rep, Decision No. 17,319; Appeal of C.S., 49 id. 106, Decision No. 15,971; Appeal of J.A., 48 id. 118, Decision No. 15,810). A novel claim of constitutional dimension should be presented to a court of competent jurisdiction (Appeal of A.S., 57 Ed Dept Rep, Decision No. 17,319). Accordingly, to the extent the petitions raise constitutional issues, these claims must be dismissed. Similarly, petitioners' claimed violations of the Universal Declaration of Human Rights are outside the scope of an appeal to the Commissioner of Education pursuant to Education Law §310.

Turning to the merits, petitioners have failed to meet their burden of proving that respondent's determination to exclude the students from school was arbitrary and capricious. It is undisputed that the students do not have all required vaccinations and petitioners have failed to demonstrate that either student is entitled to a medical exemption. Petitioners have provided no certification from a licensed physician that immunization may be detrimental to the students' health. In fact, a medical professional wrote the notations "no exemptions" and "no medical exemptions" on the medical exemption request for L.A. Petitioners have not submitted any additional information from a licensed physician on appeal. Accordingly, I cannot find respondent's determination to exclude the students from school to be arbitrary or capricious.

THE APPEALS ARE DISMISSED.

END OF FILE



New York State Education Building
89 Washington Avenue
Albany, NY 12234

## CONTACT US

### NYSED General Information: (518) 474-3852

ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department