# EXHIBIT G

Home     Appeals     Serving Legal Papers     Charters and Regents     Commissioner's Consents     Guidance Documents     Rules and Regulations

# Decision No. 17,832

Appeal of C.H., on behalf of Z.H., from action of the Board of Education of the Panama Central School District regarding immunization.

Decision No. 17,832

(April 21, 2020)

Hodgson Russ LLP, attorneys for respondent, Andrew J. Freedman, Esq., of counsel

TAHOE., Interim Commissioner.--Petitioner appeals a determination of the Board of Education of the Panama Central School District ("respondent") that Z.H. ("the student") is not entitled to a religious exemption from the requirements of Public Health Law ("PHL") §2164.  The appeal must be dismissed.

At all times relevant to this appeal, the student attended school in respondent's district.  According to the record, the student was "previously granted an exemption from [the] immunization requirements [of PHL §2164] based upon religious belief."  As further described herein, on June 13, 2019, the Legislature repealed the religious exemption.

In a letter to petitioner dated June 20, 2019, respondent's superintendent indicated that, as a result of the repeal of the religious exemption, the student was required to "be immunized in order to continue attending" school in respondent's district.  The letter further stated that, "beginning July 1, 2019, and thereafter, [petitioner] must submit appropriate documentation confirming that [the student] ha[d] received the required immunizations" or "at least the first dose in each immunization series ... and ha[d] age appropriate appointments scheduled to complete the immunization series."  This appeal ensued.  Petitioner's request for interim relief was denied on July 17, 2019.

Petitioner maintains that the repeal of PHL §2164 violates his religious beliefs and constitutes unlawful discrimination in violation of, inter alia, the Civil Rights Act of 1964.  For relief, petitioner requests a "religious accommodation from all the required immunizations for [the student] to attend public school" (capitalization omitted).  Petitioner also requests that the student "[n]ever shall be banned from any public place of accommodation ... due to religious observance or practice" (capitalization omitted).

Respondent argues that the petition must be dismissed as moot because the Legislature repealed the religious exemption and the student "has received the required school immunizations" during the pendency of this appeal.

First, I must address a procedural matter.  Petitioner has submitted three additional submissions, dated July 17, July 24, and August 2, 2019, respectively.  Additional affidavits, exhibits and other supporting papers may only be submitted with the prior permission of the Commissioner (8 NYCRR §276.5).  While this provision permits the submission of additional evidence, it cannot be used to add new claims against a respondent for which notice has not been provided (Appeal of Casey-Tomasi, 57 Ed Dept Rep, Decision No. 17,301; Appeals of Gonzalez, 48 id. 405, Decision No. 15,898).  I will not accept materials that raise new issues and introduce new exhibits that are not relevant to the claims originally raised in the appeal (Appeal of Casey-Tomasi, 57 Ed Dept Rep, Decision No. 17,301; Appeals of Gonzalez, 48 id. 405, Decision No. 15,898).  Here, petitioner did not seek prior permission to submit these additional papers; therefore, I decline to accept them.

The appeal must be dismissed as moot. Prior to June 13, 2019, PHL §2164 included provisions authorizing an exemption based on religious beliefs to required immunizations. Specifically, PHL §2164(9) provided:

> [t]his section shall not apply to children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate [of immunization] shall be required as a prerequisite to such children being admitted or received into school or attending school.

However, on June 13, 2019, Chapter 35 of the Laws of 2019 was enacted, effective immediately, which repealed subdivision nine of §2164 of the Public Health Law, thus eliminating the religious exemption to immunization requirements to attend school.[1]

