# EXHIBIT H

Home     Appeals     Serving Legal Papers     Charters and Regents     Commissioner's Consents     Guidance Documents     Rules and Regulations

# Decision No. 16,667

Appeal of a STUDENT WITH A DISABILITY, by his parent, from action of the New York City Department of Education regarding immunization.

Decision No. 16,667

(September 5, 2014)

Zachary W. Carter, Corporation Counsel, attorney for respondent, Thomas B. Roberts, Esq., of counsel

KING, JR., COMMISSIONER.--Petitioner appeals the determination of the New York City Department of Education ("respondent") that her son ("the student") is not entitled to an exemption from the immunization requirements of Public Health Law ("PHL") §2164. The appeal must be dismissed.

PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized.

The law provides two exceptions to immunization; immunization is not required if the parent holds genuine and sincere religious beliefs contrary to immunization (PHL §2164[9]) or if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). It is the second exception that is at issue in this case.

Petitioner's son is a 12-year-old student in respondent's district. In October 2013, petitioner requested an exemption from the "MMR" and "Tdap" vaccines by submitting a "Medical Request for Immunization Exemption" form completed by the student's pediatrician, Dr. Christopher Kacin. The form language stated: "I request that this student be excused from having the following required immunization(s) and certify that the particular immunization(s) may be detrimental to the child's health." Dr. Kacin wrote "the patient may have had an ALTE (acute life threatening event) after Measles vaccine 3/20/03. Was brought to hospital by ambulance – also may have had reactions to prior vaccines."

Accompanying the request was an April 10, 2013 letter from Dr. Kacin stating that the student "had a reaction to a vaccine at four years of age. He became cyanotic apneic requiring a visit to the emergency room by ambulance. Furthermore more vaccines are not required."

According to the student's immunization record, also submitted with the request, the student received four doses of the DTaP vaccine between the ages of two months and fifteen months (April 30, 2002 – May 19, 2003),[1] one dose of the MMR vaccine (Measles/Mumps/Rubella) along with two other vaccines at thirteen months (March 20, 2003), and a measles vaccine at age four (December 28, 2006).

 Due to inconsistencies between Dr. Kacin's reference to the student having reacted to the measles vaccine on March 20, 2003 – in contrast to the student's immunization record which indicates that he had received the MMR (Measles/Mumps/Rubella) vaccine on that date (a measles vaccine alone was not administered until 2006), as well as the fact that the student also received other vaccines in addition to MMR on March 20, 2003 to which he may have reacted, respondent's medical specialist in its Office of School Health ("OSH"), Dr. Sheila Palevsky, contacted Dr. Kacin's office to discuss the exemption request and obtain contemporaneous

records to document the student's alleged reaction to a vaccine when he was four years old. Dr. Palvesky states in an affidavit;

Dr. Kacin's handwritten entries in the October 7, 2013 Medical Request for Immunization Exemption and his April 10, 2013 letter are inconsistent with the Immunization records in at least two specifics. First, on March 20, 2003, the day Dr. Kacin reported [the student] to have had a reaction, [the student] received more than the measles vaccine. As documented, [the student] received MMR, Varicella, and Pneumococcal conjugate (PCV) vaccines on that date. Second, [the student] was 13 months old on March 20, 2003, but Dr. Kacin's April 10, 2013 letter asserts that [the student] 'had a reaction to a vaccine at four years of age.' According to the Immunization record, the only vaccine that the student received when he was 4 years old was a measles vaccine administered on December 28, 2006.

Dr. Palvesky states that she does not recall whether she spoke directly with Dr. Kacin or another physician in his medical practice. However, she avers that she was advised that the health care provider does not have contemporaneous records relative to the student's alleged reaction and that Dr. Kacin's letters were based on petitioner's recollection of the incident.

Petitioner subsequently provided another "Medical Request for Immunization Exemption" form requesting an exemption from the "dTap"[2] and "MMR" vaccines, dated December 15, 2013 and signed by Dr. Leonard Krilov, Chief of Pediatric Infectious Disease, Vice Chairman of the Department of Pediatrics at Winthrop University Hospital, and a professor of pediatrics at SUNY Stony Brook School of Medicine. As the basis for the request, Dr. Krilov stated, "Severe reaction… [consistent with] hypotensive, hyporesponsive reaction to prior DTaP." He also indicated that, although the student had received only one dose of MMR, he apparently had sufficient antibodies for each component of that vaccine and did not require an additional dose.[3]

On January 9, 2014, Dr. Palevsky contacted Dr. Krilov to discuss petitioner's request. Dr. Palevsky avers that, Dr. Krilov told her that the student's family opposed the dose of Tdap because they ascribe a reaction to the infant vaccine ten years ago. This statement apparently was referencing the DTaP vaccine that the student received as an infant. Dr. Palevsky further avers that Dr. Krilov agreed that the alleged reaction was not seen with the adolescent vaccine, Tdap. She states that Dr. Krilov agreed that guidelines from the Centers for Disease Control and Prevention ("CDC") suggest that such a reaction may be considered to be a precaution but is not an absolute contraindication to receiving the vaccine.

