# EXHIBIT I

# Decision No. 12,800

> Appeal of DIANE McGANN, on behalf of her daughter, from action of Dr. William Heebink, Superintendent of the Port Washington Union Free School District, regarding exclusion from school due to lack of immunization.

Decision No. 12,800

(September 8, 1992)

> James R. Filenbaum, Esq., attorney for petitioner
>
> Ingerman, Smith, Greenberg, Gross, Richmond, Heidelberger, Reich & Scricca, Esqs., attorneys for respondent, Lawrence W. Reich, Esq., of counsel

SOBOL, Commissioner.--Petitioner appeals from respondent's determination that she does not meet the requirements to exempt her daughter from immunization and that, without the necessary immunization, her daughter cannot attend the public schools of the Port Washington Union Free School District. Petitioner asks that I direct respondent to readmit her daughter to school in the district. The appeal is sustained in part.

When her daughter entered kindergarten in 1989, petitioner filed with respondent a medical exemption pursuant to Public Health Law '2164. The exemption was contained on a prescription blank from petitioner's doctor which stated that "...immunizations would be harmful to the above child's health. This includes MMR, DPT, Polio and HIB." Petitioner subsequently submitted the identical form in 1990.

In November 1991, respondent requested an update from petitioner's doctor. On January 7, 1992, petitioner submitted a current medical exemption certificate, stating that petitioner's daughter should not be vaccinated. Respondent asked the physician to explain why the child could not be vaccinated. None was forthcoming.

On January 22, 1992, in response to a request by respondent, General Counsel to the New York State Health Department advised that petitioner's doctor must specify which immunizations may be detrimental. According to the Director of the Department of Maternal, Child and Adolescent Health of the American Academy of Pediatrics, a general statement that all immunizations would be detrimental was suspect. Both the General Counsel and the Director of General Communicable Disease Activities of the New York State Department of Health advised respondent that, without a specific explanation of harmful effects, the district should refuse to allow the student to continue to attend school until immunized. On February 10, 1992, petitioner submitted a formal claim for religious exemption and sent a letter from an organization known as "Vaccination Alternatives." The letter set forth the scientific, personal and philosophical objections of the organization, without any reference to petitioner's personal religious beliefs. On April 6, 1992, petitioner's request for an exemption was denied and her daughter was excluded from school. This appeal ensued.

Petitioner asserts that she has complied with Public Health Law '2164 by submitting the appropriate documentation for a medical exemption. She further asserts that she is a member of the United Methodist Church, and that her pastor is convinced of her sincerity. Petitioner alleges that her daughter has been examined routinely and appears in good health, therefore posing no immediate danger of contagion to other students. Furthermore, she contends that she did not request a religious exemption before 1992

because prior to that time she had submitted a medical exemption. Petitioner asserts that the fact that her older daughter was immunized ten years ago is not relevant, since her religious convictions are much stronger now. Petitioner asserts that her oath regarding her religious conviction is all that is required by law, and that respondent's denial of the exemption was arbitrary.

Respondent contends that petitioner did not comply with Public Health Law '2164 when she failed to provide the proper medical information. As to the religious exemption, respondent concluded that it was not an expression of petitioner's sincerely held religious beliefs, because she only submitted it after learning that the medical exemption was deemed insufficient. Respondent asks that I appoint a hearing officer to take testimony and receive evidence on the issue of petitioner's religious beliefs.

Public Health Law '2164(8) states:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

The Legislature enacted this statute after determining that immunization is effective and safe. The purpose of immunization is to protect children who are immunized as well as the health and economic well-being of the community (Section 1 of L. 1968, c. 1094). In every case the needs of the State must be balanced with the needs of the individual, and clearly when it is found to be medically unsound for a child to receive a required immunization, the law recognizes the necessity of a medical exemption (Public Health Law '2164[8]). However, to balance the needs of the majority, a school district may not authorize a child to remain in attendance where the request for the medical exemption is suspect. A blanket medical exemption certificate without evidence indicating why all immunizations are detrimental to the child is insufficient to meet the standards established by Public Health Law '2164 (Lewis v. Sobol, 710 F. Supp. 506).

