# EXHIBIT J

Home    Appeals    Serving Legal Papers    Charters and Regents    Commissioner's Consents

Guidance Documents    Rules and Regulations

# Decision No. 16,132

Appeal of D.F., on behalf of her daughter R.F., from action of the Board of Education of the Plainview-Old Bethpage Central School District regarding immunization.

Decision No. 16,132

(August 20, 2010)

Guercio & Guercio, LLP, attorneys for respondent, Barbara P. Aloe and Timothy A. Hayden, Esqs., of counsel

STEINER, Commissioner.--Petitioner appeals the determination of the Board of Education of the Plainview-Old Bethpage Central School District ("respondent") that her daughter is not entitled to a medical exemption from the immunization requirements of Public Health Law ("PHL") §2164. The appeal must be dismissed.

PHL §2164 generally requires that children between the ages of two months and eighteen years be immunized against certain diseases and provides that children may not attend school in the absence of acceptable evidence that they have been immunized.

The law provides two exceptions to immunization. Immunization is not required if the parent holds genuine and sincere religious beliefs contrary to immunization (PHL §2164[9]) or if a licensed physician certifies that immunization may be detrimental to a child's health (PHL §2164[8]). It is the second exception that is at issue in this case.

According to petitioner, prior to the events giving rise to this appeal, R.F.'s older sister experienced a negative reaction to the combined measles, mumps and rubella vaccine ("MMR"). As a result, petitioner sought separate measles, mumps and rubella vaccines for R.F. On September 17, 2008, R.F. received the measles vaccine. Petitioner subsequently learned that separate mumps and rubella vaccines were no longer available and that the only way for R.F. to receive those vaccines was through the MMR.

In the spring of 2009, petitioner registered R.F. as a kindergarten student in respondent's district for the 2009-2010 school year. As part of the registration process, petitioner submitted an April 23, 2009 letter from R.F.'s pediatrician stating that R.F. had "adequate measles antibody" and was "medically exempt" from receiving the mumps and rubella vaccinations.

Respondent's kindergarten nurse ("nurse") spoke with petitioner during the spring 2009 registration process regarding the requirement that R.F. receive the mumps and rubella vaccinations. Thereafter, petitioner submitted a second letter from the pediatrician, dated June 1, 2009, which stated that R.F. was medically exempt "for the present time" from the mumps and rubella vaccinations "because of concerns that she may have similar severe reactions as her sibling did…."

Respondent permitted R.F. to begin kindergarten in September 2009. However, the nurse continued to investigate the appropriateness of petitioner's request for a medical exemption. The record indicates that during the fall of 2009, the nurse discussed the exemption request with petitioner, R.F.'s pediatrician, and the New York State Department of Health ("DOH").

On or about January 6, 2010, the nurse received a letter from DOH's Bureau of Immunization Director ("director") in response to her request for guidance. The director's letter stated that "a reaction to a vaccine

in a sibling does not mean that a sibling will have the same reaction and is not a contraindication to immunization." The letter further explained:

> [A] medical condition in a sibling, or any other relative, is not a contraindication for vaccination, unless the relative is a household contact with an immunosuppressive condition. If the household contact is immunosuppressed, it may be advisable to avoid certain live vaccines, however this should be assessed on a case by case basis.

The nurse discussed the director's letter with respondent's school physician and the Assistant Superintendent for Personnel and Administration ("assistant superintendent") and a decision was made to deny petitioner's request. By letter dated February 23, 2010, the kindergarten principal ("principal") advised petitioner of this determination and informed her that the June 1, 2009 pediatrician's letter "does not set forth a contraindication to immunization and is not sufficient to qualify [R.F.] for a medical exemption...." The letter also stated that if R.F. did not receive the required mumps and rubella immunizations she would be excluded from school after March 3, 2010.

Thereafter, petitioner sent respondent an October 28, 2009 letter from R.F.'s pediatrician stating that R.F. is "medically exempt from MMR because it may be detrimental to her health." By letter dated March 2, 2010, the assistant superintendent informed petitioner that he had forwarded the pediatrician's October letter to DOH for review and that R.F.'s exclusion date would be extended until March 12, 2010.

The assistant superintendent notified petitioner in a March 8, 2010 letter that both DOH and the school physician had reviewed petitioner's request and concluded that it was "not supported by adequate documentation and does not meet the criteria for approval."[1]

The record indicates that, on or about March 9, 2010, petitioner informed the district that R.F. had contracted strep throat. Petitioner produced a prescription slip from a second doctor stating that R.F. was being treated for strep tonsillitis and could not be vaccinated until after such treatment. In response, the district again extended R.F.'s exclusion date until March 22, 2010.

