THE GIBSON LAW FIRM, PLLC
SUJATA S. GIBSON, ESQ.
407 North Cayuga Street, Suite 201
Ithaca, New York 14850

January 27, 2020

**BY HAND DELIVERY**
Mr. Chris Pettograsso, Superintendent of Schools
Lansing Central School District
District Office
284 Ridge Road
Lansing, New York 14882

Re: [redacted] Children Medical Exemption from Immunization Requirements

Dear Superintendent Petograsso,

I represent the [redacted] family in this matter. I write to request a meeting to discuss the denial of the [redacted] children's medical exemption from immunization at your earliest convenience. Alternatively, I write to ask if the school would be willing to extend the temporary medical exemption that the children have had for the remainder of the school year to give them time to attempt to get the corroborating opinion of a specialist that the DOH identified last week as necessary for them to understand the genetic issue underlying the exemption.

As you know, the [redacted] family has suffered unimaginable injury from participating in the vaccine program. The children's father suffered an anaphylactic reaction to vaccination. And his brother died, which death was documented on the death certificate (attached) as having been caused by an adverse reaction to immunization and which was verified as a vaccine injury and compensated by the Vaccine Injury Compensation Program. Additional family members have been injured by routine immunization. The grandmother, who is a nurse, suffered a serious adverse reaction to a flu shot, the father's cousin also died after administration of another childhood vaccine, and most family members on the father's side have suffered reactions to one or more immunizations. Genetic testing of the children reveals that they are also vulnerable to serious vaccine reaction and that these adverse reactions have a genetic basis.

The subject children's treating physician and their genetic counselor have both provided letters indicating that they believe immunization of the children may be detrimental to their health. Substantial information on the specific SNPS was provided in the physician's medical exemption letter, as you know. My understanding is that these concerns are backed up by peer reviewed studies indicating genetic vulnerability to serious injury. If you would like further information from the treating physician regarding same, please don't hesitate to ask.

The consensus from the treating providers is that it would be reckless and ill advised to subject these children to immunization given their family history and documented genetic vulnerabilities. With all due respect to the Department of Health, the law does not require that the exemption be based solely on the narrow ACIP guidelines. Rather, the emergency regulations provide that the exemption can be based on ACIP contraindications or precautions or "other

nationally recognized evidence-based standard of care." The concerns here fall into the latter category.

From review of the DOH letter attached to your letter generated January 21, 2020, it appears that the Department of Health also did not reject the genetic concerns which form the primary basis for the exemption out of hand, but rather stated that they'd like to see more information to grant the request on this basis. Specifically, the DOH indicated that a genetic specialist would have to review and concur with the treating physician and genetic counselor's findings.

As an attorney, I have serious concerns about the legality of this denial and process. Nothing in the law suggests that the family must retain the services of a specialist to be considered for an exemption. To the extent that the DOH isn't sure about a medical precaution, they should defer to the treating physician and the family. Moreover, there are constitutional issues here involving the fundamental rights of the family to refuse medical treatment especially where the treating physician and providers concur that it could be dangerous to the children's health. And particularly in a case like this, where the family has already had to suffer the death of more than one child due to vaccine reactions. To require such additional process is in my opinion unlawful and clear overreach.

Nonetheless, in the interests of attempting to work with the school and focus on the needs of the children, the family is willing to submit to this process if it will allow their children to continue attending school and merely request time so that they can get the verification that the DOH wants.

Over the weekend, I had the opportunity to follow up with the children's genetic counselor. She is willing to work with the family on gathering any additional data needed and has made a referral to the primary specialist in this area. She notes that there are very few pediatric genetic specialists in this state and that it can take months if not a year to get an appointment with any. She reiterated her serious concerns about going ahead with immunization until the children have been seen by a specialist who can examine the concerns in more detail. I attach a letter from the genetic counselor indicating same.

The family asks that the school extend the temporary medical exemption until they can have an appointment with the genetic specialist. The [redacted] are calling to get an appointment today. They will provide confirmation to the school as soon as they have an appointment indicating when they can be seen and evaluated. They ask that the schools extend their exemptions through the end of the school year or until they can be seen, whichever is sooner.

The Department of Health has made it very clear that this determination lies in the hands of the building principals in coordination with your office. The DOH review merely provides guidance, but ultimately so long as the children's physician has written an exemption letter, it is up to the school to make the final determination.

