

# FERRARA FIORENZA PC

NICHOLAS J. FIORENZA
SUSAN T. JOHNS
CRAIG M. ATLAS
JOSEPH G. SHIELDS
DONALD E. BUDMEN
COLLEEN W. HEINRICH
MILES G. LAWLOR
MICHAEL L. DODD
KATHERINE E. GAVETT
CHARLES E. SYMONS
HEATHER M. COLE

ATTORNEYS AND COUNSELORS AT LAW

SYRACUSE • ROCHESTER • ITHACA

5010 CAMPUSWOOD DRIVE
EAST SYRACUSE, NEW YORK   13057

TELEPHONE (315) 437-7600
FACSIMILE (315) 437-7744*
*NOT FOR SERVICE OF PROCESS

cemuskin@ferrarafirm.com

JENNIFER E. MATHEWS
JEFFREY M. LEWIS
ALLISON L. MARLEY
CATHERINE E. M. MUSKIN
LINDSAY A. G. PLANTHOLT
CONOR P. ROURKE

MICHAEL J. LOOBY
DAVID E. TINKER
COUNSEL

HENRY F. SOBOTA
SENIOR COUNSEL

January 29, 2020

**Via Email and First Class Mail**
Sujata Gibson, Esq.
The Gibson Law Firm, PLLC
407 North Cayuga Street, Suite 201
Ithaca, New York 14850

   Re:  █████ **Children Medical Exemption from Immunization Requirements**

Ms. Gibson:

   This law firm is counsel to the Lansing Central School District (the "District") and represents it in connection with the above-referenced matter. I am writing on behalf of the District in response to your letter, dated January 27, 2020. In your letter, you request either (1) a meeting to discuss the denial of your client's medical exemption request, or (2) an extension of the temporary medical exemption that the children were in receipt of while their exemption was being reviewed by the District. The District denies your requests.

   █████ The District has made its final determination in the medical exemption request for the █████ children in accordance with its obligations under New York Public Health Law, New York Education Law, and these laws' implementing regulations. These determinations were made by the building principals after consulting with the District's medical team and the New York State Department of Health. Under New York Public Health Law § 2164(7)(b), where a person in parental relationship to a child denied school entrance or attendance seeks to appeal the decision of a school district, they are permitted to appeal by petition to the Commissioner of Education under Education Law § 310. Accordingly, as the District will not entertain a meeting to discuss the denial nor will it consider extending the exemption, your client has appeal rights to the Commissioner. For your convenience, I am including the website address containing information relating to appeals to the Commissioner here: http://www.counsel.nysed.gov/appeals.

   Finally, you cite to your "serious concerns about the legality of this denial and process," relating to the Department of Health's statement that "The specific source of the genetic tests, the results of these tests, and review and recommendations of this child's genetic findings by a

Sujata Gibson, Esq.
January 29, 2020
Page 2

medical genetics specialist would be needed to determine if these results preclude this student from being vaccinated." However, this statement from a recommendation from the Department of Health was neither relied upon nor cited by the District in its decision to deny the medical exemption request. The District has fully complied with the law and provided the recommendation from the Department of Health as a courtesy reference for the client's information.

In the District's denial letter to the family on January 21, 2020, it provided information relating to how the students may attend school during the immunization process. We respectfully direct you to that letter to assist your clients in avoiding any further exclusion from school for their children.

If you have any remaining questions regarding this matter, please contact me.

Sincerely,

**Ferrara Fiorenza PC**

Catherine E. M. Muskin

CEMM/acp

cc:  Ms. Chris Pettograsso, Superintendent of Schools
     Donald E. Budmen