**EXHIBIT A**

NOTICE OF PETITION

STATE OF NEW YORK

STATE EDUCATION DEPARTMENT

_____

In the Matter of ▮▮▮▮▮▮

on behalf of ▮▮▮▮▮ from

action of the Board of Education

of the Ithaca City School

District regarding the denial of

admission on the basis of denial

of medical exemption from immunization.

RECEIVED

DEC 20 2019

Board of Education
Ithaca City School district

NOTICE:

You are hereby required to appear in this appeal and to answer the allegations contained in the petition. Your answer must conform with the provisions of the regulations of the Commissioner of Education relating to appeals before the Commissioner of Education, copies of which are available at www.counsel.nysed.gov or from the Office of Counsel, New York State Education Department, State Education Building, Albany, New York 12234.

If an answer is not served and filed in accordance with the provisions of such rules, the statements contained in the petition will be deemed to be true statements, and a decision will be rendered thereon by the Commissioner.

Please take notice that such rules require that an answer to the petition must be served upon the petitioner, or if he be represented by counsel, upon his counsel, within 20 days after the service of the appeal, and that a copy of such answer must, within five days after such service be filed with the Office of Counsel, New York State Education Department, State Education Building, Albany, New York 12234.

Please take further notice that the within petition contains an application for a stay order. Affidavits in opposition to the application for a stay must be served on all other parties and filed with the Office of Counsel within three (3) business days after service of the petition.

STATE OF NEW YORK

STATE EDUCATION DEPARTMENT

_____

Verified Petition

In the Matter of ███████████

on behalf of ████████████ from

action of the Board of Education

of the Ithaca City School

District regarding the denial of

admission on the basis of denial

of medical exemption from immunization.

_____

TO THE COMMISSIONER OF EDUCATION:

1. My name is ▮▮▮▮▮ and I reside at ▮▮▮▮▮▮▮▮ the Ithaca City School
District.

2. My relationship to ▮▮▮ is mother.

3. ▮▮▮▮ is a 6 year old boy in Ithaca City School District in first grade at Beverly J Martin
Elementary School who has been excluded from school due to the School District's denial of his
medical exemption from immunization.

4. ▮▮▮▮ Pediatrician, Dr. Jessica Casey and his Pediatric Nurse Practitioner, Carolyn
Koppel, issued ▮▮▮ a medical exemption from immunizations due to a severe reaction to
vaccines as well as his medical conditions and illnesses that include autism spectrum disorder,

sensory processing disorder, heavy metal toxicity and genetic mutations. (Exhibit A) Furthermore, Dr. Jerry Terwilliger issued      a medical exemption from vaccinations on June 21, 2017. (Exhibit B) Therefore, two licensed physicians recommend    not be immunized because immunizations may be detrimental to his health.

5. The medical exemption issued by Dr. Casey was written on the Department of Health approved form.

6. The medical exemption was submitted on July 26, 2019 to Kari Burke, Coordinator of Health Services and Wellness in Ithaca City School District.

7. On November 21, 2019      received notification thru email that the school district denied    medical exemption and that he would be excluded from attendance beginning December 2, 2019. (please see Exhibit C).

8 . On November 26, 2019      met with Ithaca City School District Superintendent, Dr. Luvelle Brown to clarify that the decision not to vaccinate    was a medical reason and a matter of his well being.    exclusion from school was determined and     was no longer able to attend school in the Ithaca District due to the denial of his medical exemption from vaccinations and there were no other options. Furthermore, it was determined that    would not receive any services included in his IEP. (Exhibit D).    also clarified with this thru email with Dr. Brown. (Exhibit E).

9. **The district erred in the opinion that      does not qualify for a medical exemption.** Furthermore, the School District's action to deny    medical exemption was arbitrary and capricious, and in violation of New York State law and regulations.     does indeed qualify for a medical exemption, as his adverse reactions, medical conditions and illnesses are consistent with Advisory Committee on Immunization Practices (ACIP) guidelines, specifically in regards to precautions. New York State Codes, Rules and Regulations Section 66-1.1 states: "May be detrimental to the child's health means that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care" (please see Exhibit F). According to ACIP guidelines, "the presence of a moderate or severe acute illness with or without fever is a precaution to administration of all vaccines" and "The decision to administer or delay vaccination because of a current or recent acute illness depends on the severity of symptoms and etiology of the condition" and "Vaccination should be deferred for persons with a moderate or severe acute illness. This precaution avoids causing diagnostic confusion between manifestations of the underlying illness and possible adverse effects of vaccination or superimposing adverse effects of the vaccine on the underlying illness". Additionally, New York State Codes, Rules and Regulations Section 66-1.1 does not restrict consistency with only ACIP guidance, but also with "other nationally recognized evidence-based standard of care". If Dr. Brown so desired, he could have also qualified    medical exemption under this language.

10. **The Ithaca City School District has no statutory or regulatory authority to deny medical exemptions.** The School District imposed their own will and abused their power by denying    medical exemption. By doing so, they acted in an arbitrary and capricious manner. The only New York State statute related to medical exemptions is found in Public

Health Law 2164 which states: "If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health". The only New York State regulations related to medical exemptions is found in New York State Codes, Rules and Regulations Section 66-1.1 and Section 66-1.3 which states: "A principal or person in charge of a school shall not admit a child to school unless a person in parental relation to the child has furnished the school with one of the following:...(c) A signed, completed medical exemption form approved by the NYSDOH or NYC Department of Education from a physician licensed to practice medicine in New York State certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated. The medical exemption must be reissued annually. The principal or person in charge of the school may require additional information supporting the exemption". The Ithaca City School District is only authorized to require additional information supporting the exemption, and is not authorized to deny it. No where is it written in New York State law or regulation that a school district has the power to deny a medical exemption. The School District is in violation of New York State law and regulations by denying                     medical exemption.

11. Since            medical exemption was issued by Dr. Terwilliger and Dr. Casey **before the New York State Codes, Rules and Regulations Section 66-1 were released, it is not required to comply with these new regulations**. The Section 66-1 Regulations that pertain to medical exemptions were released on August 16, 2019 at 4:57pm. The medical exemption issued by Dr. Casey was submitted on July 26, 2019. The School District is therefore in violation of Public Health Law 2164 by denying            medical exemption.

