UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child; JANE BOE, Sr. on behalf of herself and her minor child; JOHN COE, Sr. and JANE COE, Sr. on behalf of themselves and their minor children; JOHN FOE, Sr. on behalf of himself and his minor child; JANE GOE, Sr. on behalf of herself and her minor child; JANE LOE on behalf of herself and her medically fragile child; JANE JOE on behalf of herself and her medically fragile child; CHILDRENS HEALTH DEFENSE, and all others similarly situated,<br><br>Plaintiffs,<br>-against-<br><br>HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York; ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health; the NEW YORK STATE DEPARTMENT OF HEALTH; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORINNE KEANE, acting in her official capacity as Principal Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT; CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her officical capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; DR. DAVID P. BENNARDO, acting in his official capacity as Superintendent, South Huntington School District; BR. | Docket No. 20-CV-0840 (BKS) (CFH)<br><br>**AFFIDAVIT OF DAWN MASON** |

DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official capacity as Superintendent, Ithaca City School District; SUSAN ESCHBACH, acting in her official capacity as Principal, Beverly J. Martin Elementary School, Ithaca City School Distrcit; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenedehowa Central School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acting in his official capacity as Principal, Arongen Elementary School, Shenendehowa Central School District; COXSACKIE-ATHENS SCHOOL DISTRICT; RANDALL SQUIER, Superintendent, acting in his official capacity as Superintendent, Coxsackie-Athens School District; FREYA MERCER, acting in her official capacity as Principal, Coxsackie Athens High School, Coxsackie-Athens School District; ALBANY CITY SCHOOL DISTRICT; KAWEEDA G. ADAMS, acting in her official capacity as Superintendent, Albany City School District; MICHAEL PAOLINO, acting in his official capacity as Principal, William S. Hackett Middle School, Albany City School District; and all others similarly situated,

        Defendants.

STATE OF NEW YORK :
      : ss:
COUNTY OF SUFFOLK :

  DAWN MASON, being duly sworn, deposes and says:

  1.  I am the Executive Director of Pupil Personnel Services for the Three Village Central School District ("the District"), a defendant in this matter. I have held this position since July 1, 2015. I submit this Affidavit based on my personal knowledge and review of the District's records.

2. I submit this Affidavit in support of the District's opposition to plaintiffs' motion for a preliminary injunction.

3. The Three Village Central School District ("Three Village" or the "District") is a public-school district located in Suffolk County, New York. It consists of five elementary schools, two junior high schools, one high school, and Three Village Academy, which provides students with a non-traditional, alternative educational environment.

4. I am aware that in 2019, New York State repealed the law for students to qualify for a religious exemption from the vaccination requirements set by the State and revised the law for students to qualify for a medical exemption. The District must abide by the laws set by the State.

5. The District has a procedure for handling State-mandated vaccination requirements. School nurses determine if a student is lacking immunizations, and they communicate with parents and guardians to advise which mandatory vaccinations are outstanding.

6. Parents and guardians who desire a medical exemption must submit a *Request for Medical Exemption to Immunization Form*, a form that is created by the State. If a parent or guardian submits such a form to a school nurse, the nurse will forward it to Dr. Howard Sussman, the District's Medical Director/Chief Medical Officer ("CMO") for review and copy me on the email. Dr. Sussman uses the ACIP guidelines to determine if a medical exemption is appropriate. Dr. Sussman then informs me as to what his determination is, and the District abides by that decision.

7. The District's Board of Education has determined that it is the CMO's responsibility to make a medical determination as to whether a student is entitled to a medical

exemption. The reasoning behind this policy is that school administrators lack the medical knowledge to make such a determination.

8. If a parent disagrees with the CMO's determination, the District will refer the matter to the New York State Department of Health ("DOH") for review, and will allow a student to remain in school pending a decision from the DOH. When I speak to parents and guardians about referring their medical exemption request to the DOH, I explain to them that the DOH's recommendation, whatever it may be, will be final.

9. Where Dr. Sussman and the DOH both recommend against providing a medical exemption to a particular student, the District will exclude that student from school if they do not obtain all mandatory vaccinations.

