UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child; JANE BOE, Sr. on behalf of herself and her minor child; JOHN COE, Sr. and JANE COE, Sr. on behalf of themselves and their minor children; JOHN FOE, Sr. on behalf of himself and his minor child; JANE GOE, Sr. on behalf of herself and her minor child; JANE LOE on behalf of herself and her medically fragile child; JANE JOE on behalf of herself and her medically fragile child; CHILDRENS HEALTH DEFENSE, and all others similarly situated, | Docket No. 20-CV-0840 (BKS) (CFH)<br><br>**AFFIDAVIT OF DR. HOWARD R. SUSSMAN** |

Plaintiffs,

-against-

HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York; ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health; the NEW YORK STATE DEPARTMENT OF HEALTH; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORINNE KEANE, acting in her official capacity as Principal Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT; CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her officical capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; DR. DAVID P. BENNARDO, acting in his official capacity as Superintendent, South Huntington School District; BR.

| |
|---|
| DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official capacity as Superintendent, Ithaca City School District; SUSAN ESCHBACH, acting in her official capacity as Principal, Beverly J. Martin Elementary School, Ithaca City School Distrcit; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenedehowa Central School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acting in his official capacity as Principal, Arongen Elementary School, Shenendehowa Central School District; COXSACKIE-ATHENS SCHOOL DISTRICT; RANDALL SQUIER, Superintendent, acting in his official capacity as Superintendent, Coxsackie-Athens School District; FREYA MERCER, acting in her official capacity as Principal, Coxsackie Athens High School, Coxsackie-Athens School District; ALBANY CITY SCHOOL DISTRICT; KAWEEDA G. ADAMS, acting in her official capacity as Superintendent, Albany City School District; MICHAEL PAOLINO, acting in his official capacity as Principal, William S. Hackett Middle School, Albany City School District; and all others similarly situated,<br><br>                                    Defendants. |

STATE OF NEW YORK  :
                               : ss:
COUNTY OF SUFFOLK  :

HOWARD R. SUSSMAN, being duly sworn, deposes and says:

1. I am the Medical Director for the Three Village Central School District ("the District"), a defendant in this matter. I have held this position since 2015. I submit this Affidavit based on my personal knowledge.

2

2. I submit this Affidavit in support of the District's opposition to plaintiffs' motion for a preliminary injunction.

3. I am a Family Medicine specialist who is Board Certified by the American Board of Family Physicians. I graduated from the Stony Brook University School of Medicine. I am affiliated with Stony Brook University Hospital and am a clinical associate professor at Stony Brook University. I am a Fellow of the American Academy of Family Physicians. I am also Head of the Division of Family and Community Medicine at Renaissance School of Medicine at Stony Brook University.

4. As the District Medical Director, I advise the District's administration, District Board of Education, and nurses on various medical issues. One of my responsibilities as District Medical Director is to review requests for medical exemptions to State-mandated vaccine requirements that are submitted to the District.

5. In 2019, New York State revised the law for students to qualify for a medical exemption from the vaccine requirements set by the State. The new regulations require a physician to "determine that a child has a medical contraindication or precaution to a specific immunization consistent with the ACIP guidance or other nationally recognized evidence-based standards of care." (*See* 10 NYCRR 66-1.1(l).) The District must abide by the laws set by the State.

6. When the District provides me with a medical exemption request, I refer to the ACIP's *General Best Practice Guidelines for Immunization* (which is available at https://www.cdc.gov/vaccines/hcp/acip-recs/general-recs/downloads/general-recs.pdf) to determine if the student's purported illness constitutes a contraindication or precaution. Specially, I refer to Tables 4-1 and 4-2 of the ACIP guidelines. Table 4-1 (which can be found at pages 53-59 of the ACIP guidelines) sets forth the contraindications and precautions to commonly used vaccines. Table 4-

3

2 (which can be found at pages 60-61 of the ACIP guidelines) sets forth conditions that are often incorrectly perceived as contraindications or precautions to vaccination. My reliance on the ACIP guidelines to determine if a student has a recognized contraindication or precaution to a particular vaccine is consistent with 10 NYCRR 66-1.1(l). As further set forth below, I followed this same process in reviewing each of Jane Boe's medical exemption requests.

7.      If any portion of a student's medical exemption request requires clarification, I will obtain additional information from the treating physician who signed the medical exemption request form. I will speak to the treating physician over the phone when necessary, so long as the parent agrees to sign a HIPAA release.

