UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JANE DOE, *et. al*,

      Plaintiffs,

                   -against-

HOWARD ZUCKER, in his official capacity
as Commissioner of Health for the State of New York, *et al.*,

      Defendants.

-----------------------------------------------------------------------X

Case No.
<u>1:20-cv-00840-BKS-CFH</u>

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS
COXSACKIE-ATHENS SCHOOL DISTRICT, RANDALL SQUIER, FREYA MERCER,
SHENENDEHOWA CENTRAL SCHOOL DISTRICT, DR. L. OLIVER ROBINSON,
SEAN GNAT, ANDREW HILLS, PENFIELD CENTRAL SCHOOL DISTRICT, DR.
THOMAS PUTNAM, LANSING CENTRAL SCHOOL DISTRICT, CHRIS
PETTOGRASSO, CHRISTINE REBERA, AND LORRI WHITEMAN
TO DISMISS THE COMPLAINT**

James G. Ryan, Esq. (514300)
Cullen and Dykman LLP
*Attorneys for Defendants*
*Coxsackie-Athens School District,*
*Randall Squier, Freya Mercer,*
*Shenendehowa Central School*
*District, Dr. L. Oliver Robinson,*
*Sean Gnat, Andrew Hills, Penfield Central*
*School District, Dr. Thomas Putnam,*
*Lansing Central School District, Chris*
*Pettograsso, Christine Rebera, and*
*Lorri Whiteman*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Phone: (516) 357-3750

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 0

STATEMENT OF FACTS ................................................................................................. 2

    A.  New York State Public Health Law § 2164 And Its Implemented Regulations ............. 2

    B.  Procedural Background ................................................................................................ 3

    C.  Plaintiff John Doe.......................................................................................................... 3

    D.  Plaintiffs Jane Coe and John Coe .................................................................................. 4

    E.  Plaintiff Jane Goe ............................................................................................................ 4

    F.  Plaintiffs Jane Koe, John Koe and Janie Koe.............................................................. 5

LEGAL STANDARD.......................................................................................................... 5

    A.  Federal Rule of Civil Procedure 12(b)(1) ................................................................. 5

    B.  Federal Rule of Civil Procedure 12(b)(6) ................................................................. 6

    C.  Facial Challenges ....................................................................................................... 7

ARGUMENT ..................................................................................................................... 7

POINT I .............................................................................................................................. 7

  PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO
  FED. R. CIV. P. 12(b)(1) .................................................................................................. 7

    A.  Plaintiff Jane Goe's Claims Against Penfield Central School District Are Moot .......... 7

    B.  The Koe Plaintiffs' Claims Are Not Ripe For Adjudication........................................... 8

    C.  The Children's Health Defense Does Not Have Standing As to Any Claim................... 9

POINT II ........................................................................................................................... 10

  PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO
  FED. R. CIV. P. 12(b)(6) ................................................................................................ 10

    A.  All Claims Should Be Dismissed Against the School District Officials as a Matter of
    Law 10

    B.  Claim One, Violations of Substantive Due Process Rights, Should Be Dismissed for
    Failure to State a Cognizable Claim ............................................................................ 11

      i.  Plaintiffs' Claim Fails As A Matter of Law ....................................................... 11

      ii.  Plaintiffs Do Not Meet Their Burden to Establish Municipal Liability ..................... 13

    C.  Claim Two, Violation of 14th Amendment by Burdening Liberty Interest in Parenting,
    Should Be Dismissed for Failure to State a Cognizable Claim ............................................ 17

    D.  Claim Three, Violation of 14th Amendment by Burdening Liberty Interest in Informed
    Consent, Should Be Dismissed for Failure to State a Cognizable Claim............................. 18

i

E.   Claim Four, Violation of 14th Amendment by Burdening Minors' Right to Free Public Education, Should Be Dismissed for Failure to State a Cognizable Claim ........................... 20

F.   Claim Five, Violation of Rehabilitation Act of 1973, Should Be Dismissed for Failure to State a Cognizable Claim ................................................................................................. 21

G.   Claim Six, Violation of Rehabilitation Act of 1973, Should Be Dismissed for Failure to State a Cognizable Claim ................................................................................................. 23

POINT III ............................................................................................................................ 24

PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE THEY HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES .......................................................... 24

CONCLUSION ..................................................................................................................... 25

## TABLE OF AUTHORITIES

*Allen v. Berlin*, 132 F. Supp. 3d 297, 303–04 (N.D.N.Y. 2015).............................................. 13, 17

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ................................................................................ 6

*Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 104 (2d Cir. 2014) ........................................... 9

*Barmore v. Aidala,* 419 F. Supp. 2d 193, 202 (N.D.N.Y. 2005) ................................................ 10

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558  (2007) ............................................................... 7

*Benacquista v. Spratt*, 217 F.Supp.3d 588, 599-600 (N.D.N.Y. 2016) ................................. 14, 15

*Bullock v. Cooley*, 225 N.Y. 566, 576-77 (1919) ....................................................................... 25

*Caviezel v. Great Neck Pub. Sch.*, 500 F. App'x 16, 19 (2d Cir. 2012)................................. 12, 13

*City of Los Angeles, Calif. v. Patel*, 576 U.S. 409, 415 (2015) .................................................... 7

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-124 (1988) ...................................... 14, 16, 17

*County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8 (1998).................................................. 11

*Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 277 (1990) .................. 18, 20

*D.A.B. v. New York City Dep't of Educ.*, 45 F. Supp. 3d 400, 407 (S.D.N.Y. 2014).................. 23

*Donohue v. Copiague Union Free School Dist.*, 47 N.Y.2d 440, 444 (1979) .............................. 25

*Farina v. Metropolitan Transportation Authority*, 409 F.Supp.3d 173, 194 (S.D.N.Y. 2019) ...... 8

*Griffin v. Doe*, 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014)........................................................... 21

*Halebian v. Berv*, 644 F.3d 122, 131, n. 7 (2d Cir. 2011) ............................................................ 6

*Handberry v. Thompson,* 446 F.3d 335, 352–53 (2d Cir. 2006).................................................. 20

*Hurdle v Board of Educ. of City of New York*, 113 Fed.Appx. 423, 424-425 (2d Cir. 2004) 15, 16,
17

*Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 12-13, 24-26, 39 (1905) ...* 12, 13, 18,
19

*Jeffes v. Barnes*, 208 F.3d 49, 57–58 (2d Cir. 2000) ................................................................... 15

