UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANE DOE, on behalf of herself and her minor child; JANE BOE, Sr. on behalf of herself and her minor child; JOHN COE, Sr. and JANE COE, Sr. on behalf of themselves and their minor children; JOHN FOE, Sr. on behalf of himself and his minor child; JANE GOE, Sr. on behalf of herself and her minor child; JANE LOE on behalf of herself and her medically fragile child; JANE JOE on behalf of herself and her medically fragile child; CHILDRENS HEALTH DEFENSE, and all others similarly situated,

Civil Action No.:
1:20-CV-00840 (BKS) (CFH)

Plaintiffs,

- against -

HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York; ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health; the NEW YORK STATE DEPARTMENT OF HEALTH; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORRINE KEANE, acting in her official capacity as Principal, Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT, CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her official capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; Br. David P. Bennardo, acting in his official capacity as Superintendent, South Huntington School District; BR. DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official

capacity as Superintendent, Ithaca City School District; SUSAN ESCHBACH, acting in her official capacity as Principal, Beverly J. Martin Elementary School, Ithaca City School District; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR. L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenendehowa Central School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acing in his official capacity as Principal, Arongen Elementary School, Shenendehowa Central School District; COXSACKIE-ATHENS SCHOOL DISTRICT; RANDALL SQUIER, Superintendent, acting in his official capacity as Superintendent, Coxsackie-Athens School District; FREYA MERCER, acting in her official capacity as Principal, Coxsackie-Athens High School, Coxsackie-Athens School District; ALBANY CITY SCHOOL DISTRICT; KAWEEDA G. ADAMS, acting in her official capacity as Superintendent, Albany City School District; MICHAEL PAOLINO, acting in his official capacity as Principal, William S. Hackett Middle School, Albany City School District; and all others similarly situated,

                              Defendants.
-------------------------------------------------------------------X

# DEFENDANT BR. DAVID ANTHONY MIGLIORINO, OSF'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

                              Joseph Kim, Esq.
                              BIEDERMANN HOENIG SEMPREVIVO
                              a Professional Corporation
                              One Grand Central Place
                              60 East 42nd Street, 36th Floor
                              New York, NY 10165
                              Tel.: (646) 218-7560
                              Email: joseph.kim@lawbhs.com
                              *Attorneys for Defendant*
                              *Br. David Anthony Migliorino, OSF*

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ i-ii

Preliminary Statement ............................................................................................................... 1

Statements of Facts.................................................................................................................... 1

Standard of Review ……..………………………………....………………………………….2

Argument................................................................................................................................... 2

    I.  PLAINTIFFS HAVE FAILED TO MEET THE ELEMENTS
        REQUIRED FOR A PRELIMINARY INJUNCTION……………………………….2

        A.  Plaintiffs have failed to demonstrate a likelihood of success on the merits......3
        B.  Plaintiffs have failed to show irreparable harm……………...…….……….4
        C.  Plaintiffs have failed to show that the balance of hardships decisively tips in
            their favor…………………………………………………..……………….5
        D.  Plaintiffs have failed to demonstrate that a preliminary injunction is in the
            public interest………..……………………………………………………… 6

Conclusion.................................................................................................................................6

# TABLE OF AUTHORITIES

**<u>CASES</u>**

*Cuddle Wit, Inc. v. Chan*,
 No. 98 Civ. 7299, 1989 WL 151267 (S.D.N.Y. Dec. 1, 1989) ...................................................... 5

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
 559 F.3d 110 (2d Cir. 2009) ......................................................................................................... 2

*Grand River Enter. Six Nations, Ltd. v. Pryor*,
 481 F.3d 60 (2d Cir. 2007) ........................................................................................................... 2

*Henneberger v. County of Nassau*,
 465 F. Supp. 2d 176 (E.D.N.Y. 2006) .......................................................................................... 3

*Life Techs. Corp. v. AB Sciex Pte. Ltd.*,
 No. 11 Civ. 324, 2011 WL 1419612 (S.D.N.Y. Apr. 11, 2011) ................................................... 5

*Mirenberg v. Lynbrook Union Free Sch. Dist. Bd. of Educ.*,
 63 A.D.3d 943 (N.Y. App. Div. 2d Dep't 2009) .......................................................................... 4

*N. Am. Soccer League, LLC. v. U.S. Soccer Fed'n, Inc.*,
 883 F.3d 32 (2d Cir. 2018) ........................................................................................................... 2

*Pitts v. City of N.Y. Office of Comptroller*,
 76 A.D.3d 633 (N.Y. App. Div. 2d Dep't 2010) .......................................................................... 3

*Reckitt Benckiser, Inc. v. Motomco Ltd.*,
 760 F. Supp. 2d 446 (S.D.N.Y. 2011) .......................................................................................... 2

