UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE on behalf of herself and her minor child; JANE BOE, Sr. on behalf of herself and her minor child; JOHN COE, Sr. and JANE COE, Sr. on behalf of themselves and their minor children; JOHN FOE, Sr. on behalf of himself and his minor child; JANE GOE, Sr. on behalf of herself and her minor child; JANE LOE on behalf of herself and her medically fragile child; JANE JOE on behalf of herself and her medically fragile child; CHILDRENS HEALTH DEFENSE, and all others similarly situated,<br><br>                                      Plaintiffs,<br><br>      -against-<br><br>HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York; ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health; the NEW YORK STATE DEPARTMENT OF HEALTH; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORINNE KEANE, acting in her official capacity as Principal Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT; CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her official capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; DR. DAVID P. BENNARDO, acting in his official capacity as Superintendent, South Huntington School District; BR. DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington | Docket No.    20-CV-0840 (BKS) (CFH) |

School District; ITHACA CITY SCHOOL DISTRICT; DR.
LUVELLE BROWN, acting in his official capacity as
Superintendent, Ithaca City School District; SUSAN
ESCHBACH, acting in her official capacity as Principal,
Beverly J. Martin Elementary School, Ithaca City School
Distrcit; SHENENDEHOWA CENTRAL SCHOOL
DISTRICT; DR L. OLIVER ROBINSON, acting in his
official capacity as Superintendent, Shenedehowa Central
School District; SEAN GNAT, acting in his official capacity
as Principal, Koda Middle School, Shenendehowa Central
School District; ANDREW HILLS, acting in his official
capacity as Principal, Arongen Elementary School,
Shenendehowa Central School District; COXSACKIE-
ATHENS SCHOOL DISTRICT; RANDALL SQUIER,
Superintendent, acting in his official capacity as
Superintendent, Coxsackie-Athens School District; FREYA
MERCER, acting in her official capacity as Principal,
Coxsackie Athens High School, Coxsackie-Athens School
District; ALBANY CITY SCHOOL DISTRICT;
KAWEEDA G. ADAMS, acting in her official capacity as
Superintendent, Albany City School District; MICHAEL
PAOLINO, acting in his official capacity as Principal,
William S. Hackett Middle School, Albany City School
District; and all others similarly situated,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**SOKOLOFF STERN LLP**
ADAM I. KLEINBERG
CHELSEA WEISBORD
*Attorneys for Defendants*
*South Huntington Union Free School District*
*s/h/a South Huntington School District,*
*David P. Bennardo, Three Village Central*
*School District, Cheryl Pedisich, Corinne*
*Keane, Ithaca City School District, Dr.*
*Luvelle Brown, Susan Eschbach, Albany City*

*School District, Kaweeda G. Adams, and*
*Michael Paolino*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500

-and-

**JOHNSON & LAWS, LLC**
GREGG T. JOHNSON
APRIL LAWS
LORAINE JELINEK
646 Plank Road, Suite 205
Clifton Park, NY 12065
(518) 490-6428

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ................................................................................................................... 1

POINT I
THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.............. 1

POINT II .........................................................................................................................
THE COURT SHOULD DISMISS ALL OF PLAINTIFFS' SECTION 1983
CONSTITUTIONAL CLAIMS AS A MATTER OF LAW ................................................ 3

POINT III
THE COURT SHOULD DISMISS PLAINTIFFS' SECTION 504 CLAIM............................... 6

POINT IV
CHD LACKS STANDING TO STATE A CLAIM ........................................................ 8

POINT V
THE COURT SHOULD SEVER ANY REMAINING
CLAIMS AGAINST THE MOVING DEFENDANTS ........................................................ 8

POINT VI
THE COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK
FOR ANY REMAINING CLAIMS AGAINST THREE VILLAGE AND SOUTH HUNTINGTON............... 9

POINT VII
PLAINTIFFS FAILS TO EXHAUST ADMINISTRATIVE REMEDIES.................................. 10

# TABLE OF AUTHORITIES

C<small>ASES</small>

*Abekassis v. New York City, New York,*
  2020 WL 4570594 (S.D.N.Y. Aug. 7, 2020) ................................................................ 8

*Alleyne v. New York State Educ. Dep't,*
  691 F. Supp. 2d 322 (N.D.N.Y. 2010) ................................................................... 3, 4

*Ameur v. Gates,*
  759 F.3d 317 (4th Cir. 2014) ................................................................................. 6

