UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE DOE, on behalf of herself and her minor child;
JANE BOE, Sr. on behalf of herself and her minor child;
JOHN COE, Sr. and JANE COE, Sr. on behalf of
themselves and their minor children; JOHN FOE, Sr. on
behalf of himself and his minor child; JANE GOE, Sr. on
behalf of herself and her minor child; JANE LOE on behalf
of herself and her medically fragile child; JANE JOE on
behalf of herself and her medically fragile child;
CHILDRENS HEALTH DEFENSE, and all others
similarly situated,

                              Plaintiffs,


                          - against -


HOWARD ZUCKER, in his official capacity as
Commissioner of Health for the State of New York;
ELIZABETH RAUSCH-PHUNG, M.D., in her official
capacity as Director of the Bureau of Immunizations at the
New York State Department of Health; the NEW YORK
STATE DEPARTMENT OF HEALTH; THREE
VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL
PEDISICH, acting in her official capacity as
Superintendent, Three Village Central School District;
CORRINE KEANE, acting in her official capacity as
Principal, Paul J. Gelinas Jr. High School, Three Village
Central School District; LANSING CENTRAL SCHOOL
DISTRICT, CHRIS PETTOGRASSO, acting in her
official capacity as Superintendent, Lansing Central
School District; CHRISTINE REBERA, acting in her
official capacity as Principal, Lansing Middle School,
Lansing Central School District; LORRI WHITEMAN,
acting in her official capacity as Principal, Lansing
Elementary School, Lansing Central School District;
PENFIELD CENTRAL SCHOOL DISTRICT; DR.
THOMAS PUTNAM, acting in his official capacity as
Superintendent, Penfield Central School District; SOUTH
HUNTINGTON SCHOOL DISTRICT; Br. David P.
Bennardo, acting in his official capacity as
Superintendent, South Huntington School District; BR.
DAVID MIGLIORINO, acting in his official capacity as
Principal, St. Anthony's High School, South Huntington

Civil Action No.:
1:20-CV-00840 (BKS) (CFH)

School District; ITHACA CITY SCHOOL DISTRICT;
DR. LUVELLE BROWN, acting in his official capacity
as Superintendent, Ithaca City School District; SUSAN
ESCHBACH, acting in her official capacity as Principal,
Beverly J. Martin Elementary School, Ithaca City School
District; SHENENDEHOWA CENTRAL SCHOOL
DISTRICT; DR. L. OLIVER ROBINSON, acting in his
official capacity as Superintendent, Shenendehowa Central
School District; SEAN GNAT, acting in his official
capacity as Principal, Koda Middle School,
Shenendehowa Central School District; ANDREW
HILLS, acing in his official capacity as Principal, Arongen
Elementary School, Shenendehowa Central School
District; COXSACKIE-ATHENS SCHOOL DISTRICT;
RANDALL SQUIER, Superintendent, acting in his
official capacity as Superintendent, Coxsackie-Athens
School District; FREYA MERCER, acting in her official
capacity as Principal, Coxsackie-Athens High School,
Coxsackie-Athens School District; ALBANY CITY
SCHOOL DISTRICT; KAWEEDA G. ADAMS, acting in
her official capacity as Superintendent, Albany City
School District; MICHAEL PAOLINO, acting in his
official capacity as Principal, William S. Hackett Middle
School, Albany City School District; and all others
similarly situated,

Defendants.

----------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BR. DAVID MIGLIORINO'S MOTION TO DISMISS

BIEDERMANN HOENIG SEMPREVIVO
a Professional Corporation

Elaine Chou (702176)
Meishin Riccardulli (702177)

*Attorneys for Defendant*
*Br. David Anthony Migliorino, OSF*

60 East 42nd Street, 36TH Floor
New York, NY 10165
(646) 218-7560

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ i-iv

Preliminary Statement ................................................................................................ 1

Statements of Facts ................................................................................................ 1

Standard of Review ................................................................................................ 1

Argument ................................................................................................ 2

   I.  BR. DAVID MIGLIORINO IS NOT A STATE ACTOR ................................................ 2

   II.  PLAINTIFF FAILED TO EXHAUST AVAILABLE ADMINSTRATIVE
      REMEDIES ................................................................................................ 5

