UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANE DOE, *et. al*,

    Plaintiffs,

    -against-

HOWARD ZUCKER, in his official capacity
as Commissioner of Health for the State of New York, *et al.*,

    Defendants.

------------------------------------------------------------------------X

Case No.
1:20-cv-00840-BKS-CFH

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF DEFENDANTS COXSACKIE-ATHENS SCHOOL DISTRICT, RANDALL SQUIER, FREYA MERCER, SHENENDEHOWA CENTRAL SCHOOL DISTRICT, DR. L. OLIVER ROBINSON, SEAN GNAT, ANDREW HILLS, PENFIELD CENTRAL SCHOOL DISTRICT, DR. THOMAS PUTNAM, LANSING CENTRAL SCHOOL DISTRICT, CHRIS PETTOGRASSO, CHRISTINE REBERA, AND LORRI WHITEMAN TO DISMISS THE COMPLAINT**

James G. Ryan, Esq. (514300)
Cullen and Dykman LLP
*Attorneys for Defendants*
*Coxsackie-Athens School District,*
*Randall Squier, Freya Mercer,*
*Shenendehowa Central School*
*District, Dr. L. Oliver Robinson,*
*Sean Gnat, Andrew Hills, Penfield Central*
*School District, Dr. Thomas Putnam,*
*Lansing Central School District, Chris*
*Pettograsso, Christine Rebera, and*
*Lorri Whiteman*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Phone: (516) 357-3750

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... i

ARGUMENT .................................................................................................................................. 1

POINT I .......................................................................................................................................... 1

    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO .................................. 1

    FED. R. CIV. P. 12(b)(1) ........................................................................................................... 1

        A.  Plaintiff Jane Goe's Claims Against the Penfield Central School District Defendants Are Moot .................................................................................................................... 1

        B.  The Children's Health Defense Does Not Have Standing As to Any Claim ................... 4

POINT II ......................................................................................................................................... 5

    ALL OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED ...................................... 5

POINT III ....................................................................................................................................... 5

    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO .................................. 5

    FED. R. CIV. P. 12(b)(6) ........................................................................................................... 5

        A.  Plaintiffs' Constitutional Claims Are Not Viable ............................................................ 7

        B.  Plaintiffs' Constitutional Claims Fail Because Plaintiffs Do Not Sufficiently Allege Municipal Liability ......................................................................................................... 11

        C.  Plaintiffs' Rehabilitation Act Claims Are Not Viable .................................................... 13

POINT IV ..................................................................................................................................... 14

    PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE THEY HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES ......................................................... 14

CONCLUSION ............................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Statutes**

10 NYCRR § 66.1................................................................................................................... 7, 13
New York State Public Health Law ("PHL") § 2164 ................................................................... 7
PHL § 2164(8) ............................................................................................................................... 8

