# JOHNSON & LAWS, LLC

Attorneys at Law

| | |
|---|---|
| 646 Plank Road, Suite 205 | Gregg T. Johnson |
| Clifton Park, New York 12065 | Partner |
| 518.490.6428 phone | 518.490.6413 direct |
| 518.616.0676 fax | gtj@johnsonlawsllc.com |

November 6, 2020

**VIA ELECTRONIC FILING**

Hon. Brenda K. Sannes, U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, New York 13261-7336

Re:   *Jane Doe, et al. v. Howard Zucker, et al.*
        Civil Case No.:        1:20-cv-00840

Dear Judge Sannes:

We write in accordance with the Court's October 23, 2020 Text Order (Dkt. No. 94). As the Court is aware, our office and the offices of *Sokoloff Stern, LLP*, jointly represent the following Defendants named in the above-referenced action: Albany City School District (hereinafter "ACSD"), ACSD Superintendent Kaweeda Adams, and ACSD Principal, Michael Paolino; Ithaca City School District (hereinafter "ICSD"), ICSD Superintendent Dr. Luvelle Brown, and ICSD Principal Susan Eschbach; South Huntington Union Free School District (hereinafter "SHUFSD") and SHUFSD Superintendent Dr. David Bennardo; and Three Village Central School District (hereinafter "TVCSD"), TVCSD Superintendent Cheryl Pedisich, and TVCSD Principal Corinne Keane (hereinafter collectively referred to as "Responding Defendants"). On behalf of our clients, please allow this letter to serve as our opposition to Plaintiffs' pending motion to amend their July 23, 2020 Complaint (Dkt. No. 1), which motion was filed with the Court on October 22, 2020 (Dkt. No. 93).

***Procedural Posture of the Action***

As the Court's docket reflects, the sixteen Plaintiffs commenced this action on July 23, 2020, against twenty-seven different Defendants. All Defendants in this action have responded to the Complaint through four different law firms and the New York Attorney General's Office—each filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") (Dkt. Nos. 28, 54, 78, and 91). Each of those motions to dismiss ("MTD") are currently pending. Responding Defendants' September 3, 2020 Rule 12(b)(6) motion to dismiss (Dkt. No. 54) is fully briefed and seeks dismissal of the original Complaint on multiple grounds, including substantive legal grounds specifically challenging the sufficiency of Plaintiffs' "as applied" claims (*id.* at 24-31); jurisdictional grounds (*id.* at 32-33); and procedural grounds (*id.* at 19-24, 31-35). While Plaintiffs' October 22, 2020 motion to amend is not couched in terms of a "cross-motion"

JOHNSON & LAWS, LLC

*Jane Doe, et al. v. Howard Zucker, et al.*
Civil Case No.: 1:20-cv-00840
November 6, 2020
Page 2

to any particular motion to dismiss, it is the functional equivalent of that—i.e., a response by Plaintiffs to attempt to stave off dismissal of this action.

On August 25, 2020, Plaintiffs filed a motion seeking a Temporary Restraining Order ("TRO") and a Preliminary Injunction (Dkt. No. 41), which were opposed by each set of Defendants. Plaintiffs' motion for a TRO was denied by this Court during this Court's August 26, 2020 hearing (Dkt. No. 46.). Plaintiffs' motion for a preliminary injunction was denied by this Court by Memorandum Decision and Order dated October 22, 2020 (hereinafter "D&O") (Dkt. No. 92), after all of the parties fully briefed the issue and appeared for an Oral Argument. Significant to Plaintiffs' pending motion to amend, this Court's D&O made the following findings:

- Plaintiffs failed to provide any "as applied" arguments regarding Responding Defendants' responses to their medical exemption requests (Dkt. No. 92 at 10);

- Plaintiffs are unlikely to succeed on their challenge to the 2019 regulations based upon their Fourteenth Amendment challenge (*id.* at 11);

- Plaintiffs failed to show a likelihood of success on the merits of their claims (*id.* at 13);

- Plaintiffs are unlikely to succeed in showing that the medical exemption regulations directly infringe upon any fundamental constitutional rights (*id.* at 14);

- The Court employed a rational basis standard of review rather than a strict scrutiny standard (*id.* at 14-15);

