UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE, *et al*.,

                                                          *Plaintiffs*,

        -against-

HOWARD ZUCKER, in his official capacity as         1:20-CV-0840
Commissioner of the New York State Department of     (BKS)(CFH)
Health, *et al*.,

                                                          *Defendants*.

## STATE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

                                          LETITIA JAMES
                                          Attorney General of the State of New York
                                          *Attorney for Defendants Howard Zucker, M.D., J.D., Elizabeth Rausch-Phung, M.D., and the N.Y.S. Department of Health*
                                          The Capitol
                                          Albany, NY 12224

MICHAEL G. McCARTIN
Assistant Attorney General
   *Of Counsel*
Bar Roll No. 511158
Telephone: (518) 776-2620

ANDREW W. KOSTER
Assistant Attorney General
   *Of Counsel*
Bar Roll No. 701106
Telephone: (518) 776-2609

November 9, 2020

Table of Contents

PRELIMINARY STATEMENT………………………………………………………………….1

STANDARD OF REVIEW ……………………………………………………………………1

ARGUMENT…………………………………………………………………………………..2

Point I …………………………………………………………………………………….

        PLAINTIFFS ATTEMPT TO AMEND THEIR COMPLAINT IN SIX DIFFERENT WAYS, NONE OF WHICH SAVE THEIR CLAIMS WHEN THEY ARE SET AGAINST THE STATE DEFENDANTS' MOTION TO DISMISS…………………….2

CONCLUSION............................................................................................................................ 5

Defendants Howard Zucker, M.D., J.D., the Commissioner of the New York State Department of Health ("DOH" or "the Department"); Elizabeth Rausch-Phung, M.D., the Director of the Bureau of Immunizations for DOH; and DOH (hereafter, the "State Defendants"), respectfully submit this Memorandum of Law in opposition to Plaintiffs' motion to amend their Complaint in this lawsuit. *See* Dkt. No. 93.

## PRELIMINARY STATEMENT

Plaintiffs' motion to amend their Complaint should be denied because the amendments sought by Plaintiffs are futile in the face of the State Defendants' motion to dismiss. *See* Dkt. No. 28. Plaintiffs seek to amend their Complaint in six ways, not one of which should impact the Court's decision on the State Defendants' motion to dismiss. In fact, three of the amendments do not even involve Plaintiffs' claims against the State Defendants, and the other three are clearly inadequate. Therefore, this Court should deny the motion to amend as being futile, and the Court should grant the State Defendants' motion to dismiss this case in its entirety.

## STANDARD OF REVIEW

Rule 15 governs amendments and instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may, however, deny "[l]eave . . . if the amendment would be futile." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014). "A proposed amendment to a complaint is futile when 'it could not withstand a motion to dismiss.'" *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "In assessing whether the proposed complaint states a claim, [courts must] consider 'the proposed amendment[s] . . . along with the remainder of the complaint,' accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief."

1

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (second alteration in original) (citation omitted) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 323 n.3 (2d Cir. 2010)).

## ARGUMENT

### POINT I

**PLAINTIFFS ATTEMPT TO AMEND THEIR COMPLAINT IN SIX DIFFERENT WAYS, NONE OF WHICH SAVE THEIR CLAIMS WHEN THEY ARE SET AGAINST THE STATE DEFENDANTS' MOTION TO DISMISS**

Plaintiffs submitted a three-page letter brief to the Court identifying six different ways that they seek to amend their Complaint. Dkt. No. 93. State Defendants assert that none of those six amendments would save the Complaint when they are measured up against the State Defendants' motion to dismiss.

*First*, Plaintiffs seek to amend their Complaint as follows: "(1) The individually named school district defendants originally sued in their 'official capacity' have been re-pleaded as sued in their individual capacities." *Id*. at 1. However, because this first amendment only impacts the "school district defendants" and not the State Defendants, this amendment is clearly futile and will not withstand the State Defendants' motion to dismiss.

*Second*, Plaintiffs seek to amend their Complaint as follows: "(2) The complaint has been amended to more clearly state that the individually named plaintiffs seek damages as well as equitable relief from individually named school district defendants." *Id*. at 2. Just like the first amendment cited above, the second amendment only impacts the "school district defendants" and not the State Defendants. Thus, this amendment is also futile and will not withstand the State Defendants' motion to dismiss.

*Third*, Plaintiffs seek to amend their Complaint as follows: "(3) The individually named defendants from the Shenendehowa School District implicated in the Koe family decision are removed and claims against them withdrawn.  The Koe family is only seeking injunctive and declaratory relief from their school district and the state level defendants." *Id*.  The fact that Plaintiff seeks to *remove* claims against the Shenendehowa School District does not alter the arguments and claims against the State Defendants.  Thus, this amendment is also futile when it comes to the State Defendants' motion to dismiss.

