BIEDERMANN·HOENIG·SEMPREVIVO
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
NEW YORK, NY 10165
TEL 646·218·7560
FAX 646·218·7510
WWW.LAWBHS.COM

November 9, 2020

*Via ECF*

Honorable Brenda K. Sannes
United States District Court
Northern District of New York
P.O. Box 7336
Syracuse, New York 13261-7366

      Re:    *Jane Doe, et al. v. Howard Zucker, et al.*
                Case No.: 1:20-cv-840 (BKS/CFH)
                <u>Our File Number:    100.17990    </u>

Dear Judge Sannes,

      We represent defendant Br. David Anthony Migliorino, OSF, in the above-referenced matter. In accordance with the Court's October 23, 2020 Text Order (Dkt. No. 94), and on behalf of Br. Migliorino, we respectfully submit this letter opposition to Plaintiffs' October 22, 2020 letter motion (Dkt. No. 93) seeking leave to amend their complaint.

      In the interest of avoiding unnecessary replication, Defendant Br. Migliorino adopts and incorporates the Procedural Posture set forth in Defendants South Huntington School District and Dr. David P. Bennardo's letter in opposition dated November 6, 2020 (Dkt. No. 108).

    **1.  Plaintiffs' letter motion to for leave to amend the complaint should be denied as futile.**

      Although leave to amend a plaintiff's complaint is typically freely given, the law is clear that a motion for leave to amend must be denied where the proposed amendments would be futile. *LeClair v. Raymond*, 2020 WL 5027278 (N.D.N.Y. 2020) (holding that proposed amendments that fail to particularize personal involvement in alleged unconstitutional conduct were futile); *Barnes v. Crist*, 2014 WL 1293408 (N.D.N.Y. 2014) (holding that "defects in Plaintiff's Complaint are substantive rather than merely formal, such that any amendment would be futile"); *Brown v. Peters*, 1997 WL 599355 *1 (N.D.N.Y. 1997) (citations omitted) (holding that "the court need not grant leave to amend where it appears the amendment would prove to be unproductive or futile"); *Orthocraft, Inc. v. Sprint Spectrum L.P.*, 2002 WL 31640477 *1 (E.D.N.Y. 2002) (holding that "leave to amend should be denied …where such amendment would be futile"); *Thai v. Cayre Group, Ltd.*, 723 F. Supp.2d 323, 338 (S.D.N.Y. 2010) (holding that, as plaintiff could offer no additional substantive information to cure the deficient pleadings, granting leave to amend would be futile).  Here, the Plaintiffs' proposed amendments will have no bearing on the merits of Br. Migliorino's motion to dismiss.

**2. Br. Migliorino is not a state actor.**

First and foremost, the fact remains that Plaintiffs' constitutional claims against Br. Migliorino must be dismissed as he is not a state actor. It is undisputed that the provisions of the Fourteenth Amendment of the Constitution of the United States apply only to "state action." *Matter of Oefelein v Msgr. Farrell Sch.*, 77 Misc. 2d 417, 418 (Richmond Cty. 1974); *see also Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) and *Mitchell v. New York University*, 129 A.D.3d 542 (1st Dep't 2015) (holding that a private university is not a state actor and university students are, consequently, not protected by the First Amendment of the U.S. Constitution).

Plaintiffs initially alleged that Br. Migliorino "is sued in his capacity for actions and omissions he engaged in as a state actor and under color of state law." Compl. ¶ 69. Plaintiffs now propose to amend their complaint to remove the phrase "as a state actor" from the allegations against each of the individual defendants[1]. However, simply removing the words "state actor" from the complaint and leaving "under color of state law" does not change the nature of the allegations nor Plaintiffs' burden to prove their constitutional claims.

Under New York law, compliance with state requirements cannot be the basis for a finding of state action. Conduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state regulation or "affected with the public interest." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 353 (1974). The Court of Appeals has repeatedly held a "finding of state action may not be premised solely on [a] private entity's creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.,* 318 F.3d 105, 112 (2d Cir. 2003).

As Defendants South Huntington School District and Dr. David P. Bennardo correctly point out, "[a]llowing Plaintiffs to assert personal capacity claims against the individual Defendants would be futile because the proposed amended complaint (Dkt. No. 93-1) does not allege that those individuals were personally involved in the alleged constitutional violation, as required to state a § 1983 claim." Dkt. No. 103, p. 3 (citations omitted). The obvious futility is further amplified with respect to Br. Migliorino specfically as he is not a state actor.

Notwithstanding the above, the law is clear that – and as this Court noted – there exists no fundamental, constitutionally protected right to public education. *Bryant v. N.Y.S. Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (holding that "[t]he right to public education is not fundamental"). Accordingly, there certainly can be no fundamental right education in a *private* institution that could be violated by the denial of a medical exemption.

**3. There is simply no basis to bring a suit against Br. Migliorino in his individual capacity.**

Plaintiffs propose to amend their complaint to sue the individual defendants in both their official and individual capacities. A § 1983 suit brought against a defendant in his individual capacity necessarily involves an allegation against a state actor. As demonstrated above, Br Migliorino was not a state actor. Therefore, Plaintiffs' claims against Br. Migliorino fail as a matter of law.

---

[1] It appears that Plaintiffs have not removed "as a state actor" from the allegations against Br. Migliorino but we assume that this was an oversight and they intended to remove this phrase as related to Br. Migliorino as well.

Aside from Plaintiffs' constitutional claims, there exists no fathomable basis to bring suit against Br. Migliorino in his individual capacity. Plaintiffs have not alleged – and cannot allege - any intentional tort or act outside the scope of employment that would support a suit against Br. Migliorino in his individual capacity.

Plaintiffs generally allege that, under the state regulation at issue, the individual defendants abused their discretion in denying the respective medical exemptions. However, 10 N.Y.C.R.R. § 66-1.3(c) expressly provides that "[t]he principal or person in charge of the school may require additional information supporting the exemption." Thus, even if Br. Migliorino had made the determination to deny John Loe's application for a medical exemption, it was well within his authority as principal to do so.

In the case of Br. Migliorino and St. Anthony's High School, however, the decision regarding John Loe's medical exemption was made solely by the school district's physician, Dr. Jack Geffken. At no time did Br. Migliorino make any determination whatsoever related to John Loe's application for a medical exemption. Br. Migliorino simply followed state regulations based on Dr. Geffken's determination. As this Court noted, "[i]n making a determination on a medical exemption request, the school should seek the appropriate medical consultation (e.g., the school's medical director)." (Dkt. No. 54-13, at 2). Br. Migliorino took no actions with respect to John Loe's medical exemption that could give rise to any liability whatsoever.

Because the proposed amendments would be completely futile, Plantiffs' letter motion seeking leave to amend the complaint should be denied and Defendant Br. Migliorino's motion to dismiss should be granted.

Respectfully,

BIEDERMANN HOENIG SEMPREVIVO
A Professional Corporation

_____
Meishin Riccardulli (702177)
Elaine Chou (702176)


CC:   ALL COUNSEL OF RECORD VIA ECF