

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

**James G. Ryan**
Partner
Direct Dial: (516) 357-3750
jryan@cullenllp.com

November 9, 2020

<u>**Via ECF**</u>
Hon. Judge Brenda K. Sannes
United States District Court Judge
Northern District of New York

      Re:    *Jane Doe, et al. v Howard Zucker, et al.,* Docket No: 1:20-CV-00840-BKS-CFH

Dear Judge Sannes:

This firm represents defendants Coxsackie-Athens School District, Randall Squier, Freya Mercer, Penfield Central School District, Dr. Thomas Putnam, Lansing Central School District, Chris Pettograsso, Christine Rebera, and Lorri Whiteman ("Defendants") in the above referenced matter. Claims are brought against Defendants by Plaintiffs Jane Doe, John Coe, Sr., Jane Coe, Sr., and Jane Goe, Sr., all on behalf of themselves and their minor child(ren), and, presumably, Children's Health Defense ("CHD") (collectively, "Plaintiffs").[1] Plaintiffs filed a "letter motion seeking to file a First Amended Complaint" ("Plaintiffs' motion"), ECF 93. Per this Court's Order, ECF 104, Defendants' response addresses the "revised Proposed Amended Complaint" in ECF 99-2 (the "PAC"). For the reasons set forth below, and for the reasons set forth in the Defendants'

---

[1] As no class has yet been certified, Defendants only address herein the allegations directed specifically at them, namely those of Doe, the Coes, and Goe. To the extent that CHD is bringing claims against Defendants, CHD does not make any independent allegations against Defendants. The PAC adds allegations that CHD expended resources in connection with medical exemptions, PAC at ¶ 61; however, assistance and litigation are CHD activities, *see id.* at ¶ 58. Further, there are no allegations regarding how Defendants' actions specifically caused these alleged injuries.



Motion to Dismiss the Complaint ("Defendants' MTD"), ECF 78-4 and ECF 107, any proposed

revisions in the PAC are futile as to the Defendants and thus leave to amend should be denied. *See*

*Loreley Fin. (Jersey) No. 3 Ltd. v Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir 2015) (citation

omitted); *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (citation omitted).

## A. Jane Goe's Claims Remain Moot Despite the Additional Allegations in the PAC

If a matter is moot, "[a] federal court loses jurisdiction to entertain it." *Libertarian Party*

*of Erie Cty. v. Cuomo*, 970 F.3d 106, 116 (2d Cir. 2020) (citation omitted). Per the PAC, Jane Goe

"was removed from school," PAC at ¶ 221, but then returned, completed her senior year, and was

"set to graduate," *see id.* at ¶¶ 224, 226-28. There is no allegation that she did not graduate. Thus,

Jane Goe's claims seeking declaratory and injunctive relief, *see id.* at ¶ 45, are moot, *see Fox v Bd.*

*of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (citations omitted). The

request for damages, *see* PAC at ¶ 31, does not save Goe's claims as injury and damages have not

been sufficiently pled. Notably, Goe fails to state any specific period of exclusion. C*ompare id.* ¶¶

216-217 *with* ¶¶ 219, 221; *see id.* at ¶¶223-24. The Goes allegedly had to hire an attorney, but the

purpose for said attorney is not alleged. *See id.* at ¶ 225. Further, there are insufficient allegations

to form the basis for any damages related to Jane Goe's alleged fears and stress. *See id.* at ¶ 228.

## B. The PAC is Insufficient to Establish Individual Capacity Claims

The PAC also fails to sustain a cause of action against the individual administrator

Defendants who are protected by qualified immunity. "[A] district court may grant a Rule

12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on

the face of the complaint." *Hyman v Abrams*, 630 Fed. Appx. 40, 42 (2d Cir. 2015) (internal

quotation marks and alterations omitted). "[T]he plaintiff is entitled to all reasonable inferences

from the facts alleged, not only those that support his claim, but also those that defeat the immunity

Cullen | Dykman

defense." *Id.* (internal quotation marks and citation omitted). "Qualified immunity protects public officials from civil liability only if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Coggins v. Buonora,* 776 F.3d 108, 114 (2d Cir. 2015) (internal quotation marks and citation omitted), *cert. denied,* 135 S.Ct. 2335 (2015). Even if Defendants' actions violated a clearly established law, which they did not, it was "objectively reasonable" for the individual Defendants to believe that their actions complied with the law, and therefore qualified immunity shields them.

