UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JANE DOE, on behalf of herself and her minor child;
JANE BOE, Sr. on behalf of herself and her minor child;
JOHN COE, Sr. and JANE COE, Sr. on behalf of
themselves and their minor children; JOHN FOE, Sr. on
behalf of himself and his minor child; JANE GOE, Sr. on
behalf of herself and her minor child; JANE LOE on behalf
of herself and her medically fragile child; JANE JOE on
behalf of herself and her medically fragile child;
CHILDRENS HEALTH DEFENSE, and all others
similarly situated,

Civil Action No.:
1:20-CV-00840 (BKS) (CFH)

Plaintiffs,

- against -

HOWARD ZUCKER, in his official capacity as Commissioner of Health for the State of New York; ELIZABETH RAUSCH-PHUNG, M.D., in her official capacity as Director of the Bureau of Immunizations at the New York State Department of Health; the NEW YORK STATE DEPARTMENT OF HEALTH; THREE VILLAGE CENTRAL SCHOOL DISTRICT; CHERYL PEDISICH, acting in her official capacity as Superintendent, Three Village Central School District; CORRINE KEANE, acting in her official capacity as Principal, Paul J. Gelinas Jr. High School, Three Village Central School District; LANSING CENTRAL SCHOOL DISTRICT, CHRIS PETTOGRASSO, acting in her official capacity as Superintendent, Lansing Central School District; CHRISTINE REBERA, acting in her official capacity as Principal, Lansing Middle School, Lansing Central School District; LORRI WHITEMAN, acting in her official capacity as Principal, Lansing Elementary School, Lansing Central School District; PENFIELD CENTRAL SCHOOL DISTRICT; DR. THOMAS PUTNAM, acting in his official capacity as Superintendent, Penfield Central School District; SOUTH HUNTINGTON SCHOOL DISTRICT; Br. David P. Bennardo, acting in his official capacity as Superintendent, South Huntington School District; BR. DAVID MIGLIORINO, acting in his official capacity as Principal, St. Anthony's High School, South Huntington

School District; ITHACA CITY SCHOOL DISTRICT; DR. LUVELLE BROWN, acting in his official capacity as Superintendent, Ithaca City School District; SUSAN ESCHBACH, acting in her official capacity as Principal, Beverly J. Martin Elementary School, Ithaca City School District; SHENENDEHOWA CENTRAL SCHOOL DISTRICT; DR. L. OLIVER ROBINSON, acting in his official capacity as Superintendent, Shenendehowa Central School District; SEAN GNAT, acting in his official capacity as Principal, Koda Middle School, Shenendehowa Central School District; ANDREW HILLS, acing in his official capacity as Principal, Arongen Elementary School, Shenendehowa Central School District; COXSACKIE-ATHENS SCHOOL DISTRICT; RANDALL SQUIER, Superintendent, acting in his official capacity as Superintendent, Coxsackie-Athens School District; FREYA MERCER, acting in her official capacity as Principal, Coxsackie-Athens High School, Coxsackie-Athens School District; ALBANY CITY SCHOOL DISTRICT; KAWEEDA G. ADAMS, acting in her official capacity as Superintendent, Albany City School District; MICHAEL PAOLINO, acting in his official capacity as Principal, William S. Hackett Middle School, Albany City School District; and all others similarly situated,

         Defendants.

-----------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BR. DAVID ANTHONY MIGLIORINO'S MOTION TO DISMISS**

BIEDERMANN HOENIG SEMPREVIVO
a Professional Corporation
*Attorneys for Defendant*
*Br. David Anthony Migliorino, OSF*
60 East 42nd Street, 36th Floor
New York, NY 10165
(646) 218-7560

Elaine Chou (702176)
Meishin Riccardulli (702177)

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................. 1

Argument ..................................................................................................................................... 1

