

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES                                                                                                              STATE COUNSEL DIVISION
Attorney General                                                                                                                        Litigation Bureau

Writer Direct:  (518) 776-2620

November 18, 2020

Hon. Brenda K. Sannes
U.S. District Court Judge
U.S. District Court
Northern District of New York

Re:     *Doe, et al. v. Zucker, et al.,* No. 1:20-cv-0840 (BKS/CFH)

Dear Judge Sannes:

This letter is written to serve as a preliminary response from the State Defendants – Howard Zucker, M.D., J.D., the Commissioner of the New York State Department of Health ("DOH"); Elizabeth Rausch-Phung, M.D., the Director of the Bureau of Immunizations for the DOH; and DOH – regarding Plaintiffs' November 17, 2020 papers seeking a *second* Temporary Restraining Order ("TRO") and preliminary injunction ("PI").

In sum, this Court has absolutely no jurisdiction to grant the injunctive relief that Plaintiffs now seek because this precise issue is now on appeal to the Second Circuit Court of Appeals from the Court's denial of the initial TRO and PI in separate Orders issued on August 27, 2020 and October 22, 2020, respectively.  In other words, when Plaintiffs' filed their Notice of Appeal on November 13, 2020, this Court lost jurisdiction to address all issues that are now on appeal, including the issue as to whether the student Plaintiffs may participate in remote learning without being properly immunized or without being properly exempted from being immunized under Public Health Law – which is the issue Plaintiffs presented to this Court on November 17, 2020, four days after this Court lost jurisdiction to address it.

### A.     During the pendency of an appeal, the District Court has no jurisdiction to take any action involved in the appeal.

Federal courts are courts of limited jurisdiction and a party seeking to invoke the Court's jurisdiction has the burden to establish jurisdiction.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2d Cir. 2006).  As a general rule, the "filing of the notice of appeal divests the district court of jurisdiction" over an action.  *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

appeal."). Indeed, the filing of a notice of appeal precludes the district court from ruling "on any motion affecting an aspect of the case that [is] before [the appellate court] . . . while that appeal [is] pending." *Ching*, 298 F.3d at 180; *Hallock v. Bonner*, 2003 U.S. Dist. LEXIS 19671, 2003 WL 22519644, at *4 (N.D.N.Y. Nov. 4, 2003).

Stated differently, "[a]n interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre." 16A Charles A. Wright et al., Federal Practice & Procedure § 3949.1 (5th ed. 2016).

Plaintiffs now assert that they seek to *narrow* the temporary relief that they previously sought before this Court. *See* Dkt No. 116-1, p. 5 of 27. However, the relief that Plaintiffs seek now is but a portion *of the exact same relief* that they previously sought. That is why the State Defendants addressed Plaintiffs' concerns about remote online learning in their opposition papers regarding the initial PI. *See* Dkt. No. 61, the Declaration of Dr. Rausch-Phung, ¶¶ 55-60. Thus, that issue is certainly one of the issues that is currently on appeal to the Second Circuit, divesting this Court of jurisdiction concerning it. *See Rossi v. Celli (In re Rossi)*, 2008 U.S. Dist. LEXIS 93524, at *1-2 (N.D.N.Y. Nov. 18, 2008); *Yagan v. Dougherty*, 2010 U.S. Dist. LEXIS 62690, at *23 (N.D.N.Y. June 9, 2010) ("Since the denial of plaintiff's TRO regarding the allegedly illegal lockout … is currently on appeal to the Second Circuit, this court may not revisit the claim."); *Knutson v. AG Processing, Inc.*, 302 F. Supp.2d 1023, 1030 (N.D. Iowa 2004) ("'So complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequently to the filing of the notice of appeal.'") (quoting 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.1 (3rd ed. 1999)).

### Conclusion

The Court should therefore summarily deny Plaintiffs' second TRO and PI motions for lack of jurisdiction.

Alternatively, if the Court is inclined to grant the TRO at this point in time, the State Defendants request that the relief not be granted to anyone other than the named Plaintiffs in this action, as this action has not been certified as a class action.

If the Court disagrees with these conclusions, the State Defendants respectfully ask that they be allowed to submit more fulsome papers in opposition to this TRO and PI request.

Thank you kindly for your consideration of this matter.

Respectfully yours,

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158

cc: All Attorneys of Record (*via* CM/ECF)