# THE GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
407 N. Cayuga Street, Suite 201
Ithaca, New York 14850

---

November 18, 2020

Writer Direct Line: (607) 327-4125

<u>VIA ECF</u>
The Honorable Judge Brenda K. Sannes
United States District Court Judge
Northern District of New York
PO Box 7336
Syracuse, NY 13261-7366

      Re:     Jane Doe et al. vs. Howard Zucker, et al., Case No.: 1:20-CV-0840 (BKS/CFH)

Dear Judge Sannes:

      We received an email notice this morning that the Court intends to sign our order to show cause for injunctive relief pending appeal pursuant to Rule 62(d) and asking if we can stipulate to a briefing schedule. Some of the defendants argue that the court does not have jurisdiction to entertain a Rule 62 motion since an appeal from the Rule 65 injunction denial is pending. Respectfully, defendants are mistaken and this court quite clearly has jurisdiction over this motion.

      The statutory jurisdiction is explicit. Both the Federal Rules of Civil Procedure Rule 62 and the Federal Rules of Appellate Procedure, Rule 8, provide that the district court has jurisdiction to grant injunctions after a notice of appeal is filed. Federal Rule of Civil Procedure 62(d) provides: "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, modifies, refuses, dissolves or refuses to dissolve or modify an injunction, the [district] court may suspend, modify, restore or grant an injunction" to secure rights pending appeal. Federal Rule of Appellate Procedure Rule 8(a)(1)(c), "a party must ordinarily move first in the district court for the following relief: (C) an order suspending, modifying, restoring or granting an injunction <u>while an appeal is</u>

pending." An appeal cannot be pending until a notice of appeal is filed. Under the statutory scheme, these rules give clear jurisdiction over this motion to this court.

The Northern District of New York and the Second Circuit have each affirmed this plain reading of the statutory scheme: "Although generally, "once a notice of appeal has been filed, 'it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,' " *Kidder, Peabody & Company, Inc. v. Maxus Energy Corp.,* 925 F.2d 556, 564 (2d Cir.1991), *quoting Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982), pursuant to Fed.R.Civ.P. 62(c), "**a district court may grant injunctive relief after a proper notice of appeal has been filed**" *Id.(*citing *International Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.,* 847 F.2d 1014 (2d Cir.1988); *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 317 F. Supp. 2d 152, 154 (N.D.N.Y. 2004)). There are some constraints imposed by case law. Motions for injunctive relief pending appeal cannot interfere with the material facts underlying the appeal. Thus, the district court has jurisdiction to afford relief pursuant to Rule 62, but no parties can submit new facts for consideration that would alter the factual record being reviewed. Injunctive relief of the kind sought here does not alter the status quo of the case for purposes of appellate review and thus would be proper. In this motion, plaintiffs offer no additional affidavits or factual submissions, but only cite to the record and so are not altering the facts on review. Temporarily allowing them to access online education would not change the facts on appeal. Allowing the children to access some educational resources while the appellate courts decides simply helps to mitigate the otherwise certain cascade of irreparable harm that will not be able to be remedied by monetary damages if the Second Circuit later agrees that plaintiffs were entitled

to injunctive relief on their original Rule 65 motion. This is precisely the purpose and scope of a Rule 62 motion.

This law is well settled, and defendants' cases do not contradict the multiple Second Circuit cases that recognize the district court's jurisdiction in Rule 62 motions after a notice of appeal has been filed. None of the cases cited by the Attorney General's office even appear to implicate a Rule 62 motion. Respectfully, defendant's letter motion appears to conflate Rule 65 injunctions with Rule 62 injunctions (they characterize this as a second motion for injunction pending outcome of the lower court litigation pursuant to Rule 65 rather than a motion for injunction pending appeal pursuant to Rule 62). These motions are governed by different standards and are not the same.

In the email that began the jurisdictional objections, Attorney Kleinberg cites to a bankruptcy case from 2000 which also does not apply. That case involved a *pro se* defendant who was not appealing from a Rule 65 injunction denial. Her appeal was actually apparently from a denial of her motion for an injunction pending appeal pursuant to Rule 62. That second rule 62 motion should have gone to the court of appeals because she already made a Rule 62 motion in the lower court.

The Second Circuit not only allows Rule 62 motions to be made in district court after a notice of appeal has been filed, but this circuit *requires* these motions to be first made in the district court while the appeal is pending. *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 38 (2d Cir. 1993)(rejecting review of an application for an emergency stay pending appeal and noting that the application for injunction pending appeal has to be made first at the district court level after the notice of appeal is filed pursuant to F.R.A.P. (a)(1)(C)). Failure to comply with these procedural rules can result in sanctions against the attorney if the bring their motion for injunctive relief pending appeal in the court of appeals instead of in district court. *Galin v. Hamada*, 753 F.

App'x 3, 9 (2d Cir. 2018)(imposing sanctions on attorney who failed to make the motion for injunctive relief pending appeal in district court or provide sufficient reason why that would be impractical pursuant to F.R.A.P. 8(a)(1)(C).

Rather than delay the much needed relief to these medically fragile children by allowing letter motions regarding jurisdictional questions long settled to obstruct consideration of our emergency motion, plaintiffs respectfully ask that this Court proceed with the intended plan and issue the order to show cause with an expedited briefing schedule in which defendants can set forth additional reasons why the Rule 62 motion should or should not be denied, including any jurisdictional claims, if they so wish and have support for such arguments.

If the plaintiffs and all similarly situated are able to access online relief pending a decision on the Rule 62 motion, and the defendants have no objection to that being extended beyond fourteen days if the briefing takes longer than that, plaintiffs have no objection to extending the briefing schedule as defendants request. However, if such temporary relief is not in place, plaintiffs do object as these children are suffering greatly. In such a case, plaintiffs would propose that answering papers to the Order to Show Cause filed yesterday be submitted no later than noon on Wednesday, November 25th and the plaintiffs reply papers filed by Tuesday December 1st. We do not require oral arguments unless the Court deems them useful. These children and all of those similarly situated desperately need to access the educational resources available to other children through remote learning and online learning. Each day brings more harm. The court is not required to wait until a class is certified to ensure that they do not fall through the cracks (as recognized by defendants in their original briefs on the Rule 65 motion).

Respectfully Submitted,

*s/Sujata S. Gibson*

                                              Sujata Gibson
                                              **The Gibson Law Firm, PLLC**
                                              *Attorneys for the Plaintiff*
                                              Bar Roll No. 517834
                                              sujata@gibsonfirm.law

CC:    All attorneys of record via ECF