<div align="center">

## THE GIBSON LAW FIRM, PLLC
SUJATA S. GIBSON, ESQ.

</div>

November 18, 2020

<u>VIA ECF</u>
The Honorable Judge Brenda K. Sannes
United States District Court Judge

  Re: Jane Doe et al. vs. Howard Zucker, et al., Case No.: 1:20-CV-0840 (BKS/CFH)

Dear Judge Sannes:

  This letter responds to defendants' allegation that this court lacks jurisdiction to hear a Rule 62 motion for an injunction pending appeal because a notice of appeal was already filed. Respectfully, defendants are fundamentally mistaken.

  Both the Federal Rules of Civil Procedure (F.R.C.P.) Rule 62 and the Federal Rules of Appellate Procedure (F.R.A.P.), Rule 8, provide that the district court has jurisdiction to grant injunctions pending appeal after a notice of appeal is filed.

  F.R.C.P. 62(d) provides: "<u>While an appeal is pending</u> from an interlocutory order or final judgment that grants, modifies, refuses, dissolves or refuses to dissolve or modify an injunction, the [district] court may suspend, modify, restore or grant an injunction". F.R.A.P. Rule 8(a)(1)(c) provides that "a party must ordinarily move first in the district court for…an order suspending, modifying, restoring or granting an injunction <u>while an appeal is pending.</u>" An appeal cannot be pending until a notice of appeal is filed. Under the statutory scheme, these rules give clear jurisdiction over this motion to the district court.

  The Northern District of New York and the Second Circuit each affirm this plain reading of the statutory scheme: "Although generally, once a notice of appeal has been filed, 'it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,' " *Kidder, Peabody & Company, Inc. v. Maxus Energy Corp.,* 925 F.2d 556, 564 (2d Cir.1991), *quoting Griggs v. Provident Consumer Discount Co.,* 459

U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982), "pursuant to Fed.R.Civ.P. 62(c), a district court may grant injunctive relief after a proper notice of appeal has been filed" *Id.(*citing *International Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.,* 847 F.2d 1014 (2d Cir.1988); see also, *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 317 F. Supp. 2d 152, 154 (N.D.N.Y. 2004)).

The Second Circuit not only allows Rule 62 motions for injunction pending appeal to be made in district court after a notice of appeal has been filed, it is *required* for these motions to be first made in the district court while the appeal is pending. *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 38 (2d Cir. 1993)(holding that application for injunction pending appeal has to be made first at the district court level after the notice of appeal is filed pursuant to F.R.A.P. (a)(1)(C)). Failure to comply with these procedural rules can result in sanctions against attorneys if they initially bring their motion for injunctive relief pending appeal in the court of appeals instead of in district court. *Galin v. Hamada*, 753 F. App'x 3, 9 (2d Cir. 2018).

There are some constraints on the district court's review of any motions which would upset the status quo of the pending appeal. The "status quo" in the case holdings does not refer to the parties' relative positions after the initial denial while the appeal pends. It is well-settled that the district court has jurisdiction to issue a stay or injunctive relief that contradicts the decision being appealed to secure against irreparable harm pending appeal. Rather, the case law cautions that the district court should not take action which would upset "the status quo" of the record on appeal. For example, parties cannot submit new facts for consideration in support of a Rule 62 motion. *International Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.,* 847 F.2d 1014 (2d Cir.1988). Nor can a district court issue injunctive relief pursuant to a new motion under Rule 65 pending decision on interlocutory appeal of a similar injunction already stayed by a higher court

pending appeal. *New York v. United States Department of Homeland Security*, 974 F.3d 210, 215-16 (2d Cir. 2020).

The standard Rule 62 motion before the court now does not alter the status quo of the case for purposes of appellate review. In this motion, plaintiffs offer no new affidavits or factual submissions. The temporary relief sought does not contradict any relief pending appeal issued by a higher court. Allowing medically fragile children to access online and remote educational resources while the appellate court decides the appeal simply restores the status quo and helps to mitigate the otherwise certain cascade of irreparable harm that cannot be remedied by monetary damages if the Second Circuit later holds that plaintiffs were entitled to injunctive relief on their original Rule 65 motion. This is precisely the purpose and scope of a Rule 62 motion – to mitigate irreparable harm pending appeal.

