# THE GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
407 N. Cayuga Street, Suite 201
Ithaca, New York 14850

November 25, 2020

VIA ECF
The Honorable Judge Brenda K. Sannes
United States District Court Judge
Northern District of New York
PO Box 7336
Syracuse, NY 13261-7366

      Re:    Jane Doe et al. vs. Howard Zucker, et al., Case No.: 1:20-CV-0840 (BKS/CFH)

Dear Judge Sannes:

Plaintiffs respectfully submit this reply to defendants' letters opposing plaintiffs motion to file an amended complaint (objections filed at *Dkt 108, 109, 110, 111*).

The parties agree that pursuant to Federal Rule of Civil Procedure 15 the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a "liberal standard," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), and "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits," *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quotation marks and citation omitted). The parties also agree that a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

Defendants argue that amendments will be futile. Although styled as "futility" arguments, most of defendants objections really go to the underlying merits of the lawsuit and are best addressed in a proper motion to dismiss *Al Shuaibi v. McCament*, No. 17-CV-64 89-FPG-JWF, 2019 WL 1117511, at *2 (W.D.N.Y. Mar. 11, 2019).

As a threshold matter, plaintiffs point out that they have a right to amend the complaint as a matter of course in the litigation with Br. Migliorino, and equitably should have the same right

to amend as a matter of course in connection with the Coxsackie Athens, Penfield and Lansing Central School Districts. Per Rule 15(b), plaintiffs may amend as a matter of course within twenty-one days of service of a 12(b)(6) motion. In this instance, plaintiffs told the Court and parties that they would be filing an amended complaint on 10/15/2020 – which was still within the time to file as a matter of course against the Penfield, Lansing Central and Coxsackie-Athens School Districts and also well-within the time to file as a matter of course against Br. Migliorino. The Court granted Plaintiffs request to file the amended complaint on or before 10/22/20, and issued a text order stating: "Plaintiffs' counsel is granted leave to file a letter request detailing what they are seeking to amend in the complaint by 10/22/2020." Plaintiffs assert that this Text Order extends the time they had to file against the three school districts as of right, and since they did file by that date, the above-listed school districts should not be able to object to their filing the amended complaint. Either way, Br. Migliorino does not have an objection as plaintiffs filed their amended complaint only a few days after he submitted a responsive pleading, well within the twenty one days that Fed. R. Civ. P. 15(b) gives them as of right.

However, by this motion, plaintiffs seek to amend the complaint as to all the defendants. Pursuant to the liberal standards afforded to motions to amend, and best practices identified by holdings from the Second Circuit, the Court should grant the plaintiffs motion to file an amended complaint as to all defendants and then consider motions to dismiss against the amended complaint separately. When a motion to amend is made while motions to dismiss are pending, the Second Circuit has expressed a preference to proceed in this manner and it would likely be error to essentially decide the motion to dismiss through this letter briefing on whether plaintiffs can amend. *See, e.g., Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015)(remanding the case to allow plaintiffs to file amended complaint and holding that

even if the district court did not err in dismissal under 12(b)(6), they should have granted leave to amend and decided the dismissal on the amended complaint instead of denying the right to amend).

Once the amended complaint is filed, the Court has several options for how to treat the pending motions to dismiss. "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Praileau v. Fischer*, 930 F. Supp. 2d 383,388 (N.D.N.Y. 2013). However, "[w]here plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Haag v. MVP Health Care,* 866 F.Supp. 2d 137, 140 (N.D.N.Y. 2012)(citations omitted).

The state defendants' and Br. Migliorino's pending motions to dismiss can be directly converted to apply to the amended complaint. State defendants assert in their letter in opposition that most of the amendments do not even relate to the claims against them and that any amendments that do relate to their case do not impact any of their arguments (and thus would require no amendment to their pleadings). Br. Milgiorino similarly objects to the filing on the ground that the amendments do not change his arguments for dismissal. In this circumstance, these pending motions to dismiss should be directly converted without further need for amendments to motions against the amended complaint. "If the proposed amended complaint does not seek to add new claims or parties, and the Defendants have had a sufficient opportunity to respond to the new pleading, then, for the purposes of procedural efficiency, the merits of the pending motion to dismiss ought to be considered in light of the proposed amended complaint." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017).

It appears from the motion papers that the school district defendants may need to amend their motions to dismiss to incorporate any new arguments triggered by the amendments. Plaintiffs propose that after the amended complaint is filed, defendants be given leave to file amended motions to dismiss if they feel that is necessary so long as plaintiffs can then have an opportunity to respond formally and within the time and length limitations afforded by statute. Plaintiffs object to making any full merits arguments going to dismissal here as they are constrained by length limitations and format.

Briefly, and without waiving their request to be given a formal opportunity to respond to substantive dismissal arguments, plaintiffs respond to the school district defendants' points as follows.

First, as more fully articulated in plaintiffs' response to the Penfield School District's motion to dismiss, plaintiff Jane Goe's damages claims nullify any mootness argument as to her standing to sue. Defendants' arguments that she did not sufficiently plead her damages claims because she did not specify the precise days she was excluded from school, or the amount she spent on attorneys, or the amount she should be compensated for the fear, stress and trauma defendants cause are not supported by case law. Fed. R. Civ. P. 8(1)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-56 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need factual allegations…a plaintiff's obligation to provide the grounds of his entitlement requires more than labels and conclusions and a formulaic recitation of elements of a cause of action will not do." *Id.* Here, the Goe family's allegations, which provide that Jane was first excluded from school on or about September 18, 2019 after the family was subjected to

unreasonable and unlawful burdens which caused them to incur the expense of lost work and unnecessary appointments with specific specialists. Further detail, such as the date she was allowed to come back, the cost of attorneys and doctors and lost work, is not necessary at the complaint stage and can easily be obtained in discovery. *Id.* (pleading requirements simply call for enough fact to raise a reasonable expectation that discovery can be sought to obtain additional evidence).

Second, school districts object to amendments naming individual defendants in their personal capacity. They assert that qualified immunity might bar prosecution for personal claims. As a threshold matter, plaintiffs do not agree with the allegations that particularized personal involvement is not plead. Each named plaintiff provided pages of detail with facts about the personal participation of the named defendants that were then incorporated into the causes of action. The fuller response requires an opportunity for formal briefing. Similarly, any new arguments about constitutionality or municipal liability should be in a motion to dismiss related to the filed amended complaint. Plaintiffs respectfully request that the Court give them leave to file the amended complaint and then grant defendants leave to file amended motions to dismiss to which plaintiffs can respond on these points formally and properly.

Last, attorney Johnson alleges that plaintiff Foe may have moved out of the Albany City School District. However, if he did, that does not alter the claims – the Foe family still seeks damages and if successful may likely return to Albany so that John can rejoin his much-missed class. Plaintiffs do not find any temporary arrangement pending resolution relevant to the claims.

Respectfully Submitted,

*s/Sujata S. Gibson*

Sujata Gibson
**The Gibson Law Firm, PLLC**
*Attorneys for the Plaintiff*
Bar Roll No. 517834
sujata@gibsonfirm.law

CC:    All attorneys of record via ECF