As a result of the Legislature's amendment of PHL §2164, petitioner's request for a religious exemption to the immunization requirements must be dismissed as moot. The Commissioner will only decide matters in actual controversy and will not render a decision on a state of facts which no longer exist or which subsequent events have laid to rest (Appeal of Sutton, 57 Ed Dept Rep, Decision No. 17,331; Appeal of a Student with a Disability, 48 id. 532, Decision No. 15,940; Appeal of M.M., 48 id. 527, Decision No. 15,937). With the enactment of Chapter 35 of the Laws of 2019, no student may be exempted from required immunizations based on religious beliefs, such as the exemption claimed by petitioner in this appeal. The legislative intent of Chapter 35 is to protect the public health by ending non-medical exemptions from immunization (see Sponsor's Mem. Bill Jacket, L 2019, ch 35). As a result, the relief sought by petitioner in the form of an order granting a religious exemption to the immunization requirements of PHL §2164 may no longer be obtained. Consequently, the appeal must be dismissed as moot.[2]

To the extent petitioner challenges the legality of PHL §2164 and claims that the law and respondent's enforcement of it is unconstitutional, an appeal to the Commissioner is not the proper forum to adjudicate novel issues of constitutional law or to challenge the constitutionality of a statute or regulation (Appeal of A.S., 57 Ed Dept Rep, Decision No. 17,319; Appeal of C.S., 49 id. 106, Decision 15,971; Appeal of J.A., 48 id. 118, Decision No. 15,810). A novel claim of constitutional dimension should properly be presented to a court of competent jurisdiction (Appeal of A.S., 57 Ed Dept Rep, Decision No. 17,319).[3] Therefore, to the extent that petitioner attempts to raise constitutional issues in this appeal, I decline to consider such claims. In this respect, I note that the Albany County Supreme Court issued a decision and judgment dismissing an appeal by several parents challenging the Legislature's repeal of the religious exemption (see F.F. on behalf of Y.F. v. State, 2019 NY Slip Op 29376, 2019 WL 6709264 [Sup. Ct. Alb. Co. Dec. 3, 2019]).

To the extent that petitioner seeks an order barring the student's exclusion from any public place of accommodation due to religious observance or practice, I lack jurisdiction to grant such relief. The Commissioner's jurisdiction under Education Law §310 is appellate in nature and generally encompasses only "controversies within the common school system" (Matter of Bowen v. Allen, 17 AD2d 12, 15 [1962], affd without opn 13 NY2d 663 [1963]; see Matter of Bd. of Ed. City School Dist. of Rome v. Ambach, 118 AD2d 932 [1986] [noting that "the statute deals throughout with the common schools"]).

In light of this disposition, I need not consider the parties' remaining contentions.

THE APPEAL IS DISMISSED.

END OF FILE

---

[1] PHL §2167(7)(a), as also amended by Chapter 35 of the Laws of 2019, provides, "[n]o principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school, or to attend such school, in excess of fourteen days, without [a certificate of immunization] or some other acceptable evidence

of the child's immunization against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, hepatitis B, pertussis, tetanus, and, where applicable, Haemophilus influenzae type b (Hib), meningococcal disease, and pneumococcal disease; provided, however, such fourteen day period may be extended to not more than thirty days for an individual student by the appropriate principal, teacher, owner or other person in charge where such student is transferring from out-of-state or from another country and can show a good faith effort to get the necessary certification or other evidence of immunization or where the parent, guardian, or any other person in parental relationship to such child can demonstrate that a child has received at least the first dose in each immunization series required by this section and has age appropriate appointments scheduled to complete the immunization series according to the Advisory Committee on Immunization Practices Recommended Immunization Schedules for Persons Aged 0 through 18 Years."

[2] Given this conclusion, I need not decide whether the appeal is also moot because the student has obtained or is in the process of obtaining all required school age vaccinations. Nevertheless, I note that respondent has submitted a July 23, 2019 letter from a physician indicating that the student was scheduled to receive "catch up immunizations." The record also contains a document from this physician's medical practice indicating that the following vaccinations were administered to the student on July 26, 2019: tetanus, diphtheria, pertussis, mumps, measles, rubella, hepatitis B, poliomyelitis, rotavirus and varicella.

[3] Petitioner also states that he has already "[p]etitioned Letitia James at the State of New York Office of the Attorney General" against the Governor in a complaint claiming that his civil rights had been violated as a result of the passing of PHL §2164.



New York State Education Building
89 Washington Avenue
Albany, NY 12234

CONTACT US

NYSED General Information: (518) 474-3852
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department