By letter dated February 3, 2014, respondent's OSH coordinator denied petitioner's medical exemption request stating that the "documentation provided by [the student's] health care provider does not meet nationally recognized standards for medical contraindication of immunization." Petitioner was informed that her request was denied for the Tdap immunization and that she could appeal the determination by submitting additional documentation within ten school days.

In response, petitioner submitted another letter from Dr. Krilov, dated February 10, 2014, in which he states that the student had a reaction to a vaccination at age four which was "a relative contraindication to pertussis immunization." Dr. Krilov further states that he reviewed the benefits of the dTap booster dose and "[d]espite the lack of absolute contraindication for pertussis vaccination for [the student] in view of his past severe reactions, I believe it is appropriate to provide [the student] a medical exemption for the adolescent dTap booster dose."

Dr. Palvesky again contacted Dr. Krilov and learned that he did not have contemporaneous records documenting the student's alleged reactions; his letter and earlier statements were based on petitioner's recollection. In her affidavit, Dr. Palevsky notes that "Dr. Krilov's assertion that [the student] had had a reaction to a prior DTaP vaccine seems inconsistent with the Immunization Record, because [the student] had received the last of 4 doses of DTaP vaccine before he was 16 months old and the alleged reaction occurred when [the student] was 4 years old."

By letter dated April 11, 2014, OSH denied petitioner's request for a medical exemption. The letter noted that the documentation provided by the student's health care providers alleged that he had a reaction to DTaP at age four and further stated that review of the CDC national guidelines provided that certain infrequent adverse reactions after pertussis containing vaccinations are a precaution to further doses of DTaP, but not a precaution to Tdap. OSH clarified that the student is required to have a Tdap vaccination, not a DTaP vaccination. The letter concluded that, "as per national guidelines, there is no medical reason as to why ... Tdap vaccine should not be administered."

Thereafter, petitioner submitted another letter from Dr. Krilov, dated April 22, 2014, in which he stated, "I agree that there is not an absolute contraindication for administration [of the Tdap vaccine] however in view of his past severe reaction to DTap vaccine I believe an exemption in this case is reasonable."

By letter dated May 8, 2014, petitioner's request for a medical exemption to the Tdap vaccine was denied. The letter stated that petitioner could submit additional documentation within ten school days, that appeals submitted without additional medical documentation will be reviewed by respondent's Medical Director, and "all decisions will be final." The record reflects that petitioner did not submit additional documentation in response to the May 8, 2014 letter.

On or about May 27, 2014, petitioner received a "Notice of Exclusion from School Due to Incomplete Immunization" stating that the student would be excluded from school after that date if he did not receive the Tdap vaccination. This appeal ensued. Respondent's counsel submitted an affirmation stating that respondent was permitting the student to remain in school pending a determination on the merits of the appeal.

Petitioner asserts that her son is entitled to the requested immunization exemption and that respondent's denial of the exemption is arbitrary and capricious. She also seeks compensatory education for any time that her son was excluded from school.

Respondent maintains that petitioner failed to establish an entitlement to a medical exemption for her son. Respondent denies that its determination is arbitrary, capricious, unreasonable or an abuse of discretion. Respondent contends that petitioner failed to establish a clear right to the relief she seeks.

PHL §2164(8) provides:

If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In addition, Department of Health regulations require that no child shall be admitted to school without a certification of immunization or a medical exemption form or signed statement from a physician licensed to practice medicine in New York State, "certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated" (10 NYCRR §66-1.3[c]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of Aversa, 48 Ed Dept Rep 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884; Appeal of P.M., 48 id. 348, Decision No. 15,882).

Petitioner contends that, based upon her son's alleged previous life-threatening reaction to immunization and the medical information that she has provided, respondent should have granted her immunization exemption request. In support of her position, petitioner submits a copy of the CDC's "Vaccine Information Statement" for the Tdap vaccine which states "[if] you ever had a life threating allergic reaction after a dose of

any tetanus, diphtheria, or pertussis containing vaccine, OR if you have a severe allergy to any part of this vaccine, you should not get Tdap."

In her reply, petitioner further asserts that the student is entitled to a medical exemption because the doctors' certificates she has obtained comply with the requirements of PHL §2164(8). Petitioner contends that, while she does not have contemporaneous records of her son's alleged reaction, Dr. Palevsky's allegations and alleged discussions with the student's physicians cannot refute what his physicians have written in their letters.

Respondent argues that, to the contrary, petitioner's submissions failed to demonstrate that the Tdap vaccine could be detrimental to the student's health and that, because there were inconsistencies with petitioner's documentation from the student's health care providers and the student's immunization records, further inquiry and discussion with the student's physicians was warranted.