Respondent contends that petitioner is not entitled to a medical exemption because the documentation she submitted in support thereof was not supplied by a physician licensed to practice medicine. The record reflects that from 1989 until February 1992, petitioner's physician had failed to pay appropriate registration fees and was, therefore, not licensed to practice medicine in this State. Respondent was thus prepared to deny the exemption on that basis alone, since Public Health Law '2164(8) requires that the certificate be submitted by a licensed physician. Because the physician has since paid her fees retroactively, I find that her lack of registration is no longer an issue.

However, when petitioner simply provided a certificate that sought a blanket exemption from all immunizations, respondent was certainly within his rights to demand additional information to ascertain why all immunizations would be detrimental, and to deny the exemption when no additional information was forthcoming. Neither petitioner nor her physician responded to respondent's request for more information. In a further effort to ascertain whether petitioner's request for a blanket exemption was appropriate, respondent contacted the State Health Department. Respondent was told by medical experts that, since only in rare cases would a child be unable to receive any immunization, it would be irresponsible for a district to allow a child to remain in school without supplying medical information to explain how all immunizations would be detrimental to that child's health. Given the bona-fide health concerns of the student population, respondent appropriately found that petitioner's request for a blanket medical exemption was insufficient to meet the requirements of Public Health Law '2164.

I find, however, that respondent did not sufficiently develop a record on which to determine that petitioner was not entitled to the religious exemption of Public Health Law '2164(9). That statute provides, in pertinent part:

> This section shall not apply to children whose . . . parents . . . hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate shall

be required as a prerequisite to such children being admitted or received into school or attending school.

The question before respondent, therefore, was whether petitioner's opposition to immunization stemmed from sincerely held religious beliefs. In making this determination, respondent must assess the credibility of petitioner's statement and sincerity, and is not required to simply accept a statement of religious belief without some examination (Public Health Law '2164[9]).

In this case, respondent concluded that petitioner's beliefs were not religious in nature. One basis for that judgment was the perceived inconsistency between petitioner's objecting to immunization for one daughter, yet allowing another daughter to be immunized and receiving medical treatment herself. Petitioner's explanation regarding her older daughter's immunization, however, was not inconsistent with a finding that her religious beliefs have changed since then. Moreover, individuals need not oppose medical treatment per se to qualify for this exemption, but must assert only that they believe in reactive as opposed to proactive medical treatment (Lewis v. Sobol, supra). As to the timing of the claim for a religious exemption, petitioner's explanation that she did not raise her religious objections earlier because she relied on the medical exemption, is also credible. Accordingly, I find that neither the timing of petitioner's request, nor the disparate treatment of her daughters demonstrate that petitioner's objection is not based on sincere religious beliefs.

Petitioner further asserted that she is a member of the United Methodist Church. She did not, however, claim that the church opposes immunization. Instead, she contended that she is religious and does not believe in immunization. She further annexed information from "Vaccination Alternatives", which speaks not to issues of religion, but to a philosophical aversion based primarily on scientific views, with which petitioner agrees. Based upon these submissions alone, respondent determined that petitioner's objection was philosophical, rather than religious in nature and denied the religious exemption. However, because respondent never met with petitioner to further assess the credibility or basis of her belief, I find the denial of the exemption premature. I, therefore, remand this case to respondent to develop a more complete record from which he may ascertain the sincerity of petitioner's religious beliefs.

Concerning petitioner's assertion that the statute at issue violates her first amendment rights, that argument was rejected in Jacobson v. Massachusetts, 197 U.S. 11.

I have reviewed petitioner's other claims and find them without merit.

THE APPEAL IS SUSTAINED IN PART.

IT IS ORDERED that respondent meet with petitioner and with any witnesses each party deems necessary to assess the sincerity of petitioner's religious beliefs regarding immunization. Until such assessment is completed by respondent, I order respondent to admit petitioner's daughter to school.

END OF FILE



CONTACT US

NYSED General Information: (518) 474-3852
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355

New York State Education Building
89 Washington Avenue
Albany, NY 12234

New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department