Petitioner appealed respondent's determination to the board by letter dated March 19, 2010.[2] By letter dated March 24, 2010, the assistant superintendent extended R.F.'s exclusion date until April 6, 2010 "based upon [petitioner's] good faith effort to acquire the vaccines required."

On or about March 31, 2010, petitioner forwarded to the assistant superintendent an email from the second doctor stating that he was in the process of evaluating R.F. for "measles, mumps, and rubella titres [sic], along with egg allergy testing. At this time, the lab work is not finalized, and [R.F.] is free of communicable diseases which makes her eligible to continue to attend school." The doctor also noted that he would provide medical recommendations for R.F. when the lab results were available.

R.F. was excluded from school as of April 6, 2010. This appeal ensued. Petitioner's request for interim relief was granted on April 16, 2010.

Petitioner argues that respondent's determination that R.F. is not entitled to a medical exemption from the mumps and rubella vaccinations was arbitrary and capricious.

Respondent contends, <u>interalia</u>, that the appeal must be dismissed for failure to state a claim and because petitioner has failed to demonstrate a clear legal right to the relief requested. Respondent asserts that it fully complied with PHL and DOH regulations in rejecting petitioner's request for a medical exemption and denies that its actions were arbitrary or capricious.

I must first address a procedural matter. On or about April 19, 2010, my Office of Counsel received a request from petitioner to submit additional papers pursuant to §276.5 of the Commissioner's regulations.[3] Specifically, petitioner seeks to introduce an April 14, 2010 letter from the second doctor detailing the results

of R.F.'s blood tests and explaining why she is entitled to a medical exemption.[4]  Respondent notes that this letter "argues a new and different ground for the medical exemption" and explains that it has forwarded the letter and test results to DOH for review and comment.  Because the record indicates that respondent has not yet made a final determination as to whether it will grant R.F. a medical exemption based on the April 14, 2010 letter, this issue is not properly before me for review at this time.  The Commissioner will not render an advisory opinion on an issue before it becomes justiciable (Appeal of L.A., et al., 46 Ed Dept Rep 450, Decision No. 15,561; Appeal of Vaught, 46 id. 398, Decision No. 15,544).  Accordingly, I have not considered the additional documents submitted by petitioner.

Turning to the merits, PHL §2164(8) specifically provides:

> If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health.

In addition, DOH regulations require that no child shall be admitted to school without a certification of immunization or:

> [A] certificate from a physician, licensed to practice medicine in this State, that one or more of the required immunizations may be detrimental to the child's health.  This certificate must specify which immunizations may be detrimental (10 NYCRR §66-1.3[c]).

In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of Brown, 46 Ed Dept Rep 584, Decision No. 15,602; Appeals of Hubbard, 46 id. 533, Decision No. 15,585; Appeal of Darrow, 46 id. 182, Decision No. 15,477).

Petitioner contends that the certificates she has obtained from R.F.'s doctors comply with the requirements of PHL §2164(8) and that the law does not "on its face require validation [of such certificates] from the school district or any other party."  To the contrary, respondent explains that DOH guidance "dictates that a certificate submitted in support of a claimed exemption must contain: (1) sufficient information to identify the contraindication to immunization; and (2) identify the time at which the vaccination would no longer be detrimental."

Respondent also relies on Supreme Court, Rockland County's decision in Lynch v. Clarkstown Cent. School Dist. (155 Misc 2d 846).  In that case, petitioners sought a medical exemption from immunization for their daughter, who suffered from Rett Syndrome.  Petitioners submitted a certificate from a doctor stating that "all vaccinations are contraindicated indefinitely."  Prior to denying their request, the school district consulted with its Chief Medical Officer, who reviewed the medical research on Rett Syndrome and consulted with the doctor who wrote the certificate (a specialist in "ecology").  The medical officer also conferred with specialists in pediatric neurology who concluded that "there were no reasons not to immunize a child with Rett Syndrome."