The family is not asking you to overrule the DOH. It is only asking you to extend their temporary exemption long enough for them to get the follow up documentation that the DOH requested. My understanding is that there is a very low exemption rate in the Lansing School

District and herd immunity is not really at risk. Given the serious risks that are present for these children if they were to vaccinate before seeing the specialist, and given the serious risk to their emotional and mental well being if they were denied an education while they tried in good faith to gather the additional documentation that the school has requested, we ask that you consider this request seriously.

Please let me know when the family and I can sit down with you and the building principals to discuss or if you have any additional questions.

Very Truly Yours,

DocuSigned by:
Sujata Gibson
2BDFCB5CFB7B426...

Sujata S. Gibson, Esq.

CC: [redacted]



1/26/2020

Re: [redacted]

The [redacted] family requested a medical vaccine exemption for their two children based on a family history of a severe adverse reaction that resulted in death. [redacted] brother of [redacted] the children's father, was given his first vaccination at his two-month visit. Approximately, 16 hours later he became hypotonic and unresponsive. His death was determined to be vaccine related by the Vaccine Injury Compensation Program. Severe reactions following vaccine exposure has occurred for [redacted] his mother as an adult and a 5-month-old cousin who died within 12-18 hours after being vaccinated. My understanding is that other members of the family have also experienced serious adverse reactions to multiple different immunizations. The vaccine related death of [redacted] and adverse reactions to vaccine in the family has required the family to prohibit further vaccinations for their surviving children and grandchildren.

I am a genetic counselor and have worked in this field for over forty years. I have also worked with this family for many years. Based on the family history and the available clinical information and genetic analysis, I have serious concerns about the safety of vaccinating these children. In support of their physician's determination that the children require a medical exemption, I submitted a letter indicating the same.

The response letter from the NYS Bureau of Immunization dated December 5, 2019 that denied medical exemption for both children of [redacted] questioned the validity of identified genetic variants, also known as SNPS (single nucleotide polymorphisms) as indications of risk of severe adverse and possible death following vaccination. SNPs offer researchers the opportunity to understand a clinical situation and detect unique genetic vulnerabilities. The lack of comprehensive genomic analysis of children with adverse response to vaccines, does not invalidate a genetic predisposition. Peer reviewed publications regarding pharmacogenetic markers have provided an early foundation to understand individual and family response to medications. Our genomes are made up of 4 to 5 million SNPs and SNPs can change the function of genes. Genomic medicine aims to link SNPs to clinical concerns. The advances in genetics are rapid, yet the application and implication are lagging

124 Front St. Binghamton, NY 13905 • P: (607) 724.4308 • F: (607) 724.8290 • FerreGenetics.org



On review of the recommendation from the Department of Health, it appears that the assertion is that there is not enough information about the genetic tests done and recommendations made. The treating physician provided significant detail about the specific SNPS at issue backed up by her review of the medical literature and studies for each of these identified genetic vulnerabilities. If the school does not feel that the treating physician's determinations about the genetic analysis is sufficient, I am happy to assist this family in gathering additional data for the school. This will, however, take some time. The next step, if a treating physician and genetic counselor are not sufficient for the school's purposes, is that the family should see a physician medical geneticist. I have made a referral to Dr. Chin-To Fong, MD, who works in pediatric genetics at the University of Rochester in Rochester, New York. Unfortunately, it can take months to get an appointment with Dr. Fong and this is not something that can be done in a week.

I write this letter with a strong recommendation that the family should be able to continue a temporary medical exemption pending the results of that consultation. The number of adverse reactions in this family, including death of two children and serious reactions in multiple other members of the family, along with the genetic findings that have been made thus far present cause for concern. The treating physician agrees. Families with rare conditions and responses must have the opportunity to seek medical guidance and identify all risk factors to prevent severe reactions and premature death.

Please feel free to contact me with any questions at my office: 607 724 4308 or my email: luba@ferre.org.

Sincerely,

Luba Djurdjinovic MS
Genetic Counselor/Program Director

CENSUS TRACT

SUB-DIVISION

RECORDED DISTRICT

363

REGISTER NUMBER

3

NEW YORK STATE
DEPARTMENT OF HEALTH

CERTIFICATE OF DEATH

[redacted]