12. **The Section 66-1 Regulations that pertain to medical exemptions are inconsistent with and in conflict with Public Health Law 2164 Section 8 (please see Exhibit I) and therefore Public Health Law 2164 must take precedent.** The School District must follow the law, which takes precedence, and the School District is therefore in violation of Public Health Law 2164 by denying ▮▮▮▮▮ medical exemption that was issued by a physician licensed to practice medicine in New York State and certifies that immunization may be detrimental to a child's health.

13. The New York State Constitution requires the legislature to provide for the maintenance and support of a system of free common school wherein all children of the State may be educated. N.Y. Const., Art. 9 section 1. New York Education Law section 3202 entitles persons between the ages of five and twenty-one to a free public education. It is well established that exclusion from school, standing alone, constitutes irreparable harm. "Courts considering this issue routinely assume that a child prevented from school would suffer irreparable harm." See Lewis v. Sobol, 710 F.Supp. 506, 507 (S.D.N.Y. 1989). In Lewis, the Court said it was clear that plaintiff's daughter would suffer irreparable harm if barred from attending school. See also Ross v. Disare, 500 F. Supp. 928, 934 (S.D.N.Y. 1977), cited in N.J. v. New York, 872 F.Supp.2d 204 (E.D.N.Y. 2011).

14. This exclusion from school leads ▮▮▮▮▮ to be deprived of critical development that occurs in school, including, but not limited to, social and emotional and basic academic skills. He has been excluded from an environment in which he has thrived and established important bonds with adults and classmates. These harms, as well as the innumerable others that flow from this

denial of school attendance, are difficult if not impossible to measure or quantify and can never be compensated for with monetary damages; they are, in all ways, irreparable.

15. ▮▮▮ has a disability and a diagnosis of autism spectrum disorder. ▮▮▮ has an Individualized Education Plan (Exhibit D) and this federal document is being disregarded by the Ithaca City School District. ▮▮▮ has not been receiving the services set forth on his IEP. He has been regressing and his services are vital to his well being.


WHEREFORE, ▮▮▮ respectfully requests:

1. Interim relief permitting ▮▮▮ to attend the Ithaca City school district pending a decision on the merits of this appeal, and

2. A determination that ▮▮▮ medical exemption from immunizations is approved and he is entitled to attend Ithaca City school district.

3. Such other relief as the Commissioner deems just and proper.

Dated: 12/18/19

▮▮▮

▮▮▮

▮▮▮ NY ▮▮▮

▮▮▮

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ▮▮▮▮▮▮▮▮▮▮    on behalf of
▮▮▮▮▮▮▮▮▮▮

    Petitioners,

vs.

ITHACA CITY SCHOOL DISTRICT,

    Respondents.

**VERIFIED ANSWER,
AFFIRMATIVE
DEFENSES, AND NEW
MATTER**

Appeal No.: 21353

---

  Respondent Ithaca City School District ("the District"), by its undersigned attorneys, answers the Petition of ▮▮▮▮▮▮▮ on behalf of ▮▮▮▮▮▮▮ ("Petitioners") as follows. The District:

  1. **ADMITS** the allegations in paragraph 1.

  2. **ADMITS** the allegations in paragraph 2.

  3. **ADMITS** that ▮▮▮ is a six year old boy who is assigned to the first grade at the District's Beverly J. Martin Elementary School; **DENIES** the remaining allegations in paragraph 3.

  4. States that the documents referenced in paragraph 4 speak for themselves and respectfully refers the Commissioner to said documents for a complete and accurate statement of their contents; **DENIES** the remaining allegations in paragraph 4.

  5. **ADMITS** the allegations in paragraph 5.

  6. **ADMITS** the allegations in paragraph 6.

7.    States that the documents referenced in paragraph 7 speak for themselves and respectfully refers the Commissioner to said documents for a complete and accurate statement of their contents; **DENIES** the remaining allegations in paragraph 7.

8.    **ADMITS** that Petitioner's application for a medical exemption was denied and that as a result of the New York Public Health Law, Petitioner's child was subsequently excluded from school; **DENIES** the remaining allegations in paragraph 8.

9.    **DENIES** the allegations in paragraph 9.

10.    **DENIES** the allegations in paragraph 10.

11.    **DENIES** the allegations in paragraph 11.

12.    **DENIES** the allegations in paragraph 12.

13.    **DENIES** the allegations in paragraph 13 as conclusions of law to which no response is required.

14.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15.    **DENIES** the allegations in paragraph 15 and states that to the extent the Petition purports to assert a claim pursuant to the Individuals with Disabilities in Education Act, the Commissioner lacks jurisdiction over said claim.

### FIRST AFFIRMATIVE DEFENSE

16.    The Petition fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

17.    The Petition should be dismissed because it was not properly verified.

### THIRD AFFIRMATIVE DEFENSE

18.    The Commissioner lacks jurisdiction over some or all of the claims in the Petition.

## NEW MATTER

19.     Respondent incorporates by reference the contents of the Affidavits of Dr. Luvelle Brown, Dr. Melissa Dhundale, and Ms. Kari Burke, previously submitted by the District in opposition to the Petitioner's application for a stay of the proceedings and in opposition to the Petition.

**WHEREFORE**, and for the reasons set forth above, the District respectfully requests that the Court enter an order dismissing the Petition in its entirety.

Dated: January 9, 2020

BOND, SCHOENECK & KING, PLLC

By: _____
   Kate I. Reid, Esq.
   *Attorneys for the Ithaca City*
   *School District*
   One Lincoln Center
   Syracuse, New York 13202
   Telephone:  (315) 218-8625
   Facsimile:  (315) 218-8100

3479344.1 1/9/2020

## **AFFIDAVIT OF VERIFICATION**

STATE OF NEW YORK      )
COUNTY OF TOMPKINS      ) ss:

     **LUVELLE BROWN, Ed.D.** being duly sworn, deposes and says that he is the

Superintendent of Schools of the Ithaca City School District, Respondent in this proceeding; that

he has read the annexed Answer and knows the contents thereof; that the same is true to the

knowledge of deponent except as to the matters therein stated to be alleged upon information and

belief, and as to those matters he believes to be true.