10. Plaintiff Jane Boe, Sr. is the mother of Jane Boe, a former District student. On September 26, 2016, Jane Boe, Sr. sought a religious exemption for her daughter Jane Boe, who was in 6th grade at the time, and her son, who was in 11th grade. (*See* pages 1-2 of Exhibit TV-A, which is a copy of Jane Boe Sr.'s *Request for Religious Exemption to Immunization Form*.) This was Boe Sr.'s first time seeking an exemption from the mandatory vaccination requirements for any of her children.

11. Jane Boe Sr. submitted a *Request for Religious Exemption to Immunization Form*, along with a written and signed statement explaining the basis for her request and the religious principles that guide it, as required by New York's Public Health Law. (*Id.*) In her lengthy statement (which was 8-pages in total), Jane Boe Sr. detailed the journey that led her to request a religious exemption from mandatory vaccinations for her children; her childrens' purported medical issues were not one of them. (*Id.*) In fact, Jane Boe Sr. wrote in her statement, "It has indeed been the Torah and Jewish faith traditions and values that has been a guiding force in my

life, and ultimately, behind my decision to refrain from all vaccinations. (*Id.* at p. 4.) The District granted Jane Boe's request for a religious exemption on September 27, 2016. (A copy of the District's September 27, 2016 letter to Jane Boe Sr. granting her request for a religious exemption is attached as Ex. TV-B.)

12. On June 13, 2019, the New York Legislature repealed the religious exemption to mandatory vaccination requirements. On June 19, 2019, I sent a letter to all parents and guardians within the District notifying them of this new legislation. (A copy of this June 19, 2019 letter is attached as Ex. TV-C, and it is also available on the District's website at http://www.threevillagecsd.org/our_district/healthmedical_forms_and_info.) In this letter, I explained, "This means that all schoolchildren must now be vaccinated as required by the Public Health Law, even if their parents have religious objections to the vaccinations. The new legislation is effective immediately." (*Id.*) I also provided guidance as to when students have to be vaccinated, and I did this based on guidelines provided by the New York State Education Department; I even enclosed a copy of those guidelines. (*Id.*)

13. On June 26, 2019, the District sent Jane Boe Sr. a letter reiterating that as of June 13, 2019, there was no longer a religious exemption to the mandatory vaccine requirements. (A copy of the District's June 26, 2019 letter is attached as Exhibit TV-D) In this letter, the District informed Jane Boe Sr. that Jane Boe was missing mandatory vaccines for Tdap and Meningitis. (*Id.*)

14. At this time, Jane Boe was attending P.J. Gelinas Junior High School, one of the District's two junior high schools. Ann Marie Long ("Nurse Long") is the school nurse for P.J. Gelinas Junior High School.

15. On August 29, 2019, Jane Boe Sr. sought to convert Jane Boe's religious exemption to a medical exemption. She submitted a medical exemption form to Nurse Long. (*See* pages 2-3 of Exhibit TV-E, which is an email from Nurse Long to Dr. Sussman enclosing Jane Boe Sr.'s request for a medical exemption.) The form was signed by Dr. Laura Bennett, a New York State licensed physician. (*Id.* at p. 2.) In this form, Dr. Bennett listed the following contraindications or precautions that purportedly would exempt Jane Boe from mandatory vaccinations: chronic and severe Lyme, bartonella and autoimmune encephalitis, and POTS/Dysautonmia. (*Id.*) The form also provided that Jane Boe's "[b]rother had same administration of menactra [which] eventually led to his death." (*Id.*) Along with the medical exemption form, Jane Boe Sr. also submitted a doctor's note from Dr. Nancy O' Hara, a Connecticut licensed physician, which listed the same alleged contraindications/precautions. (*Id.* at p. 3.)

16. On September 3, 2019, Nurse Long forwarded Jane Boe Sr.'s medical exemption request to Dr. Howard Sussman ("Dr. Sussman") for review. (*Id.* at p. 1.) Dr. Sussman is the District's Medical Director/Chief Medical Officer. Nurse Long also copied me on this email. (*Id.* at p. 1.)