8.      Plaintiff Jane Boe, Sr. is the mother of Jane Boe, a former District student. On August 29, 2019, Jane Boe, Sr. sought to convert Jane Boe's religious exemption to a medical exemption.

9.      On September 3, 2019, Ann Marie Long, R.N., the school nurse for the District's P.J. Gelinas Junior High School, provided me with a copy of Jane Boe, Sr.'s medical exemption request. (*See* pages 2-3 of Exhibit TV-E, which is an email from Nurse Long to Dr. Sussman enclosing Jane Boe Sr.'s request for a medical exemption.) Jane Boe, Sr. submitted a medical exemption form signed by Dr. Laura Bennett, a New York State licensed physician. (*Id.* at p. 2.) In this form, Dr. Bennett listed the following alleged contraindications or precautions to exempt Jane Boe from mandatory vaccinations: chronic and severe Lyme, bartonella and autoimmune encephalitis, and POTS/Dysautonomia. (*Id.*) The form also provided that Jane Boe's "[b]rother had same administration of menactra [which] eventually led to his death." (*Id.*) Along with the medical exemption form, Jane Boe Sr. also submitted a doctor's note from Dr. Nancy O'Hara, a

4

Connecticut-licensed physician, which listed the same alleged contraindications/precautions. (*Id.* at p. 3.)

10. I consulted the ACIP guidelines to determine if any of Jane Boe's purported illnesses constitute a recognized contraindication or precaution to the meningitis vaccine. As per Tables 4-1 and 4-2 of the ACIP guidelines, they did not.

11. On September 4, 2019, I advised Nurse Long and Dawn Mason of the District, "Unfortunately, from the way I read this, I believe this student's supposed contraindications are actually erroneous, as per CDC TABLE 4-2 [Conditions incorrectly perceived as contraindications or precautions to vaccination (i.e., vaccines may be given under these conditions). Stable neurologic conditions and family history of adverse reaction are invalid contraindications." (*See* page 4 of Exhibit TV-F, which is an email chain from September 4 to September 6, 2019 between Dawn Mason, Nurse Long, and myself) I also stated in my email that I planned to call Dr. Bennett for clarification of the status of the purported encephalopathy, specifically, whether it was stable or unstable. (*Id.*) My email stated, "If it's unstable that's one thing. If stable, that's another." (*Id.*)

12. On September 5, 2019, I notified the District (via email) of my determination regarding Jane Boe's request for a medical exemption. (Ex. TV-F at p. 4.) I indicated that based on my review of the documentation provided by Jane Boe, Sr. and my direct communications with Dr. Bennett, I "must reject Dr. Bennett's written request for medical exemption as invalid" and Jane Boe should have to obtain a meningococcal vaccine. (*Id.*)

13. Furthermore, in my September 5th email to the District, I described that day's phone conversation with Dr. Bennett in detail. (*Id.*) I described the phone conversation as it was taking place. As set forth in my email, Dr. Bennett explained that Jane Boe received her Tdap vaccine and only sought an exemption from the meningococcal vaccine, Menactra. (*Id.*) Dr. Bennett also

5

26. On March 2, 2020, the DOH provided the District with its determination as to Boe's December 2019 medical exemption request. (A copy of the DOH's March 2, 2020 recommendation is attached as Exhibit TV-U.) The DOH noted, "The CDC's Advisory Committee on Immunization Practices (ACIP) recognizes acute moderate to severe illness with or without fever as a <u>temporary</u> precaution to administration of all vaccines." (*Id.*) The DOH opined that given Boe's acute illness, vaccination should be delayed and her medical status and eligibility for meningococcal vaccine should be reassessed in one month. (*Id.*)

27. I interpreted the DOH determination to mean that the DOH granted Jane Boe a one-month extension from the date of her medical exemption request (December 18, 2019) which indicated she was being treated for an acute illness. Since the one-month period had long passed by the time the DOH issued a determination, I concluded that Jane Boe should be required to obtain a meningitis vaccine or face exclusion from school.

28. After receiving the DOH's determination, the District notified Jane Boe, Sr. that her third request for a medical exemption was denied.

_____
Dr. Howard R. Sussman

Howard R. Sussman, MD
NY Lic. 208259
District Medical Director, Three Village CSD

Sworn to before me this
4th day of September 2020

_____
Notary Public

ANITA GARCIA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GA6376576
Qualified in Suffolk County
My Commission Expires 06-11-2022

9