*Laake v. Turning Stone Resort Casino*, 2017 WL 6626677, at *1 (N.D.N.Y. 2017), *aff'd,* 740 F.
App'x 744 (2d Cir. 2018) ........................................................................................................ 5, 6

*Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 120-121 (2d Cir. 2020)............... 5, 8, 10

*Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007).................................................................. 11

*Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) .......................................................... 6

*Lynch v. Clarkstown Cent. School Dist.,* 155 Misc.2d 846, 847-48 (Sup. Ct. Rockland Cnty.
1992)....................................................................................................................................... 13, 25

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)...................................................... 5

*Maus v. Wappingers Cent. Sch. Dist.*, 688 F. Supp. 2d 282, 302 n. 10 (S.D.N.Y. 2010)............ 11

*McCormick v. Annucci*, 2020 WL 1935608, at *3 (N.D.N.Y. 2020) ........................................... 7

*Mirenberg v. Lynbrook Union Free School Dist. Bd. of Educ.*, 63 A.D.3d 943, 943-44 (2d Dep't
2009)............................................................................................................................................ 24

*Mogul Media, Inc. v. City of New York*, 744 F. App'x 739, 740 n. 2 (2d Cir. 2018)..................... 7

*Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658 (1978) ........................ 14, 15, 16

*Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011)................................................................... 14

*Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)................................................ 12

*National Organization for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) ............ 8, 9

*Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) ................................... 16

*Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) .............. 11

*Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) .................................................. 6

*Phillips v. City of New York,* 775 F.3d 538, 542-43 (2d Cir. 2015)........................................ 12, 20

*Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 385 n. 35 (S.D.N.Y. 2012) ............................. 10

*Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary,* 268 U.S. 510, 534–35 (1925)
    ......................................................................................................................................... 17

*Prince v. Massachusetts,* 321 U.S. 158, 167 (1944) .................................................................... 18

*Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007)......................................................... 10, 14

*Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)...................................................... 14, 17

*Smith v. Potter*, 187 F. Supp. 2d 93, 97 (S.D.N.Y. 2001)............................................................ 19

*United States v. Salerno,* 481 U.S. 739, 745 (1987) ...................................................................... 7

*V.D. v. State*, 403 F. Supp. 3d 76, 87 (E.D.N.Y. 2019) ............................................................... 20

*Vives v City of New York*, 524 F.3d 346, 353-54 (2d. Cir. 2008) ................................................ 16

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) ...... 7

*Woods v. Roundout Valley Central School Dist. Bd. of Educ.*, 466 F.3d 232, 248 (2d Cir. 2006)24

*Zachary v. Clinton Cty., N.Y.*, 2003 WL 24197685, at *2 (N.D.N.Y. 2003), *aff'd,* 86 F. App'x 451
    (2d Cir. 2004) ................................................................................................................... 10

*Zucht v. King, 260 U.S. 174, 175-77 (1922)* ............................................................................. 12

## PRELIMINARY STATEMENT

This action arises out of separate but similar decisions by the Lansing Central School District, Coxsackie-Athens School District, Penfield Central School District, Shenendehowa Central School District, and their respective administrators (collectively referred to as "Defendants" or the "School Districts") to reject plaintiffs John Doe, Jane Coe, John Coe, Jane Goe, Jane Koe, John Koe and Janie Koe's (collectively referred to as "Plaintiffs")[1] submitted requests for medical exemptions from mandatory immunizations required for all children attending schools pursuant to New York State Public Health Law ("Public Health Law") § 2164. While Plaintiffs raise a number of constitutional issues within their purported Class Action Complaint filed on July 23, 2020 (the "Complaint"), when distilled to their essence, Plaintiffs are actually seeking a reversal of the Defendants' respective decisions rejecting their medical exemptions.

This Court lacks subject matter jurisdiction over many of Plaintiffs' claims. Jane Goe's action is moot as she has completed her senior year and graduated. Conversely, the Koe plaintiffs' action is not yet ripe as they never properly sought a medical exemption. The Children's Health Defense simply does not have standing as to any claim in the Complaint. Thus the claims brought by these Plaintiffs should be dismissed pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1). Further, for the reasons discussed below and in the State Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("State's Memo."), ECF 28-1, and in the Memorandum of Law in Support of Defendants' [South Huntington, Ithaca City, Three Village Central, and Albany City School Districts and corresponding administrators] Motion to Dismiss ("Co-Defendants' Memo."), ECF 54-14, which the School Districts adopt herein as pertinent, all

---

[1] The School Districts are only opposing the allegations directed at them because no class has been certified at this time. Since the above-named Plaintiffs were the only children who attended schools within the School Districts, this opposition will only address their allegations.

claims against all Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiffs fail to state any viable claim for relief. Finally, Plaintiffs' claims should be dismissed as they have failed to exhaust the administrative remedies provided to them under New York.

## STATEMENT OF FACTS

### A.  New York State Public Health Law § 2164 And Its Implemented Regulations

Pursuant to Public Health Law § 2164, all children in New York between the ages of two months and eighteen years are required to have certain immunizations prior to attending any "public, private or parochial . . . elementary, intermediate or secondary school." *See* Public Health Law §§ 2164(1)(a)-(b), 2164(7)(a). This statute, however, provides an exception. "If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health." *See* Public Health Law § 2164(8).

On August 16, 2019, the Department of Health issued emergency regulations, which were later adopted and made permanent, that changed the definition of "may be detrimental to the child's health." Under these regulations, "**[m]ay be detrimental to the child's health** means that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care." 10 NYCRR § 66-1.1(l) (emphasis in original). Further, 10 NYCRR § 66-1.3(c) was amended and now states that a "principal or person in charge of a school" is prohibited from admitting a child unless provided with "[a] signed, completed medical exemption form approved by the NYSDOH or NYC Department of Education from a physician licensed to practice medicine in New York State certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated." Medical exemptions

2

"must be reissued annually" and "[t]he principal or person in charge of the school may require additional information supporting the exemption." *Id.* Accordingly, this regulation permits a principal or other person in charge of a school to evaluate the sufficiency of the request for a medical exemption under Public Health Law § 2164(8). Plaintiffs take issue with (i) the new definition of "may be detrimental to the child's health," and (ii) a "principal or other person in charge of a school['s]" ability to "require additional information supporting" a medical exemption.

### B. Procedural Background

Plaintiffs commenced the instant action by filing the Complaint on July 23, 2020. *See* ECF 1. The Complaint asserts six causes of action against the School Districts: (i) violations of substantive due process rights; (ii) violation of 14th Amendment by burdening liberty interest in parenting; (iii) violation of 14th Amendment by burdening liberty interest in informed consent; (iv) violation of 14th Amendment by burdening minor's right to free public education; and (v) two claims regarding violations of Rehabilitation Act of 1973. *See* Compl. These claims arise out of the School Districts' respective decisions to reject Plaintiffs' requests for medical exemption. *See* Compl. at ¶¶ 1-2, ECF 1.