*Richard A. Leslie Co., Inc. Birdie, LLC*,
 No. 07 Civ. 5933, 2007 WL 4245847 (S.D.N.Y. Nov. 26, 2007) ................................................ 5

*Silber v. Barbara's Bakery, Inc.*,
 950 F. Supp. 2d 432 (E.D.N.Y. 2013) .......................................................................................... 4

*Singas Famous Pizza Brands Corp. v. New York Advertising LLC*,
 468 F. App'x 43 (2d Cir. 2012) .................................................................................................... 2

*Univ. of Tex. v. Camenisch*,
 451 U.S. 390 (1981) ..................................................................................................................... 2

*Weight Watchers Int'l, Inc. v. Luigino's Inc.*,
 423 F.3d 137 (2d Cir. 2005) ...................................................................................................... 4-5

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ................................................................................................................. 2

*Zucht v. King*,
  260 U.S. 174 (1922) ............................................................................................................. 3


**STATUTES**

N.Y. C.P.L.R. Article 78 ........................................................................................................ 3, 4
N.Y. Public Health Law § 2164(7)(b) ........................................................................................ 3

## PRELIMINARY STATEMENT

The following Memorandum of Law and accompanying Declaration is respectfully submitted by Defendant Br. David Anthony Migliorino, OSF ("Br. Migliorino") in opposition to Plaintiffs' motion for a preliminary injunction, which seeks to: (1) stay the implementation and enforcement of the new regulations pertaining to the medical exemption from school immunization requirements codified in 10 NYCRR § 66-1; (2) enjoin the defendants from excluding children from school due to lack of immunization if such child has presented a certification advising against such immunization; and (3) order the defendants to provide notice to schools, districts, and families that Plaintiffs and similarly situated children may attend school and access federally protected programs. (Dkt. No. 41). As set forth by the co-defendants South Huntington Union Free School District and Dr. David P. Bennardo's opposition and motion to dismiss (Dkt. Nos. 54, 62-66), Plaintiffs are not entitled to the preliminary injunction sought because they fail to demonstrate their entitlement to injunctive relief and have not exhausted their administrative remedies. Accordingly, the Court should deny the Plaintiffs' motion as a matter of law.

## STATEMENT OF FACTS

Saint Anthony's High School ("Saint Anthony's") is a private Catholic preparatory school located in the South Huntington Union Free School District (the "School District"). Migliorino Dec. ¶ 1. Saint Anthony's was informed by the School District that John Loe was not able to obtain an exemption to the vaccination requirements. Migliorino Dec. ¶ 4. Thus, in the absence of obtaining the necessary vaccinations, John Loe could not, under the applicable laws, return to school. Migliorino Dec. ¶¶ 5-6.

**STANDARD OF REVIEW**

"The purpose of a preliminary injunction is . . . to preserve the relative positions of the parties." *N. Am. Soccer League, LLC. v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37-38 (2d Cir. 2018) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balances of hardships tips in the plaintiff's favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Singas Famous Pizza Brands Corp. v. N.Y. Advertising LLC*, 468 F. App'x 43, 45 (2d Cir. 2012) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* at 45 (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)).

**ARGUMENT**

**I.    PLAINTIFFS HAVE FAILED TO MEET THE ELEMENTS
        REQUIRED FOR A PRELIMINARY INJUNCTION**

"The party seeking the injunction carries the burden of persuasion to demonstrate, 'by a clear showing,' that the necessary elements are satisfied." *Reckitt Benckiser, Inc. v. Motomco Ltd.*, 760 F. Supp. 2d 446, 452 (S.D.N.Y. 2011). Plaintiffs have failed to satisfy the elements required for a preliminary injunction, as demonstrated below. Defendant Br. Migliorino adopts and incorporates all the arguments set forth in the Opposition to Plaintiffs' motion for a preliminary

injunction (Dkt. No. 66, pp. 22-36) and Motion to Dismiss (Dkt. No. 54, pp. 9-14) submitted by Defendants South Huntington School District and Dr. David P. Bennardo.

### A. Plaintiffs have failed to demonstrate a likelihood of success on the merits.

It is within the police power of a state to provide for compulsory vaccination. *Zucht v. King*, 260 U.S. 174, 176 (1922). An ordinance excluding from the public schools or other places of education, children or other persons not having a certificate of vaccination, does not confer arbitrary power, but only the broad discretion required for the protection of public health. *Id.* at 177.

To the extent that the Plaintiff Jane Loe is challenging the application of New York state laws and regulations regarding medical exemptions for required vaccinations, these claims will not succeed on their merits as the Plaintiff has completely failed to exhaust the state administrative remedies available to her.