*Ayotte v. Planned Parenthood of N. New England,*
  546 U.S. 320 (2006) ............................................................................................. 9

*B.C. v. Mount Vernon Sch. Dist.,*
  837 F.3d 152 (2d Cir. 2016) ................................................................................. 7

*Back v. Hastings On Hudson Union Free Sch. Dist.,*
  365 F.3d 107 (2d Cir. 2004) ................................................................................. 2

*Baur v. Veneman,*
  352 F.3d 625 (2d Cir. 2003) ................................................................................. 8

*Bazadier v. McAlary,*
  2010 WL 11507356 (N.D.N.Y. Nov. 9, 2010) ..................................................... 5

*Bryant v. New York State Educ. Dep't,*
  692 F.3d 202 (2d Cir. 2012) ................................................................................. 3

*Carter v. City of Syracuse Sch. Dist.,*
  2020 WL 529884 (N.D.N.Y. Feb. 3, 2020) ......................................................... 2

*Cresci v. Mohawk Valley Cmty. Coll.,*
  2018 WL 1272504 (N.D.N.Y. Mar. 12, 2018) ..................................................... 1

*Dahnke–Walker Milling Co. v. Bondurant,*
  257 U.S. 282 (1921) ............................................................................................. 9

*Day v. MTA New York City Transit Auth.,*
  2019 WL 1437616 (S.D.N.Y. Mar. 31, 2019) ..................................................... 4

*Edwards v. Annucci,*
  2019 WL 3213523 (N.D.N.Y. July 17, 2019) ...................................................... 2

*Farid v. Ellen*,
   593 F.3d 233 (2d Cir. 2010) ............................................................................... 2

*Farrell v. Burke*,
   449 F.3d 470 (2d Cir. 2006) ............................................................................... 2

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................ 1

*Freedom Holdings, Inc. v. Cuomo*,
   624 F.3d 38 ......................................................................................................... 5

*Gary D. Peake Excavating Inc. v. Town Bd. of Town Hancock*,
   93 F.3d 68 (2d Cir. 1996) ................................................................................... 5

*Grant v. Abbott House*,
   2016 WL 796864 (S.D.N.Y. 2016) ..................................................................... 1

*Handberry v. Thompson*,
   446 F.3d 335 (2d Cir.2006) ................................................................................ 3

*Heller v. Doe by Doe*,
   509 U.S. 312 (1993) .................................................................................... 4, 5, 6

*Henrietta D. v. Bloomberg*,
   331 F.3d 261 (2d Cir. 2003) ............................................................................... 7

*Immediato v. Rye Neck Sch. Dist.*,
   73 F.3d 454 (2d Cir. 1996) .............................................................................. 3, 4

*Jacobson v. Commonwealth of Massachusetts*,
   197 U.S. 11 (1905) .............................................................................................. 6

*Leebaert v. Harrington*,
   332 F.3d 134 (2d Cir. 2003) ............................................................................ 3, 4

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) ............................................................................... 2

*Loeffler v. Staten Island Univ. Hosp.*,
   582 F.3d 268 (2d Cir. 2009) ............................................................................... 7

*Logan v. City of Schenectady*,
   2019 WL 3803631 (N.D.N.Y. Aug. 13, 2019) ................................................... 2

*Marino v. City Univ. of New York,*
　　18 F. Supp. 3d 320 (E.D.N.Y. 2014) ................................................................. 3

*New York State Trawlers Ass'n v. Jorling,*
　　16 F.3d 1303 (2d Cir. 1994) ............................................................................. 6

*Planned Parenthood of Se. Pennsylvania v. Casey,*
　　505 U.S. 833 (1992) .......................................................................................... 4

*Plump Eng'g, Inc. v. Westshore Design Engineers, P.C.,*
　　2018 WL 3730168, (N.D.N.Y. Aug. 6, 2018) .................................................. 1

*Prince v. Massachusetts,*
　　321 U.S. 158 (1944) .......................................................................................... 4

*Sandler v. Benden,*
　　2016 WL 9944017 (E.D.N.Y. Aug. 19, 2016) ................................................. 7

*Sedor v. Frank,*
　　42 F.3d 741 (2d Cir. 1994) ............................................................................... 7

*States v. Kelly,*
　　2020 WL 2746001 (E.D.N.Y. May 22, 2020) .................................................. 5

*United States v. Salerno,*
　　481 U.S. 739 (1987) .......................................................................................... 5