   III.  PLAINTIFFS CLAIMS SHOULD BE DISMISMISSED PURSUANT TO FED. R.
       CIV. P. 12(b)(6)……………………………………………….. ……………………… 6

      A. Claim One (Violation of Substantive Due Process Rights) should be
         dismissed for failure to state a cognizable claim ................................................ 6
      B. Claim Two (Violation of 14th Amendment by Burdening Liberty Interest in
         Parenting) should be dismissed for failure to state a cognizable claim ............. 8
      C. Claim Three (Violation of 14th Amendment by Burdening Liberty Interest in
         Informed Consent) should be dismissed for failure to state a cognizable
         claim ................................................................................................ 9
      D. Claim Four (Violation of 14th Amendment by Burdening Minors' Rights to
         Free Public Education) should be dismissed for failure to state a cognizable
         claim ................................................................................................ 10
      E. Claims Five and Six (Violation of Rehabilitation Act of 1973) should be
         dismissed for failure to state a cognizable claim ............................................. 11

   IV.  THE CHILDREN'S HEALTH DEFENSE LACKS STANDING TO STATE A
       CLAIM ................................................................................................ 12

   V.  ANY REMAINING CLAIMS AGAINST BR. MIGLIORINO SHOULD BE
       SEVERED AND VENUE TRANSFERRED TO THE EASTERN DISTRICT OF NEW
       YORK ................................................................................................ 13
      A. Severance is Proper ................................................................................ 13
      B. Transfer of Venue is Proper ................................................................... 14

Conclusion ................................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*Amato v. City of Saratoga Springs, N.Y.,*
    70 F.3d 311 (2d Cir. 1999) ......................................................................................... 13

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................... 2

*Bano v. Union Carbide Corp.,*
    361 F.3d 696 (2d Cir. 2004) ....................................................................................... 12

*Caviezel v. Great Neck Pub. Sch.,*
    500 F. App'x 16 (2d Cir. 2012) .................................................................................... 7

*Cooper v. U.S. Postal Serv.,*
    577 F.3d 479 (2d Cir. 2009) ........................................................................................ 3

*Cox v. Warwick Valley Cent. Sch. Dist.,*
    654 F.3d 267 (2d Cir. 2011) ........................................................................................ 8

*Cranley v. Nat'l Life Ins. Co. of Vt.,*
    318 F.3d 105 (2d Cir. 2003) ........................................................................................ 3

*Cruzan v. Dir., Mo. Dep't of Health,*
    497 U.S. 261 (1990) ................................................................................................... 9

*D.A.B. v. N.Y.C. Dept. of Educ.,*
    45 F. Supp.3d 400 (S.D.N.Y. 2014) ........................................................................... 11

*Doe v. Cornell University,*
    70 N.Y.S.3d 750 (N.Y. Sup. Ct., Tompkins Cty. 2017) ............................................... 3

*Doe v. Syracuse Univ.,*
    440 F. Supp.3d 158 (N.D.N.Y 2020) ....................................................................... 4, 5

*Griffin v. Doe,*
    71 F. Supp.3d 306 (N.D.N.Y. 2014) .......................................................................... 11

*Halebian v. Berv,*
    644 F.3d 122 (2d Cir. 2011) ........................................................................................ 2

*Henneberger v. County of Nassau,*
    465 F. Supp. 2d 176 (E.D.N.Y. 2006) ......................................................................... 5

*Horanzy v. Vemma Nutrition Co.,*
  87 F. Supp.3d 341 (N.D.N.Y. 2015) .................................................................... 15

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.,*
  419 F. Supp.2d 395 (S.D.N.Y. 2005) .................................................................. 15

*Jackson v. Metropolitan Edison Co.,*
  419 U.S. 345 (1974) ................................................................................................ 3

*Jacobson v. Commonwealth of Massachusetts,*
  197 U.S. 11 (1905) ......................................................................................... 6, 7, 9

*Jacobson v. Blaise,*
  69 N.Y.S.3d 419 (3d Dep't 2018) ........................................................................... 4

*Kajoshaj v. New York City Dep't of Educ.,*
  543 F. App'x 11 (2d Cir. 2013) .............................................................................. 1

*Knife Rights, Inc. v. Vance,*
  802 F.3d 377 (2d Cir. 2015) ................................................................................. 12