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ................................................................................. 7
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560-63 (2007)............................................................. 7
*Benacquista v. Spratt,* 217 F.Supp.3d 588, 599-600 (N.D.N.Y. 2016) ........................................ 11
*Bryant v New York State Educ. Dept.*, 692 F.3d 202, 217 (2d Cir. 2012) ................................... 10
*Bryant v. N.Y.S. Educ. Dep't,* 692 F.3d 202, 217 (2d Cir. 2012) ................................................... 9
*City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 440 (1985) .............................. 8
*City of St. Louis v Praprotnik,* 485 US 112, 126 (1988)............................................................. 12
*Conley v. Gibson,* 355 U.S. 41, 45–46 (1957) .............................................................................. 7
*County of Riverside v McLaughlin, 500 US 44 , 49 (1991)* ......................................................... 4
*D.A.B. v. New York City Dep't of Educ.,* 45 F. Supp. 3d 400, 407 (S.D.N.Y. 2014) ................... 14
*Day v MTA New York City Tr. Auth.*, 17-CV-7270 (VSB), 2019 WL 1437616, at *8 (S.D.N.Y. 2019) ....................................................................................................................................... 10
*Deposit Guaranty National Bank v Roper 445 US 326, 326-28 (1980)* ....................................... 3
*DiMartile v Cuomo,* 1:20-CV-0859-GTS-CFH, 2020 WL 4558711, at *9 (N.D.N.Y. 2020)...... 10
*F.C.C. v Beach Communications, Inc.*, 508 US 307, 313 (1993) ................................................ 10
*Fox v Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994)...................... 2
*Gary D. Peake Excavating Inc. v Town Bd. of Town of Hancock*, 93 F.3d 68, 76 (2d Cir. 1996) 11
*Griffin v. Doe,* 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014) ........................................................... 13
*Hurdle v Board of Educ. of City of New York*, 113 Fed.Appx. 423, 426 (2d Cir. 2004) ............. 13
*Jacobson v. Commonwealth of Massachusetts,* 197 U.S. 11 (1905) ....................................... 7, 11
*Jane Doe, et. al*, v. *Howard Zucker, in his official capacity as Commissioner of Health for the State of New York, et. al,* 1:20-cv-00840-BKS-CFH, 2020 WL 6196148, at *7 (N.D.N.Y. Oct. 22, 2020) ......................................................................................................................... 9, 10, 11
*Libertarian Party of Erie Cty. v. Cuomo,* 970 F.3d 106, 120-121 (2d Cir. 2020) ..................... 3, 4
*Maus v. Wappingers Cent. Sch. Dist.,* 688 F. Supp. 2d 282, 302 n. 10 (S.D.N.Y. 2010)............... 5
*Mirenberg v. Lynbrook Union Free School Dist. Bd. of Educ.*, 63 A.D.3d 943, 943-44 (2d Dep't 2009) ....................................................................................................................................... 15
*O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989)........................ 6
*Phillips v. City of New York*, 775 F.3d 538, 543 n. 5 (2d Cir. 2015)....................................... 9, 11
*Plump Eng'g, Inc. v Westshore Design Engineers, P.C.*, 1:18-CV-00027-BKS-DJS, 2018 WL 3730168, at *5 n.4 [N.D.N.Y. 2018] ........................................................................................ 6
*Price v New York State Bd. of Elections*, 540 F.3d 101, 109 (2d Cir. 2008)............................... 10
*Schwartz v. Zucker*, Index No. 20195117 (Sup. Ct. Yates Cnty. 2020) ...................................... 12
*Sedor v Frank*, 42 F.3d 741, 746 (2d Cir. 1994).......................................................................... 13
*Sosna v. Iowa, 419 US 393, 399, 401 (1975)*................................................................................ 4
*Tester v City of New York*, 95 CIV. 7972 (LMM), 1997 WL 81662, at *5 (S.D.N.Y. 1997)......... 8
*United States Parole Commission v Geraghty, 445 US 388, 404 (1980)* .................................... 4
United States v. Salerno, 481 U.S. 739, 745 (1987) .................................................................... 11

*Vives v City of New York*, 524 F.3d 346, 353-54 (2d. Cir. 2008) ................................................. 12
*Volunteer Fire Ass'n of Tappan, Inc. v County of Rockland*, 09-CV-4622 CS, 2010 WL 4968247, at *7 (S.D.N.Y. 2010) ........................................................................................................ 5
*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) .... 11
*Zachary v. Clinton Cty., N.Y.*, 2003 WL 24197685, at *2 (N.D.N.Y. 2003), *aff'd*, 86 F. App'x 451 (2d Cir. 2004) ................................................................................................................... 5

**PRELIMINARY STATEMENT**

Lansing Central School District, Coxsackie-Athens School District, and Penfield Central School District,[1] and their respective administrators (collectively referred to as "Defendants" or the "School Districts") submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Complaint. For the reasons discussed below and in Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Defendants' Memo."), ECF 78-4, the State Defendants' moving papers, ECF 28 and exhibits, and Reply Memorandum of Law in Support of Their Motion to Dismiss ("State's Reply"), ECF 87, and in the South Huntington, Ithaca City, Three Village Central, and Albany City School Districts and corresponding administrators' moving papers, ECF 54 and exhibits, and Reply Memorandum Of Law In Further Support Of Defendants' Motion To Dismiss ("Co-Defendant's Reply"), ECF 85, which the School Districts adopt herein as pertinent, the Court should dismiss Plaintiffs' purported Class Action Complaint filed on July 23, 2020 (the "Complaint").