- Contrary to Plaintiffs' allegations, the 2019 regulations are broad (*id.* at 16); and

- Plaintiffs are unlikely to succeed in showing that the medical exemption regulations are irrational or arbitrary (*id.* at 17);

**Plaintiffs' Motion to Amend Should be Denied Because it is Clearly Futile**

As to these Responding Defendants, Plaintiffs' proposed amendment seeks to, *inter alia*: (a) substitute their duplicative official capacity claims with patently meritless individual capacity claims against the individually-named Defendants (Dkt. No. 93-1 at 1-2, ¶¶ 47, 68-69, 77, 80-81, and 87-88); (b) add a conclusory policy allegation that fails to identify any specific policy of any Responding Defendant (*id.* at ¶ 16); (c) add a conclusory prayer for money damages, including a frivolous and legally infirm prayer for punitive damages against the municipal Defendants (*id.* at ¶¶ 31, 434(G)); and (d) add conclusory, generalized, and immaterial allegations designed to frustrate Responding Defendants' pending motion to dismiss (*id.* at ¶¶ 140-57, 188-206, 235-45, 265-99). Remarkably, while Plaintiffs' proposed amendments purport to advance entirely new individual capacity claims, their Complaint is bereft of new or additional factual allegations regarding unconstitutional state action that could support such claims.

JOHNSON & LAWS, LLC

*Jane Doe, et al. v. Howard Zucker, et al.*
Civil Case No.: 1:20-cv-00840
November 6, 2020
Page 3

      While the Responding Defendants acknowledge that the standard governing amendments under Rule 15(a)(2) of the FRCP is generally not exacting, Plaintiffs' proposed amendments nonetheless fall far short of the standard. For example, while Plaintiffs' proposed amendments desperately seek to expand and buttress their existing claims in response to the pending motions to dismiss, Plaintiffs failed to amend portions of their Complaint which they have been advised are no longer true such as the fact that the parents of John Foe no longer reside within the geographic area served by the Albany CSD.

      As this Court recently noted in *Reus v. Arthur*, 2020 U.S. Dist. LEXIS 157219 (N.D.N.Y. 2020):

> Where plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.' *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.,* 570 F. Supp. 2d 376, 384 (D. Conn. 2008)).

*Id.* at **2-3. Similarly, in *LeClair v. Raymond*, 2020 U.S. Dist. LEXIS 153977 (N.D.N.Y. 2020), this Court recently denied portions of a motion to amend by multiple civil rights plaintiffs, noting that even under the permissive standard prescribed by Rule 15(a)(2), proposed amendments that fail to particularize personal involvement in alleged unconstitutional conduct were futile. As this Court has made clear, a proposed amendment to a pleading is "futile" when the proposed claim could not withstand a motion pursuant to Rule 12(b)(6) of the FRCP. *McHenry v. Bell*, 2015 U.S. Dist. LEXIS 63796 *18 (N.D.N.Y. 2015).

      Plaintiffs seek to swap out their official capacity claims for individual capacity claims against the individually-named school administrators. The Court should deny these proposed amendments to the Complaint because they are futile. Allowing Plaintiffs to assert personal capacity claims against the individual Defendants would be futile because the proposed amended Complaint (Dkt. No. 93-1) does not allege that those individuals were personally involved in the alleged constitutional violation, as required to state a § 1983 claim. *See Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) ("An individual may be held liable under § 1983 only if that individual is personally involved in the alleged deprivation.") (internal quotations omitted) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)); *see also Bruckman v. Green Cty.*, 2020 U.S. Dist. LEXIS 30827 (N.D.N.Y 2020); *Peterson v. Tomaselli,* 469 F. Supp. 2d 146,168 (S.D.N.Y. 2007) (denying a civil rights plaintiff's motion to amend his complaint to sue the Commission of the NYSDOC because "*an individual can be held liable for damages under § 1983 only by showing personal involvement by the individual in the alleged deprivation of plaintiff's rights.*")

JOHNSON & LAWS, LLC

*Jane Doe, et al. v. Howard Zucker, et al.*
Civil Case No.: 1:20-cv-00840
November 6, 2020
Page 4