*Fourth*, Plaintiffs seek to amend their Complaint as follows: "(4) The recitation of claims have been amended so they are more clearly pled, particularly the substantive due process claim." *Id*.  However, the fact that Plaintiffs attempt to clarify their substantive due process claim does not save that claim, especially in light of this Court's ruling with regard to the preliminary injunction motion: "It is well-settled . . . that New York's mandatory school vaccination law does not violate substantive due process. *See Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) (rejecting the plaintiffs' argument that 'New York's mandatory vaccination requirement' for school children violates substantive due process, explaining that '[t]his argument is foreclosed by the Supreme Court's decision in *Jacobson v. Commonwealth of Massachusetts*')." Dkt No. 92 at 11.  In light of this Court's holding, and because only the denial of "fundamental" rights (and education is not such a "fundamental" right) can cause a substantive due process violation, Plaintiffs' clarification regarding their substantive due process motion is also necessarily futile. *See, e.g., Caviezel v. Great Neck Pub. Schs*., 500 F. App'x 16, 19 (2d Cir. 2012) (rejecting substantive due process challenge to vaccination mandate); *Walker v. City of Waterbury*, 361 F.App'x 163, 165 (2d Cir. 2010) ("In order to sustain a substantive due process claim, a plaintiff must demonstrate, *inter alia*, that he was deprived of a fundamental constitutional right by government action that is arbitrary or conscience-shocking.") (internal quotation marks and

3

citation omitted); *Bailey v. City of Pinellas Park*, 147 F. App'x 932, 934 (11th Cir. 2005) ("the substantive component of the Due Process Clause protects only 'fundamental' rights"); *Strouss v. Mich. Dep't of Corr.*, 75 F. Supp. 2d 711, 728 (E.D. Mich. 1999) ("substantive due process protects only fundamental rights created by the Constitution"); *San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) ("We have carefully considered each of the arguments supportive of the District Court's finding that education is a fundamental right or liberty and have found those arguments unpersuasive."); *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("there is no fundamental right to public education").

*Fifth*, Plaintiffs seek to amend their Complaint as follows: "(5) Some paragraphs have been amended or amplified to more clearly describe the facts as they relate to the claims and individually named defendants, and to provide statements about matters defendants complained of not seeing. For example, though some of the defendants acknowledge the plaintiffs each appear to be disabled under the facts, some defendants were unclear about whether any substantial activities or functions were impaired so this type of language was added for each defendant." Dkt. No. 93 at 2.  Because the amendments described here do not impact the Plaintiffs' *facial challenge* to the regulation at issue here, and because the Rehabilitation Act claims are barred for the reasons outlined in the State Defendants' motion to dismiss, these amendments are also futile.

*Sixth*, and last, Plaintiffs seek to amend their Complaint as follows: "(6) Some new information was added, such as the new rule that all children denied a medical exemption will be barred from even attending online school or programming." *Id*.  However, this too is a futile amendment because this Court has already held as follows in its decision on the Plaintiffs' motion for a preliminary injunction: "[T]he regulations condition children's right to attend school on vaccination.  Thus, the right that is being burdened is the right to attend school at a public or private institution instead of being homeschooled.  And, the Second Circuit has made clear, '[t]he right to

4

public education is not fundamental.' *Bryant v. N.Y.S. Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012)." Dkt. No. 92 at 14.  In light of this decision, this proposed amendment is futile as well.

## CONCLUSION

Based upon the State Defendants' motion to dismiss (Dkt. No. 28), and based upon the above stated arguments, the Plaintiffs' motion to amend should be denied in its entirety, and the State Defendants' motion to dismiss should be granted in its entirety.

Dated: Albany, New York
       November 9, 2020

>                              LETITIA JAMES
>                              Attorney General of the State of New York
>                              *Attorney for Defendants Howard Zucker,*
>                              *M.D., J.D., Elizabeth Rausch-Phung, M.D.,*
>                              *and the N.Y.S. Department of Health*
>                              The Capitol
>                              Albany, New York 12224
>
>                       By:    *Michael McCartin*
>                              Michael G. McCartin
>                              Assistant Attorney General, Of Counsel
>                              Bar Roll No. 511158
>                              Tel.: (518) 776-2620
>                              michael.mccartin@ag.ny.gov
>
>                              *Andrew Koster*
>                              Andrew W. Koster
>                              Assistant Attorney General, Of Counsel
>                              Bar Roll No. 701106
>                              Tel.: (518) 776-2609
>                              andrew.koster@ag.ny.gov

TO:    All Attorneys of Record (*via* CM/ECF)