As alleged in the PAC, "[s]chool principals are prohibited from admitting any student whose parents have not complied with the immunization laws in PHL §2164." PAC at ¶ 4. There is, however, a medical exemption to the immunization requirement. *Id.* at *¶ 5.* "[T]he new regulations [10 NYCRR §66-1, *see id.* ¶¶ 6-7, 9, 13] allow a principal to . . . conduct a review [of the medical exemption request form] if they desire to do so . . . ." *Id.* at *¶* 15. "The new regulations do not require that the school principal consult with any medical professionals" when making their decision regarding the exemption request, *see id.* at ¶ 17, but the principals can do so, *see id.* at ¶ 18 ("when principals do consult with professionals, the consulting physicians typically . . . ."). Thus, the PAC alleges that review is permissible but not mandatory.[2] *Id.* at ¶¶ 15, 119.

Plaintiffs thus allege that administrator Defendants are permitted to consult with medical professionals regarding the medical exemptions and that in the instant case they did so. *See id.* at ¶¶ 18, 99, 172, 216. Per the allegations in the PAC, it is not only permissible for the administrator Defendants to seek medical recommendations as to the sufficiency of a certification when making their decisions, but also objectively reasonable for them to believe they were fulfilling their

---

[2] Plaintiffs also make contradictory allegations that the medical professional(s) not seeking more information before making their recommendation was a "failure[]." *See id.* at ¶ 102.



responsibilities as set forth in 10 NYCRR § 66-1 and PHL § 2164. Even if the recommendation was incorrect, Plaintiffs allege that principals "do not generally have any medical or legal training," *id.* at ¶ 13; thus, any reliance on the recommendations in making a determination, *see id.* at ¶¶ 99, 216, would not be unreasonable. For these reasons and those in the Co-Defendant School Districts' Response in Opposition to Plaintiffs' Motion, pp 4-5, ECF 110, which Defendants adopt herein, qualified immunity shields the administrators from the 42 U.S.C. § 1983 claims.

### C.  The PAC Does Not Establish Municipal Liability for the School Districts

Whether Plaintiffs seek to establish municipal liability via (1) "an expressly adopted official policy;" (2) "a longstanding practice or custom;" or (3) "a final policymaker," *see Hurdle v Board of Educ. of City of New York*, 113 Fed.Appx. 423, 424-425 (2d Cir. 2004) (internal quotation marks and citations omitted), the theory fails. The PAC does not allege an explicit policy of the School Districts and alleges only one medical exemption request rejection per school district. "[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee." *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) (citation omitted). Further, Plaintiffs allege that the denials of Plaintiffs were "arbitrary." *See* PAC at ¶¶ 28, 61. Finally, a final decisionmaker and final policymaker are not necessarily the same, *see Hurdle v Board of Educ. of City of New York*, 113 Fed.Appx. 423, 426 (2d Cir. 2004) (citations omitted), and, in any event, Defendants are neither.

### D.  Plaintiffs' Constitutional Claims Are Not Viable

The PAC alleges that "[t]he challenged regulations, policies and practices of the defendants violate a number of fundamental rights requiring strict scrutiny." *See* PAC at ¶ 382. However, there is no forced vaccination here; there is a medical exemption, *see* PHL § 2164(8), and a homeschooling alternative. As this Court recognized, "the right that is being burdened is the right



to attend school at a public or private institution instead of being homeschooled," which is not a fundamental right. Order Denying Plaintiffs' 41 Motion for Preliminary Injunction, 14, Oct. 22, 2020, ECF 92 (the "Order") (citations omitted). Under a rational basis review, Plaintiffs' claim fails. *See Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) (citations omitted). Plaintiffs' second and third Claims for Relief still involve fundamental rights that this Court has found to be only "incidentally burdened." *See* the Order, 14. Plaintiffs' amended Fourth Claim for Relief does not state a claim either as "New York could constitutionally require that all children be vaccinated in order to attend public school," *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015), and Defendants were acting in compliance with these constitutional laws. Plaintiffs' amendments are also futile for the reasons in the State Defendants' Response in Opposition to Plaintiffs' Motion, Fourth Point, pp 5-6, ECF 109, which Defendants adopt herein.

### E.  Plaintiffs' Rehabilitation Act Claims Are Not Viable as to Any Defendant

The PAC fails to state viable Rehabilitation Act claims against Defendants as it does not sufficiently allege that Plaintiffs were "denied the benefit solely because of [their] disability." *See Griffin v. Doe,* 71 F. Supp. 3d 306, 319 (N.D.N.Y. 2014) (citation omitted); Defendants' MTD, II(F)-II(G), ECF 78-4, Sec. III(C), ECF 107.  Plaintiffs were excluded because they were neither vaccinated nor excused via a medical exemption as required by PHL § 2164, not due to any alleged disability. Plaintiffs concede as much in the PAC. *See e.g.* PAC at ¶¶ 52, 108-112, 221.

For these reasons, Plaintiffs' motion for leave to amend the Complaint should be denied.

Respectfully submitted,
/s/ James G. Ryan
James G. Ryan, Esq. (514300)
Cullen and Dykman LLP
*Attorneys for Defendants*

cc:     *All Attorneys of Record via ECF*