   I.  BR. MIGLIORINO DID NOT ACT UNDER COLOR OF STATE LAW ...................... 1

   II. PLAINTIFF WAS REQUIRED, BUT FAILED, TO EXHAUST AVAILABLE
      ADMINSTRATIVE REMEDIES ....................................................................................... 3

   III. PLAINTIFFS' CONSTITUTIONAL CLAIMS SHOULD BE DISMISMISSED AS A
       MATTER OF LAW ............................................................................................................ 4

   IV. PLAINTIFFS' REHABILITATION ACT CLAIMS SHOULD BE DISMISMISSED
       AS A MATTER OF LAW .................................................................................................. 5

   V. THE CHILDREN'S HEALTH DEFENSE LACKS STANDING AS TO ANY
      CLAIM ................................................................................................................................. 7

   VI. THE PLAINTIFFS' PROPOSED AMENDMENTS TO THEIR COMPLAINT ARE
       FUTILE ............................................................................................................................... 8

   VII. ANY REMAINING CLAIMS AGAINST BR. MIGLIORINO SHOULD BE
       SEVERED AND VENUE TRANSFERRED TO THE EASTERN DISTRICT OF
       NEW YORK ....................................................................................................................... 8

Conclusion .................................................................................................................................... 9

**PRELIMINARY STATEMENT**

The following Reply Memorandum of Law is respectfully submitted by Defendant Br. David Anthony Migliorino, OSF ("Br. Migliorino") in further support of his motion to dismiss the Plaintiffs' Complaint in its entirety. For the reasons set forth in Br. Migliorino's moving papers and below, dismissal of the Plaintiffs' claims against Br. Migliriono is warranted because: (1) Br. Miglirino is not a state actor and did not act under color of state law; (2) the Plaintiffs have failed to exhaust available administrative remedies; and (3) on all causes of action, the Plaintiffs fail to state any cognizable claim. Further, the Plaintiffs' proposed amendments to their Complaint would be futile. Accordingly, the Court should dismiss the Plaintiffs' Complaint as a matter of law.

**ARGUMENT**

**I.     BR. MIGLIORINO DID NOT ACT UNDER COLOR OF STATE LAW**

First and foremost, the Plaintiffs do not dispute that Br. Migliorino is not a state actor. The Plaintiffs allege, however, that Br. Migliorino acted "under color of state law." This is simply not the case.

Plaintiffs' conclusory allegations that Br. Migliorino acted "jointly with the state actors" sufficient to support a finding of state action are completely without merit. Plaintiffs' Opp'n, Dkt. No. 112, p. 6. Well settled New York law makes clear that compliance with a state directive cannot be the basis for a finding of state action. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 353 (1974) (holding that conduct by a private entity is not fairly attributable to the state merely because the private entity is a business subject to extensive state regulation or "affected with the public interest").

In the case of Br. Migliorino and St. Anthony's High School, the decision regarding John Loe's medical exemption was made solely by the school district's qualified and licensed physician, Dr. Jack Geffken.  Contrary to the Plaintiffs' assertions that Br. Migliorino "denied" John Loe's second exemption and "elected to deny" John Loe's third exemption, Br. Migliorino never made any determination whatsoever related to John Loe's applications for a medical exemption.  Plaintiffs' Opp'n, Dkt. No. 112, p. 7.  Br. Migliorino simply followed state regulations based on Dr. Geffken's determination that Loe did not qualify for an exemption.  The Plaintiffs' opposition fails to refute these facts.

As *Doe v Syracuse Univ.*, 440 F. Supp.3d 158 (N.D.N.Y 2020), and *Jacobson v. Blaise*, 69 N.Y.S.3d 419 (3d Dep't 2018),  make clear, Br. Migliorino and St. Anthony's compliance with Dr. Geffken's denial of John Loe's application for a medical exemption does not amount to "state action."  Accordingly, Plaintiffs' constitutional claims against Br. Migliorino should be dismissed in their entirety.