The jurisdiction of the district court to hear a Rule 62 motion after a notice of appeal is filed is well settled, and defendants' cases do not contradict the second circuit or the plain reading of the statute. None of the cases defendants cite appear to even implicate a Rule 62 motion. Respectfully, defendant's letter motions appear to conflate Rule 65 injunctions with Rule 62 injunctions. These two motions are governed by different jurisdictional standards and have different standards of review.

The Court also asks us to discuss *New York v. United States Department of Homeland Security*, 974 F.3d 210, 215-16 (2d Cir. 2020). This case is also about a Rule 65 injunction motion, not a rule 62 motion and the procedural history of the case supports jurisdiction of this court to hear a Rule 62 motion after notice of appeal has been filed. In *Homeland Security*, the district court issued a nation-wide preliminary injunction (pursuant to Rule 65) against enforcement of regulations governing immigration. Defendants filed an interlocutory appeal and then filed a Rule

62 motion in district court seeking a stay. The district court denied the motion. *New York v. United States Dep't of Homeland Sec.,* No. 19 CIV. 7777 (GBD), 2020 WL 4347264, at *2 (S.D.N.Y. July 29, 2020); As is proper, defendants then filed for the emergency relief pending appeal with the court of appeals and finally obtained a stay of the injunction pending appeal from the Supreme Court of the United States. *Id.*

No one took any issue with the district court's jurisdiction to initially issue a decision on the Rule 62 motion after the notice of appeal from their grant of relief on the Rule 65 motion was filed. The procedural history shows this is the standard and proper procedural process to decide the issue of injunctive relief pending appeal. *Id.*

The issue in *Homeland Security* was with what occurred after the district court decided the Rule 62 motion and was overruled by the Supreme Court. Rather than wait for the appeal to be decided, plaintiffs brought a subsequent <u>Rule 65</u> motion for a new preliminary injunction during the pendency of appeal. The Second Circuit held that the second Rule 65 injunction, which was essentially for the same relief as the one still pending appellate review, interrupted the status quo, because it introduced new facts and overruled the decision from the Supreme Court staying the district court's initial attempt to uphold the same relief pending appeal. *New York v. United States Department of Homeland Security*, 974 F.3d 210, 215-16 (2d Cir. 2020). This case does not undercut the jurisdiction of this court over a Rule 62 motion brought at the current stage of the proceeding. It would only be relevant after this court decides a Rule 62 motion and is overruled by a higher court. At this stage, plaintiffs must apply for relief pending appeal in district court.

Plaintiffs respectfully ask that this Court proceed with the intended plan and issue the order to show cause with an expedited briefing schedule in which defendants can set forth additional

reasons why the Rule 62 motion should or should not be denied, including any jurisdictional claims, if they so wish and have support for such arguments.

If the plaintiffs and all similarly situated are able to access online relief pending a decision on the Rule 62 motion in district court, and the defendants have no objection to that temporary relief being extended beyond fourteen days if the briefing and issuance of a decision takes longer than that, plaintiffs have no objection to extending the briefing schedule on any timeline defendants request. However, if such temporary relief is not in place, plaintiffs do object as these children are suffering greatly. If temporary relief is not in place pending decision on this motion, plaintiffs would propose that defendants' answering papers to the Order to Show Cause be submitted no later than noon on Wednesday, November 25th and the plaintiffs reply papers filed by Tuesday December 1st. We do not require oral arguments unless the Court deems them useful.

Plaintiffs object to any narrowing of the already narrow relief sought pending decision. These children and all of those similarly situated desperately need to access the educational resources available to other children through remote learning and online learning. Each day brings more harm. All children with medical exemptions require this relief. More children are being removed from school and access to online education each week. As most defendants recognized in their briefs on the Rule 65 motion, it is well-settled law that a court is not required to wait until a class is certified to issue injunctive relief to ensure that all similarly situated impacted parties do not fall through the cracks, not just named plaintiffs. *Ligon v. City of New York*, 925 F. Supp. 2d 478, 539 (S.D.N.Y. 2013).

        Respectfully Submitted,

        *s/Sujata S. Gibson*
        Sujata Gibson
        **The Gibson Law Firm, PLLC**

*Attorneys for the Plaintiff*
Bar Roll No. 517834
sujata@gibsonfirm.law

CC:     All attorneys of record via ECF