In Lynch v. Clarkstown Cent. School Dist., 155 Misc 2d 846, the court rejected petitioners' argument that the school district was required to accept a doctor's note at face value, without further investigation. In that case, petitioners sought a medical exemption from immunization for their daughter, who suffered from Rett Syndrome. Petitioners submitted a certificate from a doctor stating that "all vaccinations are contraindicated indefinitely." Prior to denying the request, the school district's chief medical officer reviewed the medical research on Rett Syndrome, consulted with the doctor who wrote the certificate, and also conferred with specialists in pediatric neurology who concluded that "there were no reasons not to immunize a child with Rett Syndrome." In upholding the district's denial of petitioners' request, the court stated: "The court rejects petitioners' argument that the District was required to accept the [doctor's] note at face value, without further investigation. At that stage, the District was following the regulation promulgated by the State Department of Health … as outlined in an internal memorandum prepared by its general counsel." The court further noted that the memorandum stated, "The medical exemption under P.H.L. section 2164 is available only when a vaccination would actually be detrimental to a student's health during that period and not because the student has a note from a physician excusing the student from immunization. A medical certification must, therefore, contain sufficient information to identify the contraindication to immunization and identify the time at which vaccination would no longer be detrimental" (Lynch v. Clarkstown Cent. School Dist., 155 Misc 2d 846, 851).

In the instant appeal, petitioner produced documentation from two different health care providers in support of her exemption request which appeared to be inconsistent with the student's vaccination history contained in his immunization record. Under those circumstances, respondent was justified in contacting the student's health care providers to seek further information and clarification, including a request for contemporaneous records, in order to substantiate: when the student's alleged reaction occurred, whether it was due to a prior vaccination and what vaccination may have caused it. Petitioner erroneously relies on Appeal of M.E.F. (43 Ed Dept Rep 248, Decision No. 14,987) in support of her assertion that respondent should have accepted her son's physicians' statements on their face. In that case, there were no obvious inconsistencies between the physician's note and the student's records to warrant further inquiry, as is the situation here.

Based upon the record before me, petitioner has failed to meet her burden of proof. Petitioner's request was reviewed not only by respondent's OSH coordinator but also by its medical specialist, Dr. Palevsky. Dr. Palvesky concluded that, based upon her discussions with the student's health care providers and a review of the record, "in the absence of contemporaneous medical records documenting [the student's] alleged reaction, it cannot be determined that a Tdap vaccination would present any unusual risk …. Moreover, the alleged reaction could have been the result of many factors other than a DTaP vaccine." She further avers that, "it appears that, if [the student] had a reaction to a vaccine at 4 years of age, it was to 0the measles vaccine administered in December 2006." Indeed, petitioner alleges that, at age four, her son received a vaccine which caused him to stop breathing. This is consistent with the time at which the student received a

measles vaccine.  Dr. Palevsky states, and petitioner does not refute, that ingredients in the measles vaccine are not contained in the Tdap vaccine.  Dr. Palevsky avers that "there is no reason to believe that Tdap presents an unusual risk for [the student] if he had an adverse reaction to the measles vaccine."  Dr. Palevsky also notes that, "even assuming [the student] had a reaction to a DTaP vaccine as a young child, the ACIP recommendations specifically state that certain adverse reactions (high fever, collapse or shock like state, persistent crying or convulsions)following a DTaP vaccine in childhood are not contraindications or precautions to administration of Tdap to an adolescent or adult".

The record indicates that, prior to making its determination, respondent reviewed medical research, CDC guidelines, the student's immunization record, petitioner's submissions and the additional information submitted by petitioner and the student's physicians to determine whether the Tdap vaccine would be detrimental to the student's health.  While I am sympathetic to petitioner's concern for her son's health, PHL §2164(8) requires evidence that the specific immunization for which the exemption is requested would be detrimental to the child.  Such evidence is lacking in this record.  Accordingly, under the circumstances presented, I am constrained to find that respondent's denial of petitioner's request for a medical exemption to the Tdap vaccine, pursuant to PHL §2164(8), is not arbitrary, capricious or unreasonable.

Although the appeal must be dismissed, I note that petitioner retains the right to reapply to the district for an immunization exemption on her son's behalf and present any new information or documentation for respondent's consideration.

In light of this disposition, I need not address the parties' remaining contentions.

THE APPEAL IS DISMISSED.

END OF FILE

---

[1] The record indicates that children receive four doses of the TDaP (tetanus, diphtheria and pertussis) vaccine by age two and a fifth dose between ages four and six.  At age 11 or 12, a booster vaccine, the Tdap or dTap, is admisinistered.

[2] The record indicates that "Tdap" vaccine is an adolescent/adult vaccine against tetantus, diphtheria and pertussis that may also be referred to as "dTap".

[3] Respondent states in its answer that the student is "currently up-to-date on his MMR vaccine, so there is no need to decide whether he needs another MMR vaccination at this time."  Consequently, this decision is limited to petitioner's request for an exemption to the Tdap vaccine.



New York State Education Building
89 Washington Avenue
Albany, NY 12234

© 2015 - 2019 New York State Education Department

CONTACT US

**NYSED General Information: (518) 474-3852**
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862