The court ruled that the district did not act arbitrarily and capriciously in denying petitioners' request, stating:

> The court rejects petitioners' argument that the District was required to accept the [doctor's] note at face value, without further investigation.  At that stage, the District was following the regulation promulgated by the State Department of Health ... as outlined in an internal memorandum prepared by its general counsel.  That memorandum reviewed a letter to school officials, which provided guidelines for interpreting physician statements submitted in support of a medical exemption to immunization.  The memorandum advises that a "health provider's statement that administration of vaccine [sic] is medically contraindicated for non-specific reasons is not sufficient to serve as a medical exemption."  The memorandum further states,

"the medical exemption under P.H.L. section 2164 is available only when a vaccination would actually be detrimental to a student's health during that period and not because the student has a note from a physician excusing the student from immunization. A medical certification must, therefore, contain sufficient information to identify the contraindication to immunization and identify the time at which vaccination would no longer be detrimental" (Lynch v. Clarkstown Cent. School Dist., 155 Misc 2d 846, 851).

Respondent also cites two prior Commissioner's decisions relating to medical exemptions. In Appeal of McGann (32 Ed Dept Rep 187, Decision No. 12,800), petitioner requested a medical exemption based on a written statement from her child's doctor that "immunizations would be harmful to the ... child's health. This includes MMR, DPT, Polio and HIB." Respondent asked the physician to explain why the child could not be vaccinated, but neither the physician nor petitioner responded. Respondent then contacted DOH for further information, and was advised by DOH's General Counsel and Director of General Communicable Disease Activities that "without a specific explanation of harmful effects, the district should refuse to allow the student to continue to attend school until immunized." The Commissioner found that respondent was within its rights "to demand additional information to ascertain why all immunizations would be detrimental, and to deny the exemption when no additional information was forthcoming."

In Appeal of M.E.F. (43 Ed Dept Rep 248, Decision No. 14,987), respondent denied petitioner's request for a medical exemption based only on an oral statement of a DOH employee. Although that appeal was sustained, the Commissioner stated:

> [A]n oral statement of a DOH employee, without more, is an insufficient reason to reject petitioner's request for a medical exemption. There is no evidence in the record regarding the basis for or accuracy of DOH's assessment. In contrast to the situation in McGann, there is nothing in this record indicating that respondent had a written determination or sought further information in writing from DOH or medical experts (see e.g., Lynch v. Clarkstown CSD, 155 Misc.2d 846).

Under these circumstances, the Commissioner found that the school district "acted arbitrarily in refusing the exemption without further inquiry."

In the instant appeal, petitioner submitted three letters from R.F.'s pediatrician stating only that R.F. is medically exempt "for the present time" from the mumps and rubella vaccinations "because of concerns that she may have similar severe reactions as her sibling did" and "because it may be detrimental to her health." In line with DOH regulations and guidance, as well as the precedent described above, respondent engaged in further inquiry to determine whether R.F. was entitled to a medical exemption. Specifically, respondent requested additional information from petitioner and from R.F.'s pediatrician. Moreover, through repeated consultation with DOH and its own school physician, respondent obtained medical opinions and guidance indicating that the MMR vaccine was not contraindicated for R.F. simply because a sibling experienced a negative reaction to the vaccine. Moreover, respondent concluded that petitioner's documentation failed to identify the time at which vaccination would no longer be detrimental. Accordingly, under the circumstances presented in this case, I cannot conclude that respondent's denial of petitioner's request for a medical exemption was arbitrary or capricious.

THE APPEAL IS DISMISSED.

END OF FILE.

[1] The record contains a March 5, 2010 letter from DOH's director to the nurse. In addition to reiterating the points made in her January letter (discussed above), the director's March letter explained that the pediatrician's October letter was "inadequate because it does not sufficiently specify both the reasons why the immunizations are contraindicated and the time period when they are contraindicated. Such additional

information is necessary to determine the legitimacy of a request for medical exemption." The record also contains a letter dated March 8, 2010 from the school physician to the assistant superintendent stating that "according to the documentation submitted, the reason stated does not meet the criteria for granting a medical exemption."

[2] Although respondent does not raise this issue, I note that the record contains no evidence as to whether the board considered and made a final determination regarding petitioner's appeal, nor does respondent provide any policy, rule or regulation that requires an appeal to the board.

[3] These documents were also attached as exhibits to petitioner's reply.

[4] In the letter, the doctor explains that blood tests conducted on R.F. on March 26, 2010 revealed a "positive immune antibody titre [sic] to measles and mumps, and a negative immune antibody titre [sic] to rubella."



New York State Education Building
89 Washington Avenue
Albany, NY 12234

CONTACT US

NYSED General Information: (518) 474-3852
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

© 2015 - 2019 New York State Education Department