Luvelle Brown, Ed.D.

Sworn to me this
9th day of January, 2020.

Notary Public

EMILEE C TRACY-ARM
NOTARY PUBLIC-STATE OF NEW YORK
No 01TR6385208
Qualified in Tompkins County
My Commission Expires 12-31-2022

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ███████████     on behalf of
█████,

                        Petitioner,

vs.

BOARD OF EDUCATION of the ITHACA CITY
SCHOOL DISTRICT,

                        Respondent.

**AFFIDAVIT OF DR.
LUVELLE BROWN IN
OPPOSITION TO PETITION
AND IN OPPOSITION TO
PETITIONER'S
APPLICATION FOR A
STAY**

STATE OF NEW YORK      )
COUNTY OF TOMPKINS     ) ss.:

    **DR. LUVELLE BROWN**, being sworn, deposes and says:

    1.    I am the Superintendent of Schools for Respondent Ithaca City School District (the

"District" or the "ICSD"). I submit this Affidavit in opposition to the Petition of ███████

("███████ or "Petitioner") in which Petitioner challenges the District's determination that her

son ███ (the "Student" or ███) is not entitled to a medical exemption from New York's

compulsory vaccination requirements.

    2.    Based on guidance issued by the New York State Department of Health in August

2019, the District anticipated that it would receive an uptick in applications for medical exemptions

from vaccination following the New York State Legislature's repeal in June 2019 of the religious

exemption from vaccination. The District's Coordinator of Health Services and District Medical

Director developed a protocol for reviewing such applications to ensure compliance with the new

law, as well as with new regulations promulgated by the Department of Health.

3.        Following the repeal of the religious exemption, a number of parents who had previously obtained religious exemptions from vaccination submitted applications for medical exemptions from vaccination.

4.        Prior to the New York State Legislature's repeal of the religious exemption from vaccination in June 2019, Petitioner had applied for and obtained a religious exemption from vaccination for████████ Following the repeal, Petitioner applied for a medical exemption from vaccination for████

5.        The District's Medical Director, Dr. Melissa Dhundale, coordinated with the New York State Department of Health to determine whether there was a sound medical basis for the District to grant Petitioner's application. Following this review, Dr. Dhundale advised me that in her medical opinion, Petitioner had failed to articulate any contraindication or precaution to vaccination for████ with the exception of the Hepatitis B vaccine. On the basis of Dr. Dhundale's medical judgment, I determined that Petitioner should be granted an exemption from the Hepatitis B vaccination, but that the exemption was not warranted with respect to any other vaccination. I advised Petitioner of my determination on November 21, 2019. A copy of my correspondence is attached as **Exhibit 1.**

6.        ████ has since been excluded from school because Petitioner refuses to vaccinate him. It is my understanding that Petitioner is in the process of completing the paperwork that is necessary to homeschool████

7.        In her petition, Petitioner asserts that the District has deprived████ of special education services during his exclusion from school. The District is not refusing to provide████ with special education services. On the contrary, it is Petitioner who is standing in the way of her child receiving such services due to her refusal to comply with the compulsory vaccination laws.

8.     The Board of Education bears the ultimate responsibility for determining the location for the delivery of special education services to homeschooled, dual enrolled students. The Board of Education's policy committee carefully considered whether it would be feasible for the District to change its service delivery model and begin delivering special education services to homeschooled children at a location outside of the school district. The Board's policy committee concluded that the District should not transition to an off-site service delivery model for special education services to homeschooled students. For that reason, the Board will not be diverging from its long-standing practice of requiring homeschooled students to come into our schools to receive their special education services.

9.     I am truly saddened that Petitioner is refusing to vaccinate her child. It goes without saying that should Petitioner comply with the compulsory vaccination laws, the District would eagerly welcome      back into our learning community.

Dr. Luvelle Brown

Sworn to before me this
24 day of December, 2019.

Notary Public

**SEAN LATULIPE**
**NOTARY PUBLIC, State of New York**
Registration No. 01LA6336916
Qualified in Wayne County
My Commission Expires February 16, 20 20

3473608.1  12/24/2019

# Exhibit 1



*Luvelle C. Brown, Ed.D*
Superintendent of Schools
400 Lake Street
Ithaca, New York 14850
(607) 274-2101
luvelle.brown@icsd.k12.ny.us

November 21, 2019



Ms.

New York

*Re: Your request for medical exemption from vaccination*

Dear Ms.

I am writing to respond to your application for a medical exemption from vaccination for the
2019-20 school year for your child,

New York State requires a medical exemption be provided to the district by a parent or guardian,
as outlined in Section 66-1.3 of School Immunization Requirements:

> A signed, completed medical exemption form approved by the NYSDOH... from a
> physician licensed to practice medicine in New York State certifying that immunization
> may be detrimental to the child's health, containing sufficient information to identify a
> medical contraindication to a specific immunization and specifying the length of time the
> immunization is medically contraindicated.

Recent changes to New York State Department of Health regulations define "detrimental to a
child's health" as follows: "a physician has determined that a child has a medical
contraindication or precaution to a specific immunization consistent with ACIP [Advisory
Committee on Immunization Practices] guidance or other nationally recognized evidence-based
standard of care."

In consultation with the district's medical director, with support from medical professionals at the
county and/or state health department, the form submitted for Braxton Dolan does not support a
medical exemption from school immunization requirements with the exception of Hepatitis B.
Specifically, the medical exemption statement submitted lacks sufficient information of a
medical contraindication or precaution consistent with ACIP guidance or any other nationally-
recognized evidence-based standard of care for other vaccinations. Therefore, your application
for exemption from vaccination for your child is approved with respect to Hepatitis B, but denied
for all other required vaccinations.

Unfortunately, because the deadline for immunization has now passed, I am required to exclude
your child from school beginning Monday, December 2, 2019 if he does not receive at least the
first dose of all required immunizations series.