17. Dr. Sussman and I engaged in email communications from September 4 to September 6, 2019 regarding his review of Jane Boe's medical exemption request and his determination. (A copy of my email chain with Dr. Sussman is attached as Exhibit TV-F.) On September 4, 2019, Dr. Sussman wrote, "Unfortunately, from the way I read this, I believe this student's supposed contraindications are actually erroneous, as per CDC TABLE 4-2 [Conditions incorrectly perceived as contraindications or precautions to vaccination (i.e., vaccines may be given under these conditions). Stable neurologic conditions and family history of adverse reaction

are invalid contraindications." (*Id.* at p. 4.) Dr. Sussman also indicated in his email that he planned to call Dr. Bennett for clarification as to the status of Jane Boe's encephalopathy. (*Id.*)

18.  On September 5, 2019, Dr. Sussman sent me an email advising me of his determination. (*Id.* at p. 4.) He indicated that based on his review of the documentation provided by Jane Boe, Sr. as well as his direct communications with Dr. Bennett, he "must reject Dr. Bennett's written request for medical exemption as invalid" and Jane Boe should be required to obtain a meningococcal vaccine. (*Id.*)

19.  On September 6, 2019, Dr. Sussman advised, "[The District] should notify the parent that based on the available information, Dr. Bennett's request does not meet the CDC's guideline for medical exemption. [Jane Boe] is still obligated to comply with NYS law regarding preventing meningitis. If she does not furnish a valid medical exemption request or proof of [administration] of the required immunization, she remains at risk for exclusion form school once the grace period concludes. Vaccines were required by the first day of school, however, we are permitted to have a two-week grace period in NY State." (*Id.* at p. TV-F at p. 1.)

20.  Based on Dr. Sussman's determination, the District notified Jane Boe, Sr. that her request for a medical exemption was denied.

21.  On September 18, 2019, Jane Boe Sr. submitted another medical exemption request to the District and requested that, to the extent Dr. Sussman concludes that Jane Boe is not entitled to a medical exemption, that he seek guidance and clarification from the DOH before issuing a final determination. (*See* pages 2-8 of Ex. TV-G, which is an email chain containing Jane Boe Sr.'s second request for a medical exemption, with enclosures, and Dr. Sussman's determination).

22.  That same day, Dr. Sussman advised me of his determination: that Jane Boe's request for medical exemption from the meningococcal vaccine is not acceptable because it does

not document a valid medical contraindication. (*Id.* at p. 1.) Dr. Sussman suggested that the District refer the matter to the DOH to obtain a definitive opinion. (*Id.*) His email also indicated that Jane Boe "shall not be excluded while the appeal to the DOH is ongoing," (*Id*), which is consistent with the District's policy.

23. The next day (September 19), I notified Jane Boe, Sr. of Dr. Sussman's determination. (*See* page of Exhibit TV-H, which is an email chain from September 18 to September 19, 2019 between Jane Boe, Sr., Three Village Superintendent Cheryl Pedisich, and myself.) My email to Jane Boe Sr. stated, "The CMOs determination is that the request for Medical Exemption from MenACWY is not acceptable. It does not document a valid medical contraindication as annotated by the CDC. If there is documentation that you can provide that aligns with the medical contraindications as per CDC, I will resubmit." (TV-H at p. 1.)

24. In early October 2019, Jane Boe Sr. requested that the District's Board of Education review the denial of Jane Boe's medical exemption. On October 23, 2019, Board of Education President William Connors Jr. sent Boe Sr. a letter advising that the Board of Education would not review her medical exemption request because the Board members lacked the specific medical expertise to do so. (A copy of the Board of Education President's October 23, 2019 letter to Jane Boe, Sr. is attached as Exhibit Ex. TV-I.) However, President Connors advised Jane Boe Sr. that the District would submit the medical exemption request to the DOH for review. (*Id.*)

25. On October 29, 2019, I submitted Jane Boe's medical exemption request to the DOH for review. (A copy of my October 29, 2019 email to the DOH is attached as Exhibit TV-J.) On November 20, 2019, I provided the DOH with Boe Sr.'s September 16, 2019 letter to Superintendent Pedisich; I sent this letter to the DOH at Boe Sr.'s request. (*Id.*)

26. On November 22, 2019, the DOH provided the District with its recommendation as to Jane Boe's medical exemption request. (A copy of the DOH's November 22, 2019 recommendation is attached as Exhibit TV-K.) The DOH recommended "against accepting [Boe's] medical exemption." (*Id.* at p. 2.)