### C. Plaintiff John Doe[2]

John Doe is a fifteen-year-old student within the Coxsackie-Athens School District. *See* Compl. at ¶ 42. John Doe's parents submitted a medical exemption to his school district on his behalf from his pediatrician on August 23, 2019. *See id.* at ¶ 90. The Coxsackie-Athens School District denied his submitted medical exemption "based upon the opinion of Dr. Stephen G.

---

[2] Though sections of the Statement of Facts include many allegations made in the Complaint, this is done in light of the applicable standard of review for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), discussed in further detail below. Defendants do not concede that the included allegations from the Complaint are true and reserve the right to dispute the accuracy of any factual allegation in the Complaint if the case proceeds past this motion.

Hassett," a medical consultant to the school district, on September 16, 2019. *See id.* at ¶ 92. John Doe's parents subsequently submitted a second medical exemption on October 5, 2019, which was also denied. *See id.* at ¶¶ 97-98. As a result, John Doe has been excluded from his school district since October 7, 2019. *See id.* at ¶ 106. On or about November 5, 2019, John Doe's family "hired an attorney to file an appeal with the Commissioner of Education." *See id.* at ¶ 109. As of the date of the Complaint, John Doe had not yet received a response to the submitted appeal. *See id.*

**D.  Plaintiffs Jane Coe and John Coe**

Plaintiffs John Coe and Jane Coe are students living with their parents in the Lansing Central School District. *See* Compl. at ¶ 137. Their parents submitted a medical exemption on the students' behalf to the school district in August of 2019. *See id.* ¶ 146. After reviewing the medical exemptions in consultation with medical staff as well as the New York State Department of Health, on January 21, 2020, the school district informed the Coes that it denied the medical exemptions *See id.* at ¶¶ 150-51. John and Jane Coe have been excluded from their school district since January 29, 2020. *See id*. at ¶ 160.

**E.  Plaintiff Jane Goe**

Plaintiff Jane Goe is a seventeen-year old who resides with her parents in the Penfield Central School District. *See* Compl. at ¶¶ 181-82. On or about August 18, 2019, Jane Goe's physician submitted a medical exemption on her behalf to the Penfield Central School District. *See id.* at ¶ 187. While Jane Goe's medical exemption was initially denied on September 11, 2019 and she was temporarily removed from school, she was later readmitted and allowed to attend classes through the end of her senior year of high school. *See id.* at ¶¶ 190, 195-202. Jane Goe was "set to graduate on July 30, 2020." *See id.* at ¶ 202. Jane Goe did graduate from Penfield High School and has not sought to enroll in the Penfield Central School District for the current school year. *See*

4

Affidavit of Daniel Driffill, Assistant Superintendent for Business of Penfield Central School District, sworn to September 4, 2020, in opposition to Plaintiffs' Motion for a Preliminary Injunction ("Driffill Affidavit"), ECF 58, at ¶¶ 4-5.

### F.  Plaintiffs Jane Koe, John Koe and Janie Koe

Plaintiffs Jane Koe, John Koe and Janie Koe are all students residing with their parents within the Shenendehowa Central School District. *See* Compl. at ¶ 215. According to the Complaint, prior to the start of school in 2019, a **nurse practitioner** submitted a medical exemption on the students' behalf which was rejected by the school district. *See id.* at ¶¶ 224-26. Plaintiffs did not submit a medical exemption from a licensed physician to the school district. *See id.* at ¶¶ 226-28; Affidavit of Rebecca Carman, Director of Policy & Community Development and Records Officer of Shenendehowa Central School District, sworn to September 4, 2020, in opposition to Plaintiffs' Motion for a Preliminary Injunction ("Carman Affidavit"), ECF 59, at ¶ 7. The Complaint does not state when Jane Koe, John Koe and Janie Koe were allegedly removed from school. *See id.* at ¶¶ 225-29.

### LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

"A case is to be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Laake v. Turning Stone Resort Casino*, 2017 WL 6626677, at *1 (N.D.N.Y. 2017), *aff'd,* 740 F. App'x 744 (2d Cir. 2018) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When a motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1), "the district court may refer to evidence outside the pleadings." *See Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 120-121 (2d Cir. 2020) (internal quotation marks and citation omitted). Plaintiffs have the burden to establish subject matter jurisdiction. *See id.* at 121 (citation omitted). "A motion brought

under Fed. R. Civ. P. 12(b)(1) must be considered before any other motions because dismissing the claim under 12(b)(1) would render all other objections and defenses moot." *Laake,* 2017 WL 6626677 at *1 (citations omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss [based on failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citation omitted). Further, "[a] well-pleaded complaint will include facts that raise a right to relief above the speculative level. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) (internal quotation marks and citations omitted).

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is "not to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations" but is "to accept well pleaded factual assertions as true" and "draw all reasonable factual inferences in favor of the plaintiff." *Lynch*, 952 F.3d at 75–76. In addition to the complaint, the Court may consider "documents attached to the complaint as exhibits," "documents incorporated by reference in the complaint," "matters of which judicial notice may be taken," and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 131, n. 7 (2d Cir. 2011) (internal quotation marks and citations omitted). Ultimately, "[a] complaint is properly dismissed, where, as a matter of law, 'the

allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Mogul Media, Inc. v. City of New York*, 744 F. App'x 739, 740 n. 2 (2d Cir. 2018), *cert. denied sub nom. Mogul Media, Inc. v. City of New, N.Y.*, 139 S. Ct. 2679 (2019) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007)).

**C. Facial Challenges**

When, as here, plaintiffs bring a "facial challenge" against a statute, *see* Compl. at 72 ¶D, they are bringing "an attack on a statute itself as opposed to a particular application." *City of Los Angeles, Calif. v. Patel*, 576 U.S. 409, 415 (2015). Thus, "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' *i.e.,* that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987). Such challenges are generally "disfavored," *id.* at 450, and "are 'the most difficult . . . to mount successfully,'" *City of Los Angeles, Calif.* 576 U.S. at 415 (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987).

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)

**A. Plaintiff Jane Goe's Claims Against Penfield Central School District Are Moot**

"Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings." *McCormick v. Annucci*, 2020 WL 1935608, at *3 (N.D.N.Y. 2020). "This means that, throughout the litigation, the petitioner must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks and citation omitted).