New York law requires individuals challenging administrative determinations to first exhaust their administrative remedies *prior* to seeking relief from a court. *See Pitts v. City of N.Y. Office of Comptroller*, 76 A.D.3d 633, 633-34 (N.Y. App. Div. 2d Dep't 2010) ("[O]ne who objects to an act of an administrative agency must first exhaust available administrative remedies before being permitted to litigate in a court of law." (internal quotation marks and citations omitted)); *Henneberger v. County of Nassau*, 465 F. Supp. 2d 176, 197 (E.D.N.Y. 2006) (the New York administrative exhaustion requirement applies to state law claims in federal court). Under New York law, a school district's rejection of a medical exemption to vaccination may be challenged by: (i) an appeal by petition to the Commissioner of Education pursuant to Public Health Law § 2164(7)(b); and (ii) a proceeding under N.Y. C.P.L.R. Article 78. Plaintiff Jane Loe did neither in this instance.

While the exhaustion rule need not be applied in instances where the administrative agency's action is being challenged as unconstitutional, "the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief." *Mirenberg v. Lynbrook Union Free Sch. Dist. Bd. of Educ.*, 63 A.D.3d 943, 943-44 (N.Y. App. Div. 2d Dep't 2009) (internal quotation marks and citations omitted). The relief requested by Plaintiff Jane Loe – that her child be permitted to attend school upon presenting certification of a licensed physician advising against vaccination – could clearly be addressed by one of these avenues.

Thus, in order to satisfy the exhaustion of remedies requirement, Plaintiff Jane Loe, was obligated to either: (i) appeal to the Commissioner of Education, and then initiate an Article 78 proceeding if a favorable decision was not rendered; or (ii) commence an Article 78 proceeding in the first instance. As she has not made any effort to avail herself of the state law remedies available to her, Plaintiff Jane Loe is unlikely to succeed on the merits of her claims. Defendant Br. Migliorino further adopts and incorporates the arguments set forth in the Motion to Dismiss of Defendants South Huntington Union Free School District and Dr. David P. Bennardo (Dkt. No. 54, pp. 9-14).

**B.  Plaintiffs have failed to show irreparable harm.**

"District Courts should generally consider delay in determining whether to grant a preliminary injunction." *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013) (citing cases). "While delay does not always undermine an alleged need for preliminary relief, months-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency accompanying a motion for preliminary relief." *Id.* at 439 (citations omitted). *See Weight Watchers Int'l, Inc. v. Luigino's Inc.*, 423 F.3d

4

137, 144 (2d Cir. 2005) ("delays of as little as ten weeks" have been found "sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction"); *Life Techs. Corp. v. AB Sciex Pte. Ltd*, No. 11 Civ. 324, 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) (Holwell, J.) ("[C]ourts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.") (internal quotation marks and citations omitted)); *Richard A. Leslie Co., Inc. Birdie, LLC*, No. 07 Civ. 5933, 2007 WL 4245847, at *2 (S.D.N.Y. Nov. 26, 2007) (Kaplan, J.) (finding three-month delay between the time Plaintiff filed suit and the time Plaintiff moved for a preliminary injunction to be "sufficiently long, in and of itself, to warrant denial of preliminary relief"); *Cuddle Wit, Inc. v. Chan*, No. 98 Civ. 7299, 1989 WL 151267, at *2 (S.D.N.Y. Dec. 1, 1989) (Keenan, J.) (six-month delay in seeking injunctive relief "dissipates [plaintiff's] assertion of irreparable harm").

Jane Loe was informed on January 7, 2020 that the "school district doctor denied the exemptions and [she] received written notice that John was officially stricken from the rolls . . . ." Jane Loe Dec. ¶ 22. Plaintiffs did not commence this action until July 23, 2020 (Dkt. No. 1) and did not file the instant motion until August 15, 2020 (Dkt. No. 41). Thus, more than half a year lapsed before Jane Loe took any action with regard to her son's schooling at St. Anthony's. This significant delay of *more than six months* necessarily precludes a finding that Jane Loe or her son John Loe suffered from irreparable harm.

      **C.**     **<u>Plaintiffs have failed to show that the balance of hardships tips in their favor.</u>**

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Opposition to Plaintiffs' motion for a preliminary injunction. (Dkt. No. 66, pp. 34-36).

**D.    Plaintiffs have failed to demonstrate that an injunction is in the public interest.**

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Opposition to Plaintiffs' motion for a preliminary injunction.  (Dkt. No. 66, p. 36).

## CONCLUSION

For the reasons set forth above, Defendant Br. David Anthony Migliorino, OSF respectfully requests that the Court deny Plaintiffs' motion for a preliminary injunction in its entirety and grant such other and further relief that this Court deems just and proper.

Dated: New York, New York
September 28, 2020

By:_____*/s/ Joseph Kim*_____
JOSEPH KIM