*Workman v. Mingo Cty. Bd. of Educ.,*
　　419 F. App'x 348 (4th Cir. 2011) ..................................................................... 4

*Ying Li v. City of New York,*
　　246 F. Supp. 3d 578 (E.D.N.Y. 2017) .............................................................. 2

*Yuen Jin v. Mukasey,*
　　538 F.3d 143 (2d Cir. 2008) ............................................................................. 5

*Zehner v. Trigg,*
　　133 F.3d 459 (7th Cir. 1997) ........................................................................ 6, 7

*Zucht v. King,*
　　260 U.S. 174 (1922) .......................................................................................... 6

STATUTES

29 U.S.C. § 794........................................................................................................... 7

New York Public Health Law § 2164............................................................................. 5

## PRELIMINARY STATEMENT

The moving defendants submit this Memorandum of Law in further support of their motion to dismiss the complaint. For the reasons set forth in defendants' initial motion papers, and below, the Court should dismiss the Complaint in its entirety.

## ARGUMENT

**POINT I        THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

Plaintiffs admit their official capacity claims against the individual defendants should be dismissed as duplicative of their claims against the school districts. (Pl. Opp. at p. 23.) And they also concede (by omission) that there can be no individual liability under the Rehabilitation Act. Accordingly, the Court should dismiss all claims against the individual defendants and remove their names from the caption of this action.

In an attempt to keep the individual defendants in the case, plaintiffs mention wanting to amend the complaint to assert personal capacity claims instead. Because "it is well-settled that a plaintiff may not amend a complaint through briefs filed in opposition to a motion to dismiss," any such request should be denied. *See Grant v. Abbott House*, 2016 WL 796864, at *8 (S.D.N.Y. 2016); *see also Plump Eng'g, Inc. v. Westshore Design Engineers, P.C.*, 2018 WL 3730168, at *5, n.4 (N.D.N.Y. Aug. 6, 2018) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

In any event, plaintiffs should not be permitted to amend because it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cresci v. Mohawk Valley Cmty. Coll.*, 2018 WL 1272504, at *4 (N.D.N.Y. Mar. 12, 2018) (denying plaintiff permission to amend complaint where amendment would be futile) (collecting cases). Allowing plaintiffs to assert personal capacity claims against the individual defendants would be futile because the Complaint does not allege

1

those individuals were personally involved in the alleged constitutional violations. "An individual may be held liable under § 1983 only if that individual is personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (internal quotations omitted) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.,* 365 F.3d 107, 127 (2d Cir. 2004)); *Carter v. City of Syracuse Sch. Dist.*, 2020 WL 529884, at *9 (N.D.N.Y. Feb. 3, 2020) (citation omitted); *see also Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")  (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

There are no factual allegations that the individual defendants (or the school districts for which they are employed) were involved in drafting or enacting the challenged law. Nor would any such allegations make sense.

Further, there are no allegations in the Complaint that the individual defendants made the medical determinations that plaintiffs challenge. As set forth in defendants' opposition to plaintiffs' preliminary injunction motion, the districts' medical directors and medical officers made determinations regarding plaintiffs' vaccine exemption requests. And they did so in accordance with the state law.

Although the Complaint references "Defendants" collectively throughout the Complaint, that does not satisfy the personal involvement requirement. On the contrary, "Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a [§ 1983] claim." *Edwards v. Annucci*, 2019 WL 3213523, at *6 (N.D.N.Y. July 17, 2019) (quoting *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collecting cases); *see also Logan v. City of Schenectady*, 2019 WL 3803631, at *6 (N.D.N.Y. Aug. 13, 2019);  (a group pleading is insufficient to state a claim under section 1983) (citation omitted).

**POINT II      THE COURT SHOULD DISMISS ALL OF PLAINTIFFS' SECTION 1983
CONSTITUTIONAL CLAIMS AS A MATTER OF LAW**

The Complaint alleges defendants violated plaintiffs' substantive due process rights by
burdening their parental rights, their right to informed consent, and their right to a free and
appropriate public education. Defendants' initial moving papers set forth the many reasons why
the Court should dismiss these claims. (Docket Entry No. 54, Memo of Law at pp. 14-21.)
Plaintiffs' opposition does not change this analysis.