*Lynch v. City of N.Y.,*
  952 F.3d 67 (2d Cir. 2020) ..................................................................................... 2

*Matter of Oefelein v Msgr. Farrell Sch.,*
  77 Misc. 2d 417 (Richmond Cty. 1974) ................................................................ 3

*Mirenberg v. Lynbrook Union Free Sch. Dist. Bd. of Educ.,*
  63 A.D.3d 943 (2d Dep't 2009) ............................................................................. 5

*Mitchell v. New York University,*
  129 A.D.3d 542 (1st Dep't 2015) ........................................................................... 3

*Mogul Media, Inc. v. City of New York,*
  744 F. App'x 739 (2d Cir. 2018) ........................................................................... 2

*N.Y. State Citizens' Coal. for Children v. Velez,*
  629 F.App'x 92 (2d Cir. 2015) ............................................................................. 12

*Nnebe v. Daus,*
  644 F.3d 147 (2d Cir. 2011) ................................................................................. 12

*Oram v. SoulCycle LLC,*
  979 F.Supp.2d 498 (S.D.N.Y. 2013) .................................................................... 13

*Palin v. New York Times Co.*,
   940 F.3d 804 (2d Cir. 2019).............................................................................. 2

*Phillips v. City of N.Y.*,
   775 F.3d 538 (2d Cir. 2015)........................................................................... 6, 7

*Pitts v. City of N.Y. Office of Comptroller*,
   76 A.D.3d 633 (2d Dep't 2010) ........................................................................ 5

*Prince v. Massachusetts*,
   321 U.S. 158 (1944) ......................................................................................... 8

*Rendell-Baker v. Kohn*,
   457 U.S. 830 (1982) ......................................................................................... 3

*Rodriguez v. Winski*,
   2020 WL 1188462, at *2 (S.D.N.Y. 2020) ...................................................... 12

*Sands v. Runyon*,
   129 F.3d 114 (2d Cir. 1997)............................................................................ 11

*South Bay United Pentecostal Church v. Newsom*,
   140 S.Ct. 1613 (2020) ...................................................................................... 9

*State of N.Y. v. Hendrickson Bros.*,
   840 F.2d 1065 (2d Cir. 1988) ......................................................................... 13

*Surlock v. Delaney*,
   2016 WL 3200273, at *54 (N.D.N.Y. 2016).................................................... 13

*V.D. v. New York*,
   403 F. Supp.3d 76 (E.D.N.Y. 2019)................................................................ 10

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ....................................................................................... 14

*Ward v. Stewart*,
   133 F.Supp.3d 455 (N.D.N.Y. 2015) .............................................................. 14

*Zucht v. King*,
   260 U.S. 174 (1922) ......................................................................................... 8

**STATUTES**

28 U.S.C.A. § 1404 ................................................................................................ 13, 14

28 U.S.C.A. § 1404(a) ........................................................................................... 13, 14

42 U.S.C. §1983 ......................................................................................................... 12

Education Law Article 129-B ...................................................................................... 4

Education Law §6444(5)(b) ......................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2

Fed. R. Civ. P. 21 ...................................................................................................... 13

N.Y. C.P.L.R. Article 78 ......................................................................................... 5, 6

N.Y. Pub. Health Law § 2805-d .............................................................................. 9, 10

Public Health Law § 2164(7)(b) .................................................................................. 5

Rehabilitation Act §504 ............................................................................................. 11

## PRELIMINARY STATEMENT

The following Memorandum of Law and accompanying Declaration is respectfully submitted by Defendant Br. David Anthony Migliorino, OSF ("Br. Migliorino") in support of his motion to dismiss Plaintiffs' Complaint in its entirety. Dismissal of Plaintiffs' claims against Br. Migliriono is warranted because: (1) Br. Miglirino is not a state actor; (2) Plaintiffs have failed to exhaust available administrative remedies; and (3) on all causes of action, Plaintiffs fail to state a cognizable claim. Accordingly, the Court should deny the Plaintiffs' Complaint as a matter of law.