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO
FED. R. CIV. P. 12(b)(1)**

**A. Plaintiff Jane Goe's Claims Against the Penfield Central School District Defendants Are Moot**

Plaintiffs argue that "the Goe family seeks compensatory and other damages and has not been made whole for the constitutional violations that already occurred. Thus, the Goe family claims

---

[1] On October 26, 2020, Plaintiffs filed a notice of Voluntary Dismissal as to "[a]ll claims against the Shenendehowa School District defendants". *See* Notice of Voluntary Dismissal Without Prejudice, ECF 99. On November 2, 2020, via Text Order, this Court directed the Clerk "to terminate Defendants Shenendehowa Central School District, Dr. L. Oliver Robinson, Sean Gnat, and Andrew Hills." ECF 104. Thus, claims against those defendants are not addressed herein.

1

are not moot." Plaintiffs' Opp. 17. However, Plaintiffs' prayer for relief is completely devoid of any request for damages. *See* Compl. 71-72. Additionally, Plaintiffs explicitly state in the Complaint that they "seek a declaration from this Court affirming that their rights have been violated and entry of a permanent injunction against future infringement on their rights to obtain a medical exemption from immunization." *See* Compl. at ¶ 26. Plaintiffs' only support for their claim that the Goes seek damages in the Complaint is boilerplate language in the "Jurisdiction and Venue" section. *See* Plaintiff's Opp. 18. This language is insufficient to demonstrate that the Goes seek damages, especially in light of Plaintiffs' other statements and their prayer for relief – both of which omit damages. Also compelling is Plaintiffs' admission that the proposed amended complaint "clearly articulates the Goe family claim for compensatory damages against the school district." Plaintiffs' Opp. 18. Even if Plaintiffs had claimed damages in the Complaint, there are insufficient allegations as to the Goes to support such a claim; while the Complaint states that Jane Goe "was removed from school," *see* Compl. at ¶ 195, it is never stated how long this exclusion lasted. Further, the length cannot be determined from the other allegations, as the date that Jane Goe was permitted to return to school is never addressed. *See id.* at ¶¶197-98. The Complaint, as written, is deficient and simply fails to assert a claim for damages or monetary relief.

"This court has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by the graduation of the students, because after their graduation and absent a claim for damages, it becomes impossible for the courts . . . to do anything to redress the injury." *Fox v Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and citations omitted). The same logic applies to school districts as to institutions of higher education and should be followed here. Further, an argument that "nominal damages are available in actions alleging violation of constitutionally protected rights"

will fail to defeat a claim of mootness when, as here, "there is absolutely no specific mention in [the Complaint] of nominal damages" and one cannot be "inferred from the language of [the Complaint]." *Id.* at 141 (citations and internal quotation marks omitted). Based on the Complaint, Plaintiffs have sought only declaratory and injunctive relief, and therefore the Goes' claims are still moot and should be dismissed.

Plaintiffs also argue that, because this is filed as a putative class action, "mootness is not straightforward." *See* Plaintiffs' Opp. 18. Though asserting that "there is support that mootness would not apply here" because "[s]everal Supreme Court cases have denied mootness claims even where plaintiffs [sic] became moot before a certification of a class occurred," Plaintiffs entirely sidestep the issue as to the Goes' claims. *See id.* Plaintiffs instead state that "[a]s the *Goe* family retains damages claims which are not moot in any event, plaintiffs will not spend time parsing the similarities and dissimilarities of the mootness before certification doctrine as it applies to the Goe's [sic] equitable claims." *See id.* at 19. However, as discussed above, Plaintiffs do not seek damages. Plaintiffs have the burden to prove subject matter jurisdiction, *see Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 120-121 (2d Cir. 2020) (citation omitted), and have not done so here, instead choosing to expressly decline to address the issue. *See* Plaintiffs' Opp. 19.

In any event, the instant matter is distinguishable from the cases that Plaintiffs cite. For example, *Deposit Guaranty National Bank v Roper* involves multiple named plaintiffs bringing the same claims against a single defendant. 445 US 326, 326-28 (1980). Thus, even if one plaintiff's claims are moot, there are still claims of other plaintiffs pending against the same defendant, and therefore one plaintiff whose claims are moot does not affect the viability of the action. In the case at bar, however, the Goes are the only plaintiffs (and alleged class representatives) to allege claims against Penfield Central School District and its administrator.

Thus, if the Goes' claims are dismissed because they are moot, as they should be, there would be no surviving allegations pending against these particular Defendants, which would entitle them to a dismissal in their favor. This is an entirely different scenario than in the above case cited by Plaintiffs, and therefore that case is both distinguishable and inapplicable.