      Here, there are no factual allegations that the individual Defendants (or the school districts for which they are employed) were involved in drafting or enacting the challenged law, nor would any such allegations, even if they existed, be logical. Further, there are no allegations in the proposed amended Complaint that the individual Defendants made the medical determinations that Plaintiffs challenge. As set forth in Defendants' opposition to Plaintiffs' preliminary injunction motion, the districts' medical directors and medical officers made determinations regarding Plaintiffs' vaccine exemption requests, and they did so in accordance with the state law. Although the Complaint references "Defendants" collectively, that clearly does not satisfy the personal involvement requirement. On the contrary, "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a [§ 1983] claim." *Edwards v. Annucci*, 2019 WL 3213523, at *6 (N.D.N.Y. July 17, 2019) (quoting *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collection cases); *see also Logan v. City of Schenectady*, 2019 WL 3803631, at *6 (N.D.N.Y. Aug. 13, 2019) (holding that a "group" pleading is insufficient to state a claim under section 1983) (citation omitted).

      Even if Plaintiffs could state a viable § 1983 claim against the individual Defendants (which they cannot), the individual Defendants should nevertheless be dismissed from the case because they should be afforded qualified immunity. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *See e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985). The Supreme Court has therefore repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*)). This is to "ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)).

      Courts in this Circuit have repeatedly denied motions to amend as futile where the claims sought to be added were legally barred by immunity doctrines. *See e.g.*, *Johnson v. Dobry*, 660 Fed. Appx. 69, 71 (2d Cir. 2016) (Summary Order) (noting that a proposed amendment would be futile against a defendant who was entitled to qualified immunity); *Tizar v. City of New Rochelle*, 2018 U.S. Dist. LEXIS 199827*12 (S.D.N.Y. 2018) (holding same); *Cruz v. New York*, 2017 U.S. Dist. LEXIS 179680 *42-43 (N.D.N.Y. 2017), *report and recommendation adopted in* 2017 U.S. Dist. LEXIS 198499 (N.D.N.Y. 2017) (denying a civil rights plaintiff's motion to amend where the claims against defendants to be added were legally infirm in light of immunity doctrines and lack of personal involvement); *Felmine v. City of New York*, 2011 U.S. Dist. LEXIS 111553 *75 (E.D.N.Y. 2011) (holding that proposed new claims were "futile as a matter of law" where the defendant was entitled to, *inter alia*, qualified immunity).

      Here, the individual Responding Defendants are accused of following and applying a mandatory state regulation that was issued in 2019, a regulation that has not been successfully challenged to date. Notwithstanding the absence of any particular allegation against any particular

JOHNSON & LAWS, LLC

*Jane Doe, et al. v. Howard Zucker, et al.*
Civil Case No.: 1:20-cv-00840
November 6, 2020
Page 5

administrator, the reliance by any district administrator on their employer's licensed medical professionals and/or the Department of Health, should not and cannot give rise to personal liability in the absence of clearly established law. Further, the record submitted in opposition to the preliminary injunction motion demonstrates the reasonable and good faith actions taken by each defendant district and their staff. As such, the individual Defendants should receive qualified immunity because no similar U.S. Supreme Court or Second Circuit case, or robust consensus of highly similar persuasive cases, clearly established that their actions violated the United States Constitution, and Plaintiffs cannot rely on factually dissimilar cases to defeat qualified immunity. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("We have repeatedly told courts not to define clearly established law at a high level of generality. . . .This inquiry must be undertaken in light of the specific context of the case.") (citing *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)). Consistent with the Supreme Court's direction in applying the qualified immunity doctrine early in the litigation process, since qualified immunity is immunity from suit, not merely immunity from liability, the doctrine is clearly applicable here and requires the denial of Plaintiffs' motion to amend.

Accordingly, we respectfully request that the Court deny Plaintiffs' October 23, 2020 motion to amend their Complaint and grant our clients (Albany CSD, Ithaca CSD, South Huntington UFSD, Three Village CSD, and their respective officials) such other and further relief as this Court deems appropriate.

Thank you in advance for your consideration of the above.

Respectfully,

JOHNSON & LAWS, LLC

/S/ *Gregg T. Johnson*
Gregg T. Johnson
(Bar Roll No. 506443)
gtj@johnsonlawsllc.com

GTJ/lmg
cc:     (*via ECF*)
        All Counsel of Record