To the extent this Court finds that Br. Migliorino acted under color of state law such that he would stand in the shoes of a public official, Br. Migliorino is shielded from personal liability under the well-settled doctrine of qualified immunity.  *Lore v. City of Syracuse*, 670 F.3d 127, 162 (2d Cir. 2012) (holding  that qualified immunity protects  public  officials  performing discretionary functions from personal liability in a civil suit for damages) (internal quotations and citations omitted); *Salim v, Proulx*, 93 F.3d 86, 89 (2d Cir. 1996) (holding that "[a] qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law") (citations omitted); *Soto v. City of N.Y.*, 132 F.Supp.3d 424, 444 (E.D.N.Y.

2015) (holding that the doctrine of qualified immunity … shields public officials from liability for civil damages).

## II. PLAINTIFF WAS REQUIRED, BUT FAILED, TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES

For the reasons set forth more fully in Defendant Br. Migliorino's moving papers, Plaintiff Jane Loe's failure to exhaust the state administrative remedies warrants dismissal of her claims. Dkt. No. 91-1, Point II, pp. 5-6.

Contrary to the Plaintiffs' argument that a constitutional challenge obviates the exhaustion requirement, "the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief." *Mirenberg v. Lynbrook Union Free Sch. Dist. Bd. of Educ.*, 63 A.D.3d 943 (2d Dep't 2009) (internal quotations and citations omitted). The relief requested by Plaintiff Jane Loe – that her child be permitted to attend school upon presenting certification of a licensed physician advising against vaccination – could have been addressed by either: (i) appeal to the Commissioner of Education, and then initiate an Article 78 proceeding if a favorable decision was not rendered; or (ii) commence an Article 78 proceeding in the first instance. Here Plaintiff Jane Loe did neither.

Plaintiffs argue that the instant case should procced as their state administrative remedies are now time-barred. That Plaintiff Jane Loe let the statute of limitations on her available state remedies lapse has absolutely no bearing on the requirement that individuals challenging administrative determinations must first exhaust their administrative remedies *prior* to seeking relief from a court. To allow the Plaintiffs' arguments to succeed would lead to the absurd result that would permit individuals to bring an action simply by waiting out the statute of limitations

on the state remedies.  Accordingly, as Plaintiff Jane Loe was required, but failed, to exhaust her state administrative remedies, her claims must be dismissed.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in Defendants South Huntington Union Free School District ("SHUFSD") and Dr. David P. Bennardo's ("Dr. Bennardo") Reply Memorandum of Law (Dkt. No. 85, Point VII, p.10) and Defendant Coxsackie-Athens School District's ("Coxsackie-Athens") Reply Memorandum of Law (Dkt. No. 107, Point IV, pp. 14-15).

### III. PLAINTIFFS' CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

Because Br. Migliorino did not act under color of state law, this Court need not address the substance of the Plaintiffs' constitutional claims.  Nevertheless, and for the reasons set forth more fully in Defendant Br. Migliorino's moving papers (Dkt. No. 91-1, Point III.A-D, pp. 6-10), the Plaintiffs' constitutional claims must be dismissed as a matter of law.

The Plaintiffs incorrectly allege in their opposition that Br. Migliorino "recklessly second guess[ed] the licensed physician's recommendations."  Plaintiffs' Opp., Dkt. No. 112, Point III, p. 17.  How Br. Migliorino supposedly second guessed the licensed physician's recommendations is not explained.  Indeed, on the contrary, Br. Migliorino made no determination with respect to John Loe's request for a medical exemption; he merely relied on the findings of the school district's physician.  Further, 10 N.Y.C.R.R. § 66-1.3(c) expressly provides that "[t]he principal or person in charge of the school may require additional information supporting the exemption."  Thus, even though Br. Migliorino made no independent determination to deny John Loe's application for a medical exemption, it was well within his authority as principal to do so if he did.