You have the right to appeal the denial of your requested medical exemption to the
Commissioner of Education within 30 days of the date of this decision, pursuant to Education
Law, Section 310. The procedures for taking such an appeal can be obtained from the Office

of General Counsel, New York State Education Department, State Education Building, Albany, New York 12234, or by telephone (518-474-6400). In the event that you obtain a stay of the proceedings from the Commissioner, your child will be entitled to resume attending school. In the event that a stay is not issued by the Commissioner, the Public Health Law requires that I exclude your child from school until they begin the vaccination process.

If you should decide to vaccinate your child, the required vaccinations may be administered by any health practitioner. You may contact your health care provider to schedule an appointment. The Tompkins County Health Department also provides low cost vaccines for children who do not have insurance, children on Medicaid, and for children who have insurance that does not cover vaccinations. You may call the health department at (607) 274-6616 to make an appointment. If your child should experience an adverse reaction to other vaccinations, another medical exemption statement form can be submitted to the district for review.

Sincerely,

Luvelle Brown, Ed.D
Superintendent of Schools


cc:     Dr. Melissa Dhundale
        Kari Burke

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ███████████      on behalf of
███████████

                        Petitioner,

vs.

BOARD OF EDUCATION of the ITHACA CITY
SCHOOL DISTRICT,

                        Respondent.

**AFFIDAVIT OF
DR. MELISSA DHUNDALE
IN OPPOSITION TO
PETITION AND IN
OPPOSITION TO
PETITIONER'S
APPLICATION FOR A
STAY**

---

STATE OF NEW YORK    )
COUNTY OF TOMPKINS   ) ss.:

    **DR. MELISSA DHUNDALE,** being sworn, deposes and says:

    1.    I am a physician licensed to practice medicine in New York State and the Medical Director of Respondent the Ithaca City School District (the "District" or the "ICSD"). I have a Medical Doctorate from the State University of New York, Downstate Medical Center. I completed a residency in pediatrics at the Childrens Hospital of New York at Columbia Presbyterian Hospital. I am Board Certified in Pediatrics. I submit this Affidavit in opposition to the Petition of ███████████ (" ███████████ or "Petitioner") in which Petitioner challenges the District's determination that her son ████ (the "Student" or ████) is not entitled to a medical exemption from New York's compulsory vaccination requirements.

    2.    Following the repeal by the New York State Legislature of the religious exemption from vaccination in June 2019, the regulations of the New York State Department of Health were substantially revised in order to ensure that applications for medical exemption from vaccination are only afforded to students with a bona fide medical contraindication to vaccination. In

particular, the regulations now provide a medical exemption from vaccination may only be issued

by a school district if the parent submits:

> A signed, completed medical exemption form approved by the New York State
> Department of Health . . . from a physician licensed to practice medicine in New
> York State certifying that immunization may be detrimental to the child's health,
> containing sufficient information to identify a medical contraindication to a specific
> immunization and specifying the length of time the immunization is medically
> contraindicated. The medical exemption must be reissued annually.

10 NYCRR 66-1.3.

3.      The regulations further define "detrimental to the child's health" as follows:

detrimental to the child's health means that a physician has determined that a child has a
medical contraindication or precaution to a specific immunization consistent with
[Advisory Committee on Immunization Practices] guidance or other nationally recognized
evidence-based standard of care.

10 NYCRR 66-1.3.

4.      As a Board Certified Pediatrician, I am familiar with the recommendations of the

Advisory Committee on Immunization Practices of the Centers for Disease Control and Prevention

("ACIP").

5.      In my role as ICSD Medical Director, I am responsible for reviewing applications

for medical exemptions from vaccination and advising the Superintendent of Schools regarding

whether or not the exemption is consistent with ACIP guidance or any other nationally-recognized

evidence-based standard of care.

6.      With respect to the instant case, I reviewed Petitioner's application for a medical

exemption for her child.     On the application form, Petitioner merely stated that "     had

a very high fever and difficulty breathing after Hepatitis B vaccination."

7.      ██████ vaccination record did not contain any evidence that he had ever been

administered the Hepatitis B vaccination. Nonetheless, in an abundance of caution, I requested

that the District's Coordinator of Health Services and Wellness, Kari Burke, obtain input from the New York State Department of Health ("DOH") regarding ▆▆▆ case.

8.     I understand that the Medical Director of the DOH's Bureau of Immunization has reviewed thousands of applications for medical exemptions and provided field guidance to school districts around New York State following the repeal of the religious exemption.

9.     Although ACIP guidance provides that a severe fever following the administration of the Hepatitis B vaccine may constitute a contraindication or precaution with respect to the Hepatitis B vaccine, ACIP guidance does not recognize such a reaction as a contraindication or precaution with respect to any other vaccination. There is no nationally recognized evidence-based standard of care that recognizes such a reaction to the Hepatitis B vaccination as a contraindication or precaution with respect to any other vaccination.

10.     In response to the ICSD's request for input, the Medical Director of the DOH's Bureau of Immunization, Dr. Elizabeth Rausch-Phung, M.D., M.P.H., advised the District in a letter dated October 18, 2019, that Petitioner's application did not set forth a valid basis for a medical exemption. Dr. Rausch-Phung observed that ▆▆▆ record did not contain any evidence that he had been administered the Hepatitis B vaccination, and that even if he had been administered said vaccination, his reaction to this vaccination was not a contraindication or precaution with respect to any of the remaining vaccinations that are required for school attendance. Dr. Rausch-Phung recommended that the ICSD deny Petitioner's application for a medical exemption.

11.     Because the ICSD did not possess sufficient information to determine whether or not ▆▆▆ had actually received the Hepatitis B vaccination, I recommended that Superintendent of Schools, Dr. Luvelle Brown, err on the side of caution with respect to the Hepatitis B vaccination.

Accordingly, I recommended that Dr. Brown grant Petitioner's request for an exemption from the Hepatitis B vaccination, but I recommended that Dr. Brown deny Petitioner's request in all other respects because the application did not satisfy the stringent criteria set forth in 10 NYCRR 66-1.3.

12.     On November 21, 2019, Dr. Brown advised Petitioner that the District was granting her request that ▮ be exempted from the Hepatitis B vaccination, but denying her application for an exemption with respect to all other mandated vaccinations.

Dr. Melissa Dhundale

Sworn to before me this
24 day of December, 2019.