27. In accordance with the DOH's recommendation against granting Jane Boe a medical exemption, which was consistent with Dr. Sussman's determination, the District denied Jane Boe's request for a medical exemption. On November 25, 2019, P.J. Gelinas Junior High School Principal Corinne Keane notified Jane Boe Sr. of the District's final determination as to her medical exemption request and provided her with a copy of the DOH's recommendation. (A copy of Principal Keane's November 25, 2019 letter to Jane Boe Sr. is attached as Exhibit TV-L.) The letter states, in part, "Please be advised that our chief medical officer reviewed your medical documentation and determined that a medical exemption is hereby denied. *Attached is the response from the Department of Health Bureau of Immunizations.* The documented reason does not meet he guidelines from the Centers for Disease Control and Prevention (CDC) for medical contraindication to immunization. Therefore, [Jane Boe] will be excluded from school effective December 9, 2019, unless he/she receives such legally required meningococcal Vaccine immunization or presents a valid exemption." (*Id.* (emphasis in original).) Principal Keane also notified Jane Boe Sr. of her right to appeal the denial to the Commissioner of Education in accordance with New York Education Law §310. (*Id.*)

28. On December 4, 2019, Jane Boe Sr. informed the District that she was in the process of preparing an appeal to the Commissioner of Education pursuant to New York Education Law §310. (*See* page 1 of Exhibit TV-M, which is an email chain from December 4, 2019 between Jane Boe, Sr., Principal Corinne, and myself.) She never filed an appeal. Jane Boe Sr. also asked the

District to extend Jane Boe's exclusion date from December 9, 2019 to December 20, 2019, and I informed her the District would grant that request. (*Id.*) In a follow-up email, Principal Corinne provided Jane Boe Sr. with some information on how to set-up home schooling. (*Id.*)

29.   On December 19, 2020, Boe Sr.'s then-attorney Aaron Siri (of Siri & Glimstad LLP) sent Principal Keane a letter (on Boe Sr.'s behalf) asking her to ignore Dr. Sussman and the DOH's determinations and approve Boe's medical exemption request. (Attached as Exhibit TV-N is Aaron Siri's December 19, 2020 letter to Principal Keane enclosing a medical exemption request form.) Based on a review of this letter, it appears that Boe Sr. (and her attorney) took the stance that Principal Keane, as the "principal or person in charge" of P.J. Gelinas Junior High School, is the person vested with the authority to make a final determination as to whether to accept or reject Boe's medical exemption. (*Id.* at p. 2.) Boe Sr. even requested that Principal Keane review the medical exemption form and apply the ACIP guidelines to make her own determination. (*Id.*) This completely contradicts the allegations set forth in the federal complaint.

30.   In any event, Principal Keane did not take it upon herself to ignore the medical determinations of the District's Medical Director and the DOH itself, as that would have been against the District's own policy. Instead, she deferred the matter to the District's general counsel. (*See* pages 5-6 of Exhibit TV-O, which is an email chain from December 20 to December 23, 2019 between Christopher Mestecky, the District's general counsel, and Jessica Wallace, Jane Boe Sr.'s then-attorney, and an enclosed letter from Mestecky).

31.   On December 20 2019, Jane Boe Sr.'s attorney provided the District with a third request for a medical exemption. (Ex. TV-O at p. 4.) The medical exemption statement was signed by Dr. Caroline Hartridge, a NYS licensed general practitioner. (*Id.*) On this form, Dr. Hartridge listed the following contraindications/precautions: acute moderate to severe illness with or without

fever, lyme disease, autoimmune encephalitis, and toxic mold." (*Id.*) Dr. Hartridge—Jane Boe's own doctor—recommended that Boe's immune status be revaluated after treatment. (*Id.*)

32. The District's general counsel, Christopher Mestecky, responded to Boe Sr.'s attorney, "We are in receipt of the new documentation for your client's medical exemption. Under District policy this documentation will be reviewed by the District physician and by the department of health (if necessary). Once the review is completed we will advise you of the District's determination in writing. The student will not be excluded from school until a final determination is made." (Ex. TV-O at p. 1.)