"Thus, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (same). "A matter that has become moot is no longer a case or controversy, and a federal court loses jurisdiction to entertain it." *Libertarian Party of Erie Cty.,* 970 F.3d at 121 (citation omitted).

Here, it is clear that plaintiff Jane Goe's claims are moot. By Plaintiffs' own allegations, she "was removed from school," *see* Compl. ¶ 195, but then "was allowed to attend her senior year of high school through the fall," *id.* at ¶ 198, and ultimately attended her senior year spring semester and was "set to graduate on July 30, 2020," *see id.* at ¶¶ 200-02.  Jane Goe did graduate and has not attempted to enroll in the Penfield Central School District for the current school year. *See* Driffill Affidavit, ECF 58, at ¶¶ 4-5. As Jane Goe was permitted to return to school, completed both semesters of her senior year, and graduated from Penfield Central School District, she no longer faces any injury and the primarily equitable relief that Plaintiffs seek will not benefit her. Accordingly, Jane Goe's claims are moot and the claims against Penfield Central School District and its official should be dismissed.

**B.  The Koe Plaintiffs' Claims Are Not Ripe For Adjudication**

"To be justiciable, a cause of action must be ripe – it must present a real, substantial controversy, not a mere hypothetical question." *National Organization for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks and citation omitted). "Ripeness is peculiarly a question of timing." *Id.* (same). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Farina v. Metropolitan Transportation Authority*, 409 F.Supp.3d 173, 194 (S.D.N.Y. 2019) (internal quotation marks and citations omitted). "The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract

8

disagreements." *National Organization for Marriage, Inc.*, 714 F.3d at 687 (internal quotation marks and citations omitted). "In considering whether a claim is ripe, [the court] consider[s] (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 104 (2d Cir. 2014) (internal citations and quotation marks omitted).

Here, it is clear that the Koe plaintiffs' claims are not yet fit for adjudication. Per the Complaint, the Koe plaintiffs had a **nurse practitioner** submit a medical exemption request on their behalf. *See* Compl. at ¶¶ 224-25. Such an application is facially deficient in that Public Health Law § 2164(8) clearly requires that a "physician licensed to practice medicine" submit a medical exemption certifying that "immunization[s] may be detrimental to a child's health." Thus, the School District is required to reject a nurse practitioner's submission.  The Koe plaintiffs never submitted a medical exemption certification from a licensed physician to the school district. *See* Compl. at ¶¶ 226-28; Carman Affidavit, ECF 59, at ¶ 7. In fact, the Koe plaintiffs concede that the "doctors in the [treating nurse practitioner's] practice refused to sign the [medical exemption] forms."  *See* Compl. at ¶ 226.  Thus, there has been no violation by Defendants of this statute or any constitutional right that this Court can address. Therefore, the claims against the Shenendehowa Central School District and its officials should be dismissed.

### C.  The Children's Health Defense Does Not Have Standing As to Any Claim

The Children's Health Defense ("CHD") is "a national not-for-profit membership organization of parents, advocates for children and attorneys" and a Plaintiff in this matter. Compl. at ¶ 49. For the reasons discussed in the States' Memo., Point III, ECF 28-1, and in the Co-Defendants' Memo., Point VIII, ECF 54-14, and which the School Districts adopt herein, CHD does not have standing - associational or organizational - as to any claim in the Complaint. Therefore, all claims brought

by CHD should be dismissed as the Court lacks jurisdiction over such claims. *See Libertarian Party of Erie Cty. v. Cuomo,* 970 F.3d 106, 121–22 (2d Cir. 2020) (citations omitted).

**POINT II**

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

**A. All Claims Should Be Dismissed Against the School District Officials as a Matter of Law**

All claims should be dismissed against the School District officials as a matter of law. Plaintiffs' first four Claims for Relief are brought under the Fourteenth Amendment to the Constitution of the United States "as made actionable pursuant to 42 U.S.C. sec. 1983." *See* Compl. at ¶¶ 28, 359, 362, 366, 371.  All School District officials in this matter are sued in their official capacities. *See id.* at ¶¶ 62-64, 66, 74-76, 78. "An official capacity suit against a public servant is treated as one against the governmental entity itself." *See Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) (citation omitted). Thus, "[c]laims against individual defendants in their official capacities . . . are redundant when the municipality is also named as a defendant." *Zachary v. Clinton Cty., N.Y.*, 2003 WL 24197685, at *2 (N.D.N.Y. 2003), *aff'd,* 86 F. App'x 451 (2d Cir. 2004) (internal quotation marks and citation omitted).  Courts have previously dismissed such redundant claims. *See id.; Barmore v. Aidala,* 419 F. Supp. 2d 193, 202 (N.D.N.Y. 2005); *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 385 n. 35 (S.D.N.Y. 2012) (collecting cases). Here, both the officials and their corresponding School Districts have been named as parties; thus, Plaintiffs' § 1983 claims against School District officials sued in their official capacities are redundant and should be dismissed.

Plaintiffs' final two claims should likewise be dismissed as to the school district officials. Claims Five and Six are both brought pursuant to the Rehabilitation Act of 1973. Plaintiffs have failed to state a claim against the School District officials as a matter of law. "[I]ndividuals cannot

10

be named as defendants in . . . Rehabilitation Act suits in their official . . . capacities." *Maus v.*
*Wappingers Cent. Sch. Dist.*, 688 F. Supp. 2d 282, 302 n. 10 (S.D.N.Y. 2010) (internal quotation
marks and citation omitted). As noted above, all non-school district Defendants are sued in their
official capacities. *See* Compl. at ¶¶ 62-64, 66, 74-76, 78. Thus, Plaintiffs cannot sustain
Rehabilitation Act claims against them as a matter of law. Plaintiffs therefore fail to state a claim
against the School District officials under Claims Five and Six. Plaintiffs' claims against these
Defendants also fail for the reasons discussed in Sections II(B)-II(G), *infra*. For these reasons, as
well as the reasons discussed in the Co-Defendants' Memo., Point I, ECF 54-14, which the School
Districts adopt herein, all of Plaintiffs' claims should be dismissed against the School District
officials for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## B.  Claim One, Violations of Substantive Due Process Rights, Should Be Dismissed for Failure to State a Cognizable Claim

Plaintiffs' First Claim For Relief, Violations of Substantive Due Process Rights, should
be dismissed as Plaintiffs fail to state a claim as a matter of law. In the alternative, the claims
should be dismissed as Plaintiffs fail to sufficiently allege municipal liability.