Rather than actually respond to defendants' arguments, plaintiffs hang their hat on the
theory that their § 1983 claims are subject to (and cannot pass) strict scrutiny. This argument
should die on the vine as strict scrutiny does not apply to this case. In assessing whether a
governmental regulation impinges on a substantive due process right, the first step is to determine
whether the asserted right is fundamental. *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir.
2003) (*citing Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 460-61 (2d Cir. 1996). "Rights are
fundamental when they are implicit in the concept of ordered liberty, or deeply rooted in the
Nation's history and tradition." *Id.* Strict scrutiny applies to the challenged governmental
regulation only when the right infringed is "fundamental." *Id.* (*citing Immediato*, 73 F.3d at 460).
But where the claimed right is not fundamental, rational basis review applies. *See Alleyne v. New
York State Educ. Dep't*, 691 F. Supp. 2d 322, 336 (N.D.N.Y. 2010).

None of the rights identified in the Complaint trigger strict scrutiny. It is well-settled "[t]he
right to public education is not fundamental." *Id.* (collecting cases) (*citing Handberry v.
Thompson,* 446 F.3d 335, 352–53 (2d Cir.2006)); *Marino v. City Univ. of New York*, 18 F. Supp.
3d 320, 339 (E.D.N.Y. 2014) ("The right to public education is not fundamental; accordingly, there
is no substantive due process right to public education.") (internal quotations omitted) (quoting
*Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012)). There is also no

fundamental right for a parent "to refuse to have her child immunized before attending public or private school where immunization is a precondition to attending school." *Workman v. Mingo Cty. Bd. of Educ.*, 419 F. App'x 348, 355 (4th Cir. 2011) (collecting cases); *see also Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944) (holding parents' rights in raising their children "do[] not include liberty to expose the community or the child to communicable disease"). There is also no existing case law to support plaintiffs' fantastical proposition that they have a fundamental right to informed consent and medical exemptions in the context of compulsory vaccination requirements, and plaintiffs do not cite to any. While plaintiffs cite to decisions on abortion issues, the holdings in those cases do not apply here for a very obvious reason: this is not an abortion case. Those cases applied strict scrutiny because it is black letter law that the right to abortion is "fundamental" under the Due Process Clause of the Fourteenth Amendment, *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 953 (1992). While the abortion may be a fundamental right, the rights identified in the Compliant are not.

Because plaintiffs have failed to identify a fundamental right, their substantive due process claims (First through Fourth Causes of Action) are subject to rational basis review. *See Alleyne*, 691 F. Supp. 2d at 336. Under the rational basis review standard, the challenged governmental regulation is afforded a strong presumption of validity and need only be reasonably related to a legitimate state objective to survive constitutional review. *Id.*; *Leebaert*, 332 F.3d at 140 (*citing Immediato*, 73 F.3d at 461); *see also Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity.") (collecting cases); *Day v. MTA New York City Transit Auth.*, 2019 WL 1437616, at *8 (S.D.N.Y. Mar. 31, 2019) ("Rational basis review is highly deferential to the government, whose actions are considered presumptively rational and must be upheld if

4

there is any reasonably conceivable state of facts that could provide a rational basis for the classification.") (internal quotations omitted) (quoting *Yuen Jin v. Mukasey*, 538 F.3d 143, 158 (2d Cir. 2008)).

"[C]ourts are compelled under rational-basis review to accept a State's generalizations even when there is an imperfect fit between means and ends." *Bazadier v. McAlary*, 2010 WL 11507356, at *4 (N.D.N.Y. Nov. 9, 2010) (citation omitted) (quoting *Heller*, 509 U.S. at 321), *aff'd*, 464 F. App'x 11 (2d Cir. 2012)). "A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." *Id.* A governmental regulation fails under rational basis review only when it "rests on grounds wholly irrelevant to the achievement of the State's objective." *Heller*, 509 U.S. at 319 (collecting cases); *Bazadier*, 2010 WL 11507356, at *4 (citation omitted).

Here, the moving defendants' determinations regarding plaintiffs' medical exemption requests survive rational basis review.[1] The Legislature enacted New York Public Health Law § 2164(8) to further prevent or minimize the spread of disease and protect the public health. *See* Public Health Law § 206(l); Public Health Law § 2164(10). It is well-settled that public health is a legitimate state interest. *See United States v. Kelly*, 2020 WL 2746001, at *7 (E.D.N.Y. May 22, 2020) (*citing Gary D. Peake Excavating Inc. v. Town Bd. of Town Hancock*, 93 F.3d 68, 76 (2d Cir. 1996) ("Legislation pertaining to public health and safety consistently has been recognized as an important local interest."); *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 45, n. 8 (2d Cir.