## STATEMENT OF FACTS

St. Anthony's High School ("St. Anthony's") is a private, Catholic college preparatory school located in the South Huntington Union Free School District (the "School District"). Migliorino Dec. ¶ 1. Br. Migliorino is the Principal of St. Anthony's. *Id.* St. Anthony's was informed by the School District that John Loe was unable to obtain an exemption to the state vaccination requirements. Migliorino Dec. ¶ 4. Thus, in the absence of obtaining the necessary vaccinations, John Loe could not, under the applicable laws, return to school. In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the Statement of Facts set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss. (Dkt. No. 54, pp. 2-6).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Kajoshaj v. New York City Dep't of Educ.,* 543 F. App'x 11, 13 (2d Cir. 2013) (internal quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Further, "[a] well-pleaded complaint will include facts that raise a right to relief above the speculative level. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) (internal quotation and citation omitted).

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is "not to give effect to a complaint's assertions of law or legal conclusions couched as factual allegations" but is "to accept well pleaded factual assertions as true" and "draw all reasonable factual inferences in favor of the plaintiff." *Lynch v. City of N.Y.*, 952 F.3d 67, 75–76 (2d Cir. 2020).  In addition to the complaint, the Court may consider "documents attached to the complaint as exhibits," "documents incorporated by reference in the complaint," "matters of which judicial notice may be taken," and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 131, n. 7 (2d Cir. 2011) (internal quotations and citations omitted). Ultimately, "[a] complaint is properly dismissed, where, as a matter of law, the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Mogul Media, Inc. v. City of New York*, 744 F. App'x 739, 740 n. 2 (2d Cir. 2018) (internal quotation and citation omitted).

## ARGUMENT

### I.    BR. MIGLIORINO IS NOT A STATE ACTOR

Plaintiffs' constitutional claims against Br. Migliorino fail as a matter of law.  It is undisputed that the provisions of the Fourteenth Amendment of the Constitution of the United States apply only to "state action".   Private institutions may act without reference to these

provisions.  *Matter of Oefelein v Msgr. Farrell Sch.*, 77 Misc. 2d 417, 418 (Richmond Cty. 1974); *see also Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) and *Mitchell v. New York University*, 129 A.D.3d 542 (1st Dep't 2015) (holding that a private university is not a state actor and university students are, consequently, not protected by the First Amendment of the U.S. Constitution).

Plaintiffs allege that Br. Migliorino "is sued in his capacity for actions and omissions he engaged in as a state actor and under color of state law."  Compl. ¶ 69.  Plaintiff fail to appreciate that Br. Migliorino is the Principal of a ***private***, Catholic college preparatory school and, thus, it is evident from his job description alone that he is not a state actor.

Under New York law, compliance with state requirements cannot be the basis for a finding of state action.  Conduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state regulation or "affected with the public interest." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 353 (1974).  The Court of Appeals has repeatedly held a "finding of state action may not be premised solely on [a] private entity's creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.,* 318 F.3d 105, 112 (2d Cir. 2003); s*ee also Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (holding that a "finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government"); *Doe v. Cornell University*, 70 N.Y.S.3d 750, 758 (N.Y. Sup. Ct., Tompkins Cty. 2017) (internal citations and quotations omitted) (holding that "[a]s a private university, the charged student is not entitled to the 'full panoply of due process rights... and [the university] need only ensure that its published rules are substantially observed.").

It is undisputed that the nurses stationed at St. Anthony's High School are employed by the school district. Migliorino Dec. ¶ 3; Geffken Aff. (Dkt. No. 64) ¶ 3.  The decision to approve or deny an application for a medical exemption from vaccination is made by the school district's Chief Medical Officer, Dr. Jack Geffken. Migliorino Dec. ¶ 4.  St. Anthony's was informed that John Loe's request for a medical exemption from the Tdap and meningitis vaccinations were denied by Dr. Geffken.  *Id.*  Br. Migliorino simply complied with the directive of the school district's physician and made no independent determinations regarding the sufficiency of John Loe's requests for medical exemption from mandatory school vaccines.  Under no circumstances could Br. Migliorino be viewed as a state actor.