Plaintiffs' reliance on *United States Parole Commission v Geraghty,* where the Court held "that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied," and the holding was "limited to the appeal of the denial of the class certification motion," 445 US 388, 404 (1980), is also misplaced. Here, there has been no denial of class certification, let alone an appeal of one, and therefore this case too is inapplicable. In *County of Riverside v McLaughlin*, the "District Court certified a class," 500 US 44 , 49 (1991), and, similarly, *Sosna v. Iowa* involved a class action where "the District court certified the propriety of the class action" and the plaintiff in question had already been certified to represent the class, 419 US 393, 399, 401 (1975). As there has not yet been any class certification in this case, those two cases are also inapplicable. Plaintiffs have failed to establish that the Goes' claims are not moot and therefore have failed to establish that the Court has subject matter jurisdiction, as is their burden, *see Libertarian Party of Erie Cty.,* 970 F.3d at 120-121 (citation omitted). Thus, all claims against Penfield Central School District and its administrator should be dismissed.

**B.  The Children's Health Defense Does Not Have Standing As to Any Claim**

In their moving papers, Defendants argued that the Children's Health Defense ("CHD") had neither associational nor organizational standing as to any claim in the Complaint. *See* Defendants' Memo., Point I(C) ECF 78-4. Plaintiffs utterly fail to address this point anywhere in their opposition. In fact, CHD is not mentioned at all in Plaintiffs' papers. Thus, all claims brought on

4

behalf of CHD should be dismissed. *See Volunteer Fire Ass'n of Tappan, Inc. v County of Rockland*, 09-CV-4622 CS, 2010 WL 4968247, at *7 (S.D.N.Y. 2010) ("Ordinarily . . ., when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").

## POINT II

### ALL OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED

As discussed in Defendants' Memo., Point II(A), ECF 78-4, the claims against the School Districts' administrators in their official capacities should be dismissed as redundant, *see Zachary v. Clinton Cty., N.Y.*, 2003 WL 24197685, at *2 (N.D.N.Y. 2003), *aff'd*, 86 F. App'x 451 (2d Cir. 2004) (citation omitted), or as a matter of law, *see Maus v. Wappingers Cent. Sch. Dist.,* 688 F. Supp. 2d 282, 302 n. 10 (S.D.N.Y. 2010) (citation omitted). Plaintiffs' response to Defendants' argument on this point is to state "Plaintiffs have submitted a motion to amend their complaint so that the individual school district defendants are named in their personal capacities." Plaintiffs' Opp. 19. Plaintiffs' reliance on proposed language in a pending motion to amend the complaint, in opposition to Defendants' argument on this point of law concedes that the official capacity claims against the School Districts' administrators are not viable. Thus, all such claims should be dismissed against the individual Defendants.

## POINT III

### PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6)

As a threshold matter, Plaintiffs' statement that "defendants acknowledge that there are multiple fundamental rights infringed in this case," *see* Plaintiffs' Opp. 19, is misleading. Though Defendants acknowledge the existence of certain rights, Defendants argue that the right is not absolute and therefore any alleged infringement is legally permissible. *See, e.g.,* Defendant's

5

Memo. Point II(C), ECF 78-4. This is not the same as conceding that "multiple fundamental rights" of Plaintiffs were violated.

Further, any allegations that Plaintiffs make for the first time, *see, e.g.,* Plaintiffs' Opp. 8-9 (discussing the outcome of John Doe's appeal to the Commissioner of Education), 13 (stating that Jane Goe's mother got Jane an appointment with a specialist "by taking time off work, calling every specialist she could think of repeatedly, and camping out outside of Dr. Orlowski's office to beg for an appointment"), or overstatements Plaintiffs make regarding the allegations they did make in the Complaint, *see, e.g., id.* at 10 (stating "[t]he [Coe] children's disabilities significantly impair multiple major life functions including but not limited to functions of their immune systems" while citing to the Complaint at ¶ 145, which states "[i]n addition to a family history of vaccine injury and death, there is a family history of numerous autoimmune and other conditions consistent with the genetic profile of the children."), 12 (stating "Jane's primary care physician . . . . submitted a medical exemption . . . that meets the criteria under the ACIP contraindications and precautions and is supported by other nationally recognized evidence-based standards of care" while citing to Complaint ¶188,[2] which states "Jane has had all her immunizations except for the meningococcal vaccine and a fifth dose of the tetanus, pertussis and diphtheria containing vaccine"), cannot be considered by the Court as "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Plump Eng'g, Inc. v Westshore Design Engineers, P.C.*, 1:18-CV-00027-BKS-DJS, 2018 WL 3730168, at *5 n.4 [N.D.N.Y. 2018] (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989)).