4

The Plaintiffs also argue that defendants have misapplied the law in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905) and *Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015) as these courts "held that any law that did not allow a person to opt out if they were at risk of serious harm would be cruel and inhuman to the last degree." Plaintiffs' Opp., Dkt. No. 112, Point III, p. 17. However, the Plaintiffs somehow completely fail to acknowledge that the regulation in dispute here expressly provides for a medical exemption where warranted. In fact, the Plaintiffs' entire suit is premised on the fact that applications for these medical exemptions were denied. That John Loe simply did not meet the state standards for a medical exemption from a required vaccination is a completely separate issue and does not amount to a violation of any purported constitutional rights.

Notwithstanding the above, the law is clear that – and as this Court noted – there exists no fundamental, constitutionally protected right to public education. *Bryant v. N.Y.S. Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (holding that "[t]he right to public education is not fundamental"). Accordingly, there certainly can be no fundamental right education in a *private* institution that could be violated by the denial of a medical exemption.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in Defendants South Huntington and Dr. Bennardo's Reply Memorandum of Law (Dkt. No. 85, Point II, pp. 3-6) and Defendant Coxsackie-Athens' Reply Memorandum of Law (Dkt. No. 107, Point III.A, pp.7-11).

### IV.  PLAINTIFFS' REHABILITATION ACT CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

For the reasons set forth more fully in Defendant Br. Migliorino's moving papers (Dkt. No. 91-1, Point III.E, p. 11), the Plaintiffs' Rehabilitation Act claims must be dismissed.

The Plaintiffs' opposition completely fails to demonstrate how they have alleged facts sufficient to support any Rehabilitation Act claims. Plaintiffs incredulously suggest that a medical exemption to vaccination is not available to medically fragile children. To the contrary, medical exemptions are readily available and granted where warranted. Again, that John Loe simply did not qualify under state regulations and accepted guidelines does not mean that medical exemptions are not available to medically fragile children. The law is clear that a decisionmaker need only show that the decision was motivated at least in part by a factor other than disability. *D.A.B. v. N.Y.C. Dept. of Educ.*, 45 F.Supp.3d 400, 407 (S.D.N.Y. 2014). Here, John Loe is unable to demonstrate that he was denied admission to school solely because of a disability.

The Plaintiffs further allege that "Defendant Migliorino, acting together with South Huntington School District, refused to consider" certain guidelines and instead made a determination based on ACIP guidelines. However, the Plaintiffs continue to fail to recognize that Br. Migliorino neither played a role in the decision-making process nor made any determination whatsoever regarding John Loe's request for a medical exemption. The Plaintiffs' Rehabilitation Act claims must fail because John Loe has failed to demonstrate that he has a disability, that his disability was the sole reason for his exclusion from school, or that Br. Migliorino took any action that would constitute a violation under the Rehabilitation Act.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in Defendants South Huntington and Dr. Bennardo's Reply Memorandum of Law (Dkt. No. 85, Point III, pp. 3-6) and Defendant Coxsackie-Athens' Reply Memorandum of Law (Dkt. No. 107, Point III.C, pp. 13-14).

## V. THE CHILDREN'S HEALTH DEFENSE LACKS STANDING AS TO ANY CLAIM

For the reasons set forth more fully in Defendant Br. Migliorino's moving papers (Dkt. No. 91-1, Point IV), Plaintiff Children's Health Defense ("CHD") lacks standing to assert any of the claims brought forth in the Complaint.

The Plaintiffs' proposed amendment to their Complaint contains only bald, conclusory allegations that "CHD and its professional members have expended substantial time and resources they would have devoted to other work…. [and] also had to spend substantial money on litigation that could have been used to work on other initiatives to protect children." Plaintiff's Opp'n, Dkt. No. 112, Point V, p. 22.  CHD provides no information regarding how its resources and time were diverted, nor an estimate of the resources and time allegedly expended. CHD does not demonstrate how or in what manner it has diverted time and resources that would have been devoted to other initiatives.  Accordingly, CHD has completely "failed to satisfy its burden to affirmatively show that it has suffered injury-in-fact sufficient for organizational standing." *Rodriguez v. Winski*, 444 F.Supp.3d 488, 495 (S.D.N.Y. 2020) (holding that plaintiff-organization "failed to establish that the alleged conduct by defendants caused any 'perceptible impairment,' or even any adverse effect, to its ordinary advocacy operations, NPPA has failed to satisfy its burden to affirmatively show an injury-in-fact requisite for organizational standing").