Notary Public

**SEAN LATULIPE**
**NOTARY PUBLIC, State of New York**
Registration No. 01LA6336916
Qualified in Wayne County
My Commission Expires February 16, 20 20

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ███████████ on behalf of
██████████,

                    Petitioner,

vs.

BOARD OF EDUCATION of the ITHACA CITY
SCHOOL DISTRICT,

                    Respondent.

**AFFIDAVIT OF
KARI BURKE IN
OPPOSITION TO PETITION
AND IN OPPOSITION TO
PETITIONER'S
APPLICATION FOR A
STAY**

STATE OF NEW YORK       )
COUNTY OF ONONDAGA      )  ss.:

**KARI BURKE,** being sworn, deposes and says:

1.      I am the Coordinator of Health Services for the Ithaca City School District (the "District" or the "ICSD"). I submit this Affidavit in opposition to the Petition of ████████ (█████████ or "Petitioner") in which Petitioner challenges the District's determination that her son ████ (the "Student" or '████ is not entitled to a medical exemption from New York's compulsory vaccination requirements.

2.      Based on guidance issued by the New York State Department of Health in August 2019, the District anticipated that it would receive an uptick in applications for medical exemptions from vaccination following the New York State Legislature's repeal in June 2019 of the religious exemption from vaccination. I collaborated with the District's Medical Director and other District administrators to develop a protocol for reviewing such applications to ensure compliance with the new law, as well as with new regulations promulgated by the Department of Health.

3.      As I and my colleagues expected, following the repeal of the religious exemption, a number of parents who had previously obtained religious exemptions from vaccination submitted applications for medical exemptions from vaccination.

4.      Prior to the New York State Legislature's repeal of the religious exemption from vaccination in June 2019, Petitioner had applied for and obtained a religious exemption from vaccination for

5.      On July 1, 2019, the District received an application from Petitioner for a medical exemption from vaccination for her child,     A copy of Petitioner's original application is attached as **Exhibit 1.** In the section of the form that requests that the parent "describe the patient's contraindication(s)/precaution(s)," Petitioner only stated:     had a very high fever and difficulty breathing after Hepatitis B vaccination."

6.      Upon initial review, I observed that the application was signed by a nurse practitioner, rather than by a New York State licensed physician, as required by 10 N.Y.C.R.R. 66-1.1. Accordingly, I requested that Petitioner re-submit her application with the appropriate signature. My correspondence to Petitioner is attached as **Exhibit 2.**

7.      On August 5, 2019, Petitioner submitted her application for a medical exemption with a signature from Dr. Jessica Casey. The description of the contraindication/precaution on the form remained unchanged. The revised form is attached as **Exhibit 3.**

8.      I discussed Petitioner's application for medical exemption with the ICSD Medical Director, Dr. Melissa Dhundale. Dr. Dhundale requested that I redact the application to ensure the privacy of     and provide a copy of the application to Robin Stiles-Tice, the School Assessment Coordination in the Bureau of Immunization of the New York State Department of Health in order to obtain additional input regarding the validity of the application. In addition to the application,

I also provided Ms. Stiles-Tice with a copy of ▇▇▇ immunization record. My correspondence to Ms. Stiles-Tice is attached as **Exhibit 4.** The District has sought and obtained input from the Department of Health with respect to many of the applications for medical exemptions that have been submitted to the District.

9.       On October 18, 2019, the District received correspondence from Dr. Elizabeth Rausch-Phung, M.D., M.P.H., the Director of the New York State Department of Health, Bureau of Immunization. A copy of Dr. Rausch-Phung's correspondence is attached as **Exhibit 5.**

10.      Dr. Rausch-Phung observed in her letter that although Petitioner's application for a medical exemption stated that ▇▇▇ had a high fever and difficulty breathing after the Hepatitis B vaccine, ▇▇▇ s immunization record did not indicate that he had ever received the Hepatitis B vaccine. Moreover, Dr. Rausch-Phung observed that a history of an adverse reaction to the Hepatitis B vaccine is not a valid contraindication to a student receiving vaccinations for polio, DTap, MMR, or varicella.

11.      I reviewed Dr. Rausch-Phung's input regarding Petitioner's application with Dr. Dhundale. In light of the ambiguity regarding whether or not ▇▇▇ had in fact obtained the Hepatitis vaccination, Dr. Dhundale believed that the District should err on the side of caution and exempt ▇▇▇ from the Hepatitis B vaccine. However, Dr. Dhundale believed that the District should deny Petitioner's application for a medical exemption with respect to all remaining vaccines.

12.      Dr. Dhundale communicated her opinion to Superintendent of Schools, Dr. Luvelle Brown.   Dr. Brown agreed with Dr. Dhundale's recommendation and issued a letter advising Petitioner that the District was prepared to exempt ▇▇▇ from the Hepatitis B vaccine, but that her

application for a medical exemption was being denied in all other respects.   A copy of his

correspondence is attached as **Exhibit 6.**

_Kari Burke_

Kari Burke .

Sworn to before me this
26ᵗʰ day of December, 2019.

_Darlene a. Lekki_

Notary Public

DARLENE A. LEKKI
Notary Public, State of New York
Qual. in Onondaga Co. No. 01LE4878148
Commission Expires Nov. 24, 2022

# Exhibit 1

NEW YORK STATE DEPARTMENT OF HEALTH
Bureau of Immunization/Division of Epidemiology

## Immunization Requirements for School Attendance
Medical Exemption Statement for Children 0-18 Years of Age

NOTE: THIS EXEMPTION FORM APPLIES ONLY TO IMMUNIZATIONS REQUIRED FOR SCHOOL ATTENDANCE

Instructions:

1. Complete information (name, DOB etc.).
2. Indicate which vaccine(s) the medical exemption is referring to.
3. Complete contraindication/precaution information.
4. Complete date exemption ends, if applicable.
5. Complete medical provider information. Retain copy for file. Return original to facility or person requesting form.