33. As per District policy, I forwarded Jane Boe Sr.'s December 2019 medical exemption request to Dr. Sussman for review. Dr. Sussman recommended that the matter be referred to the DOH for review. On January 6, 2020, I submitted Jane Boe's December 2019 medical exemption request to the DOH for review. (A copy of my January 6, 2020 email to the DOH is attached as Exhibit TV-P.) In my email to the DOH, I explained, "Our District Medical Director has reviewed this document and requested a review by DOH." (*Id.*)

34. On January 7, 2020, Jane Boe Sr.'s attorney, Jessica Wallace, emailed Mr. Mestecky asking for an update regarding the status of Jane Boe's medical exemption request. (A copy of Jessica Wallace's January 7, 2020 email to Christopher Mestecky is attached as Exhibit TV-Q.) Ms. Wallace also indicated that Jane Boe had opted to remain out of school while the District reviewed her most-recent request for a medical exemption. (*Id.*) Ms. Wallace's email stated, "I appreciate you allowing [Jane Boe] to remain in school while the medical exemption is being reviewed, however, because we were not in contact until after the beginning of winter break, [Jane Boe] was unaware that she was able to remain in school and said all of her goodbyes. ...

[S]o her parents are hesitant to send her back to school until there has been a final determination by the school on the medical exemption." (*Id.*)

35. On January 8, 2020, Principal Keane emailed Jane Boe Sr. (and copied me) advising that the District had sent her medical exemption request to the DOH for review and would provide a final determination in writing once the District's review is complete. (A copy of Principal Keane's January 8, 2020 email to Jane Boe, Sr. is attached as Exhibit TV-R.) Principal Keane also reminded Jane Boe Sr. that Jane Boe was not excluded from school until the District makes a final determination. (*Id.*)

36. On February 5, 2020, the District received a *Notice of Intent to Home School For the 2019-2020 School Year* from Jane Boe Sr. (A copy of this form is attached as Exhibit TV-S.) Notably, Boe was well aware that she was still permitted to attend school at this time. (Ex. TV-Q; Ex. TV-R.)

37. On February 15, 2020, Kevin Scanion, the District's Assistant Superintendent of Educational Services, acknowledged the District's receipt of Jane Boe Sr.'s intent to home school Jane Boe and provided her with the requisite forms. (A copy of Kenvin Scanlon's February 14, 2020 letter to Jane Boe, Sr. is attached as Exhibit TV-T.)

38. On March 2, 2020, the DOH provided the District with its recommendation as to Boe's December 2019 medical exemption request. (A copy of the DOH's March 2, 2020 recommendation is attached as Exhibit TV-U.) In its decision, the DOH noted, "The CDC's Advisory Committee on Immunization Practices (ACIP) recognizes acute moderate to severe illness with or without fever as a <u>temporary</u> precaution to administration of all vaccines." (*Id.*) The DOH opined that given Boe's acute illness, vaccination should be delayed and her medical status and eligibility for meningococcal vaccine should be reassessed in one month. (*Id.*) I provided Jane

Boe Sr. with the DOH's recommendation on March 4, 2020. (A copy of my email to Jane Boe Sr. is attached as Exhibit TV-V.)

39. Unsure about when the DOH's recommended one-month delay began and ended, I consulted Dr. Sussman and asked him to provide clarity regarding the DOH's determination. He advised me that it was his understanding that the DOH granted Jane Boe a one-month extension from the date of her medical exemption request (December 18, 2019) which indicated she was being treated for an acute illness. Since the one-month period had long passed by the time the DOH issued a determination, Dr. Sussman indicated that Jane Boe should be required to obtain a meningitis vaccine or face exclusion from school.

40. After receiving the DOH's March 2, 2020 determination, the District notified Jane Boe, Sr. that her request for a medical exemption was denied.

41. In July 2020, Jane Boe Sr. sent the District a *Notice of Intent to Home School For the 2020-2021 School Year*, and the District provided her with the requisite forms. (Copies of Jane Boe, Sr.'s request notice of intent to home school and Kevin Scanlon's response are attached as Exhibits TV-W and TV-X.)

42. On August 26, 2020, Jane Boe Sr. notified the District that she intended to withdraw Jane Boe from home schooling because Jane Boe was accepted to The Stony Brook School, a New York private school. (A copy of While Boe Sr.'s *Notice of Student Withdrawal* is attached as Exhibit TV-Y/)

DAWN MASON

Sworn to before me
this 3rd day of September, 2020

NOTARY PUBLIC

CONCETTA SIMAS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SI6132801
Qualified in Suffolk County
My Commission Expires 08-29-2021