### i.    Plaintiffs' Claim Fails As A Matter of Law

"The substantive component of due process encompasses, among other things, an
individual's right to bodily integrity free from unjustifiable governmental interference." *Lombardi*
*v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007) (citation omitted). However, "[t]o establish a violation
of substantive due process rights, a plaintiff must demonstrate that the state action was 'so
egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin*
*v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (quoting *County*
*of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8 (1998)). Here, as discussed in the arguments in the
States' Memo., Point I(A), ECF 28-1, and in the Co-Defendants' Memo., Point III, ECF 54-14,

11

which the School Districts adopt herein, under Supreme Court precedent, Plaintiffs fail to meet that burden.

In *Jacobson v. Commonwealth of Massachusetts* ("*Jacobson*")*,* the Supreme Court rejected a challenge to a statute requiring vaccination, finding that that state had authority to enact such a statute pursuant to its police power. *See* 197 U.S. 11, 12-13, 24-26, 39 (1905). This holding was reiterated in *Zucht v. King*, where the Court rejected, *inter alia*, a due process challenge to an ordinance that stated that "no child or other person shall attend a public school or other place of education without having first presented a certificate of vaccination." 260 U.S. 174, 175-77 (1922). Though decided over a century ago, these cases are still controlling precedent and in fact have formed the basis for rejecting substantive due process challenges to New York's vaccination law. *See Phillips v. City of New York,* 775 F.3d 538, 542-43 (2d Cir. 2015) ("Plaintiffs argue that New York's mandatory vaccination requirement violates substantive due process. This argument is foreclosed by the Supreme Court's decision in *Jacobson v. Commonwealth of Massachusetts* . . . ."); *Caviezel v. Great Neck Pub. Sch.*, 500 F. App'x 16, 19 (2d Cir. 2012) ("No different conclusion is warranted because *Jacobson* was decided over a century ago, or because the disease there at issue—smallpox—has been effectively eradicated in this country.").

Plaintiffs are challenging both the regulations themselves and the School Districts' "policies and practices . . . in implementing them." *See* Compl. at ¶ 6.  However, "[s]ubstantive due process . . . does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). As discussed in further detail in Section III, *infra*, a School District's decision regarding accepting or rejecting a medical exemption is such a governmental action. *See also Lynch v. Clarkstown Cent. School Dist.,* 155

12

Misc.2d 846, 847-48 (Sup. Ct. Rockland Cnty. 1992) (adjudicating an Article 78 proceeding brought by parents against their daughter's school district after it rejected a medical exemption certification submitted by her physician). Thus, a School District's decision accepting or rejecting a medical exemption application does not inherently rise to the level of a substantive due process violation. To the extent that Plaintiffs are arguing that the School Districts' following of the regulations violates their substantive due process rights, as discussed in Section II(B)(ii), *infra,* the School Districts are required to follow the regulations and, in any event, the regulations are not violations of substantive due process rights under controlling caselaw. Plaintiffs' disagreement with the decision in *Jacobson* is not sufficient to overturn it as precedent and make their claim viable. *See Caviezel*, 500 F. App'x  at 19 (citation omitted) ("Although the Caviezels argue that *Jacobson* was wrongly decided, we are bound by Supreme Court precedent."). Therefore, Plaintiffs' violations of substantive due process claim fails, and Count One should be dismissed against all Defendants for failure to state a claim.

ii.     **Plaintiffs Do Not Meet Their Burden to Establish Municipal Liability**

Even if Plaintiffs had stated a Constitutional claim for violations of substantive due process rights, their claim should be dismissed because, as discussed in further detail below, Plaintiffs fail to establish that there is municipal liability for the School Districts for such a claim. *See Allen v. Berlin*, 132 F. Supp. 3d 297, 303–04 (N.D.N.Y. 2015) (citation omitted) (granting a motion to dismiss where, "while plaintiffs may have adequately pleaded the violation of a constitutional right, they have not pleaded that an official policy or custom *of the school district* caused such violation.") (emphasis in original).[3]

---

[3] This argument holds true for all of Plaintiffs' claims, One through Six, and therefore, will not be repeated herein.

Plaintiffs' First Claim for Relief is brought under the Fourteenth Amendment to the Constitution of the United States "as made actionable pursuant to 42 U.S.C. sec. 1983." *See* Compl. at ¶¶ 28, 359. While "[m]unicipal entities, including school districts," are "subject to suit" under 42 USC § 1983 ("§ 1983"), *see Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (citations omitted), municipalities are only liable under § 1983 in certain circumstances, *see, e.g., City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-124 (1988) (citations omitted). These limitations, outlined in *Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658 (1978) ("*Monell*") and its progeny, apply regardless of whether a plaintiff is seeking "monetary, declaratory, or injunctive relief." *See Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) (citations omitted).

When bringing a § 1983 claim against a municipality "based on acts of a public official," as Plaintiffs seek to do here, Plaintiffs are "required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted). Plaintiffs may demonstrate the fifth element in four different ways,

> with evidence of: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Benacquista v. Spratt*, 217 F.Supp.3d 588, 599-600 (N.D.N.Y. 2016) (internal quotation marks and citation omitted). In other words, "[a] school district's liability under *Monell* may be premised on" a district employee acting (1) "pursuant to an expressly adopted official policy;" (2) "pursuant to a longstanding practice or custom;" or (3) "as a final policymaker." *Hurdle v Board of Educ. of*

14

*City of New York*, 113 Fed.Appx. 423, 424-425 (2d Cir. 2004) (internal quotation marks and citations omitted). Plaintiffs have the burden of proof to show that a municipality is liable. *See Benacquista,* 217 F.Supp.3d at 599-600; *see also Jeffes v. Barnes*, 208 F.3d 49, 57–58 (2d Cir. 2000). However, Plaintiffs have not met their burden here. At the very least, Plaintiffs have failed to show "deprivation of a constitutional or statutory right" for the reasons in Section II(B)(i), *supra*, and "that an official policy of the municipality caused the constitutional injury" as discussed below.

Plaintiffs state that each of the School Districts is "a municipal corporation" that "may sue and be sued." *See* Compl. at ¶¶ 61, 65, 73, 77. However, despite conceding that the School Districts are municipal in nature, Plaintiffs make no allegations or arguments specifically directed at demonstrating municipal liability pursuant to *Monell*. *See* Compl. Any incidentally applicable allegations are too conclusory or general to meet Plaintiffs' burden under any *Monell* theory, as discussed in further detail below. *See, e.g.,* Compl. at ¶¶ 21 (referencing "adoption of the procedures and policies prompted by the NYSDOH Regulations"), 359 (referencing "Defendants practice of overruling, or permitting the overruling of the judgment of medical doctors . . . .").