---

[1] Plaintiffs also challenge the law in general. The Court should dismiss this facial challenge as to the school district defendants because it is undisputed that they were not involved in drafting or enacting the challenged law. Regardless, plaintiffs' facial challenge cannot survive a motion to dismiss. "[A] defendant lodging a facial challenge to a law that does not implicate the First Amendment must establish "that no set of circumstances exists under which the [law] would be valid." *States v. Kelly*, 2020 WL 2746001, at *5 (E.D.N.Y. May 22, 2020) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Courts have described this as "the most difficult challenge to mount successfully." *Id.* This is because "the fact that the law might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* Plaintiffs simply do not—and cannot—meet this rigorous standard.

2010) (holding "promoting public health' is a legitimate state interest); *New York State Trawlers Ass'n v. Jorling*, 16 F.3d 1303, 1311 (2d Cir. 1994) (holding legitimate state interests include "the public health, safety, morals, or general welfare"). And these legitimate state interests fall well within the State's police powers. *See Zucht v. King*, 260 U.S. 174, 176 (1922)*; Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (1905). The moving defendants' conduct survives rational basis review because their actions were reasonably related to the above-mentioned legitimate state interests. The school districts denied plaintiffs' medical exemption requests as required by state law, and they did so with the same purpose behind the legislation: to prevent or minimize the spread of disease and protect the public health of students and the public at large. Because plaintiffs cannot show the moving defendants' actions were "wholly irrelevant to the achievement of the State's objective," their substantive due process claims survive rational basis review and therefore should be dismissed as a matter of law. *Heller*, 509 U.S. at 319 (collecting cases).

Plaintiffs claim the challenged law is not narrowly tailored to the State's need to protect students from contagious disease, but this is irrelevant. Although the "narrowly tailored" requirement applies to strict scrutiny, it does not apply to rational basis review. *See Ameur v. Gates*, 759 F.3d 317, 329 (4th Cir. 2014) ("[U]nder rational basis review, however, the classification need not be the most narrowly tailored means available to achieve the desired end.") (quoting *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997)).

## POINT III    THE COURT SHOULD DISMISS PLAINTIFFS' SECTION 504 CLAIM

As argued in defendants' initial motion to dismiss, plaintiffs' Section 504 claim must fail because plaintiffs cannot show the school district defendants acted solely by reason of any disabilities. (Dkt. No. 54-14 at p. 21.)

Plaintiffs oddly claim this requirement, i.e., that a decision is based solely on a disability, only applies in the employment context. Plaintiffs do not cite to a single case that supports this proposition, probably because they could not find one.

Section 504 of the Rehabilitation Act provides, in pertinent part: "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her … disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Section 504 draws no distinction between employment cases and other types of cases. *Id.*

While plaintiffs cite to the decision in *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016), that case actually contradicts their argument. There, the plaintiffs were parents who sued their school district based on allegations that their children were discriminated against based on their disabilities in violation of Section 504 and the Americans with Disabilities Act. *Id.* Notably, the court held Section 504 prohibits a qualified individual with a disability from being discriminated against "solely by reason of her or his disability." *Id.* (quoting 29 U.S.C. § 794(a)).

Plaintiffs' attempt to rewrite Section 504 and its requisite elements borders on frivolous. It is black letter law that plaintiffs must show that the defendant school districts' actions were motivated solely by plaintiffs' disabilities. *See* 29 U.S.C. § 794(a)*; Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *Sandler v. Benden*, 2016 WL 9944017, at *17 (E.D.N.Y. Aug. 19, 2016), *aff'd*, 715 F. App'x 40 (2d Cir. 2017). And it is also black letter law that a Section 504 claim fails as a matter of law where a decisionmaker shows the decision was motivated at least in part by a factor other than disability. *See Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir. 1994); *Sandler*, 2016 WL 9944017, at *18.

Here, the Complaint contains no specific factual allegations suggesting the school district defendants' determinations regarding plaintiffs' medical exemption requests were partially motivated on their alleged disabilities, much less solely based on them. On the contrary, the allegations in the Complaint are consistent with defendants' assertion that the plaintiffs were excluded from school because they refused to comply with mandatory vaccine laws and did not qualify for a medical exemption, not because of their particular disabilities.

As for plaintiffs' assertion that the language in the challenged law discriminates against plaintiffs based on their disabilities, there are no specific factual allegations in the Complaint supporting that far-fetched theory either. And even if there were, the school districts played no part in drafting or enacting the challenged law, as set forth above.