*Doe v. Syracuse Univ.*, 440 F. Supp. 3d 158 (N.D.N.Y 2020), is directly on point and persuasive in the instant matter.   In *Doe v. Syracuse Univ.,* the plaintiffs argued that because defendants are obligated to follow state law, namely the Education Law Article 129-B ("Enough is Enough"), "New York State has significantly involved itself and become a meaningful participant in otherwise private conduct." *Id*. The Court held that the University, its board of trustees, and various affiliated individuals were not state actors due to university's implementation of New York's Enough is Enough law, for purposes of a male student's claim under New York's Due Process Clause, since the university was a private university. *Id.* New York courts have specifically rejected claims that private universities' adherence to state education laws, including "Enough is Enough," makes those institutions subject to New York's due process clause.  *See also Jacobson v. Blaise*, 69 N.Y.S.3d 419, 421 (3d Dep't 2018) (internal citations and quotations omitted) (holding that §6444(5)(b) of the Education Law, dealing with disciplinary proceedings, "should not be read to extend to private colleges the constitutional due process rights that apply to public colleges").

As in *Doe v Syracuse Univ.*, Br. Migliorino and St. Anthony's compliance with Dr. Geffken's denial of John Loe's application for a medical exemption does not amount to "state action". Accordingly, Plaintiffs' constitutional claims against Br. Migliorino should be dismissed in their entirety.

## II.   PLAINTIFF HAS FAILED TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES

Plaintiff Jane Loe has completely failed to exhaust the state administrative remedies available to her. New York law requires individuals challenging administrative determinations to first exhaust their administrative remedies *prior* to seeking relief from a court. *See Pitts v. City of N.Y. Office of Comptroller*, 76 A.D.3d 633, 633-34 (N.Y. App. Div. 2d Dep't 2010) (internal quotation marks and citations omitted) (holding that "one who objects to an act of an administrative agency must first exhaust available administrative remedies before being permitted to litigate in a court of law"); *Henneberger v. County of Nassau*, 465 F. Supp. 2d 176, 197 (E.D.N.Y. 2006) (holding that the New York administration exhaustion requirement applies to state law claims in federal court). Under New York law, a school district's rejection of a medical exemption to vaccination may be challenged by: (i) an appeal by petition to the Commissioner of Education pursuant to Public Health Law § 2164(7)(b); and (ii) a proceeding under N.Y. C.P.L.R. Article 78.

While the exhaustion rule need not be applied in instances where the administrative agency's action is being challenged as unconstitutional, "the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief." *Mirenberg v. Lynbrook Union Free Sch. Dist. Bd. of Educ.*, 63 A.D.3d 943 (N.Y. App. Div. 2d Dep't 2009) (internal quotations and citations omitted). The relief requested by Plaintiff Jane Loe – that her child be permitted to attend school upon

presenting certification of a licensed physician advising against vaccination – could clearly be addressed by one of these avenues.

Thus, in order to satisfy the exhaustion of remedies requirement, Plaintiff Jane Loe, was obligated to either: (i) appeal to the Commissioner of Education, and then initiate an Article 78 proceeding if a favorable decision was not rendered; or (ii) commence an Article 78 proceeding in the first instance.  Plaintiff Jane Loe did neither in this instance.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point II, pp. 9-14) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point III, pp. 24-25).

### III. PLAINTIFFS CLAIMS SHOULD BE DISMISSED PURSANT TO FED. R. CIV. P. 12 (b)(6)

#### A. Claim One (Violation of Substantive Due Process Rights) should be dismissed for failure to state a cognizable claim

As demonstrated above, Br. Migliorino is not a state actor and all of Plaintiff's constitutional claims must be dismissed as a matter of a law.  Notwithstanding the arguments set forth above, requiring vaccinations is not a violation of Plaintiff's right to substantive due process.

In *Jacobson v. Commonwealth of Massachusetts*, a plaintiff unsuccessfully challenged a compulsory vaccination requirement by claiming it violated substantive due process rights. 197 U.S. 11 (1905). "The Court rejected the claim that the individual liberty guaranteed by the Constitution overcame the State's judgment that mandatory vaccination was in the interest of the population as a whole." *Phillips v. City of N.Y.*, 775 F.3d 538, 542 (2d Cir. 2015) (*citing*

*Jacobson*, 197 U.S. at 37-38.) Determinations about the alleged harm caused by vaccines was "a determination for the legislature, not the individual objectors." *Id*.