---

[2] Even if this is not the intended citation, paragraph 187, which discusses the submitted medical exemption, likewise does not support Plaintiffs' assertion in their opposition as it only states "Dr. Grover submitted a duly certified medical exemption from immunization, noting that Jane was suffering from a flare up of her acute autoimmune conditions and could not safely be immunized for at least one year or until her autoimmune conditions were under control."

Finally, Plaintiffs' stated standard of review for a Rule 12(b)(6) motion, that "[t]he Court may not dismiss the complaint unless it is certain that Plaintiffs can prove no set of facts that would entitle them to relief," Plaintiffs' Opp. 16, is erroneous. The "no set of facts" standard was articulated in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), which was then abrogated in 2007 by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007). The appropriate standard of review is the standard articulated in *Ashcroft v. Iqbal*: "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

### A. Plaintiffs' Constitutional Claims Are Not Viable

Instead of responding to any of Defendants' arguments articulating the reasons why Plaintiffs' constitutional claims fail as a matter of law, Plaintiffs argue that the constitutional claims are facially sufficient because the law in question – 10 NYCRR § 66.1 – infringes fundamental rights, needs to be evaluated under a strict scrutiny standard, and fails that standard. *See* Plaintiff's Opp. 20-21. Plaintiffs argue that *Jacobson v. Commonwealth of Massachusetts,* 197 U.S. 11 (1905) held that "while great deference should be given to community level cost-benefit analysis, no such deference should be given in cases where an individual may be at risk of harm from a vaccine" and that "mandating a person to submit to a vaccine that may cause harm to them is not only unconstitutional but 'cruel and inhuman in the last degree.'" *See* Plaintiffs' Opp. 21. However, Plaintiffs' argument misconstrues one key point – neither New York State Public Health Law ("PHL") § 2164 nor 10 NYCRR § 66.1 mandate vaccines without exception. In fact, there is a clearly defined medical exception to the general vaccine requirement for just the scenario

described by *Jacobson*, *see* PHL § 2164(8), parameters for which are refined, *inter alia*, in 10 NYCRR §§ 66-1.1 and 66-1.3. Plaintiffs were simply found not to be eligible for the exemption.[3]

Courts will apply the strict scrutiny standard "where a statute or policy targets a 'suspect classification' such as race, alienage or national origin, or burdens a 'fundamental right.'" *Tester v City of New York*, 95 CIV. 7972 (LMM), 1997 WL 81662, at *5 (S.D.N.Y. 1997) (citing *City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 440 (1985)). However, Plaintiffs make no argument that there is a suspect classification, and instead focus their arguments on the idea that there is a fundamental right being infringed. Specifically, Plaintiffs argue that "[t]he Supreme Court continues to recognize a sufficient medical exemption as an independent fundamental right that is strictly scrutinized to a standard far surpassing the other articulated fundamental rights," Plaintiffs' Opp. 23, and rely on cases involving abortion to support their claims. *See id.* 23-24. Their arguments focus on "the fundamental right to a medical exemption" in the context of abortion, *see* Plaintiffs' Opp. 24-27, however, this case clearly does not involve abortion. Plaintiffs' attempt to analogize abortion with the instant matter is flawed.