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in set forth in Defendants South Huntington and Dr. Bennardo's Reply Memorandum of Law.  (Dkt. No. 85, Point V, p. 8).

**VI.     THE PLAINTIFFS' PROPOSED AMENDMENTS TO THEIR COMPLAINT ARE FUTILE**

Although leave to amend a plaintiff's complaint is typically freely given, the law is clear that a motion for leave to amend must be denied where the proposed amendments would be futile.  *LeClair v. Raymond*, 2020 WL 5027278 (N.D.N.Y. 2020) (holding that proposed amendments that fail to particularize personal involvement in alleged unconstitutional conduct were futile); *Barnes v. Crist*, 2014 WL 1293408 (N.D.N.Y. 2014) (holding that "defects in Plaintiff's Complaint are substantive rather than merely formal, such that any amendment would be futile"); *Brown v. Peters*, 1997 WL 599355 at *1 (N.D.N.Y. 1997) (citations omitted) (holding that "the court need not grant leave to amend where it appears the amendment would prove to be unproductive or futile"); *Orthocraft, Inc. v. Sprint Spectrum L.P.*, 2002 WL 31640477 at *1 (E.D.N.Y. 2002) (holding that "leave to amend should be denied …where such amendment would be futile"); *Thai v. Cayre Group, Ltd.*, 723 F. Supp.2d 323, 338 (S.D.N.Y. 2010) (holding that, as plaintiff could offer no additional substantive information to cure the deficient pleadings, granting leave to amend would be futile).  As demonstrated herein, the Plaintiffs' proposed amendments to the complaint are futile and will not save their claims from dismissal.  Accordingly, Plaintiffs' motion to amend should be denied.

**VII.    ANY REMAINING CLAIMS AGAINST BR. MIGLIORINO SHOULD BE SEVERED AND VENUE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK**

For the reasons set forth more fully in Defendant Br. Migliorino's moving papers (Dkt. No. 91-1, Point V), to the extent any claim against Br. Migliorino withstands this motion to dismiss, any such claim should be severed under Fed. R. Civ. P. 21 and venue transferred to the Eastern District of New York under 28 U.S.C.A. § 1404.

While the Plaintiffs' opposition to Br. Migliorino's motion fails to directly address the issue of severance and transfer of Plaintiff John Loe's case, Plaintiffs generally refer to their opposition (Dkt. No. 83) to Defendants South Huntington and Dr. Bennardo's motion to dismiss.

It is of no consequence that venue may be proper for the other Defendants in this action. The fact remains that the convenience of witnesses, location of documents and parties, and locus of operative facts regarding Jane Loe, John Loe and Br. Migliorino, along with Defendants South Huntinton and Dr. Bennardo, weigh heavily in favor of severing the Loe action and transferring venue to the Eastern District of New York. All parties reside or have their principal place of business in that District.

In the interest of avoiding unnecessary replication, Defendant Br. Migliorino further adopts and incorporates by reference the arguments set forth in Defendants South Huntington and Dr. Bennardo's Reply Memorandum of Law. (Dkt. No. 85, Points V and VI, pp. 98-10).

## **CONCLUSION**

For the reasons set forth above, Defendant Br. Migliorino respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety and grant such other and further relief that this Court deems just and proper.

Dated: November 17, 2020
      New York, New York

By: _/s/ Meishin Riccardulli_
     Elaine Chou (702176)
     Meishin Riccardulli (702177)

9