1. Patient's Name █████████

2. Patient's Date of Birth: █████████

3. Patient's Address █████████                              NY

4. Name of Educational Institution   Caroline/ BOCES

Guidance for medical exemptions for vaccination can be obtained from the contraindications, indications, and precautions described in the vaccine manufacturers' package insert and by the most recent recommendations of the Advisory Committee on Immunization Practices (ACIP) available in the Centers for Disease Control and Prevention publication, Guide to Vaccine Contraindications and Precautions. This guide can be found at the following website: http://www.cdc.gov/vaccines/recs/vac-admin/contraindications.htm.

Please indicate which vaccine(s) the medical exemption is referring to:

☑ Haemophilus Influenzae type b (Hib)          ☑ Measles, Mumps, and Rubella (MMR)

☑ Polio (IPV or OPV)                           ☑ Varicella (Chicken-pox)

☑ Hepatitis B (Hep B)                          ☑ Pneumococcal Conjugate Vaccine (PCV)

☑ Tetanus, Diphtheria, Pertussis (DTaP, DTP, Tdap)   ☐ Meningococcal Vaccine (MenACWY)

Please describe the patient's contraindication(s)/precaution(s) here: █████████ had a very high fever and difficulty breathing after Hepatitis B vaccination.

Date exemption ends (if applicable)

A New York State licensed physician must complete this medical exemption statement and provide their information below:

Name (print)  Carolyn Koppel                          NYS Medical License # F38119

Address  1301 Trumansburg Roaf

Ithaca, NY                                            Telephone  607,272,6880

Signature  _____                     Date  6/28/19

For Institutional Use ONLY: Medical Exemption Status ☐ Accepted   ☐ Not Accepted  Date: _____

DOH 5077 (4/16)

# Exhibit 2

## Reid, Kate

| | |
|---|---|
| **From:** | Kari Burke <kari.burke@icsd.k12.ny.us> |
| **Sent:** | Monday, December 23, 2019 1:07 PM |
| **To:** | Reid, Kate |
| **Subject:** | [External]Fwd: ▮▮▮ exemption letter |

---------- Forwarded message ---------
From: **Kari Burke** <kari.burke@icsd.ny.us>
Date: Tue, Jul 23, 2019 at 3:14 PM
Subject: Re: ▮▮▮ exemption letter
To: ▮▮▮
Cc: Sheila McEnery <smcenery@icsd.k12.ny.us>, Lily Talcott <lily.talcott@icsd.k12.ny.us>, Alaine Troisi <atroisi@tstboces.org>, Molleen DeMatteo <mdematteo@tstboces.org>

Dear ▮▮▮

I regret to inform you we are unable to accept the medical exemption statement for ▮▮▮ as only physicians licensed to practice medicine in New York State may issue a medical exemption per Section 2164 of the Public Health Law. Ms. Koppel is a licensed nurse practitioner, not a physician. The medical exemption statement can be resubmitted and must be received on or before Wednesday, July 31st in order for ▮▮▮ to continue attending summer programming at TST BOCES.

Below is a link to joint guidance issued by state agencies regarding the removal of non-medical exemptions from vaccination requirements.

**Frequently Asked Questions About Legislation Removing Non-Medical Exemptions from School Vaccination Requirements**

Sincerely,
Kari Burke
Coordinator of Health Services and Wellness
Ithaca City School District

On Mon, Jul 1, 2019 at 10:20 AM ▮▮▮ wrote:
Good day Kari,

Please find attached ▮▮▮ exemption from immunizations letter.

Best regards,
▮▮▮

# Exhibit 3

NEW YORK STATE DEPARTMENT OF HEALTH
Bureau of Immunization/Division of Epidemiology

**Immunization Requirements for School Attendance**
**Medical Exemption Statement for Children 0-18 Years of Age**

NOTE: THIS EXEMPTION FORM APPLIES ONLY TO IMMUNIZATIONS REQUIRED FOR SCHOOL ATTENDANCE

**Instructions:**

1. Complete information (name, DOB etc.).
2. Indicate which vaccine(s) the medical exemption is referring to.
3. Complete contraindication/precaution information.
4. Complete date exemption ends, if applicable.
5. Complete medical provider information. Retain copy for file. Return original to facility or person requesting form.

1. Patient's Name ▮

2. Patient's Date of Birth ▮

3. Patient's Address ▮ NY

4. Name of Educational Institution  Caroline/ BOCES

Guidance for medical exemptions for vaccination can be obtained from the contraindications, indications, and precautions described in the vaccine manufacturers' package insert and by the most recent recommendations of the Advisory Committee on Immunization Practices (ACIP) available in the Centers for Disease Control and Prevention publication, Guide to Vaccine Contraindications and Precautions. This guide can be found at the following website: http://www.cdc.gov/vaccines/recs/vac-admin/contraindications.htm.

*Please indicate which vaccine(s) the medical exemption is referring to:*

- ☑ Haemophilus Influenzae type b (Hib)
- ☑ Polio (IPV or OPV)
- ☑ Hepatitis B (Hep B)
- ☑ Tetanus, Diphtheria, Pertussis (DTaP, DTP, Tdap)

- ☑ Measles, Mumps, and Rubella (MMR)
- ☑ Varicella (Chickenpox)
- ☑ Pneumococcal Conjugate Vaccine (PCV)
- ☐ Meningococcal Vaccine (MenACWY)

Please describe the patient's contraindication(s)/precaution(s) here: ▮ had a very high fever and difficulty breathing after Hepatitis B vaccination.

Date exemption ends (if applicable)

A New York State licensed physician must complete this medical exemption statement and provide their information below;

Name (print)  Carolyn Koppel        *JESSICA CASEY DO*        NYS Medical License # F38119 / 221223

Address  1301 Trumansburg Roaf
Ithaca, NY        Telephone  607.272.6880

Signature _____        Date  6/28/19  / 7/23/19

For Institution Use ONLY: Medical Exemption Status  ☐ Accepted   ☐ Not Accepted  Date: _____

DOH-5077 (6/16)

# Exhibit 4

**Reid, Kate**

| | |
|---|---|
| **From:** | Kari Burke <kari.burke@icsd.k12.ny.us> |
| **Sent:** | Monday, December 23, 2019 1:12 PM |
| **To:** | Reid, Kate |
| **Subject:** | [External]Fwd: Requested review of medical exemption statements |
| **Attachments:** | 29496.pdf; 50645.pdf |

███████ ME was 1 of 2 submitted to DOH on 9/16/19.