The first theory involves "acting pursuant to an expressly adopted official policy." *See Hurdle*, 113 Fed.Appx. at 424-425 (internal quotation marks and citations omitted). Though Plaintiffs make references to Defendants' "policies" and "procedures," *see, e.g.,* Compl. at ¶ 1, 83, 263, they fail to identify an explicit policy adopted by any of the School Districts; this is required to demonstrate liability under this theory. If Plaintiffs intend to argue that 10 NYCRR § 66.1, or compliance with it, is the official policy that the Defendants have adopted, Plaintiffs would still fail to state a claim. In order for a municipality to be liable under *Monell*, there must have been a "conscious choice" in adopting the policy at issue. *See Vives v City of New York*, 524 F.3d 346,

15

353-54 (2d. Cir. 2008). When "state laws mandat[e] enforcement[,] . . . a municipality's decision to honor this obligation is not a conscious *choice.*" *Id.* at 353 (emphasis in original). "As a result, the municipality cannot be liable under *Monell* in this circumstance." *Id.* The School Districts are required to follow Public Health Law § 2164(7) and 10 NYCRR § 66-1. *See* Public Health Law § 2164(7)(a) ("No principal, teacher, owner or person in charge of a school shall permit . . . .); 10 NYCRR § 66-1.3 ("A principal or person in charge of a school shall not admit . . . ."); 10 NYCRR § 66-1.1 (defining terms "[a]s used in this subpart, unless the context otherwise requires" including "[m]ay be detrimental to the child's health") (emphasis removed); Public Health Law § 12(a). Thus, Defendants cannot be held municipally liable for following a mandatory law.

Plaintiffs likewise make insufficient allegations under the second theory of municipal liability for "longstanding practice or custom.*" See Hurdle*, 113 Fed.Appx. at 424-425 (internal quotation marks and citations omitted). "[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee." *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) (citation omitted). Here, even if Plaintiffs' allegations are all true, Plaintiffs only make allegations regarding one medical exemption claim for each of the School Districts. *See* Compl. This is insufficient to establish a custom as required by *Monell* and thus Plaintiffs do not state a claim under this theory.

The third theory, involving "a district employee . . . acting as a final policymaker," *see Hurdle*, 113 Fed.Appx. at 424-425 (internal quotation marks and citations omitted), also fails due to insufficient allegations. Plaintiffs do not make sufficient, if any, allegations that any of the School Districts had "authority to make *final* policy," *see City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) (citation omitted) (emphasis in original), regarding Public Health Law § 2164 or 10 NYCRR § 66.1 or their application in the schools. Though a final decisionmaker is not

16

necessarily a final policymaker, *see Hurdle*, 113 Fed.Appx. at 426 (citations omitted), Plaintiffs concede that School Districts' officials are not even final decisionmakers regarding medical exemptions when they acknowledge that the decisions can be appealed. *See* Compl. at ¶ 109. They also put forth no allegations regarding where "the applicable [state] law purports to put [municipal policymaking authority]," *see City of St. Louis*, 485 U.S. at 126, much less that it puts it with the School Districts.  This is unsurprising as the applicable law puts the authority for municipal policy regarding medical exemptions in the hands of the Commissioner of Health or the Commissioner of Education, not the School Districts or their officials. *See* Public Health Law §§ 2164(7)(a)-(b), 2164(10).

Ultimately, Plaintiffs cannot demonstrate that "an official policy of the municipality caused the constitutional injury." *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted). Thus, Plaintiffs have not met their burden to establish that Defendants are subject to municipal liability under § 1983 and Plaintiffs' Fourteenth Amendment claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Allen v. Berlin*, 132 F. Supp. 3d 297, 303–04 (N.D.N.Y. 2015) (citation omitted).

## C.  Claim Two, Violation of 14th Amendment by Burdening Liberty Interest in Parenting, Should Be Dismissed for Failure to State a Cognizable Claim

Plaintiffs' Second Claim For Relief, Violation of 14th Amendment by Burdening Liberty Interest in Parenting, should be dismissed as Plaintiffs' fail to state a claim as a matter of law. In the alternative, the claims should be dismissed as Plaintiffs fail to sufficiently allege municipal liability for the reasons discussed in Section II(B)(ii), *supra*.

"[T]he liberty of parents and guardians to direct the upbringing and education of children under their control," though recognized by the Supreme Court, *see Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary,* 268 U.S. 510, 534–35 (1925), is not absolute, *see Prince v.*

*Massachusetts,* 321 U.S. 158, 167 (1944) ("the state has a wide range of power for limiting parental freedom and authority in things affecting the child's welfare"). As discussed in the arguments in the State's Memo., Point I(B), ECF 28-1, and in the Co-Defendants' Memo., Point IV, ECF 54-14, which the School Districts adopt herein, Plaintiffs do not state a viable claim for relief for a violation of 14th Amendment by burdening liberty interest in parenting.

Here, Plaintiffs' parental rights are outweighed by society's interest in vaccination. As noted above in Section II(B)(i), the vaccine requirement is constitutional under *Jacobson* and its progeny. To the extent that Plaintiffs are challenging the School Districts' application or adherence to the regulations, as discussed in Section II(B)(ii), *infra,* the School Districts are required to follow the regulations. By doing so, the School Districts are complying with a mandatory law which, under the caselaw, does not run afoul of the liberty interest in parenting. Thus, Plaintiffs second claim fails as a matter of law and should be dismissed.

### D.  Claim Three, Violation of 14th Amendment by Burdening Liberty Interest in Informed Consent, Should Be Dismissed for Failure to State a Cognizable Claim

Plaintiffs' Third Claim For Relief, Violation of 14th Amendment by Burdening Liberty Interest in Informed Consent, should be dismissed as Plaintiffs fail to state a claim as a matter of law. In the alternative, the claims should be dismissed as Plaintiffs fail to sufficiently allege municipal liability for the reasons discussed in Section II(B)(ii), *supra*.

"[T]he common-law doctrine of informed consent is viewed as generally encompassing the right of a competent individual to refuse medical treatment." *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 277 (1990). The Supreme Court has recognized that "[t]he principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions." *Id.* at 278. However, "determining that a person has a 'liberty interest' under the Due Process Clause does not end the inquiry"

18

because these "liberty interests" must be balanced "against the relevant state interests." *Id.* at 279

(internal quotation marks and citations omitted). This is the analysis that was done in *Jacobson,*

where "the Court balanced an individual's liberty interest in declining an unwanted smallpox

vaccine against the State's interest in preventing disease." *See id* at 278 (citing *Jacobson v.*

*Massachusetts,* 197 U.S. 11, 24-30 (1905)). As noted above, the Court rejected Plaintiff's claims

in *Jacobson*. *See Jacobson,* 197 U.S. at 39. So too here, the Court should reject Plaintiffs' claim.