## POINT IV       CHD LACKS STANDING TO STATE A CLAIM

For the reasons set forth in defendants initial moving papers (Dkt. No. 54-14 at p. 22) and the State defendants' motion to dismiss (Dkt. No. 28-1 at pp. 19-23), the Court should dismiss all of CHD's claims due to lack of standing. Plaintiffs conclusory allegations in the Complaint, and even in their opposition papers, do not satisfy the "injury in fact requirement" for standing and thus cannot survive a motion to dismiss. *See Abekassis v. New York City, New York*, 2020 WL 4570594, at *5 (S.D.N.Y. Aug. 7, 2020) ("[A] plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing.") (quoting *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003)).

## POINT V       THE COURT SHOULD SEVER ANY REMAINING CLAIMS AGAINST THE MOVING DEFENDANTS

As argued in defendants' moving papers, the Court should sever any remaining claims against the moving defendants. (Dkt. No. 54-14 at pp. 22-23.) In their opposition, plaintiffs claim the "challenged policies … are common to all cases," and that their challenge of those common

policies "overrides all individual circumstances. (Pl. Opp. at p. 23.) This proposition makes no sense. Part of this case involves a facial challenge to the law enacted by the Legislature—the common challenged policies that plaintiffs speak of. This facial challenge is not asserted against the moving defendants; it is undisputed the Legislature drafted and enacted the challenged law, not the school districts that are required to implement that law. Facial challenges and as applied claims are two distinct claims; plaintiffs cannot simply blend them together to avoid severance. Even if there is some commonality with respect to the facial challenge portion of the case, that commonality does not extend to plaintiffs' "as applied" claims against the named school districts. Plaintiffs' own allegations confirm this. Throughout the Complaint each plaintiff tells their own story, and each of those stories involves a unique set of circumstances. (Ex. A, ¶¶ 33-261.) As a result, each plaintiff's claim against their own school district involves distinct questions of fact as well as different witnesses and documentary proof. Because the circumstances surrounding each plaintiff and respective school district are different, they can yield different outcomes on the issue of constitutionality.  In fact, "[i]t is axiomatic that a statute may be invalid as applied to one state of facts and yet valid as applied to another." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006) (internal quotations omitted) (quoting *Dahnke–Walker Milling Co. v. Bondurant,* 257 U.S. 282, 289 (1921)). Accordingly, severance is proper.

**POINT VI     THE COURT SHOULD TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK FOR ANY REMAINING CLAIMS AGAINST THREE VILLAGE AND SOUTH HUNTINGTON**

Plaintiffs' response to defendants' venue argument (Dkt. No. 54-14 at pp. 23-25), is limited to a single sentence: "Venue is proper as the state Defendants are properly sued in the Northern District, and many individual Plaintiffs reside in the Northern District of New York." (Pl. Opp. at p. 24.) This might as well be a concession that transferring venue is proper for Three Village and

South Huntington. Even if venue is proper as to the State defendants, that has nothing to do with Three Village and South Huntington which are independent legal entities located in Suffolk County. And even if many individual plaintiffs reside in the Northern District of New York, Plaintiffs Jane Boe and Jane Loe do not. There can be no doubt that transfer of venue to the Eastern District is warranted as these school districts have their principal place of business in the Eastern District, and the plaintiffs, individual defendants, and any witnesses all reside within that District. With no connection, material or otherwise, between the operative facts and the Northern District, this Court should transfer venue to the Eastern District with respect to any remaining claims against Three Village and South Huntington and their respective school officials.

## POINT VII   PLAINTIFFS FAILS TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiffs seek to disguise their claims as § 1983 constitutional claims in order to dodge the exhaustion requirement. In essence, their claims against the moving defendants are nothing more than challenges to the determinations regarding their medical exemption requests. Plaintiffs must exhaust certain administrative remedies before challenging school determinations in federal court. (Dkt. No. 54-14 at pp. 9-14.) They have not. Therefore, plaintiffs' claim should be dismissed.

Dated:  Carle Place, NY
        October 2, 2020                              SOKOLOFF STERN LLP
                                                     *Attorneys for the Moving Defendants*


                                                     _____
                                             By:     Adam I. Kleinberg
                                                     Chelsea Weisbord

                                                     -and-

                                                     JOHNSON & LAWS, LLC
                                             By:     ___/s/_____
                                                     Gregg T. Johnson
                                                     April Laws
                                                     Loraine Jelinek