In *Phillips*, the Second Circuit held "Plaintiffs' substantive due process challenge to the mandatory vaccination regime is therefore no more compelling than Jacobson's was more than a century ago." *Phillips*, 775 F.3d at 542; *see also Caviezel v. Great Neck Pub. Sch.*, 500 F. App'x 16, 19 (2d Cir. 2012) (holding plaintiffs "substantive due process challenge to New York's immunization requirement is defeated by *Jacobson v. Massachusetts*").

While Plaintiffs allege that the law at issue effectively empowers school principals, without medical degrees, to make unsupported decisions regarding medical exemptions (Compl. at ¶¶ 11-12), Plaintiffs also acknowledge that the school administrators in this case relied on their own district-approved medical professionals, as well as the New York State Department of Health, who came to different conclusions than the student's own physicians. Compl. ¶¶ 243-254. Br. Migliorino made no determination with respect to John Loe's request for a medical exemption and merely relied on the findings of the school district's physician. Migliorino Dec. ¶ 4. The fact that Dr. Geffken disagreed with John Loe's treating doctors does not create a substantive due process claim. Further, Br. Migliorino is not a state actor. Accordingly, Plaintiff's substantive due process claims must be dismissed.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point III, pp. 14-16) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point II.B, pp.11-13).

### B.  Claim Two (Violation of 14th Amendment by Burdening Liberty Interest in Parenting) should be dismissed for failure to state a cognizable claim

As demonstrated above, Br. Migliorino is not a state actor and all of Plaintiff's constitutional claims must be dismissed as a matter of a law.  Notwithstanding the arguments set forth above, Plaintiffs cannot state a parental right claim.

While the courts have recognized parents' fundamental liberty interest in the general upbringing of their children, including their care, custody, and management (*Cox v. Warwick Valley Cent. Sch. Dist.,* 654 F.3d 267, 275 (2d Cir. 2011) (citations omitted)), such rights are not absolute.  In *Prince v. Massachusetts*, 321 U.S. 158 (1944), the U.S. Supreme Court held "the state has a wide range of power for limiting parental freedom and authority in things affecting the child's welfare." *Id*. at 167.  Here, Plaintiffs' claim is based on a perceived fundamental right to forego vaccinating their children against deadly diseases. This is an incorrect assumption as it is well within the police power of a state to provide for compulsory vaccination. *Zucht v. King,* 260 U.S. 174 (1922).  An ordinance excluding children or other persons not having a certificate of vaccination from public schools or other places of education does not confer arbitrary power, but only the broad discretion necessary for the protection of public health.  *Id.*   Further, Br. Migliorino is not a state actor.  Accordingly, Plaintiffs' claim of a violation of their 14th Amendment rights with respect to parenting must be dismissed.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point IV, pp. 16-18) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point II.C, pp. 17-18).

### C.  Claim Three (Violation of 14th Amendment by Burdening Liberty Interest in Informed Consent) should be dismissed for failure to state a cognizable claim

As demonstrated above, Br. Migliorino is not a state actor and all of Plaintiff's constitutional claims must be dismissed as a matter of a law.  Notwithstanding the arguments set forth above, Plaintiffs cannot state an informed consent claim.

"[T]he common law doctrine of informed consent is viewed as generally encompassing the right of a competent individual to refuse medical treatment." *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 277 (1990).  In the context of vaccination, the U.S. Supreme Court has found a constitutionally protected liberty interest in refusing unwanted medical treatment. *Id*. at 278 (*citing Jacobson*, 197 U.S. at 24-30.). In *Jacobson*, the Supreme Court balanced the individual's liberty interest in refusing a mandatory smallpox vaccine against the State's interest in preventing disease.  *Id*. The Supreme Court rejected the individual's claim and found in favor of upholding the mandatory vaccination laws designed by public officials to protect the public health and welfare. *Id*.

As pointed out by Co-Defendants in their motion papers, the Supreme Court continues to cite *Jacobson's* holdings and recently reiterated that the Constitution entrusts state officials faced with a public health crisis with the responsibility of safeguarding the health and safety of their residents and "their latitude must be especially broad." *South Bay United Pentecostal Church v. Newsom*, 140 S.Ct. 1613, 1614 (2020) *(*internal quotations and citation omitted). Where those broad limits are not exceeded, they should not be subject to second-guessing by the federal courts. *Id*. (citations omitted).