Even assuming *arguendo* that the "right to a medical exemption" was analogous and an "independent fundamental right," Plaintiffs' Opp. 23, such a right would not be infringed here because there is, as Plaintiffs acknowledge, "a medical exemption to the mandatory vaccine requirements for school admission." *See* Compl. ¶4. Plaintiffs were simply found not to qualify for the exemption. In other words, as discussed in the State's Reply, Point I(A), ECF 87, which

---

[3] This same logic also defeats Plaintiffs' argument regarding the Unconstitutional Conditions Doctrine. The crux of their argument is that "the state can[not] coerce otherwise unconstitutional behavior by conditioning the right to attend any public or private school on the acceptance of the constitutional violation." *See* Plaintiffs' Opp. 37. As discussed herein, the regulations and School Districts' actions are not unconstitutional and do not force anyone to receive vaccinations to the detriment of their health; the children were simply deemed not to qualify for the medical exemption under PHL §2164 and 10 NYCRR §66.1 that addresses such a scenario.

the School Districts adopt herein, children are not being forced to get vaccinated. This case should be evaluated under the rational basis standard and, for the reasons discussed below and in the State's Reply, Point I(A), ECF 87, and Co-Defendant's Reply, Point II, ECF 85, which the School Districts adopt herein, passes said standard.

Plaintiffs' first claim, regarding substantive due process claims, fails even if a strict scrutiny standard was applied. *See Phillips v. City of New York*, 775 F.3d 538, 543 n. 5 (2d Cir. 2015) ("Even assuming that *Jacobson* does demand this level of scrutiny, which no court appears ever to have held, . . . New York's mandate requires only that children who are not otherwise exempted be vaccinated in order to attend school. Because 'there is no substantive due process right to public education,' *Bryant v. N.Y.S. Educ. Dep't,* 692 F.3d 202, 217 (2d Cir. 2012), plaintiffs' substantive due process claim fails even under their reading of *Jacobson.*"). Plaintiffs' claim would likewise fail if a rational basis standard were applied.

In its recent decision in this case, this Court recognized that, while "[t]he right and liberty interest in parenting and the right to refuse unwanted medical procedures are fundamental rights," because the regulations "do not force parents to consent to vaccination of their children" but "condition children's right to attend school on vaccination," "the right that is being burdened is the right to attend school at a public or private institution instead of being homeschooled." *Jane Doe, et. al*, v. *Howard Zucker, in his official capacity as Commissioner of Health for the State of New York, et. al,* 1:20-cv-00840-BKS-CFH, 2020 WL 6196148, at *7 (N.D.N.Y. Oct. 22, 2020) (citations omitted), ECF 92. Thus, while the rights in Plaintiffs' second and third claims may be fundamental, they are at most incidentally burdened. *See id.* As to Plaintiffs' fourth claim regarding the "burdening [of] minors' right to free public education," *see* Compl. 69, "[t]he right to public education is not fundamental." *Bryant v New York State Educ. Dept.*, 692 F.3d 202, 217 (2d Cir.

9

2012) (citation omitted). Therefore, as there is no burdened fundamental right, strict scrutiny is the incorrect standard for this claim.

The appropriate standard of review for Plaintiffs' substantive due process claims (Claims for Relief One through Four) is rational basis review. *See DiMartile v Cuomo*, 1:20-CV-0859-GTS-CFH, 2020 WL 4558711, at *9 (N.D.N.Y. 2020) ("[W]hen reviewing the facts of a case under the *Jacobson* standard, the Court analyzes a plaintiff's claims under the rational basis standard of review."). Under the rational basis standard, "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v Beach Communications, Inc.*, 508 US 307, 313 (1993). "Rational basis review is highly deferential to the government, whose actions are considered presumptively rational . . . ." *Day v MTA New York City Tr. Auth.*, 17-CV-7270 (VSB), 2019 WL 1437616, at *8 (S.D.N.Y. 2019) (citation omitted). Further, "under rational basis review, the plaintiff must 'negative every conceivable basis which might support' the challenged law." *Price v New York State Bd. of Elections*, 540 F.3d 101, 109 (2d Cir. 2008) (citation omitted). "Thus, to succeed, Plaintiffs must show that the medical exemption regulations lack a 'real or substantial relation' to the public health and public safety or are arbitrary and oppressive." *Jane Doe, et. al*, 2020 WL 6196148, at *7 (citation omitted), ECF 92.