---------- Forwarded message ---------
From: **Kari Burke** <kari.burke@icsd.k12.ny.us>
Date: Mon, Sep 16, 2019 at 11:24 AM
Subject: Requested review of medical exemption statements
To: Tice, Robin S (HEALTH) <robin.tice@health.ny.gov>

Hello Robin,

We kindly request review of the attached ME statements. The file name is a randomly generated number not attached to any identifier (student ID, DOB, etc) and solely for our record keeping purposes.

Sincerely,
Kari Burke
Coordinator of Health Services and Wellness
Ithaca City School District
(607) 274-2127

50645

NEW YORK STATE DEPARTMENT OF HEALTH
Bureau of Immunization/Division of Epidemiology

# Immunization Requirements for School Attendance
## Medical Exemption Statement for Children 0-18 Years of Age

**NOTE: THIS EXEMPTION FORM APPLIES ONLY TO IMMUNIZATIONS REQUIRED FOR SCHOOL ATTENDANCE**

**Instructions:**

1. Complete information (name, DOB etc.).
2. Indicate which vaccine(s) the medical exemption is referring to.
3. Complete contraindication/precaution information.
4. Complete date exemption ends, if applicable.
5. Complete medical provider information. Retain copy for file. Return original to facility or person requesting form.

1. Patient's Name

2. Patient's Date of Birth

3. Patient's Address

4. Name of Educational Institution

Guidance for medical exemptions for vaccination can be obtained from the contraindications, indications, and precautions described in the vaccine manufacturers' package insert and by the most recent recommendations of the Advisory Committee on Immunization Practices (ACIP) available in the Centers for Disease Control and Prevention publication, Guide to Vaccine Contraindications and Precautions. This guide can be found at the following website: http://www.cdc.gov/vaccines/recs/vac-admin/contraindications.htm.

*Please indicate which vaccine(s) the medical exemption is referring to:*

☑ Haemophilus Influenzae type b (Hib)          ☑ Measles, Mumps, and Rubella (MMR)

☑ Polio (IPV or OPV)                            ☑ Varicella (Chickenpox)

☑ Hepatitis B (Hep B)                           ☑ Pneumococcal Conjugate Vaccine (PCV)

☑ Tetanus, Diphtheria, Pertussis (DTaP, DTP, Tdap)   ☐ Meningococcal Vaccine (MenACWY)

Please describe the patient's contraindication(s)/precaution(s) here: _____ had a very high fever and difficulty breathing after
Hepatitis B vaccination.

Date exemption ends (if applicable)

A New York State licensed physician must complete this medical exemption statement and provide their information below:

Name (print) Carolyn Koppel          JESSICA Casey DO          NYS Medical License # F38119 / 221223

Address 1301 Trumansburg Roaf

Ithaca, NY                                                  Telephone 607.272.6880

Signature                                                  Date 6/28/19      7/23/19

For Institution Use ONLY: Medical Exemption Status ☐ Accepted   ☐ Not Accepted   Date: _____

DOH-5077 (6/16)

| Series | Dose | Vaccine Name | Date Given | Compliance |
|---|---|---|---|---|
| Hepatitis B | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| HIB | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Complete |
| Meningococcal | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Pneumococcal | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Complete |
| Polio | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Varicella | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Diphtheria | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Tetanus | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Pertussis | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Measles | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Mumps | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Rubella | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Medical - 07/23/2020 |
| Hepatitis A | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Unscheduled |
| Influenza | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Unscheduled |
| Influenza (H1N1) | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Unscheduled |
| Rotavirus | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Unscheduled |
| Miscellaneous | | | | |
| | Dose Count: 0 | | Valid Doses: 0 | Unscheduled |

# Exhibit 5



**Department of Health**

| | | |
|---|---|---|
| **ANDREW M. CUOMO**<br>Governor | **HOWARD A. ZUCKER, M.D., J.D.**<br>Commissioner | **SALLY DRESLIN, M.S., R.N.**<br>Executive Deputy Commissioner |

October 18, 2019

Kari Burke, Coordinator of Health Services and Wellness
Ithaca City School District
(607) 274-2127

Re: Medical Exemption Request:

Dear Ms. Burke:

I have reviewed the documentation submitted by Jessica Casey, DO with regard to the medical exemption request for the student in your school with a birth date of ████████ This medical exemption form stated the student had high fever and difficulty breathing after hepatitis B vaccine administration. However, the immunization record provided does not document any history of having received hepatitis B vaccine. Further, a history of an adverse reaction to hepatitis B vaccine is not a valid contraindication to this student receiving polio, DTaP, MMR, or varicella vaccines pursuant to Public Health Law (PHL) § 2164 and the accompanying regulations at 10 NYCRR Subpart 66-1. Therefore, **I recommend against accepting this medical exemption.**

The information provided does <u>not</u> support that immunizing this student with polio, DTaP, MMR, or varicella at this time may be detrimental to this student's health. If further documentation becomes available regarding a history of hepatitis B vaccination, further review for hepatitis B contraindications would be advised. If any additional documentation should become available, please forward for my review.

For more information on contraindication and precautions to vaccination please see the Advisory Committee on Immunization Practices' *General Best Practice Guidelines for Immunization: Contraindications and Precautions* online at https://www.cdc.gov/vaccines/hcp/acip-recs/general-recs/contraindications.html.

Lastly, it should be noted that in making a determination on a medical exemption request, the school should seek the appropriate medical consultation (e.g., the school's medical director). The school may also request, as it has here, a recommendation from the New York State Department of Health (NYSDOH). However, after the appropriate consultation has occurred, "the principal or person in charge of a school" is responsible for making the final determination.

Sincerely,

Elizabeth Rausch-Phung, M.D., M.P.H.
Director, Bureau of Immunization

# Exhibit 6



*Luvelle C. Brown, Ed.D*
Superintendent of Schools
400 Lake Street
Ithaca, New York 14850
(607) 274-2101
luvelle.brown@icsd.k12.ny.us

November 21, 2019

Ms.

New York

*Re: Your request for medical exemption from vaccination*

Dear Ms.