As conceded by Plaintiffs, the regulations at issue incorporate guidance from the Centers

for Disease Control and Prevention ("CDC"). *See* Compl. at ¶ 8; 10 NYCRR §§ 66-1.1(f)(1), 66-

1.1(l). "[T]he CDC is the type of public medical health agency to which courts should defer."

*Smith v. Potter*, 187 F. Supp. 2d 93, 97 (S.D.N.Y. 2001) (citation omitted). The Court should do

so here and find that Plaintiffs' liberty interests are not violated by the regulations, nor by the

implementation of and adherence to them by the School Districts. Even if the Court were to find

the balance to be in favor of a liberty interest, Plaintiffs have not brought a liberty interest claim.

Under Public Health Law §2805-d(1),

> Lack of informed consent means the failure of the person providing the professional
> treatment or diagnosis to disclose to the patient such alternatives thereto and the
> reasonably foreseeable risks and benefits involved as a reasonable medical, dental
> or podiatric practitioner under similar circumstances would have disclosed, in a
> manner permitting the patient to make a knowledgeable evaluation.

Public Health Law § 2805-d(1). As noted in the State's Memo., Point I(C), ECF 28-1, and in the

Co-Defendants' Memo., Point V, ECF 54-14, which the School Districts adopt herein, that is not

what happened here. Plaintiffs clearly consulted with medical professionals, who then submitted

medical exemptions to the School Districts on behalf of the students. *See, e.g.,* Compl. at ¶¶ 89-

90. Ultimately, as found in *Boone,* "'[i]nformed consent' is not implicated by the facts in this case;

this case is about 'no consent.'" 217 F. Supp. 2d 938, 957 (E.D. Ark. 2002). Thus, Plaintiffs' third

claim against the School Districts should be dismissed.

### E. Claim Four, Violation of 14th Amendment by Burdening Minors' Right to Free Public Education, Should Be Dismissed for Failure to State a Cognizable Claim

Plaintiffs' Fourth Claim For Relief, Violation of 14th Amendment by Burdening Minors'

Right to Free Public Education, should be dismissed as Plaintiffs' fail to state a claim as a matter

of law. In the alternative, the claims should be dismissed as Plaintiffs fail to sufficiently allege

municipal liability for the reasons discussed in Section II(B)(ii), *supra*.

"The Fourteenth Amendment does not protect a public education as a substantive

fundamental right." *Handberry v. Thompson,* 446 F.3d 335, 352–53 (2d Cir. 2006) (citations

omitted). However, the Second Circuit has recognized that New York's education laws,

specifically N.Y. Educ. L. § 3202(1), "appear to create a property interest in education protected

by the Fourteenth Amendment." *Id.* at 353 (citations omitted). However, this interest too must be

balanced against the State's interests. *See Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497

U.S. 261, 279 (1990). As noted above, Courts have recognized that requiring vaccinations is a

valid police power held by the state. *See, e.g., Jacobson,* 197 U.S. 11 at 24-25. Further,

"conditioning school enrollment on vaccination has long been accepted by the courts as a

permissible way for States to innoculate large numbers of young people and prevent the spread of

contagious diseases." *V.D. v. State*, 403 F. Supp. 3d 76, 87 (E.D.N.Y. 2019) (internal quotation

marks, alterations, and citation omitted). Ultimately, "New York could constitutionally require

that all children be vaccinated in order to attend public school." *Phillips v. City of New York*, 775

F.3d 538, 543 (2d Cir. 2015).

This is what has happened here. The State has exercised its police power to enact a statute

that requires children enrolled in school to be vaccinated with the exception of those who meet the

standard set forth for a medical exemption. *See* Public Health Law § 2164(8). Plaintiffs simply did not provide the School Districts with the requirements necessary to meet the standard for medical exemptions pursuant to the statute The regulations, and the School Districts' mandatory compliance with them, do not violate Plaintiffs' right to a free public education. For these reasons, and the reasons discussed in the State's Memo., Point I(D), ECF 28-1, and in the Co-Defendants' Memo., Point VI, ECF 54-14, which the School Districts adopt herein, Plaintiffs do not state a viable claim for their fourth claim of relief and it should be dismissed.

### F.  Claim Five, Violation of Rehabilitation Act of 1973, Should Be Dismissed for Failure to State a Cognizable Claim

"[T]o state a claim under section 504 of the Rehabilitation Act," Plaintiffs must demonstrate that Plaintiff  "(1) has a disability for purposes of the Act; (2) . . . was 'otherwise qualified' for a benefit that she was denied; (3) . . . was denied the benefit solely because of her disability; and (4) that the benefit is part of a program or activity that receives federal financial assistance." *See Griffin v. Doe*, 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014) (citation omitted). Plaintiffs do not sufficiently allege all four of these elements and therefore fail to state a claim.[4]

Regarding the first element, Plaintiffs assert in a conclusory manner that "Plaintiff children are all disabled as defined by the Rehabilitation Act of 1973 in that each of them suffers from a limitation in the performance of one or more major life activity." Compl. at ¶ 376. Under 29 USC § 12102(A), applicable here through 29 USC § 705(9)(B), disability means "a physical or mental impairment that substantially limits one or more major life activities of such individual."  A "major life activity" includes, among other things, "caring for oneself, . . . learning, reading, concentrating,

---

[4] For the purposes of this argument, Defendants presume, but do not concede, that the Plaintiff children are "otherwise qualified" to attend school as they have previously attended the School Districts. *See, e.g.,* Compl. at ¶ 106.

[and] thinking," as well as "the operation of a major bodily function, including but not limited to functions of the immune system. . . ." 42 USC § 12102(2)(A)-(B).

Though Plaintiffs make allegations referencing the impacts of their medical diagnoses on their daily lives and/or schooling, *see, e.g.,* Compl. at ¶¶ 86, 183, 215-220, there are no allegations specifically delineating which, if any, "major life activity" under the Rehabilitation Act is limited for each child. *See* Compl. Plaintiffs' assertions are either too vague or demonstrate that Plaintiffs are not, in fact, disabled under the Rehabilitation Act. For example, John Doe was only "expelled" once "the family did not comply" with the vaccination requirements. *See id.* at ¶¶ 101, 104-06. Prior to his alleged exclusion, he "was a member of the varsity tennis team," "an active member of several social clubs" and " on track to earn a Regents diploma." *See id.* at 106.