There is no dispute that Plaintiffs have been informed about the vaccinations and consulted with their own medical professionals regarding same. N.Y. Pub. Health Law § 2805-d defines a lack of informed consent as:

> Lack of informed consent means the failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation.

N.Y. Pub. Health Law § 2805-d(1). Plaintiffs consulted with their own medical professionals, who in turn submitted medical exemptions to the school districts. Compl. at ¶¶ 89- 90. Further, Br. Migliorino is not a state actor. Accordingly, Plaintiffs' claim of a violation of their 14th Amendment rights with respect to informed consent must be dismissed.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point V, pp. 18-20) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point II.D, pp. 18-20).

### D.  Claim Four (Violation of 14th Amendment by Burdening Minor's Right to Free Public Education) should be dismissed for failure to state a cognizable claim

As a preliminary matter, St. Anthony's is a ***private***, not public, high school. Migliorino Dec. ¶ 1. Accordingly, John Loe's claim for an alleged violation of his 14th Amendment right to a free public education is inappropriate and inapplicable as to Br. Migliorino and must be dismissed.

Notwithstanding the arguments set forth above, the enactment of mandatory vaccination requirements is well within a state's powers to protect the health and safety of its residents. In *V.D. v. New York*, the Eastern District found that compulsory vaccination laws need not bow and cede to a student's right to a free public education. *See V.D. v. New York*, 403 F.Supp.3d 76 (E.D.N.Y. 2019).

Further, in the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point VI, pp. 20-21) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point II.E, pp. 20-21).

### E. Claims Five and Six (Violation of Rehabilitation Act of 1973) should be dismissed for failure to state a cognizable claim

In order to bring a claim under §504 of the Rehabilitation Act," Plaintiffs must demonstrate that Plaintiff "(1) has a disability for purposes of the Act; (2) . . . was 'otherwise qualified' for a benefit that she was denied; (3) . . . was denied the benefit solely because of her disability; and (4) that the benefit is part of a program or activity that receives federal financial assistance." *Griffin v. Doe*, 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014) (citations omitted). Plaintiffs do not sufficiently allege all four of these elements and therefore fail to state a claim.

John Loe is unable to demonstrate that he was denied admission to school solely because of a disability.  Further, there exists no causal connection between his alleged disability and the adverse determination on his medical exemption requests such that the disability was the only cause of the decision.  *Sands v. Runyon*, 129 F.3d 114, 2 (2d Cir. 1997).   Courts have rejected Rehabilitation Act claims where an alleged medical condition was the alleged basis for an inability to receive vaccination. *See D.A.B. v. N.Y.C. Dept. of Educ.*, 45 F.Supp.3d 400, 407 (S.D.N.Y. 2014) (generally applicable vaccination requirements intended to limit the spread of contagious diseases do not constitute discrimination under the Rehabilitation Act).   A decisionmaker need only show that the decision was motivated at least in part by a factor other than disability. *Id*.  Upon such a showing, the Rehabilitation Act claims must be dismissed. *Id*.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss (Dkt. No. 54, Point VII, p. 21) and Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point II.F, pp. 21-23, Point II.G, pp. 23-24).

## IV.   THE CHILDREN'S HEALTH DEFENSE LACKS STANDING AS TO ANY CLAIM.

Plaintiff Children's Health Defense ("CHD") lacks standing to assert any of the claims brought forth in the Complaint. In *N.Y. State Citizens' Coal. for Children v.* Velez, 629 F.App'x 92 (2d Cir. 2015), the Court held that "[t]o bring a Section 1983 suit on behalf of its members, an organization must clear two hurdles. First, it must show that the violation of its members' rights has caused the organization to suffer an injury independent of that suffered by its members. Second, it must demonstrate a close relation to the injured third parties, and a hindrance to those parties; ability to protect their own interests." *Id*. at 93 (internal citations and quotations omitted).

Here, CHD cannot assert associational standing to bring §1983 claims on behalf of its members. *Knife Rights, Inc. v. Vance,* 802 F.3d 377, 387 (2d Cir. 2015); *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011). Nor can it assert associational standing for the Rehabilitation Act claims as the relief sought would require the participation of individual members to determine whether the challenged statute and actions violated any individual's constitutional rights. *Bano v. Union Carbide Corp.*, 361 F.3d 696, 713 (2d Cir. 2004). CHD also cannot assert organizational standing as its actions were consistent with its mission and usual activities. *See Rodriguez v. Winski*, 2020 WL 1188462, at *2 (S.D.N.Y. 2020) (citations omitted). Accordingly, all of CHD's claims must be dismissed.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendant Coxsackie-Athens School District (Dkt. No. 78, Memorandum of Law, Point I.C, pp. 9-10).