This Court concluded that "education regulations that have an incidental effect of burdening parental rights or right to refuse medical care, have been upheld following rational basis review." *Id.* (citations omitted). So too here.[4] "Legislation pertaining to public health and safety consistently

---

[4] Plaintiffs bring both facial and as applied challenges against the regulations. *See* Compl. At ¶ 27. Plaintiffs do not allege, nor could they, that the School Districts drafted or enacted the legislation at issue. However, the facial challenge should still fail. "[A] plaintiff can only succeed in a facial

10

has been recognized as an important local interest." *Gary D. Peake Excavating Inc. v Town Bd. of Town of Hancock*, 93 F.3d 68, 76 (2d Cir. 1996) (citation omitted). Further, a state has authority to enact a statute requiring vaccination pursuant to its police power. *See Jacobson v. Commonwealth of Massachusetts,* 197 U.S. 11, 12-13, 24-26, 39 (1905). Ultimately, "New York could constitutionally require that all children be vaccinated in order to attend public school." *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015).

The Defendants' actions here – evaluating the Plaintiffs' requests to ensure compliance with the law – are rationally related to the State's interests of promoting health and safety. Thus, for these reasons and the reasons discussed in Defendants' Memo. Points II(B)-II(E), ECF 78-4, Plaintiffs' constitutional claims in their first four causes of action should be dismissed.

**B. Plaintiffs' Constitutional Claims Fail Because Plaintiffs Do Not Sufficiently Allege Municipal Liability**

Plaintiffs now argue that they "allege and defendants appear to acknowledge that each of the defendant school districts officially adopted the policies and practices which they challenge as unconstitutional." Plaintiffs' Opp. 41. Assuming that Plaintiffs are arguing that there is *Monell* liability because of "a formal policy officially endorsed by the municipality," *see Benacquista v. Spratt*, 217 F.Supp.3d 588, 599-600 (N.D.N.Y. 2016) (internal quotation marks and citation omitted), nowhere in the Complaint do Plaintiffs point to a particular explicit policy, rule, or regulation of the School Districts. Instead, Plaintiffs accuse the School Districts of following a mandatory law that was not of their own making. *See* Plaintiffs' Opp. 42-43. This is insufficient

---

challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Plaintiffs do not do so here. In fact, this Court has already concluded that Plaintiffs "failed to establish a likelihood of success on their facial challenge to the regulations." *See Jane Doe, et. al*, 2020 WL 6196148, at *9 (citations omitted), ECF 92.

to impose liability because the Defendants did not have a conscious choice about enforcing the law. *See Vives v City of New York*, 524 F.3d 346, 353-54 (2d. Cir. 2008); PHL § 2164(7)(a); 10 NYCRR § 66-1.3; 10 NYCRR § 66-1.1; PHL § 12(a). Plaintiffs' argument that the School Districts have a "choice" regarding whether or not to "engage in substantive review of medical exemption determinations," *see* Plaintiffs' Opp. 43, ignores that fact that the Defendants are obligated to follow the law and that this review is permissible to ensure compliance with those laws. *See* 10 NYCRR § 66-1.3(c) (expressly permitting a "principal or other person in charge" to "require additional information supporting the exemption"); *Schwartz v. Zucker*, Index No. 20195117 (Sup. Ct. Yates Cnty. 2020).[5]

Plaintiffs argument that whether or not a "school district or their agent or assign can be considered a final decision-maker or final policy-maker for purposes of defining municipal liability . . . is also a contested fact that is easily provable and must be resolved at this stage in plaintiffs' favor," *see* Plaintiffs' Opp. 43, is equally unavailing. The question of who has final policy-making authority is, quite literally, a question of law. *See City of St. Louis v Praprotnik*, 485 US 112, 126 (1988) ("In any event, however, a federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it."). Plaintiffs also confuse final decision-making authority – which Defendants do not have, as discussed in Defendants' Memo., Point II(B)(ii), ECF 78-4, – with being a final

---

[5] It should be noted that Plaintiffs put forth contradictory arguments in this section (and throughout their opposition). While Plaintiffs criticize the School Districts for not accepting additional information, such as "allow[ing] the family or the treating physician to provide any follow up supporting materials or calls," *see* Plaintiffs' Opp. 42, within a page, they also argue that "[s]chool districts are not obligated under the new regulations or any other law to engage in substantive review of medical exemption determinations," *id.* at 43. Plaintiffs in essence are arguing that Defendants should only pursue additional information regarding medical exemption requests when it benefits these Plaintiffs.

12

policymaker. A final decisionmaker is not necessarily a final policymaker. *See Hurdle v Board of Educ. of City of New York*, 113 Fed.Appx. 423, 426 (2d Cir. 2004) (citations omitted). Finally, though they state that "it is well-settled law that Superintendents are final policy makers," Plaintiffs cite not a single case to support that proposition. Their arguments on this point are conclusory, and ultimately Plaintiffs have not established municipal liability for Defendants. Therefore, their constitutional claims should be dismissed.