I am writing to respond to your application for a medical exemption from vaccination for the 2019-20 school year for your child,

New York State requires a medical exemption be provided to the district by a parent or guardian, as outlined in Section 66-1.3 of School Immunization Requirements:

> A signed, completed medical exemption form approved by the NYSDOH... from a physician licensed to practice medicine in New York State certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated.

Recent changes to New York State Department of Health regulations define "detrimental to a child's health" as follows: "a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP [Advisory Committee on Immunization Practices] guidance or other nationally recognized evidence-based standard of care."

In consultation with the district's medical director, with support from medical professionals at the county and/or state health department, the form submitted for                    does not support a medical exemption from school immunization requirements with the exception of Hepatitis B. Specifically, the medical exemption statement submitted lacks sufficient information of a medical contraindication or precaution consistent with ACIP guidance or any other nationally-recognized evidence-based standard of care for other vaccinations. Therefore, your application for exemption from vaccination for your child is approved with respect to Hepatitis B, but denied for all other required vaccinations.

Unfortunately, because the deadline for immunization has now passed, I am required to exclude your child from school beginning Monday, December 2, 2019 if he does not receive at least the first dose of all required immunizations series.

You have the right to appeal the denial of your requested medical exemption to the Commissioner of Education within 30 days of the date of this decision, pursuant to Education Law, Section 310. The procedures for taking such an appeal can be obtained from the Office

of General Counsel, New York State Education Department, State Education Building, Albany, New York 12234, or by telephone (518-474-6400). In the event that you obtain a stay of the proceedings from the Commissioner, your child will be entitled to resume attending school. In the event that a stay is not issued by the Commissioner, the Public Health Law requires that I exclude your child from school until they begin the vaccination process.

If you should decide to vaccinate your child, the required vaccinations may be administered by any health practitioner. You may contact your health care provider to schedule an appointment. The Tompkins County Health Department also provides low cost vaccines for children who do not have insurance, children on Medicaid, and for children who have insurance that does not cover vaccinations. You may call the health department at (607) 274-6616 to make an appointment. If your child should experience an adverse reaction to other vaccinations, another medical exemption statement form can be submitted to the district for review.

Sincerely,

Luvelle Brown, Ed.D
Superintendent of Schools

cc:     Dr. Melissa Dhundale
        Kari Burke

**Medical Exemption Review Procedures for Schools Outside New York City
and for Non-public Schools in New York City**

Medical exemptions may, but are not required to, be submitted to the New York State
Department of Health, (NYSDOH) Bureau of Immunization for review. The Medical Director,
Bureau of Immunization, will make a recommendation based on whether the stated
contraindication(s)/precaution(s) are determined to be valid and support medical exemption.

Initial Process:

1. Parent/guardian submits a signed medical exemption statement (DOH-5077) from the
   student's physician, who must be licensed to practice medicine in New York State, to
   the school. The medical exemption statement should specify which immunization is
   detrimental to the child's health, provide information as to why the immunization may be
   detrimental to the child's health based on a determination that the child has a medical
   contraindication or precaution to a specific immunization consistent with the
   contraindication guidance of the Advisory Committee on Immunization Practices or
   other nationally recognized evidence-based standard of care, and specify the length of
   time the immunization is medically contraindicated, if known.

2. Principal or person in charge of school (or designee) reviews the exemption statement
   to determine if it meets Public Health Law (PHL) Section 2164 and 10 NYCRR subpart
   66-1, and accepts or denies the exemption based on whether the exemption statement
   meets the requirements. The school may request additional documentation from the
   parent/guardian. The parent/guardian may be granted up to 14 days to submit the
   additional documentation. PHL 2164 requires schools to exclude students who are not
   in compliance with the law until they come into compliance. The school may grant up to
   14 days for students to come into compliance before excluding the students from
   school.

3. In making a determination on a medical exemption request, the school should seek the
   appropriate medical consultation (e.g., the school's medical director). If needed
   following medical consultation, the principal or person in charge of the school (or their
   designee) may forward the medical exemption request to NYSDOH, Bureau of
   Immunization for further review and make a recommendation to assist him or her with
   determining whether to accept or deny the exemption request. The student's redacted
   immunization record or New York State Immunization Information System (NYSIIS) or
   Citywide Immunization Registry (CIR) record must also be submitted to determine the
   student's current immunization status. These documents may be submitted via fax
   (518-474-5500) or email (osas@health.ny.gov) to the School Assessment and
   Compliance Unit at the Bureau of Immunization.

4. NYSDOH School Assessment Unit staff initially reviews medical exemption requests,
   consults with a Public Health Program Nurse, and forwards them to the Medical
   Director for final review. As appropriate, NYSDOH School Assessment Unit staff
   requests additional supporting details from the school. The student may remain in
   school while the medical exemption is being reviewed.

**Notification of Decision:**

1. The principal or person in charge of the school (or their designee) is notified in writing of the Medical Director's recommendation.
2. After the appropriate medical consultation has occurred, the principal or person in charge of a school is responsible for making the final determination on the medical exemption request.

**Renewal Process:**

1. A medical exemption must be reissued annually. The principal or person in charge of school (or designee) notifies the parent of the need for renewal. Once the medical exemption statement has been accepted as meeting the requirements of a medical exemption as defined by PHL 2164, the student is deemed to be in compliance with PHL 2164 and allowed to attend school for the academic school year.

Contact Information for the NYSDOH School Assessment and Compliance Unit:

Phone: 518-474-1944
FAX: 518-474-5500
Email: osas@health.ny.gov

**Appeal Process for Schools Outside the 5 Boroughs of New York City:**

The parent has 30 days from receipt of the district's written denial of the medical exemption request to send a 310 appeal to the Commissioner of Education. Directions on how to file a 310 appeal are posted on the State Education Department's (SED) website at http://www.counsel.nysed.gov/appeals.

Questions regarding the appeal process can be directed to SED Student Support Services 518-486-6090 or studentsupportservices@mail.nysed.gov. State Education Department will notify the school if the student's stay has been granted.

**Review and Appeals Process for Public Schools in New York City:**
Contact the Office of School Health at:

28-11 Queens Plaza North, 4th Floor, Room 402
Long Island City, NY 11101
(718) 391-8383