Similarly, Plaintiffs imply that Jane Goe has "regain[ed] and maintain[ed] a reasonable level of health" and only vaguely describe her disposition at the time of the submitted medical exemption as "a flare up of her acute autoimmune conditions." *Id.* at ¶ 186-87. The Coes are insufficiently described as being in "precarious" or "vulnerable health." *See id.* at ¶¶ 143, 147. Further, while Jane and John Koe vaguely "both suffer from serious autoimmune and other chronic health issues," "Jane Koe, Sr. has been able to mitigate some of the symptoms" and "Janey [sic] Koe . . . has no health issues." *Id.* at ¶ 223. Plaintiffs' allegations are insufficient to demonstrate that each child has a disability as defined by the Rehabilitation Act, and their claims therefore fail as to the first element. Regarding the fourth element, Plaintiffs assert in a conclusory manner that "defendants have unlawfully excluded plaintiffs' children from participation in an activity, namely schooling, which receives federal financial assistance," but provide no additional allegations to that point. *See* Compl. at ¶ 377. Thus, Plaintiffs' claims also fail as to the fourth element.

Further, Plaintiffs' claims do not, and cannot, make out the third element of a Rehabilitation Act Claim, namely that Plaintiffs are being denied the benefit of "schooling, " *see* Compl. at ¶ 377, "solely because of [their] disability." *See Griffin,* 71 F. Supp. 3d at 319 (citation omitted). As Plaintiffs concede, the students were excluded from the School Districts because they were neither vaccinated nor excused from the vaccination requirements in Public Health Law § 2164 and 10 NYCRR § 66.1 via a medical exemption. *See, e.g.,* Compl. at ¶¶ 44 ("Jane and John have been excluded from school since January 2020 after the medical exemption submitted . . . was denied . . . ."), 195 ("Many people at school . . . mentioned that they knew that [Jane Goe] was excluded because her medical exemption had been denied."). Further, to the extent that Plaintiffs are arguing that their disability precludes a vaccination, and therefore the disability is the ultimate cause of the exclusion, this argument is unpersuasive. *See D.A.B. v. New York City Dep't of Educ.*, 45 F. Supp. 3d 400, 407 (S.D.N.Y. 2014). For these reasons, and the reasons discussed in the State's Memo., Point II, ECF 28-1, and in the Co-Defendants' Memo., Point VII, ECF 54-14, which the School Districts adopt herein, Plaintiffs fifth claim for relief and should be dismissed.

## G.  Claim Six, Violation of Rehabilitation Act of 1973, Should Be Dismissed for Failure to State a Cognizable Claim

Though only the Fifth Claim for Relief refers to a specific section of the Rehabilitation Act of 1973 – section 504, *see* Compl. ¶ 377 - Defendants presume the Sixth Claim is also brought pursuant to this section. As discussed above in Section II(F), Plaintiffs fail to sufficiently allege all of the needed elements to make out a claim under the Rehabilitation Act of 1973. Additionally, to the extent that Plaintiffs are bringing a § 1983 claim under Claim Six, it should be dismissed for the reasons stated in Section II(F) and Section II(B)(ii), *supra.*  Further, any claim brought pursuant to the Equal Protection Clause, *see* Compl. at ¶ 384, should be dismissed for the same reason. For these reasons, and the reasons discussed in the State's Memo., Point II, ECF 28-1, and in the Co-

Defendants' Memo., Point VII, ECF 54-14, which the School Districts adopt herein, Plaintiffs do not state a viable claim for their sixth claim of relief and it should be dismissed.

## POINT III

## PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE THEY HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

As discussed above in Sections II(B)-(E), the constitutional challenges to the legality of regulations issued under Public Health Law § 2164 should be dismissed as a matter of law. To the extent that Plaintiffs are challenging the application of this statute and regulations thereunder, these claims must be dismissed as well because Plaintiffs have failed to exhaust the administrative remedies available to them, as discussed in the Co-Defendants' Memo., Point II, ECF 54-14 and which the School Districts adopt herein.

New York law provides two routes to appeal a school's rejection of a student's medical exemption: (i) an appeal to the Commissioner of Education in accordance with Education Law § 310, as permitted by Public Health Law § 2164(7)(b); and (ii) an Article 78 proceeding. Prior to commencing this class action, with the exception of John Doe, Plaintiffs should have used one of these avenues of appeal, or a combination of both. This is because courts in New York require individuals challenging administrative determinations to exhaust administrative remedies prior to seeking relief from a court. *See e.g., Mirenberg v. Lynbrook Union Free School Dist. Bd. of Educ.*, 63 A.D.3d 943, 943-44 (2d Dep't 2009).

Further, Education Law § 310 provides the Commissioner of Education with "broad discretion" to review a "wide range of actions." *Woods v. Roundout Valley Central School Dist. Bd. of Educ.*, 466 F.3d 232, 248 (2d Cir. 2006). The New York State Court of Appeals has recognized that the broad discretion afforded to the Commissioner of Education is "to make all matters pertaining to the general school system of the state within the authority and control of the

*Bd. of Educ.*, 466 F.3d 232, 248 (2d Cir. 2006). The New York State Court of Appeals has recognized that the broad discretion afforded to the Commissioner of Education is "to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same so far as practicable and possible from controversies in the courts." *Donohue v. Copiague Union Free School Dist.*, 47 N.Y.2d 440, 444 (1979) (quoting *Bullock v. Cooley*, 225 N.Y. 566, 576-77 (1919)). Since Public Health Law § 2164(7)(b) unarguably allows the Commissioner of Education to review the denial of a medical exemption, Plaintiffs should have appealed before seeking relief in this Court.

Additionally, Plaintiffs could have commenced an Article 78 proceeding in a New York State court against the Commissioner of Education if their appeals were denied or they could have bypassed the appeal and commenced an Article 78 proceeding against the School Districts. *See, e.g., Lynch v. Clarkstown Cent. School Dist.*, 155 Misc.2d 846, 849 (Sup. Ct. Rockland County 1992). Regardless of Plaintiffs' decision to either file an appeal with the Commissioner of Education or commence an Article 78 proceeding, they needed to utilize one of these options before bringing what effectively are New York State law claims to federal court. Accordingly, since Plaintiffs failed to do so, their Class Action Complaint must be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss in its entirety and award such other relief as the Court deems appropriate.

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____

James G. Ryan (514300)

25