## V.   ANY REMAINING CLAIMS AGAINST BR. MIGLIORINO SHOULD BE SEVERED AND VENUE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK.

To the extent any claim against Br. Migliorino withstands this motion to dismiss, such claim(s) should be severed under Fed. R. Civ. P. 21 and venue transferred to the Eastern District of New York under 28 U.S.C.A. § 1404.

### A.  Severance is proper.

Rule 21 provides, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The Court has broad discretion to sever claims under Rule 21." *Surlock v. Delaney*, No. 11- cv-1121, 2016 WL 3200273, at *54 (N.D.N.Y. 2016); *See also State of N.Y. v. Hendrickson Bros.,* 840 F.2d 1065, 1082 (2d Cir. 1988), *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 320 (2d Cir. 1999).

In determining if severance is appropriate courts will consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Id.* "Severance requires the presence of only one of these conditions." *Oram v. SoulCycle LLC,* 979 F.Supp.2d 498, 503 (S.D.N.Y. 2013).

The claims by each individual plaintiff against their respective districts for their response to a medical exemption request have absolutely no relation to those brought by any other plaintiff against any other school district defendant. Each plaintiff has his/her own medical condition, treating physician and review by the respective school districts. Whether any rights of the individual plaintiffs were violated based on their own claim for a medical exemption is unique to each plaintiff, in fact and law, and requires different witnesses and documentary proof. As severance is warranted for any one of the requisite conditions, and several are present in the instant matter, any remaining claims against Br. Migliorino should be severed.

**B.  Transfer of venue is proper.**

28 U.S.C.A. § 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404.  In determining whether transferring venue is appropriate courts assess: "(1) whether an action might have been brought in the proposed transferee forum, and if so, (2) whether the transfer promotes convenience and justice." *Ward v. Stewart*, 133 F. Supp.3d 455 (N.D.N.Y. 2015) (internal quotations and citation omitted).  Here, the first part of the test is satisfied as Jane Loe and John Loe reside in Suffolk County and their districts of residence are located a few miles from the Eastern District's Central Islip courthouse, where they could have brought these claims.

The second part of the test is also satisfied.  The purpose of §1404(a) is "to prevent waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted). The Court will consider: "(1) the plaintiff's choice of forum; (2)

the convenience of witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of the operative facts; (6) the availability of process to compel attendance of unwilling witnesses; (7) the relative means of the parties; (8) the proposed forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice, based on a totality of the circumstances." *Horanzy v. Vemma Nutrition Co.,* 87 F. Supp.3d 341, 346 (N.D.N.Y. 2015) (citation omitted).

Here, the convenience of witnesses, location of documents and parties, and locus of operative facts regarding Jane Loe, John Loe and Br. Migliorino favor transferring venue to the Eastern District of New York. All parties reside or have their principal place of business in that District. To send Suffolk County educators to the Northern District would result in an inevitable and massive waste of public resources.   Despite the fact that plaintiffs chose the Northern District, "[w]here there is no material connection between the district and the operative facts, ... the interests of justice require the transfer of [the] action." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 405 (S.D.N.Y. 2005). As there is no connection, material or otherwise, between the operative facts related to Plaintiffs Jane Loe and John Loe's case and the Northern District, transfer of venue to the Eastern District is warranted.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates by reference the arguments set forth in Defendants South Huntington School District and Dr. David P. Bennardo's Motion to Dismiss.  (Dkt. No. 54, Point IX, pp. 22-23).

### CONCLUSION

For the reasons set forth above, Defendant Br. Migliorino respectfully requests that the Court dismiss Plaintiffs' Complaint in its and grant such other and further relief that this Court deems just and proper.

Dated: New York, New York
       October 16, 2020

                        By: ___/s/ Elaine Chou___
                            Elaine Chou (702176)
                            Meishin Riccardulli (702177)