### C. Plaintiffs' Rehabilitation Act Claims Are Not Viable

Though Plaintiffs claim that "Plaintiffs sufficiently pleaded viable claims under the Rehabilitation Act and have established that their equal protection rights have been violated," Plaintiffs' Opp. 37, this is not the case. To succeed on these claims, Plaintiffs must allege, among other things, that Plaintiffs were "denied the benefit solely because of [their] disability." *See Griffin v. Doe,* 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014) (citation omitted). "If the [defendant] can show that its decision was motivated at least in part by a factor other than the plaintiff's disability, the Rehabilitation Act claim must be rejected." *Sedor v Frank*, 42 F.3d 741, 746 (2d Cir. 1994).

Here, as seen in the Complaint itself, Plaintiffs were not excluded because of their alleged disabilities, but because they were neither vaccinated nor excused via a medical exemption from the vaccination requirements in PHL § 2164 and 10 NYCRR § 66.1. Plaintiffs concede as much in the Complaint. *See e.g.* Compl. ¶¶ 44, 195. Even in their opposition, Plaintiffs concede that any alleged disability is not the determining factor in the children's exclusion. *See* Plaintiffs' Opp. 39 ("Plaintiffs allege that due to their disabilities, which prevent them from being able to be safely immunized per the certificate of their licensed physicians, defendant districts have excluded them from participation in services they are otherwise entitled to receive."). The fact that Plaintiffs have

13

to qualify their statement to address vaccinations undermines their argument that any exclusion is <u>solely</u> based on their disability.

Though Plaintiffs claim that *D.A.B. v. New York City Dep't of Educ.* supports them, *see* Plaintiffs' Opp. 39, that court stated that "[n]o reasonable factfinder could conclude that D.B. was prevented from attending school because of his autism. Even under the plaintiffs' hypothetical assumptions, D.B. would not have been allowed to attend his designated school because he did not have the required vaccinations." 45 F. Supp. 3d 400, 407 (S.D.N.Y. 2014). Thus, the court is saying that even if the child was excluded based on his disability, there was another reason – his lack of vaccination – that contributed to his exclusion from school. The court recognized that a lack of vaccination is separate and distinct from a disability. Therefore, Plaintiffs have failed to show that their exclusion is based <u>solely</u> on their alleged disabilities. Plaintiffs' ability to meet the other prongs, which Defendants do not concede Plaintiffs meet, is irrelevant in light of this insufficiency.[6]

Thus, for these reasons and the reasons discussed in Defendants' Memo. Points II(F)-II(G), ECF 78-4, in the State's Reply, Point I(B), ECF 87, and Co-Defendant's Reply, Point III, ECF 85, Plaintiffs' Rehabilitation Act Claims should be dismissed.

## POINT IV

## PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE THEY HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

---

[6] Plaintiffs allege that "Defendants next question whether the children are disabled." Plaintiffs' Opp. 40. What Defendants actually questioned was Plaintiffs' lack of allegations explicitly speaking to that required element and the sufficiency of other allegations provided to make out that element. *See* Defendants' Memo. 22, ECF 78-4. However, in light of Plaintiffs' inability to make out their Rehabilitation Act claims regardless of whether the disability prong is satisfied, Defendants do not address this point further herein.

14

Plaintiffs here state that they are challenging the regulations "as applied." *See* Compl. ¶ 27. Thus, as argued in Defendants' Memo., Point III, ECF 78-4, though they couch their claims in constitutional terms, Plaintiffs are effectively challenging the decisions that the Defendants made regarding their individual medical exemption requests. Such challenges are required to exhaust administrative remedies prior to seeking relief from the courts. *See e.g., Mirenberg v. Lynbrook Union Free School Dist. Bd. of Educ.*, 63 A.D.3d 943, 943-44 (2d Dep't 2009).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss in its entirety and award such other relief as the Court deems appropriate.

Dated: Garden City, New York
November 2, 2020

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: *James G. Ryan*

James G. Ryan (514300)
Cullen and Dykman LLP
*Attorneys for Defendants*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

TO: All counsel of record (via ECF)